**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: MULTIPLAN HEALTH** | **)** | **Case No. 24 C 6795** |
| **INSURANCE PROVIDER LITIGATION** | **)** | **MDL No. 3121** |

**This document relates to all cases**

**MDL CASE MANAGEMENT ORDER NO. 1 (Corrected)**

By order dated August 1, 2024, the Judicial Panel on Multidistrict Litigation (JPML) has transferred to this Court the civil actions listed in Attachment A to this Order, under MDL Case No. 3121. The JPML has subsequently entered conditional transfer orders in other cases, and it is expected that additional cases will be transferred to this Court hereafter. It appears to the Court that these cases merit special attention as complex litigation. For these reasons, the Court enters the following order:

1. **Applicability of order.** Pending further order by this Court, this order shall govern the practice and procedure in the actions that the JPML has transferred and is transferring to this Court as part of MDL No. 3121. This Order also applies to all cases filed in the Northern District of Illinois that have been or will be reassigned to the undersigned judge as part of MDL No. 3121. The Order will also apply to any "tag-along" actions later filed in, removed to, or transferred to this Court.

2. **Consolidation of actions.** All actions that have been or are hereafter transferred to the undersigned judge as part of MDL No. 3121, whether originally filed in this district or elsewhere, are consolidated for pretrial purposes. Any actions later filed in, removed to, or transferred to this Court will be consolidated automatically with this action, without the need for a motion or entry of an order by the Court. This consolidation

does not constitute a determination that the actions should be consolidated for trial, and it does not have the effect of making anyone or any entity a party to any action in which he, she, or it has not been named as a party.

**3. Filing.** The Clerk is maintaining a master case file under the heading "In re MultiPlan Health Insurance Provider Litigation," Case Number 24 C 6795. All filings with the Clerk should be made under that caption and case number. When a party intends that something it is filing applies to all of the consolidated actions, the party should indicate that by using the words "This Document Relates to All Cases" in or just after the case caption. When a party intends that something it is filing applies only to some of the consolidated actions, the party making the filing should file it both under Case Number 24 C 6795 and under the individual case number assigned to the particular case. The party making such a filing should indicate that by using the words "This Document Relates to [*fill in case number*]" in or just after the case caption.

**4. Service list.** This order is being served upon the counsel whose appearances are currently listed on the docket of Case Number 24 C 6795 as of the date the order is docketed. Counsel who receive this order via notice of electronic filing are requested to forward a copy of the order to any other attorneys who have filed appearances in cases that have been or are being transferred to this Court.

**5. Extension and stay.**

**a. Responses to complaints.** Any defendant that has not yet responded to a complaint in which it is named as a defendant is granted an extension of time for responding to the complaint until a date to be set later by this

Court, a topic that the Court will address at the initial conference.

b. **Discovery.** Pending the initial conference and until further order of this Court, all outstanding discovery is stayed, and no further discovery may be initiated. Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

c. **Pending motions.** All pending motions that predate transfer of any action are hereby terminated and must be refiled in this Court.

6. **Initial conference.** The Court sets the MDL proceeding and all transferred cases for an initial status hearing and scheduling conference, to be held on August 29, 2024 at 10:30 a.m. Central time. The hearing will be held in Courtroom 2103 of the Dirksen Courthouse, 219 South Dearborn Street, Chicago, Illinois.

a. **Attendance.** To the extent practicable, at least one attorney for the plaintiffs in each case that is a part of this MDL proceeding, and one attorney for each named defendant, must participate in the conference. Given the number of cases and parties that are part of the MDL, however, it likely will be impracticable to permit attorneys for each and every party to speak during the hearing. Parties with similar interests should attempt to agree, to the extent practicable, on an attorney who will speak on their joint behalf at the initial hearing. The Court advises that any such designation will have no effect on any later determination by the Court regarding leadership or steering committee status. In addition, by designating another party's attorney to represent its interests at the initial hearing, a party will not be precluded from other representation during the litigation.

Attendance at and participation in the initial hearing will not waive objections to jurisdiction, venue, or service.

**b. Other participants.** Persons and entities who are not named as parties in this litigation but who may later be joined as parties, or who are parties in related litigation pending in other federal and state courts, are invited to attend the initial hearing in person or by counsel.

