# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION | Case No. 1:24-cv-06795 |
| | MDL No. 3121 |
| *This Document Relates To:* <br> 1:24-cv-06776 (currently pending before Hon. Thomas M. Durkin) | Hon. Matthew F. Kennelly |

## UNOPPOSED MOTION FOR FINDING OF RELATEDNESS AND REASSIGNMENT OF POTENTIAL TAG-ALONG ACTION

Movant Erie County Medical Center Corporation ("ECMC"), pursuant to Local Rule 40.4 of the Local Rules of the United States District Court for the Northern District of Illinois, Rule 7.2 of the Rules for Multidistrict Litigation, and Case Management Order No. 1 in this matter (ECF No.4), moves the Court for entry of an Order:

(i) finding that the case styled *Erie County Medical Center Corp. v. MultiPlan, Inc., et al.* Case No. 1:24-cv-6776 (N.D. Ill.) (the "ECMC case"), a potential tag-along case currently pending before the Honorable Thomas M. Durkin, is related to the actions previously transferred to *In re: MultiPlan Health Insurance Provider Litigation*, Case No. 1:24-cv-6795 (N.D. Ill.) ("the MDL") and

(ii) that the ECMC case should be reassigned to the Honorable Matthew F. Kennelly and consolidated with the cases previously transferred to the MDL.

In support of its motion, ECMC states:

1

**BACKGROUND**

1. On August 1, 2024, the United States Judicial Panel on Multidistrict Litigation ("JPML"), pursuant to 28 U.S.C. § 1407, centralized related actions for coordinated or consolidated pretrial proceedings in the MDL pending before this Court (the "transferee court"). *See* ECF No. 4.

2. That same day, August 1, 2024, Plaintiff ECMC filed its Class Action Complaint in this district and the ECMC case was assigned to the Honorable Judge Thomas M. Durkin. A copy of the ECMC Complaint and civil cover sheet are attached to this motion as Exhibits A and B, respectively.

3. In its civil cover sheet, ECMC stated that its case is related to *Allegiance Health Management, et al v. MultiPlan, Inc. et al.,* Case No. 24-cv-3223, (N.D. Ill), which matter has previously been transferred to the MDL. *See* ECF No. 4, Schedule A.

4. ECMC's counsel has conferred with counsel for the Defendants in the ECMC case and they do not oppose this motion.

**ARGUMENT**

5. The ECMC case is a potential Tag-along action to the MDL as defined by Rule 1.1 of the Rules for Multidistrict Litigation as it involves questions of fact and law common with actions previously transferred to this MDL.

6. Pursuant to Rule 7.2 of the Rules for Multidistrict Litigation, 28 U.S.C. § 1407, a party to a potential Tag-along action in the transferee court should request assignment of the action to the Section 1407 transferee judge -- here, the Honorable Matthew F. Kennelly – in accordance with applicable local rules.

7. Local Rule 40.4 of the Northern District of Illinois governs motions for relatedness

and reassignment, permitting reassignment of cases when: (1) the cases in question are related, and (2) it is appropriate to reassign the related cases to the judge assigned to the earliest-numbered case.[1] "The rule promotes efficient use of judicial resources by minimizing duplication of effort on cases that have a great deal in common." *Glob. Patent Holdings, LLC v. Green Bay Packers, Inc.,* 2008 WL 1848142, at *2 (N.D. Ill. Apr. 23, 2008). The ECMC case satisfies Local Rule 40.4 and should be reassigned to this Court for coordination and consolidation with the cases previously filed and transferred to the MDL.

### A. The Cases Satisfy the Requirements of Local Rule 40.4(a) for a Finding of Relatedness

8. Pursuant to Local Rule 40.4(a), two or more civil cases may be related if: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same. Only one of the above conditions must be met to satisfy Local Rule 40.4(a).

9. Here, the ECMC case and the cases previously transferred to the MDL involve many of the same issues of fact and law and grow out of the same occurrence. Like the cases previously transferred to the MDL, ECMC alleges that MultiPlan, Inc., along with many of the same co-defendants, conspired and combined to fix the rate of out of network health reimbursements to health care providers through the use of MultiPlan's services, resulting in an artificially low, out-of-network reimbursement rate. The cases also assert antitrust claims under Section 1 of the Sherman Act, and the class alleged in the ECMC case is substantially similar if not identical to one or more classes alleged in cases previously transferred to the MDL. As such, the ECMC case satisfies Local Rule 40.4(a).

---

[1] Note that the lead case in the MDL has been assigned a higher number than the *ECMC* Case.

### B. The ECMC Case Meets the Criteria of Local Rule 40.4(b) for Reassignment

10. Under Local Rule 40.4(b), a case may be reassigned to the calendar of another judge if it is found to be related and each of the following criteria is met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial savings of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

11. Here, (1) the ECMC case and the MDL are pending in this district; (2) the handling of the ECMC case and the MDL cases by the same judge is likely to result in a substantial savings of judicial time and effort given the very similar factual and legal issues, and the likelihood of substantially similar discovery, motion practice, class certification, and other pretrial matters against largely overlapping defendants; (3) the ECMC case has not progressed to a point where reassigning the ECMC case would substantially delay the MDL proceedings (no responsive pleading has been filed); and (4) the cases are susceptible of disposition in a single proceeding.

