UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: MULTIPLAN HEALTH
INSURANCE PROVIDER LITIGATION

This Document Relates To:

ALL ACTIONS

Case No. 1:24-cv-06795
MDL No. 3121

Hon. Matthew F. Kennelly

**PLAINTIFFS ADVANCED ORTHOPEDIC CENTER, INC.'S AND CURTIS F.
ROBINSON, M.D., INC.'S MOTION TO APPOINT INTERIM CO-LEAD CLASS
COUNSEL AND SUPPORTING MEMORANDUM OF LAW**

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................1

II. BACKGROUND ................................................................................................................2

III. ARGUMENT ....................................................................................................................4

    A. The Edelson/Susman/Berger Team Is Best Suited to Represent the Class...................4

        1. The Proposed Co-Leads have the resources to effectively advance this litigation, without the need for a slew of supporting attorneys from other firms................................................................................................................................4

        2. The Proposed Co-Leads have extensive complex litigation experience, including in antitrust class actions. ........................................................................6

            a. Edelson PC ................................................................................................6

            b. Susman Godfrey .......................................................................................8

            c. Berger Montague......................................................................................11

IV. CONCLUSION ...............................................................................................................14

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Advanced Orthopedic Ctr., Inc. v. MultiPlan, Inc.*,
    No. 24-cv-4656 (S.D.N.Y. June 18, 2024)....................................................................4

*Adventist Health Sys. Sunbelt Healthcare Corp.v. MultiPlan, Inc.*,
    No. 23-cv-7031 (S.D.N.Y. Aug. 9, 2023) ...................................................................2

*Aranda v. Caribbean Cruise Line, Inc.*,
    2017 WL 818854 (N.D. Ill. Mar. 2, 2017) ...................................................................6

*Arrington v. Burger King Worldwide, Inc.*,
    47 F. 4th 1247 (11th Cir. 2022)...................................................................................7

*Benson v. DoubleDown Interactive*,
    No. 18-cv-525 (W.D. Wash.) ......................................................................................6

*Castro v. Sanofi Pasteur Inc.*,
    No. 11-cv-7178 (D.N.J.)......................................................................................11, 13

*Cornish-Adebiyi v. Caesars Ent., Inc.*,
    No. 1:23-cv-02536 (D.N.J.).........................................................................................9

*Dial Corp. v. News Corp.*,
    165 F. Supp. 3d 25 (S.D.N.Y. 2016) ..........................................................................9

*Doe v. Roblox Corp.*,
    No. 21-cv-3943 (N.D. Cal.).........................................................................................7

*Ferrando v. Zynga*,
    No. 22-cv-214 (W.D. Wash.) ......................................................................................6

*First Responders Wellness Center, LLC v. MultiPlan, Inc.*,
    No. 24-cv-6825 (N.D. Ill.)...........................................................................................4

*Hamilton v. Wells Fargo Bank N.A.*,
    No. 09-cv-04152 (N.D. Cal.).......................................................................................6

*Henry v. Brown Univ.*,
    No. 22-cv-0125 (N.D. Ill.)................................................................................5, 11, 13

*In re Animation Workers Antitrust Litig.*,
    No. 14-cv-04062-LHK (N.D. Cal.) .............................................................................9

*In re Automotive Parts Antitrust Litig.*,
　　No. 12-md-02311 (E.D. Mich.) ............................................................. 9

*In re AXA Equitable Life Ins. Co.*,
　　16-cv-00740 (S.D.N.Y.) ...................................................................... 10

*In re Broilers Antitrust Litig.*,
　　No. 1:16-cv-08637 (N.D. Ill.) ............................................................. 8

*In re Broiler Chicken Grower Antitrust Litig.*,
　　No. 20-md-2977 (E.D. Okla.) ................................................... 10, 12, 13

*In re Bystolic Antitrust Litig.*,
　　2020 WL 6700830 (S.D.N.Y. Nov. 12, 2020) ....................................... 6

*In re Capacitors Antitrust Litigation*,
　　No. 14-cv-3264 (N.D. Cal.) ................................................................ 12

*In re Corrugated Container Antitrust Litig.*,
　　MDL No. 310 (S.D. Tex.) ................................................................... 8

*In re Dental Supplies Antitrust Litig.*,
　　No. 16-cv-696 (E.D.N.Y.) ................................................................. 11

*In re Disposable Contact Lens Antitrust Litig.*,
　　No. 15-md-02626 (M.D. Fla.) ............................................................ 10

*In re Enzo Biochem Data Sec. Litig.*,
　　2023 WL 6385387 (E.D.N.Y. Sept. 29, 2023) ...................................... 6

*In re Facebook Biometric Info. Privacy Litig.*,
　　No. 15-cv-3747 (N.D. Cal.) ................................................................ 6

*In re Facebook Biometric Info. Priv. Litig.*,
　　522 F. Supp. 3d 617 (N.D. Cal. 2021) ................................................. 5

