UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION | Case No. 1:24-cv-06795 MDL No. 3121 |
| This Document Relates To: | Hon. Matthew F. Kennelly |
| ALL ACTIONS | |

**[PROPOSED] ORDER**
**APPOINTING PLAINTIFFS' COORDINATING COUNSEL**
**AND DAP EXECUTIVE COMMITTEE**

This matter having been before the Court for an initial case management conference on August 29, 2024, with attorneys for various class plaintiffs having requested appointment as interim class counsel and proposing various leadership structures, with counsel for several Direct Action Plaintiffs ("DAPs") having jointly submitted a single application for appointment to a DAP Executive Committee and as DAP Coordinating Counsel, having reviewed all applicants' written submissions, having considered the oral presentations made by counsel during the hearing on leadership appointments held September 23, 2024, and having entered a Minute Order on the Docket on September 23,2024 [ECF 146], the Court hereby **ORDERS** as follows:

I.      **PLAINTIFFS' COORDINATING COUNSEL**

The Court appoints Christopher Seeger of Seeger Weiss LLP as Plaintiffs' Coordinating Counsel to "serve in the role of overall coordinating counsel on plaintiffs' side for the litigation as a whole." ECF No. 146 at 1. The Court requires that Plaintiffs' Coordinating Counsel reapply for appointment annually, beginning one year from this Order.

Plaintiffs' Coordinating Counsel shall facilitate efficient communication between the Plaintiffs and the Court and the Defendants and shall communicate with the DAP Executive Committee and Interim Class Counsel as appropriate to discuss matters concerning the overall prosecution of this litigation by the various Plaintiffs (including matters such as scheduling and

coordination of discovery and briefing) to ascertain their respective positions and to facilitate discussions to try to resolve any differences among the DAP Executive Committee and Interim Class Counsel on such matters, to the extent reasonably possible. Plaintiffs' Coordinating Counsel is authorized to convene in-person or online combined meetings of the DAP Executive Committee and Interim Class Counsel as appropriate to discuss such matters.

## II.  DAP EXECUTIVE COMMITTEE AND COORDINATING COUNSEL

### A.  DAP Executive Committee

The Court appoints

- Stephen M. Medlock of Vinson & Elkins LLP;

- Matthew Lavin of Arnall Golden Gregory LLP;

- Hunter Shkolnik of Napoli Shkolnik; and

- Jennifer Scullion of Seeger Weiss LLP

as the DAP Executive Committee.

### B.  The Nature and Responsibilities of DAP Executive Committee

The foregoing appointments of the DAP Executive Committee are of a personal nature. Accordingly, the above appointees cannot be substituted by other attorneys, including members of an appointee's law firm, except with prior Court approval. Annual reappointment to all DAP Executive Committee positions is required.

The DAP Executive Committee shall be generally responsible for coordinating the activities of the DAPs during pretrial proceedings, and shall have the authority and responsibility for the day-to-day management of the interests of the DAPs in the MDL, including without limitation having exclusive authority over the following:

    a)  Preparing and filing a consolidated master DAP complaint and proposal for the use and form of Short Form DAP complaints, and any subsequent complaints or pleadings for the DAPs.

b) Maintaining a census of all DAP actions in the MDL.

c) Delegating work responsibilities and monitoring the activities of all DAP Executive Committee members (including work that may be delegated by the DAP Executive Committee to members of the law firms of the DAP Executive Committee members and, from time to time, to non-members) in a manner that promotes the orderly and efficient conduct of this litigation, the zealous representation of the interests of the DAPs, avoids unnecessary duplication and expense, and ensures schedules are met, including by requiring all members of the DAP Executive Committee and any attorneys performing work for the DAPs authorized by the DAP Executive Committee to keep contemporaneous time records and expense reports. Delegation of work responsibilities to law firms other than those of DAP Executive Committee is only permitted with Court approval and only where needed to advance the interests of the DAPs.

d) Coordinating with Interim Class Counsel and Defendants regarding procedural matters, case management, discovery, and, to the extent applicable, trial, to promote the orderly and efficient conduct of this litigation.

e) Acting as spokespersons for the DAPs vis-à-vis Defendants, Plaintiffs' Coordinating Counsel, Interim Class Counsel, and the Court.

f) Meeting and conferring with Defendants, Plaintiffs' Coordinating Counsel, and Interim Class Counsel to submit to the Court a schedule governing discovery and other pretrial matters.

g) Initiating, responding, scheduling, briefing, and arguing all motions on behalf of the DAPs.

h) Initiating, coordinating, and conducting all discovery on behalf of the DAPs and ensuring its effectiveness and efficiency, including coordinating discovery with Interim Class Counsel to avoid duplication and achieve efficiency.

i) Preparing and distributing any status reports to the Court on behalf of the DAPs.

j)  Retaining testifying experts and non-testifying expert consultants on behalf of the DAPs.

k)  Appearing at all hearings and conferences with the Court on behalf of the DAPs and designating which attorneys may appear and speak on behalf of the DAPs.

l)  Calling meetings of all counsel for the DAPs to ensure the orderly and efficient prosecution of this action with respect to the DAPs.

m) Negotiating and entering into stipulations with opposing counsel, third parties, and/or any other interested parties solely with respect to the DAPs.

n)  Exploring, developing, and pursuing global settlement options on behalf of the DAPs, and, to the extent authorized to do so by one or more DAPs, entering into binding agreements on their behalf.

o)  Coordinating, and if appropriate and necessary, conducting trial and post-trial proceedings on behalf of the DAPs.

p)  Seeking and allocating any attorneys' fees awarded and/or expenses reimbursed by the Court in respect of benefits to any plaintiff attributable to the work of the DAP Executive Committee.

q)  Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court on behalf of the DAPs.

## III.  <u>ADDITIONAL MATTERS</u>

### A.  **Proposed Agendas**

In advance of each status conference, Plaintiffs' Coordinating Counsel, Interim Co-Lead Class Counsel, the DAP Executive Committee, and Defendants will meet and confer regarding the agenda for the conference. Unless otherwise ordered, Plaintiffs' Coordinating Counsel, Interim Co-Lead Class Counsel, the DAP Executive Committee, and Defendants will file a joint notice setting out the proposed agenda and the parties' joint and/or respective positions no later than five calendar days prior to each status conference.

**B.      Communications with the Court**

If circumstances require direct correspondence with the Court by any individual plaintiff's attorney, copies of any said communications shall simultaneously be served upon Plaintiffs' Coordinating Counsel, the DAP Executive Committee, and Interim Co-Lead Class Counsel by email.

**C.      Privileges Preserved**

The Court recognizes that cooperation by and among counsel for all plaintiffs (including Plaintiffs' Coordinating Counsel, Interim Co-Lead Class Counsel, and the DAP Executive Committee) is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' attorneys shall not be deemed a waiver of any privilege or protection, including without limitation the attorney-client privilege and/or the work product doctrine, if the privilege or protection is otherwise applicable. The cooperative efforts contemplated above shall in no way be used against any plaintiff by any Defendant. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

**D.      Application of this Order**

This Order applies to all actions included in the above-captioned consolidated matters and all subsequently consolidated actions.

**IS IT SO ORDERED.**

Dated: _____        _____
                                                      Hon. Matthew F. Kennelly