UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION | Case No. 1:24-cv-06795<br>MDL No. 3121 |
| This Document Relates To: | Hon. Matthew F. Kennelly |
| ALL ACTIONS | |

**OBJECTION IN PART
TO PROPOSED ORDER APPOINTING INTERIM CO-LEAD CLASS COUNSEL**

The Direct Action Plaintiffs (DAP) Executive Committee looks forward to working with Interim Co-Lead Class Counsel and believes that the two groups of Plaintiffs will work cooperatively, with Plaintiffs' Coordinating Counsel, Chris Seeger, to efficiently prosecute these cases. The DAP and Class groups worked together to resolve all but one issue with respect to the Proposed Order Appointing Interim Co-Lead Class Counsel, ECF 151 ("Proposed Class Leadership Order").

Specifically, language in the Proposed Class Leadership Order appears to decide—at the very beginning of the litigation—who can and cannot seek fees if there is a judgment or settlement in favor of the class. Section I(D) of the Proposed Class Leadership Order states: "No counsel for any DAP action—or any other counsel not explicitly authorized to work on behalf of the Class in this matter by Interim Co-Lead Class Counsel—shall have any authority to represent the Class, participate in any settlement of the Class claims, or seek fees associated with representation of the Class." (emphasis added). This language improperly would preclude the Court from even considering applications for fees under Fed. R. Civ. P. 23(h) from the DAP Executive Committee and/or Mr. Seeger, regardless of any benefits their work may confer on the class.

1

To be clear, neither Plaintiffs' Coordinating Counsel nor the DAP Executive Committee is claiming <u>entitlement</u> to fees at this stage when the litigation has barely begun. The point is only that, whether the DAP Executive Committee or anyone else may be entitled to fees in connection with any eventual class recovery is a matter for the Court decide later and on a record of what actually happens in the litigations. Rule 23(h) permits such awards and courts in this and other Circuits have approved them.

It is well-established that a court may award non-class counsel fees with respect to a class recovery. The Advisory Committee Note to the 2003 Amendment of Fed. R. Civ. P. 23 explains that, "[i]n some situations, there may be a basis for making an award to other counsel whose work produced a beneficial result for the class[.]" *Accord* 5 Newberg and Rubenstein on Class Actions § 15:60 (6th ed.) (describing circumstances in which non-class counsel may recover fees from class action settlement under common fund theory). Specifically, "non-class counsel is generally entitled to a portion of a common fund recovered in a class action as attorneys' fees under Rule 23(h) if non-class counsel confers a substantial and independent benefit to the class that aids in the recovery or improvement of the common fund." *Arkin v. Pressman, Inc.*, 38 F.4th 1001, 1009 (11th Cir. 2022).[1]

---

[1] *See e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 914 F.3d 623, 641 (9th Cir. 2019) ("Various courts, including our own, have determined that even non-class counsel can be entitled to attorneys' fees."); *Victor v. Argent Classic Convertible Arbitrage Fund L.P.*, 623 F.3d 82, 87 (2d Cir. 2010) ("[W]hen a substantial benefit has been conferred on the class, non-lead counsel are entitled to reasonable compensation."); *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 195 (3d Cir. 2005) (observing that attorney may be "entitled to compensation whether or not chosen as lead counsel."); *Gottlieb v. Barry*, 43 F.3d 474, 489 (10th Cir. 1994) ("[W]e fail to see why the work of counsel later designated as class counsel should be fully compensated, while the work of counsel who were not later designated class counsel, but on whose shoulders class counsel admittedly stood, should be wholly uncompensated.").

Following this principle, multiple courts have granted non-class counsel common benefit fees with respect to a common fund recovered in a class action. As an example, in *Cnty. of Suffolk v. Long Island Lighting Co.*, counsel for an opt-out from a class action secured a judgment that prompted the defendant to settle with the class on favorable terms, justifying an award of fees from the class settlement under the common fund doctrine. *Cnty. of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1327 (2d Cir. 1990). The key consideration justifying such fees was "the value to the class of the legal work performed by [the independent plaintiff's] attorneys." *Id.* at 1328. Likewise, in the NFL concussion litigation, non-class counsel (including counsel representing opt-outs) were awarded a portion of class fees for work deemed to benefit the class. ECFs 10019, 10378, 11240, 11732, 12409, *In re: National Football League Players' Concussion Injury Litigation*, MDL No. 2323, No. 2:12-md-2323 (E.D. Pa. 2018). Similarly, in *Alpine Pharmacy, Inc. v. Chas. Pfizer & Co.*, a lawyer representing government entities in an antitrust case was entitled to a fee from a settlement fund benefiting pharmacists, even though he was not class counsel, because his efforts were key to the creation of a settlement structure that provided relief to those pharmacists.[2] *Alpine Pharmacy, Inc. v. Chas. Pfizer & Co.*, 481 F.2d 1045, 1057 (2d Cir. 1973). Likewise, courts have granted common benefit fees to securities lawyers who, despite not being chosen as lead counsel, did substantial work on behalf of the class prior to the selection of lead counsel. *E.g.*, *Gottlieb v. Barry*, 43 F.3d 474, 489 (10th Cir. 1994) ("[W]e fail to see why the work of counsel later designated as class counsel should be fully compensated, while the work of counsel who were not later designated class counsel, but on whose shoulders class counsel admittedly stood, should be wholly uncompensated."). Similarly, the Seventh Circuit has

