UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION | Case No. 1:24-cv-06795<br>MDL No. 3121 |
| This Document Relates To:<br>ALL ACTIONS | Hon. Matthew F. Kennelly |

### CASE MANAGEMENT ORDER NO. 2 -
### ORDER APPOINTING INTERIM CO-LEAD CLASS COUNSEL

This matter having been before the Court for an initial case management conference on August 29, 2024, with attorneys for various class plaintiffs having requested appointment as interim class counsel and proposing various leadership structures, having reviewed all applicants' written submissions, having considered the oral presentations made by counsel during the hearing on leadership appointments held on September 23, 2024, and having entered a Minute Order on the Docket on September 23, 2024 [ECF No. 146], the Court hereby **ORDERS** as follows:

**I.  INTERIM CLASS COUNSEL**

    **A.  Appointment of Interim Co-Lead Class Counsel**

The Court appoints the following attorneys as Interim Co-Lead Class Counsel:

- Natasha Fernández-Silber and Yaman Salahi (Edelson PC).

- Bill Carmody, Shawn Rabin, Halley Josephs, and Tom Boardman (Susman Godfrey LLP).

- Eric L. Cramer, Zachary D. Caplan, and Patrick F. Madden (Berger Montague PC).

The Court finds the appointed Interim Co-Lead Class Counsel present an array of highly skilled counsel with diverse backgrounds and experience, which will provide the Court with an effective structure to advance this litigation in an efficient and just manner. The Court finds the

1

appointees: (i) have done significant work in identifying and investigating potential claims in the action; (ii) have extensive knowledge of and experience in prosecuting complex litigation and class actions, including antitrust class actions; (iii) have knowledge of the applicable law; and (iv) are willing and able to commit to a time-consuming process of litigating this case; and (v) have access to sufficient resources to prosecute this litigation in a timely manner.

Further, the appointment of Interim Co-Lead Class Counsel is of a personal nature. Accordingly, the above appointees cannot be substituted by other attorneys, including other members of the appointees' law firms. Interim Co-Lead Counsel may, however, enlist additional attorneys from their law firms to work on the case. The Court requires that Interim Co-Lead Class Counsel reapply for appointment for the position of Interim Co-Lead Counsel annually, beginning one year from the date of this Order.

**B.     Responsibilities of Interim Co-Lead Class Counsel**

Interim Co-Lead Class Counsel shall be generally responsible for coordinating the activities of the class plaintiffs on behalf of the proposed Class (the "Class") during pretrial proceedings, and shall have the authority and responsibility for the day-to-day management of the interests of the Class, including without limitation having exclusive authority over the following:

a) Preparing and filing a consolidated class action complaint, and any subsequent complaints or pleadings.

b) Delegating work responsibilities and monitoring the activities of all attorneys for the Class in a manner that promotes the orderly and efficient conduct of this litigation, the zealous representation of the interests of the Class, avoids unnecessary duplication and expense, and ensures schedules are met, including by requiring all attorneys for the Class to keep contemporaneous time records and

expense reports in a format approved by Interim Co-Lead Class Counsel. Delegation of work responsibilities to law firms other than those of Interim Co-Lead Class Counsel is only permitted with Court approval and only where needed to advance the interests of the Class.

c) Coordinating with the DAP Executive Committee and Defendants regarding procedural matters, case management, discovery, and, to the extent applicable, trial, to promote the orderly and efficient conduct of this litigation.

d) Acting as spokespersons for the Class vis-à-vis Defendants, the DAP Executive Committee, and the Court.

e) Meeting and conferring with Defendants and the DAP Executive Committee to submit to the Court a schedule governing discovery and other pretrial matters.

f) Initiating, responding, scheduling, briefing, and arguing all motions on behalf of the Class.

g) Initiating, coordinating, and conducting all discovery on behalf of the Class and ensuring its effectiveness and efficiency.

h) Preparing and distributing any status reports to the Court on behalf of the Class.

i) Retaining testifying experts and non-testifying expert consultants on behalf of the Class.

j) Appearing at all hearings and conferences with the Court on behalf of the Class and designating which attorneys may appear and speak on behalf of the Class.

k) Negotiating and entering into stipulations with opposing counsel, third parties, and/or any other interested parties on behalf of the Class.

l) Exploring, developing, and pursuing settlement options on behalf of the Class, and, when authorized to do so, entering into binding agreements.

m) Submitting requests to the Court for approval of Class settlements, if any, and fee awards.

n) Conducting trial and post-trial proceedings on behalf of the Class.

o) Funding all reasonable and necessary litigation related expenses on behalf of the Class.

p) Allocating any attorneys' fees awarded and/or expenses reimbursed by the Court associated with the Class's claims.

q) Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court on behalf of the Class.

**C.      Interim Class Liaison Counsel**

Shawn Rabin (Susman Godfrey LLP) shall serve both as Interim Co-Lead Class Counsel and Interim Class Liaison Counsel. In this dual role, he shall be responsible for coordinating communications between Interim Co-Lead Class Counsel, the DAP Executive Committee, and Defendants.

**D.      Interim Co-Lead Class Counsel's Exclusive Authority to Represent the Class**

Interim Co-Lead Class Counsel shall have exclusive authority to represent the interests of the Class in this matter and prosecute their claims. No counsel for any DAP action—or any other counsel not explicitly authorized to work on behalf of the Class in this matter by Interim Co-Lead Class Counsel—shall have any authority to represent the Class or participate in any settlement of the Class claims. This does not preclude counsel for any party from seeking, under appropriate circumstances, fees or expenses on a common benefit basis and/or under Federal Rule of Civil

Procedure 23(h) with respect to any recovery or settlement of any other party (whether DAP or Class); all objections to any such request are preserved. Interim Co-Lead Class Counsel is authorized to convene in-person or online combined meetings of counsel, including counsel for the DAPs and Defendants, to advance the interests of the Class and ensure the orderly and efficient prosecution of this action.

## II. ADDITIONAL MATTERS

### A. Proposed Agendas

In advance of each status conference, Interim Co-Lead Class Counsel, the DAP Executive Committee, and Defendants will meet and confer regarding the agenda for the conference. Unless otherwise ordered, Interim Co-Lead Class Counsel, the DAP Executive Committee, and Defendants will file a joint notice setting out the proposed agenda and the parties' joint and/or respective positions no later than five calendar days prior to each status conference.

### B. Communications with the Court

All communications from the Class with the Court concerning Class-specific issues shall be through Interim Co-Lead Class Counsel. To the extent Interim Co-Lead Class Counsel and the DAP Executive Committee take differing positions on matters to be presented to the Court or Defendants, Interim Co-Lead Class Counsel shall be solely authorized to advise the Court and/or Defendants of the positions of the Class. Moreover, if circumstances require direct correspondence with the Court by any individual plaintiff's attorney, copies of any said communications shall simultaneously be served upon all Interim Co-Lead Class Counsel by email.

### C. Privileges Preserved

The Court recognizes that cooperation by and among counsel for the Class and all individual plaintiffs (including Interim Co-Lead Class Counsel and the DAP Executive Committee) is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' attorneys shall not be deemed a

waiver of any privilege or protection, including without limitation the attorney-client privilege and/or the work product doctrine, if the privilege or protection is otherwise applicable. The cooperative efforts contemplated above shall in no way be used against any plaintiff by any Defendant. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

### D. Application of this Order

This Order applies to all actions included in the above-captioned consolidated matters and all subsequently consolidated actions.

**IT IS SO ORDERED.**

Dated: 10/15/2024

_____
Hon. Matthew F. Kennelly
United States District Judge