UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 1:24-cv-06795<br>MDL No. 3121<br><br>Hon. Matthew F. Kennelly |

## JOINT STATUS REPORT

The parties submit the following joint status report (and proposed agenda) pursuant to the Court's Order dated November 26, 2024 (ECF No. 181) for the case management conference scheduled for January 24, 2025.

**I.      Discovery Protocols & Disputes Submitted to the Court on December 16**

The parties agreed in full to a proposed Expert Stipulation (Dkt. 210), and briefed disputes as to the ESI (Dkt. 211), Preservation (Dkt. 208), and Protective Order (Dkt. 209) submissions.

**II.     Renewed Discussion Regarding Any Discovery Pending Rule 12 Motions**

   **A.     Requests for Production ("RFPs")**

   1.   *Whether service of RFPs should remain on the calendar for January 28, 2025*

Plaintiffs' position is that that Court addressed this issue at the October 25, 2024 status conference, and in CMO 4 (ECF 161 at 3), and that the January 28, 2024 deadline for service of the first set of RFPs should remain on calendar.

Defendants believe that the Court set an initial date for RFPs but contemplated this as an open issue to be resolved at the January conference, as set forth in the hearing transcript. Consistent with that understanding, should the Court wish to review the issuance of RFPs as part

1

of the overall discussion regarding pausing or limiting discovery while the motion to dismiss process proceeds, Defendants continue to believe that service of RFPs should be deferred pending determination of the Rule 12 motions.

2. *If RFPs remain on calendar, the date for responses and objections*

Plaintiffs propose that responses and objections be served within 30 days of service, consistent with Fed. R. Civ. P. 34(b)(2)(A).

Defendants propose that if discovery is not paused, and pending review of the breadth and depth of any RFPs served, the appropriate time period for responses and objections is 60 days.

3. *Whether the Court should set time frames now for production of discovery on certain materials, as set forth below, while the parties are negotiating the scope of responses to requests for production*

Plaintiffs' position is that the parties should produce limited sets of documents now to inform discovery negotiations, as discussed at the October 25 status conference. Below is a list of materials as to which Plaintiffs seek early production:

- Organizational charts or similar documents
- Contracts between MultiPlan and the Insurer Defendants regarding out-of-network claims repricing
- Structured data samples
- Documents produced in related government investigations (*e.g.*, U.S. Department of Labor, U.S. Congress, Federal Trade Commission, U.S. Department of Justice)

The Direct Action Plaintiffs ("DAPs") also request the early production of the documents and depositions that United and MultiPlan produced in *Fremont Emergency Services (Mandavia), Ltd. v. UnitedHealth Group, Inc., et al.* (Nev. Dist. Ct.), a case that resulted in a jury awarding

$62.65 million in damages for underpaying emergency room doctors for out-of-network goods and services.

Defendants believe any production of such materials—which would in any event be in both directions, and not just limited to productions from Defendants—should be dealt with in normal meet-and-confer and rolling production discussion that will occur pursuant to any RFPs at the Court's direction.

4. *Targeted third party subpoenas*

The DAPs believe they should be allowed to issue a limited set of subpoenas on April 14, 2025 directed to third parties that held industry meetings where Defendants made inculpatory statements.

The Class does not seek to serve non-party subpoenas prior to resolution of the Rule 12 motions unless deemed appropriate by the Court.

Defendants believe service of any unspecified third-party subpoenas should be deferred pending determination of the MTDs.

**III.  DAP Census of Cases (Submitted to the Court on December 16, 2024)**

The parties agree that DAP counsel should submit an updated census—if changed from the prior version—before each status conference.

**IV.  Initial Disclosures**

Plaintiffs are reviewing the Defendants' initial disclosures, served on December 16, 2024, several of which do not comply with Fed. R. Civ. P. 26(a)(1). They should be supplemented by February 7, 2025. Plaintiffs will identify deficiencies to Defendants in writing and seek to meet and confer and will be prepared to discuss any unresolved issues at the January status conference.

Defendants' position is that this issue was introduced for the first time in Plaintiffs' revision of the draft status report on Thursday, December 19, 2024, and as Plaintiffs had not raised any

3

concern regarding any Defendant's initial disclosures as of that time, the issue is premature. Plaintiffs still have not identified a single initial disclosure "deficiency" to the Defense coordinating counsel or liaison group. Defendants do not believe it makes sense to include agenda topics "in reserve" or claim a dispute exists without telling liaison counsel on the other side what it is. The parties are reviewing the initial disclosures served on December 16, 2024 by a number of Plaintiffs and Defendants and will work to resolve, or raise any issues requiring the Court's attention, should any "deficiencies" ever be identified.

## V. Settlement Special Master

The DAPs also would like to discuss appointment of a Settlement Special Master. The DAPs believe it is appropriate to add this item to the agenda and would be pleased to confer with Defendants in advance of the January 24, 2025 status conference.

The Class does not believe the appointment of a Settlement Special Master is necessary at this time.

As with the agenda topic of the initial disclosures, this issue was introduced for the first time in Plaintiffs' revision of the draft status report on Thursday, December 19, 2024, and not previously, and is premature. Defendants would be pleased to meet and confer about this issue with Plaintiffs and understand what they have in mind, and why the Class and DAP Plaintiffs disagree, but would not include reserve items as agenda topics for a Court hearing until the parties have had an opportunity to actually discuss them.

## VI. Additional Detail

Should the Court wish the parties to provide more details as to any of the agenda topics set forth above (and the parties' respective positions as to each), the parties would be pleased to submit short joint letter briefs as the Court may direct prior to the status hearing.

Dated: December 20, 2024

/s/ Christopher A. Seeger
Christopher A. Seeger
**SEEGER WEISS LLP**
55 Challenger Road 6th Fl.
Ridgefield Park, NJ 07660
Tel: (973) 639-9100
Fax: (973) 679-8656
cseeger@seegerweiss.com

*Plaintiffs' Coordinating Counsel*

/s/ Sadik Huseny
Sadik Huseny (*pro hac vice*)
**LATHAM & WATKINS LLP**
300 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (737) 910-7300
sadik.huseny@lw.com

*Defendants' Coordinating Counsel*

/s/ Shawn J. Rabin
Shawn J. Rabin (*pro hac vice*)
**SUSMAN GODFREY LLP**
One Manhattan West, 50th Floor
New York, NY 10001-8602
Tel: (212) 336-8330
srabin@susmangodfrey.com

*Interim Class Liaison Counsel*