UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 1:24-cv-06795<br>MDL No. 3121<br><br>Hon. Matthew F. Kennelly |

**CASE MANAGEMENT ORDER NO. 10 -**
**PRESERVATION ORDER**

This Preservation Order is entered into pursuant to the parties' joint letter brief (ECF 208) and the Court's ruling regarding same (ECF 238).

All Parties to this Litigation and their counsel recognize that potentially relevant materials should be appropriately preserved. The Parties agree that they are responsible for taking reasonable steps to preserve relevant and discoverable documents, electronically stored information ("ESI") and tangible things within their possession, custody, or control. The Parties understand that additional meet and confers may be required to continue identifying materials to be the subject of this Order. To assist in these efforts, the Court enters the following Order.

## I. DEFINITIONS

A. "Documents, ESI, and Tangible Things" is to be interpreted to include the kinds of items that may be requested under Rule 34(a)(1) of the Federal Rules of Civil Procedure.

B. "Parties" shall mean all named Class Plaintiffs, Direct Action Plaintiffs ("DAP") and Defendants. "Party" shall mean any individually named Plaintiff or Defendant.

C. "Custodian" shall mean a current or former employee of a Party that the Parties agree, or the Court determines, possesses relevant information.

D. "Non-Custodial Source" shall mean a location in which documents, ESI, or

tangible things are kept in the regular course of business that is not associated with a particular Custodian, including but not limited to departmental files, shared drives, multi-user messaging (or "chat") platforms (such as Slack or Microsoft Teams); cloud storage accounts; online repositories, intranets, and databases.

E. "Preservation" shall be interpreted broadly to preserve the contents of documents, ESI, and tangible things reasonably anticipated to be subject to discovery under Federal Rules of Civil Procedure 26, 45, and 56(e) in this action, and shall include taking reasonable steps to prevent the partial or full destruction of such materials. Pursuant to Federal Rule of Civil Procedure 26, the Parties agree to avoid imposing excessive costs and burdens upon each other regarding preservation and to ensure proportionality to the needs of the case.

## II. PRESERVATION OBLIGATIONS

1. Except as specified in Paragraphs 2 through 6 below, the following default rules will govern the preservation of documents, ESI, and other tangible things in this Litigation:

   a. The relevant time period for preservation shall be January 1, 2012 through the present.

   b. Parties shall take reasonable steps to preserve all documents, ESI, or tangible things in the possession, custody, or control of the Party's identified Custodians and Non-Custodial Sources that are reasonably likely to have potentially relevant information related to the claims and defenses in the Litigation.

   c. Parties shall take reasonable steps to preserve documents, ESI, and tangible things reasonably likely to have potentially relevant information related to the claims and defenses in the Litigation regardless of how or

where those materials are stored, including, but not limited to, (1) materials contained in personal mobile devices, personal computers, and personal laptops, where such materials are expressly in the possession, custody, or control of the Party pursuant to relevant data/device policies; (2) materials contained in work mobile devices, computers, and laptops; (3) materials contained in cloud storage; and (4) a Party's own documents contained in document review platforms used for other litigations or investigations.

d. The Parties shall use their good faith judgment to proactively identify sources reasonably likely to have potentially relevant information relating to the claims and defenses in the Litigation and to take reasonable steps to preserve such information in such sources.

2. The Parties will take immediate and reasonable steps to suspend destruction (including suspension of any and all auto-delete features or options) and to preserve ephemeral data and data updated on a constant basis (i.e., dynamic data) reasonably likely to contain information relevant to the claims and defenses in this Litigation, and that is not duplicative of other preserved data. For the avoidance of any doubt, this includes messaging, chat, and other communication applications on mobile devices in the possession, custody, or control of the Party.

3. For structured data, the Parties will meet and confer to discuss the preservation of this data, including the scope of potential structured data sources that may be discoverable.

4. The following forms of ESI will not be required to be preserved under the terms of the Preservation Order, provided that nothing in this Order shall be construed as permitting

any Party to destroy responsive information contained in any of the following forms of ESI that would not otherwise be destroyed in the ordinary course of business:

a. random access memory ("RAM") and temporary files;

b. online access data, such as temporary internet files, histories, caches, and cookies;

c. public-facing websites;

d. data in metadata fields other than those specified in the Court's ESI Protocol Order;

e. damaged or slack data;

f. data stored on photocopiers, scanners, and fax machines;

g. operating system files and executable files, except for any source code used as part of a pricing methodology for out-of-network goods and services;

h. server, system, network, and/or software application logs;

i. stand-alone files that are zero bytes in size;

j. backup data files that are maintained in the normal course of business for purposes of disaster recovery, including (but not limited to) backup tapes, disks, SAN, and other forms of media;

k. voicemails, to the extent that copies of such voicemail messages are otherwise preserved; and

l. structural files not material to individual file contents (e.g. .CSS, .XSL, .XML, .DTD, etc.).

5. If a Party believes that data that would otherwise be preserved pursuant to this

Order has been lost, deleted, or destroyed ("Lost Data") after the entry of this Order, despite taking reasonable steps to preserve that information, that Party shall disclose in writing (a) the date of the event that caused the loss of data, (b) a general description of the Lost Data, and (c) a general description of the events that caused the loss of the data.

6. If any Party that believes that it would be unduly burdensome or disproportionate to the needs of the case to continue preserving a particular type of documents or data ("Disputed Data") otherwise subject to Preservation pursuant to this order, it shall disclose in writing (a) a general description of the volume, type, and location of the Disputed Data, (b) whether the information contained in the Disputed Data can be obtained from other sources that are being preserved subject to this Order, and (c) the factual basis for the Party's contention that the continued preservation of the Disputed Data would be unduly burdensome or disproportionate to the needs of the case. After such a disclosure, the Parties shall meet and confer in good faith to resolve any disputes or concerns about whether the Disputed Data should be preserved. Pending the outcome of that meet-and-confer and any motion practice concerning the preservation of the Disputed Data, the disclosing Party shall continue to preserve the Disputed Data.

## III. RESERVATION OF RIGHTS

Nothing in this Order shall be construed to affect the relevance, discoverability, or admissibility of evidence. All objections to relevance, discoverability, or admissibility of evidence are maintained and may be asserted at any time.

Nothing in this Order shall limit the Parties' ability to meet and confer, as may be necessary, to discuss further modifications or supplements to this Order.

A party may apply to the Court, after having met and conferred with opposing parties, for further instructions regarding the duty to preserve specific categories of documents, data, or

tangible things. A party may seek permission from the Court, after having met and conferred with opposing parties, to resume routine business processes relating to the storage or destruction of specific categories of documents, data, or tangible things subject to a preservation obligation under this Order, upon a showing of undue cost, burden, or overbreadth.

**SO ORDERED.**

Dated: 1/5/2025

Hon. Matthew F. Kennelly