UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 1:24-cv-06795<br>MDL No. 3121<br><br>Hon. Matthew F. Kennelly |

**CASE MANAGEMENT ORDER NO. 12 -**
**HIPAA-QUALIFIED PROTECTIVE ORDER**

This HIPAA-Qualified Protective Order is entered into pursuant to the parties' joint letter brief (ECF 209) and the Court's ruling regarding same (ECF 238).

1. **APPLICABILITY OF THE PROTECTIVE ORDER.** This HIPAA-Qualified Protective Order (hereinafter "Order") shall govern the handling of all materials produced in the course of discovery, including documents, data, depositions, deposition exhibits, and written discovery (this information hereinafter referred to as "Discovery Material"). This Order shall apply to any named Party to this action, any third party that receives a subpoena for testimony or documents, and any person or entity that obtains access to Confidential Material subject to this Order. All references to "Party," "Receiving Party," "Producing Party" or "Designating Party" throughout this Order are intended to include non-parties. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **OTHER DEFINITIONS**

a. **Action**: the above-captioned action (this Action) includes all cases that are transferred, reassigned, or direct-filed into MDL No. 3121.

b. **Confidential Material:** Any information designated as "Confidential" or "Highly Confidential – Outside Counsel Only" pursuant to this Order.

c. **Party**: any party to this Action.

d. **Non-Party**: any individual, corporation, association, or other natural person or entity that is not a Party to this Action.

e. **Receiving Party**: a Party or Non-Party that receives Discovery Material from a Producing Party.

f. **Producing Party**: a Party or Non-Party that produces Discovery Material in this Action.

g. **Designating Party**: a Party or Non-Party that designates information or items that it or another Party or Non-Party produces in disclosures or in responses to discovery or provides in the form of deposition testimony as Confidential Material. The Designating Party bears the burden of establishing good cause for the protection of all such information or items.

h. **Challenging Party**: a Party that elects to initiate a challenge to a Designating Party's confidentiality designation.

3. **DESIGNATION OF DISCOVERY MATERIAL AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY".** Any Producing Party may designate Discovery Material as "Confidential" or "Highly Confidential – Outside Counsel Only" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material meets the criteria set forth below. For the avoidance of doubt, a Party may designate information that it produces, as well as information produced by other Parties or Non-Parties that contain that Party's confidential information, as "Confidential" or "Highly

Confidential – Outside Counsel Only."

a. **Discovery Material Which May be Designated "Confidential."** Any party or non-party may designate documents as CONFIDENTIAL if they contain:

(i) Information required to be kept confidential by law or by agreement with a third party;

(ii) Trade Secrets, research, design, technical/manufacturing, financial/planning, and/or marketing/commercial information: Documents and/or information which consists of trade secrets or other proprietary business information that are not generally known or readily ascertainable by the public (including competitors), are competitively sensitive, and public availability of these documents could affect business operations and/or market share;

(iii) Records relating to individuals' medical treatment/Protected Health Information/personally identifiable information. Nothing herein shall be construed to suggest that the names of witnesses, potential witnesses, deponents, subpoenaed parties or persons with potentially relevant information can be designated "CONFIDENTIAL"; however, personally identifiable information, including Social Security numbers, home addresses, and home phone numbers may be so designated.

Confidential Material shall not include any information that is or was at any time in the public domain as a result of publication not in violation of this

Order.

b. A Producing Party may designate as "Highly Confidential – Outside Counsel Only" any information described in subparagraph (a) that it reasonably and in good faith believes contains highly sensitive current trade secrets or other current highly sensitive confidential information, and that disclosure to another party or third party, even if limited to the universe of individuals authorized to receive information marked "Confidential" under this Order, would result in specific demonstrable competitive harm to, or cause material harm to the legitimate business interests of, the Producing Party.

