UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 1:24-cv-06795<br>MDL No. 3121<br><br>Hon. Matthew F. Kennelly |

**CASE MANAGEMENT ORDER NO. 13 -
STIPULATED ORDER REGARDING EXPERT DISCOVERY**

Class Plaintiffs, Direct Action Plaintiffs, and Defendants (together, the "Parties"), through their respective counsel of record, stipulate to the following regarding the scope of expert discovery in this matter, subject to approval by the Court:

1. The Parties agree that this stipulation will govern expert discovery in these proceedings. To the extent that this stipulation imposes limitations on discovery beyond those of the Federal Rules of Civil Procedure, the parties have agreed to such limitations.

2. Subject to the limitations set forth in this stipulation, the parties shall comply with Rule 26(a) of the Federal Rules of Civil Procedure. Nothing in this stipulation shall be considered an admission by any person or party that any of the information restricted from discovery in this stipulation would otherwise be discoverable or admissible.

3. The parties will make all disclosures required by Rule 26(a)(2)(B), as modified by the provisions of this stipulation, at the respective times provided by this Court for the service of each side's written expert reports.

4. To the extent that the disclosures required by Rule 26(a)(2)(B) include exhibits, information or data processed or modeled by computer at the direction of a disclosed expert in the

course of forming the expert's opinions, machine readable copies of the data along with all computer programs and instructions that are necessary to replicate the data used by the expert shall be produced to all Parties within five days[1] after the disclosure(s) are made, provided that no party needs to produce computer programs that are reasonably commercially available and provided further that databases and computer programs that (i) are used in the ordinary course of a party's business and (ii) are not practicable to copy need not be produced so long as reasonable access is timely offered for purposes of replication and analysis of disclosed results. If data used by an expert witness is derived from electronic data produced by any Party to this litigation, a list of the data utilized by the expert shall be produced in a format sufficient to allow all Parties to identify and access such data and replicate the data used by the expert. This timetable for production shall also apply to other materials relied upon by an expert in forming the expert's opinion, provided that said materials are not reasonably available to the other side. Consent to an enlargement of time for these production deadlines shall not be unreasonably withheld.

    5.    The disclosure obligations of paragraph 4 above do not apply to any demonstrative exhibits that a testifying expert may seek to use at hearings or trial. Instead, the disclosure of any such demonstrative exhibits shall be governed by any orders governing such hearings or the Final Pretrial Order. The use of any such demonstrative exhibits shall otherwise be subject to the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and this Court's Local Rules and standing orders, unless otherwise provided by order of the Court.

    6.    The party proffering a testifying expert and the expert will, without a subpoena, (a) produce all of the materials and information called for in paragraph 4 above, and (b) make the expert available for deposition at a time mutually agreed to by the Parties and consistent with the

---

[1] "Day" shall have the same meaning as in Fed. R. Civ. P. 6(a).

Court's scheduling orders.

7. To the extent that the disclosures required by Rule 26(a)(2)(B) include documents produced in this litigation, a list of those documents by Bates number shall be produced to all Parties contemporaneously with all written expert reports.

8. The following categories of data, information, or documents need not be disclosed by any party, and are outside the scope of permissible discovery, including deposition testimony, unless the expert witness is relying on such material in connection with the expert witness' opinions in this matter:

(a) any notes or other writings taken or prepared by or for an expert witness in connection with this matter, including correspondence or memos to or from, and notes of conversations with, the expert's assistants and/or clerical or support staff, one or more other expert witnesses or non-testifying expert consultants, or one or more attorneys for the party offering the testimony of such expert witness;

(b) drafts of expert reports, studies, affidavits, declarations, opinions, exhibits, or work papers; preliminary or intermediate calculations, computations, models, or data runs (other than those programs or instructions that are required to be produced in Paragraph 4 to replicate the data used by the expert); or other preliminary, intermediate or draft materials prepared by, for or at the direction of an expert witness;

(c) any oral or written communication or work product shared between:

    i. counsel and the expert and/or the expert's staff and/or supporting firms;

    ii. counsel and any non-testifying expert consultant and/or the consultant's staff;

    iii. the expert and other experts and/or other non-testifying expert consultants;

  iv. the expert and the staff of other experts and/or other non-testifying expert consultants;

  v. experts and their staff and/or supporting firms;

  vi. non-testifying expert consultants and their staffs; and

  vii. the respective staffs and/or supporting firms of experts or non-testifying expert consultants and the staffs and/or supporting firms of other experts or non-testifying expert consultants.

 (d) any comments, whether oral or written, related to a report, declaration, or affidavit or draft report, declaration, or affidavit of a testifying expert prepared in connection with this litigation by (i) counsel for a Party retaining the testifying expert; (ii) counsel working with counsel for a Party retaining the testifying expert; (iii) any testifying expert's staff, assistants, or clerical help, or supporting firms; (iv) a non-testifying expert or consultant; (v) a non-testifying expert's or consultant's staff, assistants, or clerical help, or supporting firms; (vi) any other testifying expert; or (vii) any other testifying expert's staff, assistants, or clerical help, or supporting firms.

 9. The protections against discovery contained in the preceding paragraphs shall not apply to any communications, documents, or information on which testifying experts rely as a basis for any of their opinions.

 10. Nothing in this stipulation shall be construed to :

 (a) prevent or prohibit any party from asking an expert questions at deposition or trial concerning (i) facts, theories, methodologies, variables, assumptions, or data relied upon or considered by the expert, (ii) facts, theories, methodologies, variables, assumptions or data not considered, or omitted or excluded, from the expert's analysis, (iii) testimony given in the action, (iv) any publicly available documents or information, or (v) the substance of the expert's opinions;

4

(b) prevent or prohibit any party from asking questions at depositions or in trial concerning the names, titles, and educational backgrounds of the consulting experts or staff that assisted testifying experts in preparing their reports or disclosures;

(c) prevent or prohibit any party from asking questions at deposition or trial concerning the hourly rate of the testifying experts and their staff for their work in this litigation;

(d) prevent or prohibit any party from asking questions at deposition or trial concerning the amount of money billed for the work of testifying experts and their staff;

(e) prevent or prohibit any party from asking questions at deposition or trial concerning the amount of time that testifying experts and their staff have spent on an expert's report and the expert's associated work;

(f) prevent or prohibit any party from asserting the attorney-client privilege, work-product protection, or any other applicable privilege, doctrine, or rule of law; or

(g) prevent or prohibit any party from challenging an expert's qualifications or the admissibility of their opinion or report.

11. The parties agree to comply with this order pending this Court's approval and entry of this order.

SO ORDERED.

Dated: 1/5/2025

Hon. Matthew F. Kennelly