UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION | Case No. 1:24-cv-06795<br>MDL No. 3121 |
| This Document Relates To:<br><br>ALL ACTIONS | Hon. Matthew F. Kennelly |

## JOINT STATUS REPORT

The parties submit the following joint status report pursuant to the Court's Minute Order dated January 7, 2025 (ECF No. 246) for the case management conference scheduled for January 24, 2025.

**I.  Webpage for Publication on the Court's Website**

The parties have reviewed examples of web pages for other complex litigation on the Court's website and have conferred. The parties agree that a webpage for this MDL should generally follow the structure, tone, and tenor of the web pages for other MDLs. Subject to the Court's direction, the parties will continue to meet and confer on FAQs and other items for such a webpage, including establishing a process for submitting any appropriate updates to the Court.

**II.  DAP Census**

The Direct Action Plaintiffs Executive Committee ("DAP EC") has filed an updated census today at ECF No. 296. The DAP EC will email an Excel version to Your Honor as well.

**III.  Document Discovery**

The parties have conferred regarding requests for production and whether DAPs' third-party document subpoenas should be served while motions to dismiss are pending. Their respective positions are below.

1

Plaintiffs' Position:

As the Court observed at the October 25, 2024 status conference, there is nothing to be gained by continuing the complete stay of discovery, particularly given that no arbitration motions were filed. Plaintiffs shared their draft initial requests for production ("Initial RFPs") that they intend to serve on January 28, 2025 with Defendants and outline a process below to move the discovery ball forward.

First, Plaintiffs believe that, consistent with CMO No. 4 (ECF No. 161), the parties should be permitted to serve Initial RFPs on January 28, 2025, with formal responses and objections due within 30 days of service, consistent with Rule 34. The Initial RFPs will include Plaintiffs' priority requests as outlined in the December 20, 2024 status report.[1]

Second, Plaintiffs propose that Defendants be required to produce documents in response to eight Initial RFPs corresponding to the priority requests in two tranches: (1) organizational charts, contracts between MultiPlan and other payors, prior productions made to governmental bodies,[2] and document productions from *Fremont Emergency Servs., Ltd. v. UnitedHealth Group, Inc., et al.* (Nev. Dist. Ct., Clark Cty.) to be produced by March 3, 2025; and

---

[1] Those priority requests are: (1) Defendants' organizational charts, (2) MultiPlan's contracts with Other Defendants, (3) samples of relevant structured data, (4) prior productions made to governmental bodies, and (5) as to the DAPs, the MultiPlan and United documents and depositions from the *Fremont Emergency Services* case. *See* ECF No. 220.

[2] Plaintiffs disagree with Defendants' characterization of Plaintiffs' draft RFP concerning prior productions made to governmental bodies as "gargantuan." That RFP is targeted at "go-get" prior productions to governmental bodies that should be readily accessible to each Defendant. To the extent that Defendants argue that the draft RFP provided to Defendants as a courtesy could be read more broadly, Plaintiffs may refine it prior to formal service and through the meet and confer process with Defendants. Should the Court desire it, Plaintiffs will provide a copy of all of their draft Initial RFPs to the Court.

(2) structured data samples to be produced by April 17, 2025 (two weeks after replies in support of Rule 12 motions are due).

Third, Plaintiffs propose that for all non-priority Initial RFPs, the parties should be required to negotiate scope and search parameters (e.g., custodians, search terms, data sources) during the pendency of the Rule 12 motions, and to submit any disputes to the Court by July 14, 2025.

Fourth, as outlined in the December 20, 2024 status report, the DAPs propose that they be allowed to issue a limited set of third party subpoenas on April 14, 2025 directed to third parties that held industry meetings where Defendants made inculpatory statements.

Defendants' Position:

Pursuant to the Court's direction that it would address whether to pause all discovery after the motions to dismiss were filed, ECF No. 244, Defendants believe that discovery should be stayed pending ruling on the motions to dismiss. This includes discovery as to the parties in the proceeding as well as the third-party document subpoenas DAPs advised Defendants that they intend to seek from numerous third parties. Yesterday evening, January 21, 2025, Plaintiffs of their own volition sent Defendants two sets of "draft" RFPs, totaling 69 requests, that make clear Plaintiffs seek to move forward with extremely burdensome discovery despite many courts recognizing the high costs associated with allowing any such discovery during the motion to dismiss period in complex antitrust cases. By way of example as to just one of the eight "priority" RFPs that Plaintiffs intend to seek: Plaintiffs ask for every single communication from or to any employee of any federal or state government agency or division concerning "MultiPlan" or the pricing of out of network services—since January 1, 2012. For MultiPlan alone, that asks for literally every communication with any government employee about anything for a 13-year period; across all defendants, it is a request of gargantuan proportions. This is but one example, but even

3

there, Plaintiffs now backtrack just one day later, claiming that a request to produce "All Documents and Communications concerning MultiPlan or Pricing of OON Services that You provided to or received from any Regulatory Authority" is really only targeted at limited "go-get" materials.

Defendants do not believe any discovery is warranted at this time. This includes Plaintiffs' position that the parties "be required to negotiate scope and search parameters (e.g., custodians, search terms, data sources) during the pendency of the Rule 12 motions," which of necessity will involve substantial burden given that such would, in fact, require beginning the full discovery process in earnest (including document pulls, as previously articulated by Defendants in ECF No. 157 at 13-16).

If the Court is inclined to allows RFPs, they should be restricted to three categories of tailored, limited requests by each of Plaintiffs and Defendants alike (organizational charts, relevant contracts, and proposed fields of structured data regarding paid claims) that the parties can discuss in ordinary course meet and confer once any such RFPs are issued and the receiving parties serve their objections and responses.

## IV. Initial Disclosures

The parties have had productive meet and confer sessions concerning Defendants' and Plaintiffs' initial disclosures. We will be prepared to update the Court on January 24, 2025 on the status of those discussions.

## V. Settlement Special Master

The parties also have met and conferred concerning the topic of appointment of a Settlement Special Master. We will be prepared to discuss the topic at the January 24, 2025 conference, if the Court would like to do so.

Dated: January 22, 2025

/s/ Christopher A. Seeger
Christopher A. Seeger
**SEEGER WEISS LLP**
55 Challenger Road 6th Fl.
Ridgefield Park, NJ 07660
Tel: (973) 639-9100
Fax: (973) 679-8656
cseeger@seegerweiss.com

*Plaintiffs' Coordinating Counsel*

/s/ Sadik Huseny
Sadik Huseny (*pro hac vice*)
**LATHAM & WATKINS LLP**
300 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (737) 910-7300
sadik.huseny@lw.com

*Defendants' Coordinating Counsel*

/s/ Shawn J. Rabin
Shawn J. Rabin (*pro hac vice*)
**SUSMAN GODFREY LLP**
One Manhattan West, 50th Floor
New York, NY 10001-8602
Tel: (212) 336-8330
srabin@susmangodfrey.com

*Interim Class Liaison Counsel*