UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 1:24-cv-06795<br>MDL No. 3121<br><br>Hon. Matthew F. Kennelly |

**JOINT STATUS REPORT**

The parties submit the following joint status report pursuant to the Court's Order dated March 14, 2025 (ECF No. 376). The parties' positions on the discovery outlined on pages 3-4 of the March 7, 2025 joint status report (Dkt. 360), the status of ongoing discovery, negotiating a further case schedule, and oral argument on the motion to dismiss are below.

**I.      Discovery Outlined on Pages 3-4 of the March 7 Joint Status Report**

**A.      Joint Position**

The parties agree to serve and negotiate a second set of requests for production targeting non-custodial, "go-get" documents concerning three of the four topics outlined on pages 3-4 of the March 7, 2025 joint status report, with the fourth topic subject to the Court's direction pursuant to the positions set forth below. The parties agree to April 18, 2025 as the deadline for service of the second set of requests for production, with responses and objections due May 19, 2025 and rolling productions pursuant to any responses and objections to begin by May 30, 2025.

The parties disagree regarding (1) whether the fourth topic of document requests set forth on pages 3-4 of the March 7, 2025 joint status report, regarding productions made in any governmental investigations, is appropriate; (2) whether the Court should allow third-party document requests to former employees of certain Defendants as described on page 4 of the March

1

7 joint status report, and (3) whether the Court should allow the interrogatories as described on page 4 of the March 7 joint status report at this time.

B. **Plaintiffs' Position**

The parties are not in agreement as to service of a document request(s) as to topic 4 or service of the limited subpoenas and interrogatories that Plaintiffs proposed on page 4 of the March 7 joint status report. As set forth below, Plaintiffs seek leave to serve this discovery now.

1. **Second Set of Requests for Production**

The parties are generally in agreement that Plaintiffs may serve a second set of requests for production on all Defendants concerning three of the four topics outlined on pages 3-4 of the March 7 joint status report: (1) MultiPlan's Client Advisory Board Meetings, (2) utilization reports prepared by MultiPlan concerning out-of-network claims repricing, and (3) MultiPlan's project prioritization meetings. Dkt. 360 at 3. However, as to topic (4)—documents that Defendants have produced in connection with any Congressional, Department of Labor, or DOJ/FTC investigation into MultiPlan's out-of-network claims repricing methodology—Defendants state that this request is not "appropriate" at this time and that they will generally oppose any document requests concerning government investigations. However, Defendants do not explain why this topic is any less "appropriate" than the other three topics nor is it clear how Defendants could determine this sight unseen. Just like with the other three topics, the forthcoming document requests concerning topic 4 should be worked out in the normal course through written responses and objections then meet and confers. There is no reason to delay serving document requests covering all four topics.

Without explaining the relevance or proportionality of their requests, Defendants told Plaintiffs for the first time on April 1 that they would be seeking (1) "any like reports from Plaintiffs regarding when particular MultiPlan services have been used or not used in connection

with Plaintiffs' obtaining payment from patients and/or MCOs or other third parties for their services provided on an OON basis," and (2) "like discovery from Plaintiffs as to all materials they have produced regarding governmental investigations into out of network pricing, including but not limited to materials Plaintiffs have produced relating to MultiPlan or reimbursement for OON services." Plaintiffs do not object to Defendants serving such document requests as they wish and will respond to them in the ordinary course. However, Plaintiffs note that serving document requests solely to mirror requests made by Plaintiffs seems a poor use of the discovery process and unlikely to be aimed at relevant information.

### 2. Document Subpoenas to Former Employees

Plaintiffs seek leave to serve document subpoenas on five former employees of MultiPlan and United who may have relevant information: Christopher Dorn (Former Senior VP of Payment Integrity, MultiPlan; Former VP of Strategic Alliances and Business Development, Ingenix), Emma Johnson (Former Director of Sales and Account Management for National Accounts, MultiPlan), Mike McEttrick (Former VP of Healthcare Economics, MultiPlan), Mark Tabak (Former CEO, Chairman, and Director of MultiPlan), and John Haben (Former VP of Networks, United).

