# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 1:24-cv-06795<br>MDL No. 3121<br><br>Hon. Matthew F. Kennelly |

**[PROPOSED] CASE MANAGEMENT ORDER NO. __**
**COMMON BENEFIT WORK PERFORMED BY CLASS COUNSEL**

The Court enters this Order to clarify the distinction between the two plaintiff leadership groups currently before the Court—(1) a proposed nationwide class action led by Interim Class Counsel; and (2) the Direct Action Plaintiffs ("DAPs"), composed of individually-filed actions on behalf of entities that have elected to pursue their own cases, led by the DAP Executive Committee (the "DAP EC")—with respect to common benefit work.

Given the Court's appointment of Interim Class Counsel pursuant to Fed. R. Civ. P. 23(h), *see* Dkt. 155 (CMO No. 2), a common benefit order need not be entered for the proposed class at this time. To do so now, before class certification, an opt-out period, any settlements, or success at trial would be premature. As the court in *In re Turkey Antitrust Litigation* recently observed in denying a motion for a common benefit set-aside order in a procedural context similar to this litigation, with early "opt-outs working through a case in tandem with class counsel":

> This matter is not an MDL in which set-aside orders are more common because of the district court's appointment of lead MDL counsel who will run the litigation for all, along with the presence of a large number of individual counsel (sometimes in the hundreds) that require such coordination. A class action is different.

Order at 1–2, No. 19-cv-8318 (N.D. Ill. Apr. 15, 2025), Dkt. 1246; *see also In re Generic Pharm. Pricing Antitrust Litig.*, 2019 WL 6044308, at *1 (E.D. Pa. Oct. 7, 2019) (declining to establish a

set-aside fund in a case involving putative classes and a number of early opt-out actions because classes had not yet been certified and any order would unnecessarily create "a significant administrative process"); *accord In re Packaged Seafood Prods. Antitrust Litig.*, 2021 WL 5326517, at *3 (S.D. Cal. Nov. 16, 2021). The previously-entered Time and Expense Protocol, *see* Dkt. 164 (CMO No. 5), is sufficient at this stage to address any concerns regarding recordkeeping for common benefit work performed by Interim Class Counsel.

The Court has also entered Case Management Order No. __: Direct Action Plaintiffs' Common Benefit Time and Expenses ("DAP Common Benefit Order"), Dkt. __, "to provide for the fair and equitable sharing among the [DAPs], and their counsel." DAP Common Benefit Order ¶ 1. The DAP Common Benefit Order applies only to common benefit work performed by the DAP EC (or others approved by the DAP EC) for the benefit of other DAPs presently before this Court and part of this MDL; it does not apply to any putative class member who may opt out in the future. Any entities that have not yet filed individual actions are putative class members represented by Interim Class Counsel (in addition to any individual counsel the entity may otherwise have) until such time as they may opt out or file their own claim. *See* CMO No. 2 at 4. To the extent any putative class members opt out in the future, the Court will determine the proper allocation of common benefit fees, if any, associated with recoveries obtained by future opt-outs at such time. The degree to which settlements by future opt-outs should be taxed, and by whom, is best determined at the stage when it is ripe and when such litigants and their counsel are before this Court.

**IT IS SO ORDERED.**

Dated: ___________________

___________________________
Hon. Matthew F. Kennelly