**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION | Case No. 1:24-cv-06795 MDL No. 3121 |
| This Document Relates To: | Hon. Matthew F. Kennelly |
| ALL ACTIONS | |

<u>**DEFENDANTS' RESPONSE TO DIRECT ACTION PLAINTIFFS' PROPOSED**</u>
<u>**COMMON BENEFIT ORDER**</u>

Direct Action Plaintiffs' ("DAPs") Proposed Common Benefit Order ("Proposed CBO"), ECF No. 408-1, is novel, overbroad, and inconsistent with CBOs entered in other complex litigation, including in the *In re Testosterone* MDL.

*First*, the DAPs' Proposed CBO would apply to all state and federal claims "*concerning the conduct alleged* in the DAP Master Complaint ('Covered Claims') for which each [attorney representing a Plaintiff in this MDL] is counsel, *regardless of whether the Covered Claims of the client at issue have been filed in the MDL*." Proposed CBO ¶¶ 4, 46 (emphasis added). The Proposed CBO expressly includes "all of the Covered Claims for clients of the attorneys who are subject to this Order," including those "pending elsewhere, unfiled, or tolled." *Id.* ¶ 46. These provisions would impermissibly require the Court to exercise jurisdiction over cases not before it. *Second*, the Proposed CBO encompasses a novel treatment of "non-monetary relief"—including an untested valuation proposal for such relief (driven by the DAP Executive Committee ("DAP EC"))—that is unsupported by any authority and unprecedented in its expansiveness. *Third,* the Proposed CBO applies to all future opt-out plaintiffs rather than those DAP lawsuits currently before this Court, a provision to which Defendants understand Class counsel also object. *Fourth*,

the Proposed CBO applies to "bellwether" trials that are not yet scheduled and may never be.

These provisions create substantial concern that the Proposed CBO would not further the appropriate goals typically addressed through a CBO—fairness, equity, and efficiency—but instead serve as a vehicle to confer inappropriate financial benefits on the DAP EC. Plaintiffs have not identified, and Defendants are unaware of, a case with a CBO containing similar provisions.

The parties met and conferred to attempt to narrow the scope of the issues addressed in this briefing, but were unable to reach agreement. The DAP EC noted that the provisions in their Proposed CBO are aimed at preventing "free-riding" on the DAP EC's work, but the Proposed CBO goes much farther than that, and would require this Court to engage in sweeping and unprecedented activity solely for the DAP EC's benefit. Moreover, the MDL here involves putative Federal Rule of Civil Procedure 23 class actions *plus* corollary direct action cases—and the assumed "free-riding" off of the DAP cases ignores the putative class actions in this MDL.

Defendants respectfully submit that DAPs' Proposed CBO be rejected. As noted, DAP EC have not provided any case authority or legal rationale for their novel approach. If helpful, Defendants would welcome the opportunity to address such cases (if any) in a brief reply.

## LEGAL STANDARD

MDL courts often enter CBOs under both the courts' equity jurisdiction under the common benefit doctrine and the "inherent 'managerial' power" MDL courts possess to assess common benefit fees and costs. *In re Cook Med., Inc., Pelvic Repair Sys. Prod. Liab. Litig.*, 365 F. Supp. 3d 685, 695 (S.D.W.V. 2019) (citation omitted) (collecting cases). This managerial power includes the authority to "control the disposition of the causes on [a court's] docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). CBOs "provide standards and procedures for the fair and equitable sharing among Plaintiffs, and

2

their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all Plaintiffs in . . . complex litigation." Case Mgmt. Or. at 1, *In re. Recalled Abbott Infant Formula Prods. Liab. Litig.*, No. 22-4148 (N.D. Ill. Oct. 28, 2022), ECF No. 55.

## ARGUMENT

### I.     The Scope of the Proposed CBO's "Covered Claims" is Impermissibly Broad

The DAPs' Proposed CBO defines "Covered Claims" not with reference to the specific actions pending before this Court in this MDL but instead to an enormously broad set of actions pending anywhere—and in some instances even those that are "unfiled." Under the Proposed CBO, this Court is supposed to evaluate whether a case alleges the same sort of "underlying conduct" as is at issue in the MDL proceeding. If the case does allege such conduct, then it is within the ambit of the Proposed CBO. But, the order's definition of "underlying conduct" is vague and enormously broad—and would potentially cover *any* case filed against MultiPlan or the many other MDL defendants involving out-of-network reimbursements (whatever the claims filed, in any federal or state court). This is without justification—it would improperly require the Court to apply the CBO to and exercise jurisdiction over current and future cases "that are not actually before [the Court]." *In re Hair Relaxer Mktg. Sales Pracs. & Prods. Liab. Litig.*, 2024 WL 3904650 at *2 (N.D. Ill. Aug. 22, 2024); *see also In re FedEx Ground Package Sys., Inc., Emp. Pracs. Litig.*, 2011 WL 611883, at *3 (N.D. Ind. Feb. 11, 2011). Even when "plaintiffs in those cases [outside the MDL] might benefit from work performed in the MDL," the Court does not have jurisdiction to order such plaintiffs to contribute to DAPs' counsel pursuant to a CBO for this MDL. *In re Hair Relaxer Mktg.*, 2024 WL 3904650, at *2.[1]

