UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 1:24-cv-06795<br>MDL No. 3121<br><br>Hon. Matthew F. Kennelly |

**CLASS PLAINTIFFS' OPPOSITION TO DIRECT ACTION PLAINTIFFS'
PROPOSED COMMON BENEFIT ORDER**

**TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

BACKGROUND .............................................................................................................................1

ARGUMENT ...................................................................................................................................2

CONCLUSION ................................................................................................................................6

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Bunyan v. Spectrum Brands, Inc.*,
  2008 WL 2959932 (S.D. Ill. July 31, 2008) ........................................................................2

*First Impressions Salon, Inc. v. Nat'l Milk Producers Fed'n*,
  2019 WL 13180924 (S.D. Ill. Apr. 5, 2019) ................................................................4, 5, 6

*In re Generic Pharms. Pricing Antitrust Litig.*,
  2019 WL 6044308 (E.D. Pa. Oct. 7, 2019) .........................................................................5

*In re Packaged Seafood Prods. Antitrust Litig.*,
  2021 WL 5326517 (S.D. Cal. Nov. 16, 2021) ..................................................................5, 6

*In re Testosterone Replacement Therapy Prods. Liab. Litig.*,
  No. 14-cv-1748, MDL No. 2545 (N.D. Ill. 2014) ...............................................................6

*In re Turkey Antitrust Litig.*,
  2025 WL 1155990 (N.D. Ill. Apr. 15, 2025) ......................................................................6

*Kurczi v. Eli Lilly & Co.*,
  160 F.R.D. 667 (N.D. Ohio 1995) .......................................................................................3

*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797 (1985) .........................................................................................................3, 6

*Sullivan v. Chase Inv. Servs. of Bos., Inc.*,
  79 F.R.D. 246 (N.D. Cal. 1978) ..........................................................................................3

*Woods v. New York Life Ins. Co.*,
  686 F.2d 578 (7th Cir. 1982) ..............................................................................................2

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................................2

Fed. R. Civ. P. 23(g)(4) ...................................................................................................................3

Fed. R. Civ. P. 23(h) .......................................................................................................................3

Fed. R. Civ. P. 23(d)(1)(B)(iii) .......................................................................................................4

## INTRODUCTION

Class Plaintiffs (the "Class"), represented by Interim Co-Lead Class Counsel ("Class Counsel"), respectfully oppose entry of Direct Action Plaintiffs' ("DAPs") proposed Case Management Order regarding Direct Action Plaintiffs' Common Benefit Time and Expenses ("DAPs' Common Benefit Order") to the extent it purports to apply to future opt-out plaintiffs who are currently absent members of the Class and represented by Class Counsel. The Class does not oppose entry of an order governing common benefit time and expenses as it pertains to work performed by the Direct Action Plaintiffs' Executive Committee ("DAP EC") on behalf of DAPs currently before this Court and part of this MDL. But to permit such an order to reach future opt-out plaintiffs in an MDL of this structure, with DAPs proceeding in parallel with a nationwide proposed Class, would not only be unprecedented in an antitrust MDL that includes a class, it would also significantly impact the rights of future opt-out plaintiffs—current Class members—by handcuffing them to a set-aside while they are still members of the Class. The Court should reject DAPs' Common Benefit Order as proposed because it sweeps too broadly by including absent Class members who are already represented by Class Counsel.

