**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 1:24-cv-06795<br>MDL No. 3121<br><br>Hon. Matthew F. Kennelly |

**CASE MANAGEMENT ORDER NO. 16
(GOVERNING DISCOVERY RESPONSIBILITIES AND USE)**

Pursuant to 28 U.S.C. § 1407 and the Court's Case Management Orders ("CMOs"), it is hereby stipulated and agreed, by all parties through their respective counsel, and subject to the approval of the Court, that the following stipulation and order shall govern the parties' discovery responsibilities and use in this matter, in addition to and without alteration of all other such Court Orders entered to date.

1. The fact that multiple cases have been consolidated in this multidistrict litigation (the "MDL") for pretrial purposes "does not have the effect of making anyone or any entity a party to any action in which he, she, or it has not been named a party." CMO No. 1, ¶ 2 (ECF No. 4).

2. Each party to the MDL is subject only to party discovery served by a requesting party that the responding party has sued, been sued by, or is otherwise a party to a consolidated case in which the responding party is named as a plaintiff or defendant. If discovery requests are issued by "all plaintiffs" or "all defendants" to the MDL, a responding party may treat the request as having been issued only by those opposing parties that it has sued, been sued by, or that are otherwise parties to a consolidated case in which the responding party is named as a plaintiff or defendant. As a result, disputes concerning the adequacy of any party's discovery responses are

considered disputes solely between the party or parties entitled to issue the discovery and the party or parties responding to that discovery. However, nothing in this stipulation and order shall prevent a member of defense liaison counsel, the Direct Action Plaintiffs' Committee, and/or Interim Co-Lead Class Counsel from listening in to any discussion with a responding party concerning a discovery response in this MDL regardless of whether such counsel has a claim pending against the responding party.

3. Responding parties will provide responses to party discovery, including document production links and access to structured data productions, to a common e-mail address or repository as specified by the requesting party, with the understanding that responsive materials will be made available to all plaintiffs or defendants in the MDL (as applicable), and that all plaintiffs or defendants may utilize party discovery produced by any party to the MDL, subject to the HIPAA-Qualified Protective Order, CMO 12 (ECF No. 242). In the case of materials produced by hard drive, responding parties shall make arrangements to send a hard drive to designated members or representatives of defense coordinating counsel, the Direct Action Plaintiffs' Executive Committee, and/or Interim Co-Lead Class Counsel, subject to the ESI Protocol, CMO 11 (ECF No. 241).

4. To the extent that a requesting party seeks discovery from a responding party that it has not sued, has not been sued by, and is not otherwise a party to a consolidated case in which the requesting party is named as a plaintiff or defendant, the requesting party must proceed via third-party subpoena. For the avoidance of doubt, this does not limit any party's right to access information from the aforementioned joint repositories.

5. Documents received pursuant to third-party subpoenas will be provided to the parties' common repositories within 4 days of receipt from a responding party unless technical

issues result in a delay, in which case the receiving party shall send notification of technical delays to all other parties.

      6.    Documents produced in response to third-party subpoenas shall be available for use in all cases, subject to the HIPAA-Qualified Protective Order, CMO 12 (ECF No. 242).

**STIPULATED AND AGREED** this 10th day of July 2025:

| | |
|---|---|
| */s/ Christopher A. Seeger* | */s/ Shawn J. Rabin* |
| Christopher A. Seeger | Shawn J. Rabin (*pro hac vice*) |
| **SEEGER WEISS LLP** | **SUSMAN GODFREY LLP** |
| 55 Challenger Road 6th Fl. | One Manhattan West, 50th Floor |
| Ridgefield Park, NJ 07660 | New York, NY 10001-8602 |
| Tel: (973) 639-9100 | Tel: (212) 336-8330 |
| Fax: (973) 679-8656 | srabin@susmangodfrey.com |
| cseeger@seegerweiss.com | |
| *Plaintiffs' Coordinating Counsel* | *Interim Class Liaison Counsel* |
| | */s/ Sadik Huseny* |
| | Sadik Huseny (*pro hac vice*) |
| | **LATHAM & WATKINS LLP** |
| | 300 Colorado Street, Suite 2400 |
| | Austin, TX 78701 |
| | Telephone: (737) 910-7300 |
| | sadik.huseny@lw.com |
| | *Defendants' Coordinating Counsel* |

SO ORDERED this 11th day of July, 2025.

                                        _____
                                        Honorable Matthew F. Kennelly
                                        United States District Judge