**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 1:24-cv-06795<br>MDL No. 3121<br><br>Hon. Matthew F. Kennelly |

**UNOPPOSED MOTION FOR ENTRY OF AMENDED**
**CASE MANAGEMENT ORDER 7**
**GOVERNING SERVICE IN NEWLY-FILED DAP ACTIONS**

1. Starting on July 31, 2025, direct action plaintiffs have filed new short-form complaints in the U.S. District Court for the Northern District of Illinois. *See, e.g.*, Complaint, *The Johns Hopkins Health Sys. Corp., et al. v. Claritev Corp., et al.*, No. 1:25-cv-9075 (N.D. Ill. July 31, 2025).

2. The parties wish to streamline the service of process in those newly-filed direct action plaintiff cases for defendants that were already named in at least one existing direct action plaintiff or class action case prior to July 31, 2025.

3. The parties have determined that Case Management Order 7 does not clearly address the service of process in these actions. Currently, paragraph 15 of CMO 7 states:

> For complaints that are properly filed in, removed to, or transferred to this MDL, the Defendants already represented by counsel in the MDL as of the date of this Order agree to waive formal service of summons pursuant to Rule 4 of the Federal Rules of Civil Procedure. Such Defendants' time to respond to such complaints shall be specified in this Court's case management orders for the MDL. Defendants reserve all rights to move to dismiss or otherwise respond to any Directly Filed Case, consistent with a schedule to be entered by the MDL Court

ECF No. 196 at ¶ 15.

4. To avoid unnecessary service efforts and remove any ambiguity in Case Management Order 7, the parties agree to the following amendment to that paragraph:

> For complaints that are properly filed in, removed to, or transferred to this MDL, *or filed in the Northern District of Illinois and designated as related to this MDL*, the Defendants already represented by counsel in the MDL as of the date of this Order agree to waive formal service of summons pursuant to Rule 4 of the Federal Rules of Civil Procedure. Such Defendants' time to respond to such complaints shall be specified in this Court's case management orders for the MDL. Defendants reserve all rights to move to dismiss or otherwise respond to any Directly Filed Case *or related case*, consistent with a schedule to be entered by the MDL Court

(Changes emphasized).

5. A copy of a redline showing these proposed changes is attached as Exhibit A.

6. The parties have met and conferred on this motion. It is unopposed.

Dated: August 22, 2025

*/s/ Christopher A. Seeger*
Christopher A. Seeger
**SEEGER WEISS LLP**
55 Challenger Road 6th Fl.
Ridgefield Park, NJ 07660
Tel.: (973) 639-9100
Fax: (973) 679-8656
cseeger@seegerweiss.com

*Plaintiffs' Coordinating Counsel*

*/s/ Sadik Huseny*
Sadik Huseny (*pro hac vice*)
**LATHAM & WATKINS LLP**
300 Colorado Street, Suite 2400
Austin, TX 78701
Tel.: (737) 910-7300
sadik.huseny@lw.com

*Defendants' Coordinating Counsel*

*/s/ Shawn J. Rabin*
Shawn J. Rabin (*pro hac vice*)
**SUSMAN GODFREY LLP**
One Manhattan West, 50th Floor
New York, NY 10001-8602
Tel.: (212) 336-8330
srabin@susmangodfrey.com

*Interim Class Liaison Counsel*