# EXHIBIT A

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION | Case No. 1:24-cv-06795<br>MDL No. 3121 |
| This Document Relates To:<br><br>ALL ACTIONS | Honorable Matthew F. Kennelly |

**CASE MANAGEMENT ORDER NO. [XX]**

**PROTOCOL GOVERNING PRODUCTION OF RESPONSIVE INFORMATION USING TECHNOLOGY ASSISTED REVIEW ("TAR")**

This Order governs the use of Technology Assisted Review ("TAR") in connection with the production of documents in MDL Case No. 3121, should any Party choose to use TAR. No Party is required to use TAR in connection with its production of documents. Moreover, by agreeing to use TAR in this MDL and to follow this protocol, the Parties do not intend to waive any rights or protections pursuant to privacy, confidentiality, attorney-client privilege, attorney work product, and any other privileges, protections, or objections to discovery.

**A. TAR Tool**

1. The Parties have already disclosed the TAR model and software each intends to use.

**B**. **Documents Subject to TAR**

2. The Producing Party will apply search terms to appropriate non-custodial data sources and to all agreed-upon custodial sources, and all documents and their families that hit on those terms will be subject to TAR pursuant to the software's criteria for identifying records subject to, and excluded from, TAR modeling. If the TAR model does not have a criteria for identifying records subject to, and excluded from the TAR model, the Producing Party will not use TAR for files that have a text size less than .2 KB or greater than 15,000 KB. For those file formats/document types identified as not

1

amenable to TAR, review will be handled pursuant to the method identified in each party's search term disclosure.

3. After de-NISTing in accordance with Section IV.A of the ESI Protocol, the producing party will provide the receiving party a list of additional file extensions excluded from TAR.

4. The Producing Party will determine whether any documents need to be OCR'd and those successfully OCR'd will be included in the TAR process. Records that do not survive OCR attempts will be reviewed manually.

5. The Parties will meet and confer regarding any additional culling beyond what is contemplated here or already agreed upon by the Parties.

6. The Producing Party will disclose the total number of documents subject to TAR.

**C. Training**

7. The Parties will use attorneys familiar with this litigation to iteratively train a TAR model to identify potentially responsive ESI. All responsive-based coding decisions will be used for training, and incorporated into the TAR model.

8. The Producing Party may educate the predictive coding model with an initial document set.

9. Review will then be conducted through the Prioritized Review Queue. This will automatically serve up documents for review comprised of (1) the most likely to be responsive documents based on the model's current understanding of responsiveness and (2) a set of documents included for index health, which are selected via random sampling and those documents the model is unable to categorize.

10. Quality control ("QC") measures will be utilized regularly, including evaluating documents marked by the review team as responsive, yet were not ranked highly by the TAR Model or vice versa.

### D. Validation

11. The Producing Party will review and code a randomized validation sample drawn from the remaining unreviewed documents in the project with a Confidence Level of 95% and a Confidence Interval of 2.5%.

12. Review will continue until the number of responsive documents served up for review significantly decreases and/or the Producing Party, in its discretion, believes a validation sample is warranted.

13. The Producing Party will analyze responsive documents identified in the validation sample to determine the quantity of missed responsive documents and whether, and to what extent, the documents contain significant responsive information or information sufficiently different from the information produced as to indicate that the TAR process was deficient for certain categories of documents. The Producing Party will produce non-privileged responsive documents identified during the validation process not previously produced.

14. The Producing Party will provide the metrics from the validation review set and sufficient information to understand the method by which the recall and elusion metrics were calculated.

15. The Producing Party will calculate and report a margin of error for their recall and elusion rate estimates.

16. If the validation confirms the review achieved or exceeded the targeted recall rate, in this case 75% recall, the TAR project is considered to be validated and review will cease. If validation confirms that the review has not achieved 75% recall, additional review will be performed and the validation sampling will be repeated.

### E. Confidentiality and Ongoing Cooperation

17. Any proposed deviations in the TAR process set forth above will be promptly disclosed to the receiving party so that the parties may confer about whether such deviation is acceptable.

18. Responsive, non-privileged documents will be produced on a rolling basis during the TAR process.

19. The Producing Party will make a good faith effort to respond to reasonable requests for information about anticipated next production dates, anticipated production volume, and documents remaining in the review population.

20. The Parties will cooperate throughout the TAR process and confer in good faith to resolve any disputes concerning this protocol before making such dispute the subject of an application to the Court.

21. Although precision, efficiency and effectiveness of the search methodologies are important, perfection is neither required nor possible.

22. This protocol is based on the unique circumstances of this case and does not set a precedent for future cases or use of TAR by any party outside of the specific use described in this protocol.

**IT IS SO ORDERED.**

Dated: _____  _____
                                                                Hon. Matthew F. Kennelly