UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION | Case No. 1:24-cv-06795 MDL No. 3121 |
| This Document Relates To: | Hon. Matthew F. Kennelly |
| ALL ACTIONS | |

**CLASS PLAINTIFFS' BRIEF ON THE PROPOSED CASE MANAGEMENT ORDER REGARDING DISCOVERY BELLWETHER DAP SELECTION AND CASES**

Class Plaintiffs take no position on the proposed DAP discovery schedule or the process by which some DAPs will proceed with discovery. Class Plaintiffs submit this statement only to explain why it is not appropriate to label those cases "bellwethers." Class Plaintiffs suggested the more neutral term "Track One DAPs," but DAPs rejected that proposal.

The "bellwether" label is inapt here. This is not a mass tort MDL, where class treatment is unavailable and thus bellwethers are used to generate information about a larger set of individual cases. In complex antitrust litigation involving price-fixing allegations, the central questions in dispute are whether the alleged cartel existed and, if so, its breadth, duration, and impact across the market. Given that these questions are typically resolved through common proof, courts in antitrust proceedings involving a proposed class have rejected so-called "bellwether" approaches as unnecessary and inefficient. *See, e.g.*, *Castro v. Sanofi Pasteur Inc.*, 134 F. Supp. 3d 820, 849 (D.N.J. 2015) (noting, in antitrust action involving tens of thousands of pediatric medical providers, that "[t]he same common core of evidence clearly applies to all these cases" and that adopting a bellwether approach "would not promote judicial efficiency, resolution of issues, or administration of justice"); *In re High-Tech Emp. Antitrust Litig.*, 985 F. Supp. 2d 1167, 1228

1

(N.D. Cal. 2013) (noting bellwether trials "would merely multiply the number of trials with the same issues and evidence").

The same is true here, with a proposed class action that, if certified, would resolve the claims of potentially hundreds of thousands of healthcare providers.[1] The Class Plaintiffs thus propose labeling the DAP actions that are not stayed as "Track One DAPs." This accomplishes the parties' needed demarcation while avoiding the confusion and inferences raised by the term "bellwethers."

---

[1] *See, e.g.*, Definitive Healthcare, *Healthcare Insights* ("According to our database, there [are] more than 330,000 currently active physician group practices across the U.S. as of January 2025."), https://www.definitivehc.com/resources/healthcare-insights/number-physician-group-practices-by-state.

Dated: September 30, 2025      Respectfully submitted,

*/s/ Zachary D. Caplan*

**BERGER MONTAGUE PC**
Eric L. Cramer (*pro hac vice*)
David F. Sorensen (*pro hac vice*)
Zachary D. Caplan (*pro hac vice*)
Patrick F. Madden (*pro hac vice*)
Hope Brinn (*pro hac vice*)
Jordan T. Hollinger (*pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
ecramer@bergermontague.com
dsorensen@bergermontague.com
zcaplan@bergermontague.com
pmadden@bergermontague.com
hbrinn@bergermontague.com
thollinger@bergermontague.com

**SUSMAN GODFREY LLP**
William Christopher Carmody (*pro hac vice*)
Shawn J. Rabin (*pro hac vice*)
Stephanie N. Spies (*pro hac vice*)
Thomas K. Boardman (*pro hac vice*)
Amanda E. Fischer (*pro hac vice*)
One Manhattan West, 50th Floor
New York, NY 10001-8602
Tel: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sspies@susmangodfrey.com
tboardman@susmangodfrey.com
afischer@susmangodfrey.com

Halley W. Josephs (*pro hac vice*)
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
hjosephs@susmangodfrey.com

**EDELSON PC**
Natasha J. Fernández-Silber*
nfernandezsilber@edelson.com
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
*Admitted in New York and Michigan only

Sarah R. LaFreniere (*pro hac vice*)
Brandon Baum-Zepeda*
1255 Union Street NE, Suite 850
Washington, DC 20002
Tel: (202) 270-4777
slafreniere@edelson.com
bbaum-zepeda@edelson.com
*not admitted to practice in DC; practice authorized
by D.C. Rule 49(c)(3).

*Interim Co-Lead Class Counsel*