UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION | Case No. 1:24-cv-06795<br>MDL No. 3121 |
| This Document Relates To:<br><br>ALL ACTIONS | Hon. Matthew F. Kennelly |

**JOINT STATUS REPORT**

The Parties submit the following joint status report pursuant to the Court's Minute Order dated October 14, 2025. ECF No. 564.

**I.    Topics Previously Briefed/Set for Briefing**

    **A.    Leadership Reappointment Applications**.

Interim Co-Lead Class Counsel's and DAP EC and Coordinating Counsel's applications for reappointment are at ECF Nos. 562 and 563, respectively. The Parties are prepared to address any questions from the Court regarding the applications at the November 14, 2025 status conference.

    **B.    Pending Motions to Compel**

        1. **Plaintiffs' Motion to Compel MultiPlan to Produce Investigative Documents**. Motion filed at ECF No. 518. MultiPlan filed a response in opposition to Plaintiffs' motion on October 20 (ECF No. 566), and Plaintiffs filed a reply on October 30 (ECF No. 568).

        2. **Plaintiffs' Motion to Compel MultiPlan to Produce Documents Using Plaintiffs' Proposed Time Periods and from Additional Custodians.** Motion filed at ECF No. 573. MultiPlan's consolidated opposition to both this motion and the below

1

motion to compel the use of certain search terms is due November 10. Plaintiffs' reply is due November 12.

3. **Plaintiffs' Motion to Compel MultiPlan to Apply Plaintiffs' Search Terms**. Motion filed at ECF No. 574 MultiPlan's consolidated opposition to both this motion and the above motion to compel) is due November 10. Plaintiffs' reply is due November 12.

C. **Dispute Concerning Technology Assisted Review ("TAR") Protocol.**

Pursuant to the Court's October 14 Minute Order (ECF No. 564), on October 20, the parties emailed to the Court their respective positions on the TAR protocol and a proposed order reflecting the disputed provision. The Parties are prepared to address the proposed order at the status conference.

II. **Additional Joint Topics**

A. **In-Network Data Sampling Order**

The Parties have reached agreement regarding the submission of a proposed Case Management Order addressing the sampling of in-network claims structured data, subject to approval by the Court, and attach it hereto as **Exhibit A**.

B. **Discovery Bellwether Selections**

Following the selection process set forth in CMO No. 20 (ECF No. 567), the DAP EC and Defendants exchanged their initial lists on October 27, with replacements for overlaps by October 30, to arrive at 36 eligible DAPs proposed as Discovery Bellwether DAPs.[1] The DAP EC and

---

[1] Three of the DAP EC's selected DAPs (Center for Orthopaedics & Spine, LLC,, 1:24-cv-11401, Advanced Spinal Care, 25-cv-00080, and Heritage Surgical Group, LLC, 1:24-cv-12517) asserted certain federal and state claims not asserted in the DAP Master Complaint. Each of those three DAPs (and certain of their affiliates as agreed with Defendants) has agreed to dismiss all of those

Defendants have attached, for the Court's convenience, as **Exhibit B** a chart identifying the selected Discovery Bellwether DAPs and providing, for each selection, the designated district, nature of practice, location, and selecting party. As noted at the last hearing, for these cases filed outside of the Northern District of Illinois, Defendants are reserving and Plaintiffs have waived *Lexecon* rights. In accordance with Paragraph 10 of CMO No. 20, a proposed order identifying the selected cases is attached as **Exhibit C**. The DAP EC and Defendants are prepared to discuss the selections at the November 14, 2025 status conference.

    C.    **DAP Discovery Bellwether Selections--Short-Term Discovery Deadlines.**

The DAP EC and Defendants have conferred and agree to the below short-term discovery deadlines related to the DAP Discovery Bellwether Selections, and respectfully request that the Court order the same:

| Event | Date |
|---|---|
| Deadline to Serve Individual Responses and Objections to Defendants' Requests for Production | **November 17, 2025 (Mon)** |
| Deadline for DAP EC-Nominated Discovery Bellwethers to Disclose Custodians, Non-Custodial Sources, and Search Terms | **November 24, 2025 (Mon)** |
| Deadline for Defendant-Nominated Discovery Bellwethers to Disclose Custodians, Non-Custodial Sources, and Search Terms | **December 2, 2025 (Tue)** |
| Deadline to Crystallize Disputes Regarding Custodians, Sources, and Search Terms | **December 15, 2025 (Mon)** |

---

claims with prejudice if confirmed as a Discovery Bellwether DAP. In addition, the relevant parties have stipulated that Advanced Spinal Care may amend the Short Form Complaint in case 25-cv-00080, to add Horizon Healthcare Services, Inc. as a defendant and have further stipulated to how such amendment shall "relate back" for purposes of any statutes of limitations. The parties will submit notices of dismissal and appropriate stipulations on these matters.

| | |
|---|---|
| Defendants to file any Motions to Compel on Custodians, Sources, and Search Terms | December 15 (Mon) through December 22, 2025 (Mon) |

> **D. Plaintiffs' Motion to Compel MultiPlan's Production of Documents Concerning Medical Audit and Review Solutions ("MARS").**

Motion filed at ECF No. 576. Plaintiffs filed this motion on November 6, 2025. There is no briefing schedule yet for this motion.