**7. Purposes of initial hearing.** The initial hearing set for August 29, 2024 will be held for the purposes specified in Federal Rules of Civil Procedure 16(a), 16(b), 16(c), and 26(f) and will be subject to the sanctions prescribed in Rule 16(f). The subjects to be addressed at the initial hearing include, but may not be limited to, the following:

- consideration of a process for appointment of, to the extent appropriate, of lead counsel and/or a steering committee for plaintiffs;
- consideration of whether any complaint or complaints consolidating currently separate cases should or will be filed, and the timing for any such filings;
- consideration of a deadline for responses to the existing complaints or to any consolidated or amended complaints that are likely to be filed;
- entry of orders directing preservation of evidence and a protocol for discovery of electronically stored information (ESI); and
- subject to time limitations, any other topics considered appropriate for discussion by any party. Any party that wishes to address a topic not on

the Court's list must file, by no later than August 25, 2024, a "Request for Inclusion on August 29 Agenda" that describes the topic in reasonable detail.

8. **Preservation of evidence.** Pending entry of an order regarding preservation of evidence, all plaintiffs and all defendants shall take reasonable steps to preserve all documents, data, ESI, and tangible things containing information potentially relevant to the subject matter of the litigation. All counsel are directed to make reasonable efforts to identify and notify parties and nonparties (including employees of corporate or institutional parties) of this directive.

Counsel are expected to familiarize themselves with the Manual for Complex Litigation, Fourth Edition, and are to be prepared to propose procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

9. **Federal Rule of Civil Procedure 7.1.** All parties subject to the requirements of Federal Rule of Civil Procedure 7.1 are directed to make their disclosures required by that Rule or by a filing that complies with the requirements of Paragraph 3 of this order.

10. **Orders entered by transferor courts.** The Court hereby vacates all orders entered by transferor courts imposing deadlines for pleading, pretrial disclosures, or discovery.

11. **Lead counsel, liaison counsel, and plaintiffs' steering committee.** One of the topics the Court intends to discuss at the August 29 hearing is a process for appointment of, to the extent appropriate, lead counsel and/or a steering committee for

plaintiffs, as well as liaison counsel for plaintiffs and defendants. Any such counsel will have the responsibilities described in the Manual for Complex Litigation, Fourth Edition, § 40.22, subject to modification by the Court. The primary criteria for any such appointments will be: (a) willingness and availability to commit to a time-consuming project; (b) ability to work cooperatively with others; (c) professional experience in this type of litigation; (d) access to sufficient resources to advance the litigation in a timely manner; and (e) diversity. The Court will consider only attorneys who have filed an appearance in an action that is part of this case.

Counsel should also be prepared to discuss at the initial hearing whether there should be an organizational structure for defendants' counsel (beyond appointment of liaison counsel) given the number of defendants named in cases included in the MDL

The Court emphasizes that it does not intend to select a leadership structure at the August 29 hearing but advises that it intends to do so promptly thereafter—likely by mid-September 2024—in order to avoid undue delay in the litigation.

Date: August 12, 2024

MATTHEW F. KENNELLY
United States District Judge

**IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION** MDL No. 3121

## SCHEDULE A

Northern District of California

CURTIS F. ROBINSON M.D., INC. v. MULTIPLAN, INC., ET AL.,
C.A. No. 3:24−02993

Northern District of Illinois

ALLEGIANCE HEALTH MANAGEMENT, INC. v. MULTIPLAN, INC., ET AL.,
C.A. No. 1:24−03223
LIVE WELL CHIROPRACTIC PLLC v. MULTIPLAN, INC., ET AL.,
C.A. No. 1:24−03680
IVY CREEK OF TALLAPOOSA LLC, ET AL. v. MULTIPLAN, INC.,
C.A. No. 1:24−03900

Southern District of New York

ADVENTIST HEALTH SYSTEM SUNBELT HEALTHCARE CORPORATION v.
MULTIPLAN, INC., C.A. No. 1:23−07031
CHS/COMMUNITY HEALTH SYSTEMS, INC. v. MULTIPLAN, INC.,
C.A. No. 1:24−03544