12. Regarding the fourth element, it is not necessary to establish that the cases will be disposed of at the same time – only that they are *susceptible* of disposition at the same time. *Velocity Patent LLC*, 2014 WL 1661849, at *2. The ECMC case and the cases previously transferred to the MDL allege fundamentally similar claims and defenses that are susceptible of disposition in a unified proceeding. *Glob. Patent Holdings, LLC*, 2008 WL 1848142, at *4. Moreover, it is anticipated that a Consolidated Amended Complaint will be filed in the MDL Action that will include the ECMC case. As such, the ECMC case satisfies the criteria of Local Rule 40.4(b) for reassignment to this Court.

**CONCLUSION**

WHEREFORE, Plaintiff Erie County Medical Center respectfully requests that this Court enter an Order (i) determining that the ECMC case (No. 1:24-cv-06776), a potential tag-along action, is related to the above-captioned *In re MultiPlan Health Insurance Provider Litigation* (1:24-cv-06795) and (ii) that the ECMC case be reassigned to this Court's calendar for coordinated and consolidated proceedings with the actions previously transferred to the MDL.

Dated: August 28, 2024　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/Kenneth A. Wexler
　　　　　　　　　　　　　　　　　　　　Kenneth A. Wexler
　　　　　　　　　　　　　　　　　　　　Justin N. Boley
　　　　　　　　　　　　　　　　　　　　Melinda J. Morales
　　　　　　　　　　　　　　　　　　　　**WEXLER BOLEY & ELGERSMA LLP**
　　　　　　　　　　　　　　　　　　　　311 S. Wacker Dr., Suite 5450
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　　　　　　Telephone: (312) 346-2222
　　　　　　　　　　　　　　　　　　　　kaw@wbe-llp.com
　　　　　　　　　　　　　　　　　　　　jnb@wbe-llp.com
　　　　　　　　　　　　　　　　　　　　mjm@wbe-llp.com

　　　　　　　　　　　　　　　　　　　　Daniel E. Gustafson
　　　　　　　　　　　　　　　　　　　　Daniel C. Hedlund
　　　　　　　　　　　　　　　　　　　　Amanda M. Williams
　　　　　　　　　　　　　　　　　　　　Kaitlyn L. Dennis
　　　　　　　　　　　　　　　　　　　　**GUSTAFSON GLUEK PLLC**
　　　　　　　　　　　　　　　　　　　　120 South Sixth Street, Suite 2600
　　　　　　　　　　　　　　　　　　　　Minneapolis, MN 55402
　　　　　　　　　　　　　　　　　　　　Telephone: (612) 333-8844
　　　　　　　　　　　　　　　　　　　　dgustafson@gustafsongluek.com
　　　　　　　　　　　　　　　　　　　　dhedlund@gustafsongluek.com
　　　　　　　　　　　　　　　　　　　　awilliams@gustafsongluek.com
　　　　　　　　　　　　　　　　　　　　kdennis@gustafsongluek.com

　　　　　　　　　　　　　　　　　　　　Dianne M. Nast
　　　　　　　　　　　　　　　　　　　　Daniel N. Gallucci
　　　　　　　　　　　　　　　　　　　　Michael S. Tarringer
　　　　　　　　　　　　　　　　　　　　Michele S. Burkholder
　　　　　　　　　　　　　　　　　　　　**NASTLAW LLC**
　　　　　　　　　　　　　　　　　　　　1101 Market Street, Suite 2801
　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19107


Tel: (215) 923-9300
dnast@nastlaw.com
dgallucci@nastlaw.com
mtarringer@nastlaw.com
mburkholder@nastlaw.com

Kevin Landau
Miles Greaves
Evan Rosin
**TAUS, CEBULASH & LANDAU, LLP**
123 Williams St., Suite 1900A
New York, NY 10038
Telephone: (646) 873-7654
klandau@tcllaw.com
atamoshunas@tcllaw.com
mgreaves@tcllaw.com

Simon Bahne Paris
Patrick Howard
**SALTZ, MONGELUZZI,**
**& BENDESKY, P.C.**
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
Tel:(215) 575-3986
sparis@smbb.com
phoward@smbb.com

David M. Cialkowski (IL Bar #6255747)
**ZIMMERMAN REED LLP**
1100 IDS Center
80 S. 8th St.
Minneapolis, MN 55402
Tel: (612) 341-0400
david.cialkowski@zimmreed.com

Arthur N. Bailey
Marco Cercone
**RUPP PFALZGRAF, LLC**
1600 Liberty Building
424 Main Street
Buffalo, NY 14202
Telephone: (716) 854-3400
bailey@RuppPfalzgraf.com
cercone@RuppPfalzgraf.com
*Attorneys for Plaintiff*