*In re Generic Pharms. Pricing Antitrust Litig.*,
　　No. 16-md-2724 (E.D. Pa.) ................................................................ 13

*In re Inclusive Access Course Materials Antitrust Litig.*,
　　No. 1:20-md-02946 (S.D.N.Y.) ............................................................ 7

*In re Juul Labs, Inc. Antitrust Litig.*,
　　No. 20-cv-02345 (N.D. Cal.) ............................................................... 7

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
    No. 11-md-2262 (S.D.N.Y.) ........................................................................................9

*In re MultiPlan Health Ins. Provider Litig.*,
    MDL No. 3121 (J.P.M.L. Aug 1, 2024) ......................................................................3

*In re Namenda Direct Purchaser Antitrust Litig.*,
    No. 15-cv-7488 (S.D.N.Y.) ........................................................................................11

*In re NFL Sunday Ticket Antitrust Litig.*,
    No. 15-ml-02668 (C.D. Cal.) ......................................................................................9

*In re Opana ER Antitrust Litig*ation,
    No. 14-cv-10150 (N.D. Ill.) ........................................................................................12

*In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*,
    No. 05-md-1720 (E.D.N.Y.) ........................................................................................11

*In re Potash Antitrust Litig. (No. II)*,
    No. 08-cv-06910 (N.D. Ill.) ........................................................................................11

*In re Railway Indus. Emp. No-Poach Antitrust Litig.*,
    No. 2:18-mc-00798-JFC (W.D. Pa. Aug. 26, 2020) ....................................................7

*In re Ranbaxy Generic Drug Application Antitrust Litig.*,
    No. 19-md-02878 (D. Mass.) ......................................................................................7

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    No. 07-md-01827 (N.D. Cal.) ......................................................................................11

*Kater v. Churchill Downs., Incl.*,
    886 F.3d 784 (9th Cir. 2018) ......................................................................................6

*King Drug Co. of Florence, Inc. v. Cephalon, Inc.*,
    No. 06-cv-1797 (E.D. Pa.) ..........................................................................................11

*Leifer v. Live Nation Ent. Inc.*,
    No. 24-cv-3994 S.D.N.Y. Sept. 9, 2024) ..............................................................1, 5

*Le v. Zuffa, LLC*,
    No. 15-cv-1045 (D. Nev.) ..........................................................................................12

*Mayor and City Council of Baltimore v. Merck Sharp & Dohme Corp.*,
    No. 23-cv-828 (E.D. Pa.) ............................................................................................11

*Moehrl v. Nat'l Ass'n of Realtors*,
No. *19-cv-01610* (N.D. Ill.).................................................................5, 8

*Panoramic Med. v. MultiPlan, Inc.*,
No. 24-cv-2993 (N.D. Cal.)...................................................................3

*Peak Chiropractic Health and Wellness LLC v. MultiPlan, Inc.*,
No. 24-cv-6284 (N.D. Ill.)......................................................................4

*PHT Holding II Co. v. North Am. Co. for Life & Health Ins.*,
No. 18-cv-00368 (S.D. Iowa) ...............................................................10

*Reed v. Scientific Games*,
No. 18-cv-565 (W.D. Wash.) ..................................................................6

*Scholl v. Mnuchin*,
489 F. Supp. 3d 1008 (N.D. Cal. 2020)..................................................7

*Scholl v. Mnuchin*,
494 F. Supp. 3d 661 (N.D. Cal. 2020)....................................................7

*Strauser v. LaFrance Holdings, Inc.*,
No. 18-cv-00673 (N.D. Okla.)...............................................................10

*Third Cir. Task Force Report, Selection of Class Counsel*,
208 F.R.D. 340 (2002).............................................................................6

*U.S. v. Johnson & Johnson*,
No. 12-cv-7758 (D.N.J.)........................................................................12

*White v. NCAA*,
2006 WL 8066803 (C.D. Cal. Oct. 19, 2006) .......................................9

*Wilson v. Huuuge*,
No. 18-cv-05276 (W.D. Wash.) ..............................................................6

*Wilson v. Playtika*,
No. 18-cv-5277 (W.D. Wash.) ................................................................6

**Rules**

Fed. R. Civ. P. 23 ....................................................................................4

Fed. R. Civ. P. 50 ....................................................................................9

**Miscellaneous Authority**

*Collusion in Health Care Pricing? Regulators Are Asked to Investigate*, NY TIMES (May 1, 2024), https://www.nytimes.com/2024/05/01/us/multiplan-health-insurance-prce-fixing.html .... 3

John C. Coffee, *The Regulation of Entrepreneurial Litigation: Balancing Fairness and Efficiency in the Large Class Action*, 54 U. CHI. L. REV. 877, 908 (1987) ......................... 1

*Insurers Reap Hidden Fees by Slashing Payments. You May Get the Bill.*, NY TIMES (Apr. 7, 2024), https://www.nytimes.com/2024/04/07/us/health-insurance-medical-bills.html ...... 3

Katrina Dewey, *Don't Mess with Texas*, LAWDRAGON (Dec. 3, 2017), http://www.lawdragon.com/2017/12/03/dont-mess-texas-susman-godfrey-became-americas-leading-trial-firm .................................................................................................. 8

Plaintiffs Advanced Orthopedic Center, Inc. ("AOC") and Curtis F. Robinson, M.D., Inc., (d/b/a "Panoramic Medicine") move for the appointment of Edelson PC ("Edelson"), Susman Godfrey LLP ("Susman"), and Berger Montague PC ("Berger") (the "Proposed Co-Leads") as Interim Co-Lead Class Counsel for the putative class of healthcare providers (the "Class").