---

[2] The *Alpine* court also directly rejected the contention that there is something improper about representing a different category of plaintiffs while recovering a common benefit fee award. *Alpine Pharmacy, Inc.*, 481 F.2d at 1057.

recognized that objectors who materially improve a class action settlement may be entitled to fees for their work benefiting the class. *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 288 (7th Cir. 2002) (citing, *inter alia*, *Gottlieb v. Barry*, 43 F.3d 474, 490-91 (10th Cir. 1994)).

Consistent with the above, if there is a class recovery, the Court will decide who is entitled to what fees under Rule 23(h). The current text of the Proposed Order Appointing Interim Co-Lead Class Counsel, however, would improperly take that decision away from the Court if Plaintiffs' Coordinating Counsel, the DAP Executive Committee, or others wish to seek fees based on the benefits conferred on the class. Accordingly, we respectfully request that the Court modify the Proposed Order Appointing Interim Co-Lead Class Counsel as follows:

> The Plaintiffs' Coordinating Counsel and the DAP Executive Committee therefore respectfully request that Section I(D) of the Proposed Class Leadership Order be modified as follows: "No counsel for any DAP action—or any other counsel not explicitly authorized to work on behalf of the Class[3] in this matter by Interim Co-Lead Class Counsel—shall have any authority to represent the Class, or participate in any settlement of the Class claims, or seek fees associated with representation of the Class. Nothing in this order shall be construed to preclude counsel for any party from seeking fees or expenses on a common benefit basis and/or under FRCP 23(h) with respect to any recovery or settlement of any other party (whether DAP or Class). All objections to any application for fees or expenses are fully preserved.".

---

[3] We agree that Interim Co-Lead Class Counsel controls work done expressly on behalf of the class and we understand this language to refer to such work. However, this language concerning "work on behalf of the Class" presumably does not seek to prohibit Plaintiffs' Coordinating Counsel or the DAP Executive Committee from doing work that may benefit the class as well as DAPs—such as discovery, motion practice, bellwether trials. It will be up to the Court to decide whether to award any fees for such work by DAP counsel that benefits the class.

Dated: October 2, 2024　　　　　　　　　SEEGER WEISS LLP

*/s/ Christopher Seeger*
Christopher Seeger
Jennifer Scullion
55 Challenger Road
Suite 600
Ridgefield Park, NJ 07660
Tel: (973) 639-9100
cseeger@seegerweiss.com
jscullion@seegerweiss.com


ARNALL GOLDEN GREGORY LLP

*/s/ Matthew M. Lavin*
Matthew M. Lavin
2100 Pennsylvania Ave., N.W., Ste. 350S
Washington, D.C. 20037
Tel: (202) 677-4959
matt.lavin@agg.com


NAPOLI SHKOLNIK

*/s/ Hunter Shkolnik*
Hunter Shkolnik
1302 Avenida Ponce de Leon
Santurce, Puerto Rico 00907
Tel: (787) 493-5088
hunter@nsprlaw.com

*Counsel for Plaintiffs Alter Management LLC; American Surgical Arts, P.C.; AMS Pro Group, LLC; Awakening Behavioral Health; Bailard House, LLC; California Recovery Center LLC; Cusimano Plastic Surgery, LLC; Edward P. Miranda, M.D. A Medical Corporation; Guardian Health Care Service, Inc.; Hillside Recovery Center, LLC; HOLY Addiction Care Center, Inc.; Inspire Recovery Center Inc.; Lido Wellness Center LLC; LNA Realty Inc.; Los Angeles Outpatient Center, LLC; Marks House, LLC; MAS Pro Group LLC; Meta Wellness Inc.; New Life Inc.; PAC Neuro, Inc.;*

5

*PCI Westlake Centers; Ritz Recovery, Inc.; Ross Cooperman, M.D. L.L.C.; Sober Life Recovery Solutions LLC.; Tarzana Recovery Center; Taylor Theunissen, MD, LLC; The Meadowglade, LLC; The Ohana Retreat LLC; Tucson Plastic Surgery, LLC; Uplift Recovery Center, LLC; Vanity Detox Center, Inc.; and Vanity Wellness Center, Inc.*

VINSON & ELKINS LLP

*/s/ Stephen M. Medlock*

Stephen M. Medlock
Stephen Cohen
Michael McCambridge
2200 Pennsylvania Ave., N.W.
Suite 500 W
Washington, D.C. 20037
Tel: (202) 639-6500

Mackenzie Newman
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 237-0000

Michael Scarborough
Dylan Ballard
555 Mission Street
Suite 2000
San Francisco, CA 94105
Tel: (415) 979-6900

*Counsel for Plaintiffs Adventist Health System Sunbelt Healthcare Corporation and CHS/Community Health Systems, Inc.*

6