4. **PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL MATERIAL.**

a. Information designated as "Confidential" may be disclosed only to the following "Qualified Persons":

(i) **The Court and its personnel**, including attorneys, employees, judges, magistrates, secretaries, special masters, stenographic reporters, staff, transcribers and all other personnel necessary to assist the Court in its function, the jury, and any appellate court or other court (and their respective personnel) before which the Parties appear in this Action;

(ii) **Mediators or other third party neutrals** engaged or consulted in settlement of all or part of this Action, and staff assisting them with such efforts only after such persons or entities have completed the certification contained in Attachment A;

(iii) **Court reporters and recorders**, including stenographers, and videographers retained to record testimony taken in this Action;

(iv) **Outside counsel for the Parties**, and such counsel's employees who have responsibility for the preparation and trial of the Action;

(v) **In-house counsel for the Parties**, and such in-house counsel's employees who have responsibility for the preparation and trial of the Action;

(vi) **Parties and employees of a Party** to this Order but only to the extent that counsel determines in good faith that the specifically named individual Party's or employee's assistance or testimony is necessary to the conduct of the litigation, and only after such persons or entities have completed the certification contained in Attachment A;

(vii) **Litigation support services**, including outside copying services, court reporters, videographers, stenographers or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel, and only after such persons or entities have completed the certification contained in Attachment A;

(viii) **Any individual expert, consultant, or expert consulting firm** retained by counsel of record in connection with this Action to the extent necessary for the individual expert, consultant, investigator, or expert consulting firm to prepare a written opinion, to prepare to

testify, or to assist counsel of record in the prosecution or defense of this Action, provided, however, that: (i) the disclosure shall be made only to an individual expert, or to members, partners, employees or agents of an expert consulting firm as the expert consulting firm shall designate as the persons who will undertake the engagement on behalf of the expert consulting firm (the "Designated Expert Personnel"); (ii) the individual expert or Designated Expert Personnel use the information solely in connection with this Action; (iii) the individual and/or a representative of each expert consulting firm sign the written acknowledgment and agreement to be bound attached as Exhibit A on behalf of any Designated Expert Personnel associated with that firm; and (iv) absent notice and consent of the opposing Party(ies) or on application to and order of the Court, the individual expert is not a current employee, consultant, independent contractor, or any other type of affiliate of the Defendants;

(ix) **Authors or recipients,** any person who (A) created, authored, sent, received or reviewed such Confidential Material; or (B) is or was a custodian of the Confidential Material;

(x) **Witnesses at depositions** or who are noticed for depositions to whom disclosure is in good faith reasonably necessary to conduct the Action, with the limitations that witnesses shall not retain a copy of documents containing Confidential Material. Witnesses noticed for depositions who are shown Confidential Material in advance of

their deposition must agree to be bound by the provisions of the Order by signing a copy of Exhibit A prior to being shown Confidential Material. Witnesses at depositions must either sign a copy of Exhibit A or, if they refuse, receive an admonition that he or she will be subject to sanction, including contempt, for violating the terms of the Protective Order. Regardless of whether any deponent signs the attached Exhibit A, this Order will apply to any deponent who is shown or examined about Confidential Discovery Material, and the deponent cannot take any exhibits with them or reveal any information the learned from the confidential materials shown to them;

(xi) **Mock jurors or focus group participants** who have agreed to be bound by the provisions of the Order by signing a copy of Exhibit A;

(xii) **Auditors and insurers of the Parties** only after such persons or entities have completed the certification contained in Attachment A; and

(xiii) **Any other person by consent** as may be designated by written agreement by the Producing Party or by order of this Court.

b. Information designated as "Highly Confidential – Outside Counsel Only" may be disclosed only to the categories of "Qualified Persons" in paragraph 4(a)(i)-(iv) and (vii)-(xiii).