Defendants generally oppose Plaintiffs serving these subpoenas. But Defendants do not state that their counsel represent these third parties, nor do they assert that they have standing to seek a premature ruling on the relevance of these subpoenas. Moreover, each of the targets of these subpoenas are former employees likely to have relevant information. For example, John Haben was responsible for striking the agreement with MultiPlan under which United adopted MultiPlan's out-of-network pricing methodology. Plaintiffs specifically allege that Haben exchanged text messages with Dale White, the former CEO of MultiPlan, in order to communicate

about how MultiPlan and United could further refine their agreement to pay doctors and hospitals less. *See* Dkt. 182 ¶ 447; Dkt. 172 ¶ 204.

### 3. Interrogatories to MultiPlan

Plaintiffs seek leave to serve a limited set of interrogatories on MultiPlan requesting: (1) a list of companies that have agreed to utilize MultiPlan's OON pricing services, PlanOptix, or fee negotiation services and the dates that such agreements were in effect; (2) the dates and locations of MultiPlan's Client Advisory Board Meetings and the attendees at those meetings; and (3) the dates and attendees at MultiPlan's meetings with Defendants concerning OON pricing.

Defendants state that they oppose the issuance of these interrogatories and will object to these interrogatories. Again, objections to interrogatories that have not even been served are premature. Any reasonable objections should be worked out in the normal course through written responses and objections then meet and confers.

### B. Defendants' Position

Pursuant to the Court's decision to allow additional limited discovery during the pendency of the motion to dismiss, as reflected in the March 14, 2025 Minute Entry (ECF No. 376) and at the March 14, 2025 status hearing, Defendants have considered Plaintiffs' proposal for further limited discovery described in the March 7, 2025 JSR (ECF No. 360 at 3-4), while Defendants' motions to dismiss remain pending. Defendants propose the following:

### 1. Plaintiffs' Proposed Four Additional Document Requests to Defendants

Defendants' position regarding plaintiffs' four additional proposed categories of document requests, which they have stated would be "tailored and not requir[e] the collection and review of custodial documents" (*i.e.* would be limited to documents that could reasonably be collected on a

4

"go get" basis), *id.*, is set forth below. Defendants reserve the right to object to such requests to the extent that responsive documents cannot be collected on a go get basis.

Defendants do not oppose as a general matter proposed additional document request topic No. 1 pertaining to MultiPlan Client Advisory Board Meetings, subject to Defendants reserving the right to respond and object to the actual Request as worded, per ordinary course. Defendants do not anticipate a corresponding document request to Plaintiffs with respect to this subject.

Defendants also do not oppose as a general matter proposed additional document request topic No. 2, pertaining to "utilization reports prepared by MultiPlan concerning OON claims repricing," provided that the request is limited to utilization reports related to the Defendants and Plaintiffs in this case, and subject to Defendants reserving the right to respond and object to the actual Request as worded, per ordinary course. Consistent with the Court's direction that the early discovery allowed is to be a two-way street, Defendants anticipate a corresponding document request to Plaintiffs with respect to this subject, related to any like reports from Plaintiffs regarding when particular MultiPlan services have been used or not used in connection with Plaintiffs' obtaining payment from patients and/or MCOs or other third parties for their services provided on an OON basis. Plaintiffs' claim that this is simply "mirror" discovery is not correct, as the parties will assuredly discuss during meet and confer on these requests. As Defendants have pointed out in their pending motions to dismiss, Plaintiffs' complaints generally aver and imply—without any factual allegations specific to Plaintiffs' own records or anything else—that MultiPlan's products and services are used in all or most out-of-network medical services transactions, which is simply not the case, and as to which this discovery is aimed. Moreover, Plaintiffs' complaints generally aver that they have no other sources of payment for their out-of-network medical services transactions, which again is simply not the case. These are fundamental pleadings failures, as the

motions to dismiss make clear—but if limited, go-get discovery is to nevertheless commence as to the subject of the "utilization" of MultiPlan and other payment sources for out-of-network medical services transactions, that is very much a two-way street.