---

[1] DAPs' proposal appears to rely on the use of common *counsel* between some of the parties in this case and the parties outside the MDL as a basis for jurisdiction over parties with no case before this Court. *See* Proposed CBO ¶¶ 4, 46. But "[a]ll recoveries belong to the client," not counsel. *In re Hair Relaxer Mktg.*,

## II.     The Application to "Non-Monetary Relief" Is Novel and Unwarranted

The Proposed CBO is unprecedented in an additional way: it provides that the DAP EC may seek the valuation of "non-monetary relief, including any non-monetary business relief," obtained by plaintiffs subject to the Proposed CBO and that such non-monetary relief will be subject to assessment. ¶ 43.  Such a provision is not contained in previous CBOs entered by this Court (or any other court, as far as Defendants are aware)—which have applied only to *monetary* recovery.  *See* Case Mgmt. Or. at 3-4, *In re Recalled Abbott Infant Formula Prods. Liab. Litig.*, No. 22-4148; Case Mgmt. Or. at 10, *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, No. 14-1748 (N.D. Ill. Oct. 28, 2022), ECF No. 488.  Limiting any assessment to monetary relief makes sense as a matter of common sense and judicial economy.  Any valuation of non-monetary relief would be difficult and imprecise, and would also likely involve further discovery, expert work, and resolution by the Court based on a yet-to-be-determined process.  *See* Proposed CBO ¶ 45.   This novel proposal—driven by the DAP EC, mandating satellite litigation, and unreasonably chilling settlement by imposing a DAP EC *monetary* tax on *non-monetary* relief— is unnecessary and unduly burdensome.[2]

## III.    The Proposed CBO's Applicability to Future Opt-Out Plaintiffs Is Premature

The Proposed CBO requires not only current DAPs but any *future* DAPs (i.e., opt-outs) to contribute to a common benefit fund.  The proposed Assessments apply to all subject plaintiffs and their attorneys who recover a money judgment for, or otherwise resolve, a Covered Claim.  *Id.*

---

2024 WL 3904650, at *4.  "Regardless of whether the non-MDL plaintiffs' attorneys participated in the MDL, the Court does not have authority over separate disputes outside this MDL." *Id.*  And DAPs' proposal is even more problematic because it expressly applies to the claims of plaintiffs who have not even agreed to enter into a participation agreement.  Proposed CBO ¶ 46.

[2] The section "Valuation of Non-Monetary Relief" refers to potential "use of outside professionals and confidential exchange of documents." Proposed CBO ¶ 45.  DAP EC agree this process would be subject to the Protective Order entered in this case and have represented they do not oppose so clarifying.

¶¶ 41-42.  The Assessments are on Gross Recovery, meaning amounts paid by any Defendant to any DAP or its counsel pursuant to a settlement or judgment regarding a Covered Claim.  *Id.*

The Interim Class Proposed CBO takes the position that a common benefit order need not be entered at present for the proposed class, and that DAPs' proposal should apply only to work performed for the benefit of other DAPs presently before this Court and part of this MDL.  ECF No. 408-2 at 2 (DAPs' proposed order "does not apply to any putative class member who may opt out in the future.").  The Class Proposed CBO would wait until "the stage when it is ripe and when such litigants and their counsel are before this Court" to determine who and how to tax settlements reached by future opt-out plaintiffs, who are not DAPs presently in this litigation.  *Id.*

Defendants agree.  The application of the CBO to members of the putative class who may opt out in the future is not only premature but appears to be without precedent in this District (at a minimum) in an MDL like this, involving both direct action plaintiffs and overlapping, and broader, putative class actions.  This issue is best deferred until any such parties are before this Court and represented by counsel.

**IV.     The Proposed CBO's Treatment of Potential "Bellwether" Trials Is Premature**

DAPs' Proposed CBO also provides that "work-up of a case selected as part of any . . . early preference, case tracks, or bellwether trial process in the MDL" may be considered for common benefit.  ¶ 15.e.  This provision is premature; this litigation is still in the early stages and a full case schedule has not been set, let alone any case schedule contemplating bellwether trials.

**CONCLUSION**

Defendants respectfully request that the Court reject DAPs' Proposed CBO, or excise these novel and overreaching provisions.

Dated: May 19, 2025

/s/ Sadik Huseny
Sadik Huseny (*pro hac vice*)
**LATHAM & WATKINS LLP**
300 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (737) 910-7300
sadik.huseny@lw.com

*Defendants' Coordinating Counsel*

## CERTIFICATE OF SERVICE

I, Sadik Huseny, hereby certify that on this 19th day of May, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, which sent notification of such filing to all filing users.

/s/ *Sadik Huseny*
Sadik Huseny