## BACKGROUND

On March 14, 2025, the Court directed DAPs and the Class to submit proposed Case Management Orders concerning common benefit compensation. On April 28, 2025, all parties jointly filed a Notice of Lodging of Proposed Case Management Orders and Request for Briefing Schedule concerning the common benefit submissions. ECF No. 408. Attached to that filing, DAPs submitted their proposed DAPs' Common Benefit Order. ECF No. 408-1 ("DAPs' CBO"). The Class attached a two-page submission stating that, in light of the Court's previously entered Case Management Order governing time and expense reporting by Class Counsel, ECF No. 164, a common benefit order is not needed for the Class at this time, and further explaining that DAPs'

Common Benefit Order should not apply to future opt-out plaintiffs, *i.e.*, current Class members. ECF No. 408-2. The parties, including Defendants, requested an opportunity to brief issues regarding the common benefit submissions. ECF No. 408 at 1. At the May 2, 2025 status conference, the Court directed the parties to meet and confer and submit responses to the proposed common benefit orders by May 19, 2025. ECF No. 418. On May 15, 2025, all parties met and conferred regarding DAPs' Common Benefit Order and the Class submission. The DAP EC and Class Counsel were unable to reach agreement on the issues raised herein.

## ARGUMENT

DAPs' Common Benefit Order, as proposed, purports to apply to "all cases now pending, *as well as to any case later filed in* . . . transferred to, or removed to this Court and treated as part of the coordinated proceeding known as *In re Multiplan Health Insurance Provider Litigation*, MDL 3121 (the 'MDL')." DAPs' CBO ¶ 3 (emphasis added). It "further applies to each attorney who represents a Plaintiff with a case now pending in *or later filed in*, transferred to, or removed to this Court . . . ." *Id.* (emphasis added). By its plain text, DAPs' Common Benefit Order would include current Class members who may, at some future date, opt out of the Class and "later file[]" a case in this Court that is treated as part of the MDL. *Id.* It would also apply to current Class members who opt out but file a case elsewhere, or do not file a case at all. *See id.* ¶ 4 ("This Order applies to all federal and state claims concerning the conduct alleged in the DAP Master Complaint ('Covered Claims') . . . regardless of whether the Covered Claims of the client at issue have been filed in the MDL.").

It is axiomatic that "putative class members in a Rule 23 proceeding remain class members until they 'opt out.'" *Bunyan v. Spectrum Brands, Inc.*, 2008 WL 2959932, at *2 (S.D. Ill. July 31, 2008); *see Woods v. New York Life Ins. Co.*, 686 F.2d 578, 582 (7th Cir. 1982) ("Potential class members really are parties to a Rule 23 class action until they opt out[.]"). The Court's Order

2

appointing Class Counsel provides that Class Counsel "shall have exclusive authority to represent the interests of the Class in this matter and prosecute their claims" and that "[n]o counsel for any DAP action—or any other counsel not explicitly authorized to work on behalf of the Class in this matter by . . . Class Counsel—shall have any authority to represent the Class . . . ." ECF No. 155 at 4 (the "Appointment Order"). Class Counsel alone are responsible for "the zealous representation of the interests of the Class" as a whole. *Id.* at 2; *see also* Fed. R. Civ. P. 23(g)(4) ("Class counsel must fairly and adequately represent the interests of the class."); 1 Newberg and Rubenstein on Class Actions § 3:82 (6th ed.) (class counsel's duty is to the class as a whole). A critical part of that duty is preserving a Class member's unencumbered right "to litigate . . . on his own" should he choose to do so. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812-13 (1985) ("[D]ue process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class . . . ."). DAPs' Common Benefit Order interferes with that duty and infringes that right by assuming that all future Class opt-outs owe money to the DAP EC, despite the DAP EC never representing them or their interests.[1]

Although the Appointment Order "does not preclude counsel for any party from seeking, under appropriate circumstances, fees or expenses on a common benefit basis and/or under Federal Rule of Civil Procedure 23(h) with respect to any recovery or settlement of any other party (whether DAP or Class)" and preserves all objections to any such request, Appointment Order at

---

[1] Unlike Class Counsel, the DAP EC has no obligation to litigate this case to protect the rights or interests of absent Class members, including those who may later choose to opt out. *See Sullivan v. Chase Inv. Servs. of Bos., Inc.*, 79 F.R.D. 246, 258 (N.D. Cal. 1978) (noting that putative class and plaintiffs in a parallel action "have conflicting interests in the course of each litigation"). DAPs are free to pursue any strategy that maximizes their individual recoveries, without regard to the impact such strategy might have on the viability of class status, the tolling absent class members receive from the pendency of the class action, or, ultimately, damages for other plaintiffs, including absent class members. Given these conflicting interests, an attorney representing individual plaintiffs may not also represent class members asserting the same claims against the same defendants. *See, e.g., Kurczi v. Eli Lilly & Co.*, 160 F.R.D. 667, 679 (N.D. Ohio 1995) (noting such dual representation creates an "intolerable conflict of interest").