*Plaintiffs' Position:* Plaintiffs' position is set out in the motion to compel, which is short because the issue is straightforward. Plaintiffs request that the Court set a prompt briefing schedule for MultiPlan to respond to this short motion. Plaintiffs respectfully request that the Court allow Plaintiffs an opportunity to file a reply to MultiPlan's opposition to address any newly raised arguments.

*MultiPlan's Position:* This is Plaintiffs' fifth motion to compel solely against MultiPlan in the last few months—in what now appears to MultiPlan to be part of an overall strategy to inundate MultiPlan with motions practice wherever MultiPlan objects to Plaintiffs' overbroad discovery.

This latest motion to compel, as even a cursory review makes clear, is as bare-bones as it gets, conspicuously avoiding any discussion about the substance of the parties' actual dispute and the various arguments discussed. MultiPlan looks forward to responding to this latest motion whenever the Court may order. But MultiPlan is concerned about sandbagging: by filing a motion with barely one page of argument, Plaintiffs apparently seek to reserve their full arguments and positions for a reply brief, as to which MultiPlan will not have a chance to meaningfully respond in writing. To prevent this gamesmanship, MultiPlan respectfully asks that the Court set an opposition due date (whenever the Court may deem appropriate, but preferably after the November

4

14, 2025 conference, so that MultiPlan may appropriately focus on the items currently before the Court), and that no other briefing be allowed.

      **E.    Settlement Appointment.**

Pursuant to the Court's October 14 Minute Order (ECF No. 564), Coordinating Counsel (Christopher Seeger), Interim Class Liasion Counsel (Shawn Rabin), and Defendants' Coordinating Counsel (Sadik Huseny) are continuing to meet and confer regarding the potential appointment of a settlement mediator or settlement special master.

**III.    Plaintiffs' Requested Additional Topics**

      **A.    Source Code Protective Order.**

*Plaintiffs' Position*

The Parties have been meeting and conferring since late September regarding the terms of a proposed source code protective order in anticipation of the production of source code by one or more Defendants. Plaintiffs have followed up on October 8, October 22, and November 3. In an attempt to resolve this issue in advance of filing this JSR, Plaintiffs also made a proposal for MultiPlan on November 7 to provide dates by which it would deliver a copy of the protective order and access to its source code that Plaintiffs have been following up on, but MultiPlan did not agree to that proposal. Plaintiffs are willing to continue to negotiate in good faith and will bring any remaining disputes to the Court's attention if needed.

*Defendants' Position:*

Defendants do not believe the parties should include topics in JSRs that are not ripe for the Court's attention.

On this specific issue, in addition to the extensive discovery requests related to structured data and document productions addressed by the Court in multiple previous hearings (and to be

addressed at this hearing), Plaintiffs have also asked for extremely broad productions of source code from various Defendants. MultiPlan has agreed to produce certain source code, and the parties have met and conferred, and are continuing to meet and confer, about the parameters of such productions, including as to an appropriate supplemental protective order/production order for source code. MultiPlan is drafting that supplemental protective order/production order and notified Plaintiffs, earlier this week, that it was aiming to provide a draft by the end of the week, which would allow the parties to continue focusing their meet and confer discussions on this issue.

There is thus nothing currently in dispute for the Court's determination. When Defendants flagged that Plaintiffs should not include unripe issues in this JSR, Plaintiffs responded by stating, the morning of the filing of this JSR, that they would remove this section only if MultiPlan agreed to specific demands regarding source code deadlines. MultiPlan refused, finding it inappropriate to use a JSR in such a manner.

Dated: November 7, 2025

/s/ Sadik Huseny
Sadik Huseny (*pro hac vice*)
**LATHAM & WATKINS LLP**
300 Colorado Street, Suite 2400
Austin, TX 78701
Tel.: (737) 910-7300
sadik.huseny@lw.com

*Defendants' Coordinating Counsel*

/s/ Shawn Rabin
Shawn J. Rabin (*pro hac vice*)
**SUSMAN GODFREY LLP**
One Manhattan West, 50th Floor
New York, NY 10001-8602
Tel.: (212) 336-8330
srabin@susmangodfrey.com

*Interim Class Liaison Counsel*

/s/ Christopher A. Seeger
Christopher A. Seeger
**SEEGER WEISS LLP**
55 Challenger Road 6th Fl.
Ridgefield Park, NJ 07660
Tel.: (973) 639-9100
cseeger@seegerweiss.com

*Plaintiffs' Coordinating Counsel*