## I.   INTRODUCTION

All too often, MDL leadership structures involve bloated, multi-layered committees, with vaguely defined roles for dozens of lawyers who have traded their support of lead counsel for the promise of work down the road.[1] Such structures can lead to duplication of efforts and increased costs. *See Leifer v. Live Nation Ent., Inc.*, No. 24-cv-3994, ECF No. 48 (S.D.N.Y. Sept. 9, 2024) (declining to appoint executive committee because "[c]ommittees of counsel often compete against considerations of efficiency and economy and can lead to substantially increased costs and unnecessary duplication of efforts") (cleaned up).

This proposal is different. The Proposed Co-Leads have opted for a lean slate that brings together three renowned law firms—Edelson, Susman, and Berger—each of which has recovered billions of dollars for plaintiffs and class members they have represented. They have the resources and know-how to litigate this case efficiently and effectively through trial, without a slew of supporting attorneys from other firms. With the Proposed Co-Leads, what the Court sees is what the Court will get. The litigation will be handled by the three firms, instead of litigation-by-committee.

The attorneys who would lead the charge—Natasha Fernández-Silber and Yaman Salahi of Edelson PC; Bill Carmody, Shawn Rabin, Halley Josephs, and Tom Boardman of Susman

---

[1]     *See* John C. Coffee Jr., *The Regulation of Entrepreneurial Litigation: Balancing Fairness and Efficiency in the Large Class Action*, 54 U. CHI. L. REV. 877, 908 (1987) (noting how private ordering can lead to overstaffing, as "[c]ompeting groups . . . invite other attorneys into the action in order to secure their vote for lead counsel").

Godfrey; and Eric Cramer, Zachary Caplan, and Patrick Madden of Berger Montague—have decades of experience successfully litigating cutting-edge conspiracy cases. And they know how to navigate many of the thorny issues that are likely to arise here: theories of competitive harm in a monopsony context, the legal principles governing so-called "algorithmic price fixing," and the intricacies of America's third-party payer healthcare system. Their experience has already infused their work on this case and will continue to benefit the proposed Class if they are appointed.

In addition to being exceptional antitrust litigators, the Proposed Co-Leads are diverse in virtually all respects—race, gender, age, experience, sexual orientation, and geography (including a strong local presence). They include titans of the bar who have tried antitrust suits for decades, and rising stars with fresh perspectives; attorneys who have prosecuted antitrust actions for the government, and those with experience on both sides of the "v." The appointment of such a diverse slate would ensure that the Class receives the highest-quality representation possible.

## II.     BACKGROUND

None of the firms seeking appointment as interim class counsel in this litigation can claim to be the "first filer"—that distinction goes to counsel for Adventist Health System ("Adventist"), which brought a non-class direct action against MultiPlan in August 2023. *Adventist Health Sys. v. MultiPlan, Inc.*, No. 23-cv-7031 (S.D.N.Y. Aug. 9, 2023), ECF No. 1.

After that filing, Edelson began investigating a putative class case and vetting potential plaintiffs. Decl. of Natasha Fernández-Silber ("NFS Decl."), ¶ 3. Edelson's team of in-house technologists analyzed MultiPlan's repricing programs, algorithms, and patents, and circulated an

internal memo with its findings on October 23, 2023. *Id*. ¶ 4. Firm investigators and attorneys pursued other lines of inquiry, including:

(1) interviewing physicians, providers, and billing specialists;

(2) reviewing transcripts, pleadings, and other materials from MultiPlan-related lawsuits;

(3) combing committee reports and testimony from government investigations;

(4) locating documentary evidence concerning insurers' contractual delegation of decision-making authority to MultiPlan and the manner in which MultiPlan coordinates rates;

(5) identifying the specific types of competitive-sensitive information ("CSI") exchanged by insurers through MultiPlan;

(6) identifying which insurers were most central to the alleged cartel;

(7) locating data sources to be used in the calculation of class-wide damages; and

(8) determining how best to frame the available legal claims.

*Id*. ¶ 5. The result of this investigation was the detailed, original complaint Edelson filed on behalf of Panoramic Medicine (a California primary care facility) on May 17, 2024. *Panoramic Med. v. MultiPlan, Inc.*, No. 24-cv-2993 (N.D. Cal. May 17, 2024), ECF No. 1.