5. **MARKING OF CONFIDENTIAL MATERIAL.** The designation of a document

as "Confidential" or "Highly Confidential – Outside Counsel Only" shall occur only if the designating party makes a good faith determination, individually as to each designated document, that the document contains Confidential Material and otherwise meets the criteria for such designation as defined in this Order.

a. **Marking of Documents.** A party or non-party may designate a document as Confidential or Highly Confidential – Outside Counsel Only for protection under this Order by placing or affixing those words on the document and on all copies in a manner that will not interfere with the legibility of the document. To the extent a document is produced in a form in which affixing the words "Confidential" or "Highly Confidential – Outside Counsel Only" on the document is not practicable, including documents produced in native format, the producing party or third-party may designate the document as such by including the confidentiality designation in the file name and on a slip sheet placeholder. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Material. The markings "Confidential" or "Highly Confidential – Outside Counsel Only" shall be applied prior to or at the time that the documents are produced or disclosed. Applying these markings to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

b. **Depositions.** Deposition testimony is protected by this Order if designated as "Confidential" or "Highly Confidential – Outside Counsel Only" by

denominating by page and line those portions of the deposition which are to be considered "Confidential" or "Highly Confidential – Outside Counsel Only" within 30 days of receiving the final transcript and exhibits and so informing all parties in writing of the designation. Until the 30-day period has passed, the deposition transcript in its entirety must be treated as if it were designated "Highly Confidential – Outside Counsel Only" under the terms of this Order. This 30-day period may be extended by agreement of the Parties.

c. **Non-Written Materials.** Any non-text Confidential Material (e.g., videotape, audio tape, etc.) may be designated as such by labeling the outside of such material as "Confidential" or "Highly Confidential – Outside Attorneys Only."

d. In the event a Receiving Party generates any "hard copy" transcription or printout from any such designated non-written materials, the person who generates such "hard copy" transcription or printout shall take reasonable steps to maintain the confidentiality of such materials and properly identify and stamp each page of such material as "Confidential" or "Highly Confidential – Outside Attorneys Only" consistent with the original designation by the Producing Party.

6. **DISCLOSURE OF CONFIDENTIAL MATERIAL.** A failure to designate Discovery Material as Confidential Material does not, standing alone, waive the right to so designate the Discovery Material. The Producing Party must provide prompt written notice upon discovery of the disclosure, and contemporaneous or subsequent production of replacement

documents with the appropriate designation, with the effect that such Confidential Material will be subject to the protections of this Order. The Receiving Party shall exercise good faith efforts to ensure that copies made of Confidential Material produced to it, and copies made by others who obtained such Confidential Material directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent as if that the Confidential Material has been marked with the appropriate confidentiality legend by the Producing Party. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Material.

7. **PRODUCTION OF PRIVILEGED MATERIAL.**

a. Pursuant to Federal Rule of Civil Procedure 26, and Federal Rule of Evidence 502(d) and (e), the parties agree that the production or disclosure, whether inadvertent or otherwise, of any information in connection with the pending litigation that is covered by the attorney-client privilege or work-product protection (including common interest and joint defense), or any other privilege, shall not constitute a waiver of such privilege or protection in this litigation or in any other federal or state proceeding. Instead, the Producing Party shall be entitled to assert such privilege or protection, request the return of any produced material or information on the grounds of privilege or work product protection by identifying it and stating the basis for withholding such material or information from production, and the information and its subject matter shall be treated as if there has been no such disclosure.

b. Nothing in this paragraph is intended to or shall serve to limit a Party's

right to conduct a review of any material or information for relevance, responsiveness, and/or segregation of privileged and/or protected information before production, subject to subsection (c) below.

c. **Assertion of a Clawback:** In the event that a Producing Party or non-party discovers that it produced documents that it believes to be protected, it shall promptly provide written notice of the claim of privilege or protection to the Receiving Party, or to both Plaintiffs and Defendants if the Producing Party is a non-party, sufficiently identifying the protected documents (a "Clawback Notice"). The Clawback Notice must be as specific as possible in identifying the basis for the privilege claimed, and must include at least the information required by Fed. R. Civ. P. 26(b)(5)(A)(ii). Any document that is the subject of a Clawback Notice shall be included on a privilege log as required by the procedures agreed to in Case Management Order # regarding Production of Electronically Stored Information and Paper Documents. The Parties shall make reasonable efforts to provide any Clawback Notice no later than 7 days before the deposition of a witness who received, drafted, or sent a protected documents. If a document is clawed back during a deposition, the Parties will meet and confer regarding whether the deposition needs to be continued after the resolution of any privilege challenge concerning the clawed-back document. The parties also agree to meet and confer in advance of trial to ensure that any disputes concerning clawbacks are resolved sufficiently in advance of trial.