Defendants also do not oppose as a general matter Plaintiffs' proposed additional document request topic No. 3 pertaining to "project prioritization meetings," subject to Defendants reserving the right to respond and object to the actual Request as worded, per ordinary course, and meet and confer with Plaintiffs as to what exactly they are seeking by way of this request. Defendants anticipate a corresponding document request to Plaintiffs with respect to any like meetings on Plaintiffs' end regarding out-of-network pricing and payments, to the extent they exist, which the parties can also work through in meet and confer. Defendants' responses will be subject to any future objections regarding the scope of these requests.

Defendants object as a general matter to only one of Plaintiffs' proposed additional document request topics: Topic No. 4, pertaining to governmental investigations. As an initial matter, this potential topic is overbroad on its face. There is no reason to believe that any documents that may have been produced in an entirely separate matter will necessarily be relevant here. And to the extent that such documents exist, they would have to be independently reviewed for responsiveness and relevance, imposing a significant burden on Defendants. Accordingly, this is not a "go get" request. This request also purports to seek sensitive information pertaining to ongoing governmental inquiries and investigations that would be confidential and subject to protection.

Accordingly, this is not an appropriate topic for the additional early discovery the Court is contemplating allowing at this time. Should the court be inclined to allow this additional document request at this time, Defendants intend to seek like discovery from Plaintiffs as to all materials

they have produced regarding governmental investigations into out of network pricing, including but not limited to materials Plaintiffs have produced relating to MultiPlan or reimbursement for OON services, and Defendants reserve the right to respond and object to the actual Request as worded, per ordinary course.

### 2. Plaintiffs' Request to Serve RFPs on Individuals (former employees of two defendants)

Plaintiffs provide no reason to believe that the former employees they list have in their possession, custody, and control documents "concerning MultiPlan's OON pricing methodology," much less documents that are not also in the possession of Defendants (who are aware of and abiding by their preservation obligations). Accordingly, it is completely unnecessary for Plaintiffs to issue subpoenas to Defendants' former employees at this point in time, and Defendants therefore object to Plaintiffs' request with respect to same.

Plaintiffs are also wrong to suggest that Defendants are seeking a "premature ruling on the relevance of [their proposed] subpoenas." Defendants' point is that it is unnecessary to burden third-party *individuals* with potentially unnecessary subpoenas while Defendants' motions to dismiss are pending, and Defendants do not need "standing" to weigh in on the appropriate scope of discovery.

Moreover, Plaintiffs provide no reason to believe their subpoenas to third-party individuals are necessary at this stage of the case. At most, they allege that one individual may have relevant communications, and speculate that those communications may be on a personal device. They are silent on the other four individuals whom they wish to subpoena. Defendants believe that opening the door to individuals receiving subpoenas on the basis of such speculation— at this stage of the case, rather than proceeding with the ordinary course of discovery as to the parties in this litigation—does not make sense.