4-5, the DAP EC's request for the imposition of a mandated set-aside now, on *current Class members represented by Class Counsel*, is unripe and improper. To endorse DAPs' Common Benefit Order as proposed would allow DAPs to bind a future opt-out plaintiff to a set-aside that their separate counsel had no contemporaneous opportunity to oppose. Class Counsel must protect Class members' right to opt out at the appropriate time if they so choose—a concept embedded in Federal Rule of Civil Procedure 23's mandate to "protect class members" and to provide class members an opportunity to "intervene and present claims or defenses, or to otherwise come into the action." Fed. R. Civ. P. 23(d)(1)(B)(iii).

Interestingly, in most cases, it is class counsel that seeks to establish some sort of set-aside. This is because, until an absent class member opts out, class counsel is working on their behalf representing their interests in ways that may later benefit them. For example, a future opt-out plaintiff benefits from the tolling of the statutes of limitation that occurs as a result of the class action and may benefit from the discovery or merits rulings class counsel obtains. But even in those cases, courts reject such set-aside requests at the early stages of the litigation. For example, in *First Impressions Salon, Inc. v. National Milk Producers Federation*, 2019 WL 13180924 (S.D. Ill. Apr. 5, 2019), the court declined to establish a common benefit fund that would apply to unidentified future opt-out plaintiffs for the same reasons it is inappropriate here, namely because:

> the entry of a set-aside order would significantly impact the rights of Opt-Out Plaintiffs who may decide to initiate independent actions. Given their absence at the moment, it would be inappropriate to require Defendants to set aside a certain percentage of a settlement without considering relevant opposition from Opt-Out Plaintiffs.

4

*Id.* at *3.[2] Although here it is the DAP EC—not Class Counsel—that seeks entry of a set-aside order, the same principles apply.

To be clear, Class Counsel does not object to the DAP EC seeking a set-aside order that applies to *current opt-out plaintiffs*—DAPs who are represented by counsel and presently before the Court in this MDL. But it is premature to enter a set-aside order that applies to absent plaintiffs who are currently represented by Class Counsel, who have not yet opted out (because the Court has yet to certify a class and set an opt-out deadline).

As the court explained in *In re Packaged Seafood Products Antitrust Litigation*, 2021 WL 5326517 (S.D. Cal. Nov. 16, 2021), in declining to enter a common benefit order that would apply to future opt-out plaintiffs, "establishing a set aside fund would create administrative chaos" at an early stage "where the issue of class certification is on appeal and putative class members have not received notice of class counsel designation, the proposed set-aside, or their right to opt out of the class." *Id.* at *3 (internal quotation marks omitted). This case is in even earlier stages, making the DAP EC's request even more premature than in *Packaged Seafood Products*.

Several other courts have denied motions for entry of set-aside orders in procedural contexts similar to this MDL. In *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, 2019 WL 6044308 (E.D. Pa. Oct. 7, 2019), the court declined to establish a set-aside fund sought by class counsel in a case involving class actions and a number of early opt-out actions, noting that such an order would be premature where "no classes have yet been certified *and the scope of the parties that would be affected by the orders has not been established.*" *Id.* at *1 (emphasis added). That is precisely the case here: class certification has not yet occurred, and future opt-out plaintiffs

---

[2] The same court found that it lacked jurisdiction to enter a set-aside order that would apply to opt-out cases filed in other forums. *See First Impressions Salon*, 2019 WL 13180924, at *3 (collecting cases).