Around the same time, several related suits were filed in the Northern District of Illinois and Southern District of New York, a flurry of activity that followed the New York Times' reporting on MultiPlan in April and May of 2024.[2] All such actions would later be centralized by the JPML before this Court. *In re MultiPlan Health Ins. Provider Litig.*, MDL No. 3121 (J.P.M.L. Aug 1, 2024), ECF No. 98.

---

[2]     *Insurers Reap Hidden Fees by Slashing Payments. You May Get the Bill*., NY TIMES (Apr. 7, 2024), https://www.nytimes.com/2024/04/07/us/health-insurance-medical-bills.html; *Collusion in Health Care Pricing? Regulators Are Asked to Investigate*, NY TIMES (May 1, 2024), https://www.nytimes.com/2024/05/01/us/multiplan-health-insurance-prce-fixing.html.

In June 2024, Edelson partnered with Susman to bring a second proposed class action. Before filing, the firms retained a highly regarded economist for consultation on issues like potentially relevant markets, the defendants' monopsony power, and the anticompetitive effects of the alleged MultiPlan rate-fixing scheme. NFS Decl. ¶ 6. They also added new allegations to this latest complaint based on their ongoing investigation, including that insurers hide their scheme by including fraudulent codes on electronic explanations of benefits. *Advanced Orthopedic Ctr., Inc. v. MultiPlan, Inc.*, No. 24-cv-4656 (S.D.N.Y. June 18, 2024), ECF No. 1 ¶¶ 59-60.

On July 24 and August 5, 2024, Berger Montague filed additional actions against MultiPlan.[3] Thereafter, attorneys at Berger, Edelson, and Susman agreed to seek a joint leadership appointment, as they believed the firms' resources, complementary skill sets, extensive healthcare experience, and compatible working styles would benefit their clients and members of the putative class. NFS Decl. ¶ 7.

## III.    ARGUMENT

### A.    The Edelson/Susman/Berger Team Is Best Suited to Represent the Class.

The Rule 23(g) factors, and those identified by the Court in CMO #1 (ECF No. 4), favor the appointment of the Edelson/Susman/Berger Team as Interim Co-Lead Class Counsel.

#### 1.    The Proposed Co-Leads have the resources to effectively advance this litigation, without the need for a slew of supporting attorneys from other firms.

Edelson, Susman, and Berger have already shown their willingness to invest significant time and resources into this case. They've conducted independent investigations, leveraged in-house case-development resources (including Edelson's team of information technology experts), consulted with experts, devoted ample partner and associate time to litigation strategy and analysis,

---

[3]    *Peak Chiropractic Health and Wellness LLC v. MultiPlan, Inc.*, No. 24-cv-6284 (N.D. Ill. July 24, 2024); *First Responders Wellness Center, LLC v. MultiPlan, Inc.*, No. 24-cv-6825 (N.D. Ill. Aug. 5, 2024).

4

and participated meaningfully in discussions with the parties in advance of the initial case management conference. If appointed Interim Co-Lead Class Counsel, the Proposed Co-Leads would continue to devote all necessary resources to the case, including the millions of dollars it will likely cost to retain top-tier experts and manage discovery vendors and platforms.

Together, the three firms employ hundreds of talented attorneys, including in Chicago and New York City, the centers of gravity of this case. Their deep benches will allow the Proposed Co-Leads to litigate this case to conclusion without the need for a slew of supporting attorneys from other firms. Indeed, the Proposed Co-Leads have repeatedly proven themselves capable of achieving excellent results as part of two- or -three-firm leadership slates, including in this District. For example, Susman, as one of three co-lead firms representing a nationwide class of home buyers, has secured over $900 million in settlements from the nation's largest real estate brokerages in *Moehrl v. Nat'l Ass'n of Realtors*, No. 19-cv-01610 (N.D. Ill.). Likewise, Berger and two other co-lead firms have obtained $284 million in settlements to date for students in *Henry v. Brown Univ.*, No. 22-cv-00125 (N.D. Ill.), the financial aid conspiracy class action currently before this Court, a result this Court described as "exceptional." *Id.*, ECF No. 726 ¶ 25. And Edelson, as one of three co-lead firms, obtained the largest single-state privacy settlement in history ($650 million)—on the eve of trial after years of litigation and successful Ninth Circuit appeals—in the first ever case filed under BIPA. *In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021). As courts around the nation are increasingly recognizing, leaner is better when it comes to lead counsel appointments in antitrust and other types of class actions. *See, e.g.*, *Live Nation*, No. 24-cv-03994 (S.D.N.Y. Sept. 9, 2024), ECF No. 48 (declining to appoint executive

committee because it "can lead to substantially increased costs and unnecessary duplication of efforts") (cleaned up).[4]

### 2. The Proposed Co-Leads have extensive complex litigation experience, including in antitrust class actions.

At the helm of the proposed slate are diverse attorneys with decades of experience successfully litigating complex class actions, including antitrust cases, and deep knowledge of the healthcare industry. Each team's relevant attributes and experiences are described below, and in the biographies and firm resumes submitted herewith. NFS Decl., Exs. A-C.