d. **Reproduction:** As soon as practicable or within a reasonable time after providing the Clawback Notice, the Producing Party or non-party shall provide: (i) if only a portion of the document contains privileged or protected material, a new copy of the document utilizing the same Bates number(s) as the original, that has been redacted to protect the privileged or protected materials; or (ii) if the entire document is privileged or protected, a slip sheet identifying the same Bates number(s) as the original, noting that the document has been withheld.

e. **Clawback Process:** Upon notification from the Producing Party that information is, in good faith, covered by the attorney-client privilege or work product protection, the Receiving Party will, within 14 days of notification: (a) return the information and all copies of the information in its possession; (b) delete any electronic versions from any data source or any database it maintains; (c) retrieve all electronic and paper copies provided to any non-parties, including experts; and (d) sequester any notes that reveal the substance of the protected information. The Receiving Party will promptly confirm in writing to the Producing Party that these steps will be taken. In the event that the Receiving Party disagrees that the information requested back is privileged, the Receiving Party may retain a single copy of the disputed information for the sole purpose of resolving the dispute. The Receiving Party and the Producing Party shall attempt in good faith to resolve the dispute informally. If the Receiving Party and the Producing Party cannot resolve the dispute informally, either Party may

seek appropriate relief from the Court. The party disputing the assertion of privilege may not file or submit the disputed document for *in camera* review absent agreement of the Producing Party or express authorization from the Court. The Producing Party must preserve the information pending resolution of the privilege challenge and, in the event the Court concludes that the information is not protected from disclosure, promptly provide the Receiving Party with a replacement production.

8. **PROTECTED HEALTH INFORMATION**

(a) Definitions

(i) "HIPAA" is defined herein as the Health Insurance Portability and Accountability Act of 1996, codified primarily at Sections 18, 26, and 42 of the United States Code,

(ii) "Privacy Standards" is defined herein as the Standards for Privacy of Individually Identifiable Health Information, codified at 45 C.F.R. §§ 160 and 164.

(iii) For the purposes of this Order, "Protected Health Information" shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501.

(iv) For purposes of this Order, "Covered Entity" or "Covered Entities" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103.

(v) "Business Associate" or "Business Associates" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103.

(b) This Court authorizes all Covered Entities and Business Associates (whether Parties or Non-Parties) who are served with a subpoena or discovery request in this Action to disclose Protected Health Information in response to such request or subpoena. This Order is intended to authorize such disclosures pursuant to 45 C.F.R. § 164.512(e) of the Privacy Regulations issued pursuant to HIPAA.

(c) Pursuant to 45 C.F.R. § 164.512(e)(1)(v), the Parties agree and the Court orders that this Order is a Qualified Protective Order and all Parties and their attorneys are:

(1) Prohibited from using or disclosing Protected Health Information for any purpose other than this Action for which the Protected Health Information was requested, including any appeal thereof; and

(2) Required to return to the Covered Entity/Business Associate or to destroy the Protected Health Information (including all copies made) at the end of the litigation (*see supra* ¶ 20).

(d) The Parties and their attorneys of record are hereby authorized to receive, subpoena, and transmit Protected Health Information pertaining to this Action to the extent and subject to the conditions outlined herein.

(e) All Covered Entities and Business Associates are hereby authorized to disclose Protected Health Information pertaining to the litigation to attorneys representing the Parties in this Action.

(f) The Parties and their attorneys shall be permitted to use or disclose Protected Health Information for purposes of prosecuting or defending this

Action including any appeals. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, witnesses, the Court, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process (including without limitation, data governance, technology, forensics and discovery vendors). However, the Parties shall not file Protected Health Information with the Court, unless: (a) the Protected Health Information has been redacted to remove any individually identifiable information, or (b) the Court has permitted the Protected Health Information to be filed under seal.