7

### 3. Plaintiffs' Proposed Interrogatories to MultiPlan

Defendants are not clear as to whether the Court wanted the Parties to address Plaintiffs' request for Interrogatories, or was only inclined to potentially allow the limited additional requests for production. Defendants believe the Court was not inclined to consider interrogatories at this time, but in the event the Court was intending to consider the possibility of allowing the issuance of limited initial interrogatories, Defendants object to Plaintiffs' proposed interrogatories as unnecessary and premature. Plaintiffs' first proposed interrogatory—requesting a list of all companies that have agreed to use various MultiPlan services and the date of those agreements—will be extremely burdensome to respond to given Plaintiffs' allegations that MultiPlan has agreements with over 700 such companies. Plaintiffs' second proposed interrogatory regarding MultiPlan's Client Advisory Board Meetings will likely be duplicative of their request for production, and is therefore unwarranted. And Plaintiffs' proposed interrogatory regarding "the dates and attendees at MultiPlan's meetings with Defendants concerning OON pricing" is unduly burdensome and unwarranted at this stage of the litigation since it would require identifying the massive number of instances in which MultiPlan met with individual Defendants regarding their use of MultiPlan's services. If this case moves into full document discovery, these requests will also almost certainly be duplicative of future document requests Plaintiffs will make and likely be covered by materials Defendants will produce, consistent with Federal Rule of Civil Procedure 33(d). As a result, it is at a minimum inefficient to allow such early Interrogatories at this stage. If the Court is inclined to allow such interrogatories at this stage, they should be considered as part of whatever overall limits on interrogatories the Court will eventually impose as part of an overall case management and discovery order.

**II.     Status of First Sets of Requests for Production and Third-Party Subpoenas**

Production of "go-get" documents is ongoing in response to the parties' first sets of requests for production. The parties are continuing to meet and confer on these issues.

Consistent with the Court's January 24, 2025, minute order, Plaintiffs have served third-party document subpoenas on Piper Sandler; Bank of America Securities, Inc.; J.P. Morgan Chase & Co.; Barclays Capital, Inc.; and Morgan Stanley. Plaintiffs have met-and-conferred with each of those entities concerning (a) their objections to the scope of the requests and (b) whether those entities have any responsive documents in their possession, custody, or control. Should a third-party produce documents to Plaintiffs in connection with these subpoenas, Plaintiffs will produce them to all parties pursuant to the ESI Protocol. Dkt. 241.

**III.    Further Case Schedule**

The parties are currently in the process of meeting and conferring to discuss a case management order and schedule should any claims proceed past the motion to dismiss stage, including discovery issues such as implementing the agreed deadlines for search methodology negotiations under the ESI Protocol. Dkt. 241 at pp. 23 to 28. The next meet and confer will take place on April 9. The parties are committed to meeting whatever deadline the Court elects for the submission of a proposed case management schedule, or any disputes thereon.

**IV.     Oral Argument on Motion to Dismiss**

The Court tentatively scheduled an in-person oral argument on the pending motions to dismiss for May 2, 2025, but left open the possibility that it would cancel the oral argument or hear oral argument via video conference. The Court stated that it would revisit that decision during the April 11, 2025 status conference. Defendants believe that oral argument would be helpful in addressing the issues raised in their motions to dismiss, and Plaintiffs are prepared to present oral

argument if the Court would find it helpful. To the extent the Court is inclined to conduct oral argument, the parties would prefer an in-person hearing, but are of course amenable to whatever format is most convenient for the Court.

Dated: April 4, 2025

| | |
|---|---|
| */s/ Christopher A. Seeger* <br> Christopher A. Seeger <br> **SEEGER WEISS LLP** <br> 55 Challenger Road 6th Fl. <br> Ridgefield Park, NJ 07660 <br> Tel: (973) 639-9100 <br> Fax: (973) 679-8656 <br> cseeger@seegerweiss.com <br><br> *Plaintiffs' Coordinating Counsel* <br><br> */s/ Sadik Huseny* <br> Sadik Huseny (*pro hac vice*) <br> **LATHAM & WATKINS LLP** <br> 300 Colorado Street, Suite 2400 <br> Austin, TX 78701 <br> Telephone: (737) 910-7300 <br> sadik.huseny@lw.com <br><br> *Defendants' Coordinating Counsel* | */s/ Shawn J. Rabin* <br> Shawn J. Rabin (*pro hac vice*) <br> **SUSMAN GODFREY LLP** <br> One Manhattan West, 50th Floor <br> New York, NY 10001-8602 <br> Tel: (212) 336-8330 <br> srabin@susmangodfrey.com <br><br> *Interim Class Liaison Counsel* |