5

(*i.e.*, absent Class members currently represented by Class Counsel) have not received notice of their right to opt out. Yet DAPs' Common Benefit Order would impact that right by pre-committing future opt-outs to a set-aside of which they received no notice. *See First Impressions Salon*, 2019 WL 13180924, at *3; *Packaged Seafood Prods.*, 2021 WL 5326517, at *3.

The DAP EC's request is unprecedented. DAPs have not identified, and Class Counsel is not aware of, any case in which a court has entered a set-aside order that would apply to future opt-out plaintiffs in a multi-track MDL such as this, with a class and DAPs proceeding in parallel. As this Court may recall, DAPs' proposed Common Benefit Order is modeled on one that did not involve a class case. *See* Corrected Case Management Order No. 16, Establishing Common Benefit Fee and Expense Funds, *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, No. 14-cv-1748, MDL No. 2545 (N.D. Ill. Nov. 25, 2014), ECF No. 488. As another court in this District recently noted in declining to enter a set-aside order in a case involving early "opt-outs working through a case in tandem with class counsel," "[a] class action is different." *In re Turkey Antitrust Litig.*, 2025 WL 1155990, at *1-*2 (N.D. Ill. Apr. 15, 2025). "[A]n absent class-action plaintiff is not required to do anything. He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection." *Shutts*, 472 U.S. at 810. Unlike DAPs, who are represented by individual counsel and are presently litigating in their individual interests, Class members rely on Class Counsel to provide those safeguards and protect their collective interests unless and until they affirmatively opt out and obtain separate counsel to prosecute their actions.

## CONCLUSION

For the foregoing reasons, the Class respectfully requests that the Court's entry of any common benefit order for DAPs exclude current absent Class members even if they become future opt-out plaintiffs.

Dated: May 19, 2025

Respectfully submitted,

*/s/ Natasha J. Fernández-Silber*
**EDELSON PC**
Natasha J. Fernández-Silber* (*pro hac vice*)
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
nfernandezsilber@edelson.com
*Admitted in New York and Michigan

Sarah R. LaFreniere (*pro hac vice*)
Brandon Baum-Zepeda*
1255 Union Street NE, Suite 850
Washington, DC 20002
Tel: (202) 270-4777
slafreniere@edelson.com
bbaum-zepeda@edelson.com
*Barred only in California. Practice limited to matters authorized by D.C. Rule 49(c)(3).

*/s/ Shawn J. Rabin*
**SUSMAN GODFREY LLP**
William Christopher Carmody (*pro hac vice*)
Shawn J. Rabin (*pro hac vice*)
Stephanie N. Spies (*pro hac vice*)
Thomas K. Boardman (*pro hac vice*)
Amanda E. Fischer (*pro hac vice* forthcoming)
One Manhattan West, 50th Floor
New York, NY 10001
Tel: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sspies@susmangodfrey.com
tboardman@susmangodfrey.com
afischer@susmangodfrey.com

Halley W. Josephs (*pro hac vice*)
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
hjosephs@susmangodfrey.com

*/s/ Zachary D. Caplan*
**BERGER MONTAGUE PC**
Eric L. Cramer (*pro hac vice*)

7

David F. Sorensen (*pro hac vice*)
Zachary D. Caplan (*pro hac vice*)
Patrick F. Madden (*pro hac vice*)
Hope Brinn (*pro hac vice*)
Jordan T. Hollinger (*pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
ecramer@bm.net
dsorensen@bm.net
zcaplan@bm.net
pmadden@bm.net
hbrinn@bm.net
thollinger@bm.net

Daniel J. Walker (*pro hac vice*)
1001 G Street, NW, Suite 400 East
Washington, DC 20001
Tel: (202) 559-9740
dwalker@bm.net

*Interim Co-Lead Class Counsel*