### a. Edelson PC

Edelson's attorneys "are experienced and respected members of the plaintiff's class action bar" who can be trusted to discharge their duties faithfully. *Aranda v. Caribbean Cruise Line, Inc.*, 2017 WL 818854, at *4 (N.D. Ill. Mar. 2, 2017). Over the last decade, the firm has led and litigated scores of cases, securing settlements and verdicts exceeding $45 billion. This includes over $5 billion in home equity credit lines restored to consumers after the early-2000s housing collapse, *Hamilton v. Wells Fargo Bank, N.A.*, No. 09-cv-04152 (N.D. Cal.); reaching a $650 million settlement with Facebook for violating consumer privacy, *In re Facebook Biometric Info. Privacy Litig.*, No. 15-cv-3747 (N.D. Cal.); and establishing for the first time that online gaming can constitute illegal gambling, *Kater v. Churchill Downs. Inc.*, 886 F.3d 784 (9th Cir. 2018), resulting in settlements for consumers totaling $651 million to date.[5]

---

[4]    *See also In re Enzo Biochem Data Sec. Litig.*, 2023 WL 6385387, at *3 (E.D.N.Y. Sept. 29, 2023) ("Taking into consideration that committees can lead to substantially increased costs and the duplication of work, the Court finds it unnecessary to appoint an executive committee herein."); *In re Bystolic Antitrust Litig.*, 2020 WL 6700830, at *2 (S.D.N.Y. Nov. 12, 2020) (denying request to appoint an executive committee and collecting cases); *Third Cir. Task Force Report, Selection of Class Counsel*, 208 F.R.D. 340, 417 (2002) (explaining court should scrutinize proposed organization for excess from counsel "simply in the case as part of a negotiating process for everyone to get a piece of the pie").

[5]    *Wilson v. Playtika*, No. 18-cv-5277 (W.D. Wash.); *Wilson v. Huuuge*, No. 18-cv-05276 (W.D. Wash.); *Reed v. Scientific Games*, No. 18-cv-565 (W.D. Wash.); *Ferrando v. Zynga*, No. 22-cv-214 (W.D. Wash.); *Benson v. DoubleDown Interactive*, No. 18-cv-525 (W.D. Wash.).

Edelson's efforts in this MDL will be led by Natasha Fernández-Silber and Yaman Salahi, experienced antitrust professionals who joined the firm to build its competition practice.

**Natasha Fernández-Silber** is an experienced antitrust litigator who spearheaded Edelson's investigation into the MultiPlan rate-fixing cartel. She has received leadership appointments in two antitrust class actions, *In re Inclusive Access Course Materials Antitrust Litig.*, No. 20-md-02946 (S.D.N.Y.) (co-lead interim counsel for proposed class) and *In re Juul Labs, Inc. Antitrust Litig.*, No. 20-cv-02345 (N.D. Cal.) (member of plaintiffs' steering committee). Ms. Fernández-Silber has represented drug purchasers in numerous class actions alleging pay-for-delay agreements and other anticompetitive schemes to delay generic drug competition. Among her many successful representations, she was a part of the team in *In re Ranbaxy Generic Drug Application Antitrust Litig.*, No. 19-md-02878 (D. Mass.), that secured a $340 million settlement on the eve of trial for the direct purchaser plaintiffs.

**Yaman Salahi** is a partner with significant experience in antitrust matters challenging monopsony power, including no-poach and other anticompetitive agreements that harm workers, like *In re Railway Indus. Emp. No-Poach Antitrust Litig.*, No. 2:18-mc-00798-JFC, ECF No. 314 (W.D. Pa. Aug. 26, 2020) (member of co-lead counsel team that secured $48.95 million for railroad workers) and *Arrington v. Burger King Worldwide, Inc.*, 47 F. 4th 1247 (11th Cir. 2022) (in monopsony case, successfully briefed and argued appeal establishing that franchisors are capable of conspiring with franchisees under the antitrust laws). He has also served as class counsel on numerous consumer protection and privacy-related actions, including *Doe v. Roblox Corp.*, No. 21-cv-3943 (N.D. Cal.) (securing $10 million class settlement), and was the lead brief writer in a successful class action lawsuit recovering over $465 million in economic stimulus assistance for incarcerated persons. *See Scholl v. Mnuchin*, 489 F. Supp. 3d 1008 (N.D. Cal. 2020) (granting motion for preliminary injunction and class certification); *Scholl v. Mnuchin*, 494 F. Supp. 3d 661

(N.D. Cal. 2020) (granting plaintiffs' motion for summary judgment). In 2017 and 2019, Mr. Salahi received the American Antitrust Institute's ("AAI") Outstanding Private Antitrust Litigation Achievement awards.