(g) Prior to disclosing Protected Health Information to persons involved in this Action, counsel shall provide each such person with a copy of this Order and inform each such person that such disclosed Protected Health Information may not be used or disclosed for any purpose other than this Action and must be returned or destroyed at the conclusion of this Action. Counsel shall take all other reasonable steps to ensure that persons receiving such Protected Health Information do not use or disclose such information for any purpose other than this Action.

(h) Within 60 days after the conclusion of the Action including appeals, the parties, their attorneys, and any person or entity in possession of any Protected Health Information received from counsel shall destroy any and all copies of the Protected Health Information, except that counsel are not required to secure the return or destruction of any Protected Health Information filed under seal with the Court.

(i) This Order does not control or limit the use of Protected Health Information that comes into the possession of the Parties or their attorneys other than through formal discovery requests, subpoenas, depositions, court orders or other lawful process pursuant to this Action.

(j) Nothing in this Order is intended to indicate or suggest that Protected Health Information is in fact relevant to this Action. Further, this Order does not limit any Party's ability to challenge a request for Protected Health Information on the basis of relevance, burden, breadth, applicable law, or any other reasonable objection.

9. **MATERIALS PREPARED BASED UPON CONFIDENTIAL MATERIAL.** Any notes, lists, memoranda, indices, compilations, or other materials prepared or based on an examination of Confidential Material, that quote from or paraphrase Confidential Material with such specificity that the Confidential Material can be identified shall be accorded the same status of confidentiality as the underlying Confidential Material from which they are made, and to the extent those materials are disclosed to other Parties or non-parties, or produced or filed in this matter, shall be designated with the appropriate confidentiality legend, and shall be subject to all of the terms of this Protective Order.

10. **NOTICE TO NON-PARTIES.** Whenever a Party seeks discovery by subpoena or any other means from a non-party to this action, a copy of this Order shall accompany the subpoena or other means to allow the non-party to designate material as Confidential Material and obtain the protections provided in this Order.

11. **GOOD-FAITH BELIEF.** For purposes of this Order, the Designating Party bears the burden of establishing the appropriate designation of Confidential Material. The designation

of any Discovery Material as "Confidential" or "Highly Confidential – Outside Counsel Only" pursuant to this Order shall constitute the verification by the Designating Party and its counsel that the material constitutes "Confidential" or "Highly Confidential – Outside Counsel Only" material as defined above.

12. **EXECUTING THE NON-DISCLOSURE AGREEMENT.** Where the Qualified Person is a firm or an individual employed by or otherwise associated with a firm retained by one or more parties for the purposes of acting as an expert witness, consulting expert, litigation support services provider, mediation services provider, or provider of other professional services related to the Action, execution of Exhibit A by a single designated representative of such firm, expressly made on behalf of such firm, shall suffice to comply with this paragraph. Copies of the executed Exhibit A shall be retained by counsel disclosing Confidential Material to such person. Copies of executed Exhibit As shall not be available to any other Party except by agreement or on a court order.

13. **CHALLENGING CONFIDENTIALITY DESIGNATIONS.** The designation of any material or document as Confidential Material is subject to challenge by any Party. The burden to demonstrate that a document has been properly designated as Confidential or Highly Confidential – Outside Counsel Only shall at all times remain on the Party or non-party that has designated the document. The following procedure shall apply to any such challenge.

a. **Meet and Confer.** A party challenging the designation of Confidential Material must do so in good faith by identifying to the Designating Party or non-party the documents at issue by Bates number, and explaining the basis for its belief that the confidentiality designation was not proper. The Designating Party or non-party shall respond to any request under this

paragraph within 10 days and, if no change in designation is offered, to explain the basis for the designation, provided, however, that, with respect to any documents produced 30 days or less before a deposition at which some of those documents may reasonably be used, the ten day period may be shortened at the request of a Challenging Party to a reasonable period of time not longer than 3 days. The Parties shall meet and confer in good faith to attempt to resolve the dispute without resort to Court intervention.