**Julian Zhu** is an antitrust associate in the firm's Chicago office. Prior to joining Edelson, Mr. Zhu was a trial attorney in the U.S. Department of Justice's criminal antitrust division.

### b.    Susman Godfrey

"Pick your metric—money, U.S. Supreme Court clerks, bet-the-company cases, percentage of partners in trial annually," Susman Godfrey "runs circles around everyone else."[6] The most sophisticated purchasers of litigation services rely on Susman Godfrey for all kinds of trials: *Uber*, *Zillow*, *Chevron*, *General Electric*, *NBCUniversal*, *Texas Instruments*, and *Walmart* to name a few. For nearly 40 years, Susman Godfrey has been winning trials on both sides of the docket, with plaintiffs' verdicts totaling billions of dollars.

Susman follows in the footsteps of founder Steve Susman, who won the *Corrugated Container* antitrust trial in 1980, obtaining the then-largest class action verdict in history.[7] In the years since, the firm has been appointed lead counsel in no less than 20 antitrust class actions, resulting in nearly $4 billion in class recoveries. This includes several cases in this District: Susman serves as co-lead counsel in *Moehrl v. National Association of Realtors*, No. 19-cv-01610 (N.D. Ill.), securing nearly $1 billion on behalf of home sellers to date. Susman also represents Walmart as a direct-action plaintiff in *In re Broilers Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill.).

---

[6]    Katrina Dewey, *Don't Mess with Texas*, LAWDRAGON (Dec. 3, 2017), http://www.lawdragon.com/2017/12/03/dont-mess-texas-susman-godfrey-became-americas-leading-trial-firm.

[7]    *In re Corrugated Container Antitrust Litig.*, MDL No. 310 (S.D. Tex.) ($500 million in settlements).

Susman's successes as lead class counsel in Section 1 conspiracy cases are legion. *See, e.g.*, *In re Automotive Parts Antitrust Litig.*, No. 12-md-02311 (E.D. Mich.) ($1.2 billion secured for end-payors in price-fixing and bid-rigging case); *In re Animation Workers Antitrust Litig.*, No. 14-cv-04062 (N.D. Cal.) ($168 million secured for animation workers in wage suppression case). The firm's antitrust experience continues to deepen through its litigation of cutting-edge price-fixing cases: In *Cornish-Adebiyi v. Caesars Ent., Inc.*, No. 1:23-cv-02536 (D.N.J.), Susman represents consumers in their suit against Atlantic City Casino-Hotels for using a shared pricing algorithm. And while price fixing is a *per se* antitrust violation, Susman has successfully litigated cases under the more complex, defendant-friendly "rule of reason" standard.[8]

The Susman partners working on this MDL include Bill Carmody, Shawn Rabin, and Halley Josephs—all of whom have extensive antitrust and class action experience, and regularly take the country's highest-stakes cases through trial. They are joined by Of Counsel Tom Boardman, who has extensive antitrust experience, and a deep bench of top-flight associate talent, all from top law schools and all of whom have completed federal judicial clerkships.

**Bill Carmody** has led some of the largest, most successful antitrust class actions in history including as the lead trial lawyer in the *NFL Sunday Ticket* litigation that led to the largest antitrust jury verdict ever.[9] He is also co-lead counsel in *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-md-2262 (S.D.N.Y.), an antitrust class action that took many of the world's largest banks to the brink of trial and has resulted in settlements of over $781 million for class members.

---

[8]     *See, e.g.*, *In re NFL Sunday Ticket Antitrust Litig.*, No. 15-ml-02668 (C.D. Cal.) (jury trial); *Dial Corp. v. News Corp.*, 165 F. Supp. 3d 25 (S.D.N.Y. 2016) ($244 million settlement); *White v. NCAA*, 2006 WL 8066803 (C.D. Cal. Oct. 19, 2006) ($218 million settlement).

[9]     A June 2024 trial against the NFL and its teams resulted in the largest antitrust jury award in history. The verdict was overturned pursuant to Fed. R. Civ. P. 50, but with recognition that the plaintiffs presented evidence sufficient "to support a reasonable jury's finding of an unreasonable restraint of trade at each step of the rule of reason." No. 15-ml-02668, ECF No. 1513 at 12 (C.D. Cal. Aug. 1, 2024). An appeal has been noticed. *Id.*, ECF No. 1551.

Mr. Carmody has been recognized by *Chambers* as one of a handful of the top trial lawyers in the nation, honored by *Law360* as one of its 10 Titans of the Plaintiffs Bar, named to the *National Law Journal*'s list of Elite Trial Lawyers, and is routinely included in *Benchmark's Top 100 Trial Lawyers*.