b. If the Challenging Party and the Designating Party cannot resolve their dispute through meet and confer discussions, the Challenging Party may move the Court for an order modifying or removing such designation. The Designating Party bears the burden of establishing that the Discovery Material is entitled to protection. Any material so designated shall remain protected, and shall be subject to all restrictions on its disclosure and use set forth in this Order until one of the following occurs: (1) the Designating Party withdraws such designation in writing; or (2) the Court rules that the challenged material should be re-designated. In either event, the Designating Party shall reproduce copies of the re-designated material with the appropriate confidentiality designations within 14 days.

14. **SUBPOENA FOR CONFIDENTIAL MATERIAL.** If any Party has obtained Confidential Material under the terms of this Order and receives a request to produce such Confidential Material by subpoena or other compulsory process commanding the production of such Confidential Material, such Party shall notify the Designating Party in writing, no later than 7 days after receiving the subpoena or order, and shall include in such notice the date set for the

production of such subpoenaed information and a copy of the subpoena or court order. The Designating Party shall respond to the Party receiving the subpoena within 21 calendar days of receiving written notice of any intent to seek a protective order. During this time period, the Party or person receiving the subpoena shall inform the person seeking the protected discovery material that such information is subject to this Order. If the Designating Party informs the Party served with the subpoena that it has filed a motion seeking a protective order from the court where the subpoena or order issued, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" or "Highly Confidential – Outside Counsel Only" until (i) a determination by that court is made, or (ii) the Party has obtained the Designating Party's permission. No production or other disclosure of protected information pursuant to the subpoena or other process shall occur until one of the above two actions has occurred. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party or non-party in this case an opportunity to try to protect its Confidential Material. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

15. **USE OF DISCOVERY MATERIAL.** Confidential Material shall be used solely for purposes of prosecuting, defending or attempting to resolve this Action, whether for proceedings in the MDL Court or in any other court following remand or other transfer of any individual case from the MDL Court, including any appeal. For the avoidance of doubt, nothing in this Order shall prevent or restrict a Producing Party from disclosing or using its own Discovery Material for any purpose.

16. **EXCLUSION OF INDIVIDUALS FROM DEPOSITIONS.** Counsel shall have the right to exclude any person who is not authorized by this Order to receive documents or information designated as Confidential Material from any deposition where testimony regarding Confidential Materials or the use of Confidential Material that the person is not authorized to receive is likely to arise.

17. **SECURITY OF CONFIDENTIAL MATERIAL.** Any person in possession of another Party's Confidential Material shall exercise the same care with regard to the storage, custody, or use of Confidential Material as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect Confidential Material from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to:

a. Confidential Material in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons entitled to access Confidential Material under this Order;

b. To whatever extent the software tracks user access, an audit trail of use and access to litigation support site(s), to the extent the litigation support software tracks user access, shall be maintained while this Action, including any appeals, is pending;

c. Any Confidential Material downloaded from the litigation support site(s) in electronic format shall be stored only on device(s) (e.g. laptop, tablet,

smartphone, thumb drive, portable hard drive) that are password protected and/or encrypted with access limited to persons entitled to access Confidential Material under this Order. If the user is unable to password protect and/or encrypt the device, then the Confidential Material shall be password protected and/or encrypted at the file level;

d. Receiving Parties must take reasonable steps to prevent Confidential Material in paper format from being disclosed to persons not entitled to access Confidential Material under this Order;

e. Summaries of Confidential Material, including any lists, memoranda, indices or compilations prepared or based on an examination of Confidential Material, that quote from or paraphrase Confidential Material in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Confidential Material; and

f. If the Receiving Party learns at any time that the Confidential Material has been retrieved or viewed by unauthorized parties, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed materials. The parties will then promptly meet and confer to discuss what additional steps, if any, need to be taken including for example investigation of the effects of the breach; actions to remediate the effects of the breach, and further assurances to prevent future breaches. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

g. For purposes of clarity, nothing in this Order shall prevent a Party from transmitting paper documents containing Confidential Material via U.S. Mail or a delivery service for the purpose of a deposition, deposition preparation, trial/hearing preparation, witness interviews, mediation, or mock jury/jury research exercises provided that the Party takes reasonable steps to maintain the confidentiality of the Confidential Material. Similarly, nothing in this Order shall prevent a Party's outside counsel from carrying a binder or binders of documents containing Confidential Material or information derived from Confidential Material when traveling provided that such outside counsel takes reasonable steps to maintain the confidentiality of the Confidential Material.