**Shawn Rabin** is nationally recognized for his trial successes in complex cases, including antitrust matters. He has been named a leading litigator by *Chambers*, *Lawdragon*, and *Benchmark Litigation*, and a Plaintiffs' Lawyer Trailblazer by the *National Law Journal*. Rabin currently represents Walmart in *In re Broiler Chicken Antitrust Litigation,* pending in this District. He has also represented insurers in antitrust suits against pharmaceutical companies alleged to have suppressed generic competition. Mr. Rabin worked closely with Adventist's lead counsel, Stephen Medlock, as co-counsel for a client facing trial in a large antitrust action.

**Halley Josephs** has been recognized as a "Rising Star of the Plaintiffs Bar," a "Top Woman Lawyer," and among the "Next Generation of Leading Lawyers." She was a part of the team that represented Uber in the Google/Waymo trial, served as class counsel to policyholders in cases against major life insurance companies that resulted in more than $350 million in settlements, and helped secure a $16 million deal to resolve a whistleblower claim against Walgreens and other companies that overbilled government health programs millions of dollars for generic drugs.[10]

**Tom Boardman** has helped secure over $3.5 billion for plaintiffs in high-stakes antitrust class actions. Boardman represented plaintiffs in *In re Disposable Contact Lens Antitrust Litig*., No. 15-md-02626 (M.D. Fla.), a sprawling hub-and-spoke case involving anticompetitive pricing by some of the world's largest health care companies and distributors, which settled the weekend

---

[10]     *In re AXA Equitable Life Ins. Co*., 16-cv-00740 (S.D.N.Y.); *PHT Holding II LLC v. North Am. Co. for Life & Health Ins.*, No. 18-cv-00368 (S.D. Iowa); *Strauser v. LaFrance Holdings, Inc.*, No. 18-cv-00673 (N.D. Okla.).

before trial for a total of $118 million. He was a member of the lead counsel team in *In re Potash Antitrust Litig. (No. II)*, No. 08-cv-06910 (N.D. Ill.), that obtained $90 million in settlements after securing a unanimous victory before an *en banc* Seventh Circuit panel. He was also on the trial team in *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-md-01827 (N.D. Cal.) ($470 million in settlements).

### c.     Berger Montague

Described by *Chambers & Partners* as "highly distinguished for the strength of its plaintiff-side work acting on monopoly matters and price-fixing, including an impressive track record in complex, high-profile class actions," Berger Montague boasts one of the largest and most experienced plaintiff-side antitrust departments in the country. It pioneered the antitrust class action and has been engaged in complex litigation for more than fifty years.

Berger's recent successes as lead or co-lead counsel in antitrust class actions are numerous. They include *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, No. 05-md-1720 (E.D.N.Y.) ($5.6 billion settlement, one of the largest in antitrust class action history); *Henry v. Brown Univ.*, No. 22-cv-125 (N.D. Ill.) ($284 million in settlements to date in college financial aid conspiracy suit, as is well known to this Court).

Berger has deep experience leading antitrust class actions in the healthcare space. *See, e.g.*, *In re Namenda Direct Purchaser Antitrust Litig.*, No. 15-cv-7488 (S.D.N.Y.) (co-lead obtaining $750 million class settlement on behalf of drug direct purchasers); *In re Dental Supplies Antitrust Litig.*, No. 16-cv-696 (E.D.N.Y.) (co-lead obtaining $80 million settlement on behalf of dental providers); *King Drug Co. of Florence, Inc. v. Cephalon Inc.*, No. 06-cv-1797 (E.D. Pa.) ($512 million class settlement on behalf of drug direct purchasers); *Mayor and City Council of Baltimore v. Merck Sharp & Dohme Corp.*, No. 23-cv-828 (E.D. Pa.) (co-lead in ongoing case alleging anticompetitive conduct by vaccine manufacturer); *Castro v. Sanofi Pasteur Inc.*, No. 11-cv-7178

(D.N.J.) (co-lead obtaining $61.5 million for providers in suit against vaccine manufacturer). The firm has also been a leader of the antitrust bar in cases concerning monopsony power, recently securing certification of a litigation class and settlements totaling $169 million for workers alleging a wage suppression conspiracy in *In re Broiler Chicken Grower Antitrust Litig.* ("*Broiler Growers*"), No. 20-md-2977 (E.D. Okla.), and securing certification of the first ever litigation class in a Section 2 case alleging monopsonization of a labor market in *Le v. Zuffa, LLC ("UFC Antitrust Litigation")*, No. 15-cv-1045 (D. Nev.).

The firm also has significant recent trial experience, obtaining excellent results in *In re Capacitors Antitrust Litigation*, No. 14-cv-3264 (N.D. Cal.) (total settlements over $600 million, including several occurring during jury trials in 2020 and 2021), *In re Opana ER Antitrust Litig*ation, No. 14-cv-10150 (N.D. Ill.) ($145 million settlement just prior to trial), and *U.S. v. Johnson & Johnson*, No. 12-cv-7758 (D.N.J.) (jury verdict in 2024 of well over $150 million in *qui tam* matter).