18. **LARGE LANGUAGE MODELS / GENERATIVE AI TOOLS.** Absent notice to and permission from the Producing Party, any Qualified Person authorized to have access to Confidential Material under the terms of this Order shall not use or employ any application, service, or analytical software that will transfer, transmit, send, or allow any external access to that Confidential Material (in whole or in part) unless such application, service, or analytical software is fully containerized (i.e., does not transmit any information to any public system or network for the purpose of analysis, use, or the generation of text outputs in response to queries, has the ability to track all information in the system (including access), and does not otherwise allow access to Confidential Material by persons other than Qualified Persons as authorized by Paragraph 4 above). For the avoidance of doubt, this restriction expressly applies to the use of non-containerized advanced large language models, "generative" AI tools, and other advanced AI systems, including, but not limited to, OpenAI GPT, ChatGPT3/4 et seq., Google

Gemini, Meta LLAMA, MidJourney, DALL-E, and Stable Diffusion, but this provision does not limit the use of services leveraging the technology underlying these generative AI tools in a fully containerized environment, including, but not limited to, Harvey, Relativity aiR, DISCO Cecelia, Everlaw AI Assistant, Lexis+ AI, Epiq AIDA, Lighthouse AI, and Westlaw Co-Counsel. For purposes of clarity, "fully containerized," as used in this Order, means an AI tool that does not share the substance of a prompt or documents reviewed for training of Large Language Models or use the substance of a prompt or documents reviewed in any other matter or inquiry other than this Action.

19. **FILING CONFIDENTIAL MATERIAL.** This Order does not, by itself, authorize the filing of any document under seal. Given the complexity of these cases coupled with the scope of the anticipated production(s), the requirements set forth in Local Rule 26.2, along with the Court's Standing Order governing the filing of Confidential Documents, are waived. When a party wishes to file Confidential Material with the Court, the following procedures shall be observed

a. The filing Party shall provisionally file the entire filing under seal and cause an unredacted copy of the filling to be served upon all parties (and any relevant non-party or party that has settled if the Confidential Information was produced by a non-party or settled-party) and shall specifically notify the individual party, non-party, or settled-party that the filing contains its Confidential Information (including, to the extent not readily apparent, information sufficient to identify the location of such Confidential Information within the filing).

b. Within 10 days of the initial filing, the Producing Party(ies) may file a

motion to seal, including a proposed redacted version of the filing as an exhibit thereto. Opposition(s) to a motion to seal may be filed 5 business days after the filing of the motion to seal. If no motion to seal is filed within 10 days, or if the Court denies the motion(s) to seal, the filing Party shall file an unredacted version of the initial filing. If the motion to seal is granted, the filing Party shall publicly file a redacted version of the initial filing.

c. The Producing Party may request more than 10 days to file a motion to seal for particularly voluminous filings such as summary judgment or class certification filings or for other good cause

d. If the filing Party is also the Designating Party, then the motion to seal shall be filed contemporaneously with the filing.

20. **IMPROPER DISCLOSURE OF CONFIDENTIAL MATERIAL.** Disclosure of Confidential Material other than in accordance with the terms of this Order may subject a Party to such sanctions and remedies as the Court may deem appropriate.