The Berger Shareholders leading this MDL on a day-to-day basis will be Eric Cramer, Zachary Caplan, and Patrick Madden—all of whom have extensive antitrust and class action experience. They are joined by Associate Hope Brinn, as well as Shareholders David F. Sorensen and Daniel J. Walker, who will also play important roles in this matter.

**Eric L. Cramer** is Chairman of the firm and has a national practice in the field of complex litigation. Chambers USA has recognized him as a "Band 1" antitrust practitioner for over 20 years, most recently noting that "[h]e excels in economic analysis" and "is a real leader" that sits at the "[t]op of the profession; a phenomenal lawyer who is an expert on economics" and "really a tremendous advocate in the courtroom, with a very good mind and presence." He was designated a "Distinguished Leader" by The Legal Intelligencer, "Lawyer of the Year" by Best Lawyers, a "Titan of the Plaintiffs Bar" by Law360, a "Champion of Justice" by Public Justice, and a

"Visionary" by The National Law Journal. Teams led by Cramer have also won AAI's Antitrust Enforcement Award three times.

**Zachary D. Caplan** is a Shareholder in the firm's Antitrust Department. His past cases include *In re Generic Pharms. Pricing Antitrust Litig.*, No. 16-md-2724 (E.D. Pa.) and *Castro v. Sanofi Pasteur Inc*. Caplan is Co-Chair of Diversity, Equity & Inclusion for the Committee to Support the Antitrust Laws ("COSAL") and was previously an attorney with the Healthcare & Consumer Products Section at the Antitrust Division of the U.S. Department of Justice.

**Patrick F. Madden** is a Shareholder in the firm's Antitrust Department. Madden has had leading roles in many of the firm's cases challenging monopsony power, including *Broiler Growers*, the *UFC Antitrust Litigation*, and *In re Delta Dental,* and many of the firm's insurance cases including a series of force-placed insurance cases that settled for over $175 million.

**Hope Brinn** is an Associate in the firm's Antitrust Department. She is a core part of the team litigating *Henry v. Brown University* before this Court. Brinn also serves as a Special Advisor to the ABA Commission on Disability Rights. Prior to joining Berger Montague, Brinn clerked for the Honorable Janet Bond Arterton in the District of Connecticut.

**David F. Sorensen** is an Executive Shareholder and co-chair of the firm's Antitrust Department. He has extensive experience leading pharmaceutical and healthcare antitrust class actions. In recent years, Law360 named Sorensen a "Competition MVP of the Year" and teams led by Sorensen have won AAI's Antitrust Enforcement Award three times.

**Daniel J. Walker** is a Shareholder in the firm's Antitrust Department. His current and past cases include *Broiler Growers*, *Henry v. Brown University*, and *Castro v. Sanofi Pasteur Inc*. He was previously an attorney with the Health Care Division at the Federal Trade Commission.

13

## IV.    CONCLUSION

Plaintiffs request that the Court appoint the Susman/Edelson/Berger Team as Interim Co-Lead Class Counsel.


Dated: September 9, 2024                    Respectfully submitted,

*/s/ Natasha J. Fernández-Silber*
**EDELSON PC**
Natasha J. Fernández-Silber* (*pro hac vice*)
nfernandezsilber@edelson.com
Julian Zhu
jzhu@edelson.com
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654 81
Tel: (312) 589-6370
Fax: (312) 589-6378
*Admitted in New York and Michigan

Yaman Salahi
ysalahi@edelson.com
150 California Street, 18th Floor
San Francisco, California 94111
Tel: (415) 212-9300
Fax: (415) 373.9435

*/s/ Shawn J. Rabin*
**SUSMAN GODFREY LLP**
William Christopher Carmody (*pro hac vice*)
Shawn J. Rabin (*pro hac vice*)
Thomas K. Boardman (*pro hac vice*)
One Manhattan West, 50th Floor
New York, NY 10001-8602
Tel: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
tboardman@susmangodfrey.com

Halley W. Josephs (*pro hac vice*)
Tyler D. Downing (*pro hac vice*)
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
hjosephs@susmangodfrey.com

14

tdowning@susmangodfrey.com

*/s/ Eric L. Cramer*

**BERGER MONTAGUE PC**
Eric L. Cramer (*pro hac vice*)
David F. Sorensen (*pro hac vice*)
Zachary D. Caplan (*pro hac vice*)
Patrick F. Madden (*pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
ecramer@bm.net
dsorensen@bm.net
zcaplan@bm.net
pmadden@bm.net

Hope Brinn (*pro hac vice*)
500 Montgomery Street, Suite 625
San Francisco, CA 94111
Tel: (415) 906-0684
hbrinn@bm.net

Daniel J. Walker (*pro hac vice*)
1001 G Street, NW, Suite 400 East
Washington, DC 20001
Tel: (202) 559-9740
dwalker@bm.net

*Counsel for Plaintiffs Advanced Orthopedic Center,*
*Panoramic Medicine, and the Proposed Class*