21. **FINAL TERMINATION.**

a. **Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b. Within 60 days after termination of the Action, including, for example, a voluntary dismissal or an exhaustion of any and all appeals, all Confidential Material, including any copies, excerpts and summaries thereof, and provide written confirmation of destruction, shall be returned to the

Producing Party or destroyed with certification of destruction provided to the Producing Party to the extent practicable[1] unless: (1) the document has been offered into evidence or filed with the Court, without restriction as to disclosure, unless the document contains Personal Information, in which case the document shall be returned to the Producing Party or destroyed pursuant to this paragraph; or (2) the Confidential Material is included in an e-mail or an attachment to an e-mail or contained in deposition transcripts or drafts or final expert reports, unless the Confidential Material includes Personal Information, in which case the document containing the Confidential Material shall be returned to the producing party or destroyed. Any Confidential Material that is retained pursuant to (1) or (2) shall not be accessed or used for any purpose other than this litigation.

c. **Retention of Work Product and one set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Material, and (2) all documents filed with the Court including those filed under seal. Any retained Confidential Material shall continue to be protected under this Order and shall not be accessed or used for any purpose other than this litigation. Attorneys may use their work product in subsequent litigation, provided they do not

[1] If the Receiving Party chooses to destroy documents containing Confidential Material, the Receiving Party shall confirm the fact of destruction. The Receiving Party shall not be required to locate, isolate, and return emails (including attachments to emails) that may include Confidential Material, or Confidential Material contained in deposition transcripts or drafts or final expert reports.

disclose or use Confidential Material.

22. **PROTECTIVE ORDER REMAINS IN FORCE.** This Order shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by order of the Court made upon reasonable written notice. Unless otherwise ordered or agreed upon by the Parties, this Order shall survive the termination of this Action. The Court retains jurisdiction even after termination of this Action to enforce this Order and to make such amendments, modifications, deletions and additions to this Order as the Court may from time to time deem appropriate.

23. **MODIFYING THIS ORDER.** Nothing in this Order shall be construed to prohibit the Parties from seeking to modify any provision of this Order or seeking other relief from the Court. Nor shall anything in this Order or any Party's compliance herewith be construed as a waiver of any Party's rights under applicable law.

24. **NO GREATER PROTECTION OF SPECIFIC DOCUMENTS.** Except on privilege grounds not addressed by this Order, no Party or non-party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party or non-party moves for an order providing such special protection.

25. **USE OF CONFIDENTIAL MATERIAL AT TRIAL OR HEARING.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing provided that the parties avoid the unnecessary disclosure of Confidential Material. A Party that intends to present Confidential Material at a hearing or trial shall first bring that issue to the Producing Party's or non-party's attention so that they may meet and confer regarding the same. If the parties are unable to reach agreement regarding the proposed disclosure at a trial or hearing, the party proposing the use may raise the issue with the Court. The Court may thereafter

make such orders as are necessary to govern the use of such documents or information at a hearing or trial.

26. **NO PRIOR JUDICIAL DETERMINATION.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Material by counsel or the parties is admissible as evidence for any purpose in this litigation or any other proceeding, or is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

27. **PERSONS BOUND.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms or by execution of Attachment A.

**SO ORDERED**

Dated: 1/5/2025

Hon. Matthew F. Kennelly
U.S. District Court for the Northern District of Illinois.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 1:24-cv-06795<br>MDL No. 3121<br><br>Hon. Matthew F. Kennelly |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, ______________________________ [print or type full name], of ____________________________________________________ [print or type full address], have read and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of Illinois (the "MDL Court") on [insert date] in the case of In re: Multiplan Health Insurance Provider Litigation (MDL 3121). I, personally, and ______________________ [company name], on whose behalf I am authorized to execute this acknowledgement [if applicable] agree to comply with and to be bound by all the terms of this Stipulated HIPAA-Qualified Protective Order. In compliance with this Order, I will not disclose in any manner any information or item that is subject to this Stipulated HIPAA-Qualified Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the MDL Court for the purpose of enforcing the terms of this Stipulated HIPAA-Qualified Protective Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury that the foregoing is true and correct. Signed this ___ day of ______________________, 202__ , at ________________________________________________ [insert city and state where sworn and signed].

Signature: ______________________________________