UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION** | Case No. 1:24-cv-06795<br>MDL No. 3121 |
| This Document Relates To:<br><br>*Hill Country Emergency Medical Associates, P.A. v. MultiPlan, Inc.*, 1:24-cv-11234 | Hon. Matthew F. Kennelly |

### MEMORANDUM REGARDING PROPRIETY OF JOINDER OF ALL PLAINTIFFS IN CASE NO. 24-CV-11234

Pursuant to the Court's November 14, 2025 order (ECF 586), Plaintiffs in *Hill Country Emergency Medical Associates, P.A. v. MultiPlan, Inc., et al.*, No. 24-cv-11234 (N.D. Ill. 2024) submit this memorandum explaining the propriety of joinder of all plaintiffs named in that action under Rule 20(a) of the Federal Rules of Civil Procedure. Each of the 207[1] plaintiffs in *Hill Country* is an independently owned professional practice that is a part of the TeamHealth system of companies (the "TeamHealth Plaintiffs"). Collectively, they provide hospital-based physician services in emergency rooms around the country.

The TeamHealth Plaintiffs' claims arise from the same transaction, occurrence, or series of transactions and occurrences—Defendants' adoption and use of MultiPlan's common out-of-network repricing methodology, which allegedly suppressed reimbursements across payors and geographies. Long-standing Seventh Circuit case law holds that, in an antitrust case, "allegedly injured parties may join as plaintiffs under Rule 20(a)." *Kainz v. Anheuser-Busch, Inc.*, 194 F.2d

---

[1] The initial complaint, filed on October 31, 2024, included 203 TeamHealth entities. *Hill Country*, ECF 1. On November 13, 2024, TeamHealth Plaintiffs added six entities in an amended complaint. *Id.* ECF 15. On October 23, 2025, two TeamHealth Plaintiffs—Emergency Physician Associates of Nebraska, P.C. and Idaho Emergency Medical Group, P.C.—voluntarily dismissed their claims without prejudice as to all Defendants. *Id.* ECF 72.

1

737, 742 (7th Cir. 1952). The existence of this antitrust conspiracy also presents a common question of law or fact, including the use of common evidence from Defendants' executives, Defendants' documents, and expert witnesses to prove that Defendants agreed to restrain trade in violation of Section 1 of the Sherman Act.

Joinder of the TeamHealth Plaintiffs in a single complaint will not cause prejudice, expense, or delay. Defendants face the same causes of action based on the same facts and legal theories, and these claims are likely to be resolved together. Rather, joinder will increase efficiency by avoiding the expense and delay of requiring service to be effectuated 207 times and requiring the parties to coordinate filing appearances, answers, and stipulations across 207 actions. This Court's bellwether process will enhance these efficiencies. Four of the TeamHealth Plaintiffs (Texas Medicine Resources, LLP; Southeastern Emergency Physicians, LLC; Emergency Services of Oklahoma, P.C.; and Emergency Physician Services of New York, P.C.) are bellwethers and are advancing on an expedited schedule with common custodians and sources, providing a structured pathway to resolve recurring liability and damages issues.[2]

## BACKGROUND

The 207 TeamHealth Plaintiffs in the *Hill Country* action[3] are hospital-based physician practices that provide emergency medicine, critical care, acute care surgery, ambulatory care, obstetrics and gynecology, and related hospital-based services at healthcare facilities nationwide. In hospital emergency departments, they provide around-the-clock care, including required medical screening examinations regardless of ability to pay and stabilization of emergency

---

[2] In addition, the Court's Order will also limit the length of CM/ECF headers in filings going forward, reducing burden on all parties and the Court.

[3] These physician groups include InPatient Consultants of North Carolina, P.C. Counsel apologizes for not identifying InPatient Consultants of North Carolina, P.C. as a plaintiff during the November 14, 2025 status conference.

conditions before discharge or transfer, consistent with federal emergency-care obligations. 42 C.F.R. § 489.24. The majority of these practices are independently owned by physicians, but they are a part of the TeamHealth system of companies, which provides centralized support and back-office services, including billing infrastructure and revenue cycle management so that these physicians can focus on practicing medicine. *See Hill Country*, ECF 62 (Notification of Affiliates). Among other things, TeamHealth supports these practices' continuing medical education, rate negotiations, and billing.

The TeamHealth Plaintiffs allege that Defendants agreed to and implemented a common out-of-network pricing methodology, which resulted in cut-rate payments to healthcare providers across the United States. Each TeamHealth Plaintiff provided out-of-network services to patients and submitted claims for those services to payors; those claims were transmitted to MultiPlan for repricing; and MultiPlan applied its common methodology, resulting in the claims being paid at suppressed rates. Each TeamHealth Plaintiff asserts federal antitrust claims under Section 1 of the Sherman Act against the same set of Defendants under the same theories of liability.

The TeamHealth Plaintiffs chose to proceed in a single, consolidated complaint to reduce logistical complexity and to reflect how they operate in practice. All of them are a part of the TeamHealth system of companies and share centralized back-office functions, including billing infrastructure and revenue cycle management. Many of the witnesses and documents relevant to this action will come from the same small set of back-office and executive leadership personnel at TeamHealth, a reality disclosed in the initial complaint. *See Hill Country*, ECF 1 ¶¶ 34–36.

To date, the parties in *Hill Country* have been able to address service of process, case stipulations, and other matters in a consolidated fashion because the TeamHealth Plaintiffs brought their claims in one complaint. Going forward, the TeamHealth Plaintiffs' centralized billing and data systems, common back-office personnel, and overlapping executive-level custodians will

streamline discovery on out-of-network ("OON") pricing and payments. Four TeamHealth Plaintiffs—Texas Medicine Resources, LLP; Southeastern Emergency Physicians, LLC; Emergency Services of Oklahoma, P.C.; and Emergency Physician Services of New York, P.C.—are bellwethers. They have proposed common custodians, and are proceeding on a schedule designed to meet the Court's January 23, 2026 deadline for the substantial completion of document discovery.[4]

## LEGAL STANDARD

Rule 20(a) permits the joinder of plaintiffs who assert any right to relief "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and where "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(A)–(B). Rule 20(a) is intended to promote trial convenience, judicial economy, and the efficient resolution of disputes, thereby preventing multiple lawsuits. *Bailey v. N. Tr. Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000). Federal policy generally favors joinder when the requirements of Rule 20(a) are satisfied and joinder does not result in undue prejudice. *Malibu Media, LLC v. John Does 1-14,* 287 F.R.D. 513, 519 (N.D. Ind. 2012); *see also Dorsey v. Varga*, 55 F.4th 1094, 1102–04 (7th Cir. 2022) (reversing denial of joinder).

Rule 20(a)'s "same transaction or occurrence" requirement is satisfied where the claims are linked by a logical relationship—i.e., arising from a consistent course of dealing or coordinated conduct and involving overlapping proof. *See, e.g.*, *Zamora v. Jaddou*, 347 F.R.D. 505, 507–08 (N.D. Ill. 2024) (applying logical-relationship test); *In re Price*, 42 F.3d 1068, 1073 (7th Cir. 1994) (same); 7 C. Wright, et al., *Fed. Prac. & Proc. Civ.* § 1653 (3d ed. 2025) (discussing logical-

---

[4] On November 7, 2025, well in advance of the DAP bellwether discovery deadlines, the TeamHealth Plaintiffs served responses and objections to Defendants' Third Set of Requests for Production and provided lists of proposed custodians, non-custodial sources (e.g., network share files), and search terms. Proposed custodians include Leif Murphy, TeamHealth's President and Chief Executive Officer, and other senior personnel.

relationship test). This flexible standard permits "the broadest possible scope of the action consistent with fairness to the parties," and treats "all logically related events entitling a person to institute a legal action" as a single "transaction" or "occurrence." 25 Fed. Proc., L. Ed. § 59:169. The "common question" requirement is met when claims share a legal or factual nexus that justifies joint consideration in one action. *See Preston v. Wiegand*, 573 F. Supp. 3d 1299, 1305–06 (N.D. Ill. 2021) (holding that shared allegations of reasons for termination satisfied common-question requirement). In antitrust matters, the Seventh Circuit has long recognized that allegedly injured parties may join as plaintiffs where their injuries stem from the same conspiracy or course of anticompetitive conduct. *See Kainz*, 194 F.2d at 742–43 (finding joinder of three partnerships and one individual plaintiff proper in alleged conspiracy between Anheuser-Busch and favored distributors to drive plaintiffs out of business through wholesale price discrimination).

## ARGUMENT

### I. The Claims Arise From the Same Transaction, Occurrence, or Series of Transactions or Occurrences

The requirements of Rule 20(a)(1)(A) are met here. The TeamHealth Plaintiffs' claims all arise from Defendants' adoption and use of MultiPlan's common out-of-network repricing methodology to suppress reimbursements paid to them for OON services. Each TeamHealth Plaintiff provided OON services, submitted claims for those services to payors; and those payors used MultiPlan's OON pricing methodology to underpay for those services. This course of dealing constitutes a "series of transactions or occurrences" for Rule 20(a)(1)(A) purposes. 25 Fed. Proc., L. Ed. § 59:169; *Zamora*, 347 F.R.D. at 507. The alleged conspiracy between Defendants also satisfies the logical relationship test. *See Kainz*, 194 F.2d at 739–43 (confirming conspiracy-based joinder under Rule 20). *Cf. Estee Lauder Cosms. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 187 (N.D. Ill. 2020) (assessing relationship between defendants to determine if there was "evidentiary overlap in proving what one defendant did or

5

another did"). In addition, proof of the alleged conspiracy—including the design and operation of the repricing methodology and its competitive effects—will be common and rely on Defendants' documents and testimony, MultiPlan's systems and data, and common expert analyses. *See Kainz*, 194 F.2d at 742–43 (evidence required to support Plaintiffs claims would be the same for each member of the class, despite differences in individual transactions).

The Seventh Circuit's decision in *Kainz* confirms this point. There, multiple plaintiffs alleged injury from a single antitrust conspiracy in the Chicago beer market. 194 F.2d at 738–39. After the district court denied joinder, dropped all but one plaintiff, and ordered the plaintiffs to file separate complaints alleging the same conspiracy, the Seventh Circuit reversed. *Id.* at 738–39. It held that all of the plaintiffs could be joined in the same case because their claims arose from the same "series of transactions or occurrences" and shared common questions. *Id.* at 739–43. As the court explained, there is "no question" that "persons claiming to have been injured in their respective businesses by another's conspiracy to violate Sections 1 [or] 2 of the Anti-trust Act" may proceed together under Rule 20(a) because "the tort complained of by each plaintiff is the same and is claimed to have damaged each of the plaintiffs in the same manner." *Id.* at 741–42. The same conclusion follows here.[5]

## II. Common Questions of Law and Fact Regarding the Existence of the Conspiracy will Arise for All Plaintiffs

Rule 20(a)(1)(B) is likewise satisfied. The TeamHealth Plaintiffs assert the same Sherman Act Section 1 claims. Proof of the conspiracy, its implementation, and its anticompetitive effects will rely on common evidence and common legal arguments, including testimony from Defendants' executives, Defendants' documents, MultiPlan's systems and data, and a common set

---

[5] The TeamHealth Plaintiffs have not found a Seventh Circuit decision distinguishing or overruling *Kainz*. The operative text of Rule 20(a) addressed in *Kainz* remains materially unchanged, and leading treatises continue to cite *Kainz* with approval. *See, e.g.*, 25 Fed. Proc., L. Ed. § 59:169; 7 C. Wright, et al., *Fed. Prac. & Proc. Civ.* § 1654.

of expert witnesses. *Kainz*, 194 F.2d at 742–43. To the extent that the TeamHealth Plaintiffs' documents are relevant to the existence of the alleged conspiracy, these Plaintiffs utilize a single back-end system for tracking billing and revenue and a common set of witnesses from their back-end operations will be made available as document custodians and deponents. *Id.* at 741–43.

**III.     Joinder Advances Efficiency and Fairness**

Rule 20 is designed to avoid duplicative proceedings and inconsistent adjudications when claims are factually and legally intertwined. *Hohlbein v. Heritage Mut. Ins. Co.*, 106 F.R.D. 73, 78 (E.D. Wis. 1985). Here, proceeding in a single action avoids duplicative filings and dockets associated with this MDL. The TeamHealth Plaintiffs had to serve one complaint, not 207 separate complaints. When a Defendant needs to appear in the *Hill Country* action, they file one notice of appearance, not 207 notices of appearance for a single attorney. When a defendant files an answer, they file a single answer to a single complaint, not 207 answers containing the same denials and defenses to the same set of allegations. If the TeamHealth Plaintiffs reach a settlement with a Defendant and agree to voluntarily dismiss that Defendant, they will file one stipulation of dismissal, not 207 stipulations. In other words, the consolidated nature of this action enhances overall efficiency.

Nor has joinder created unfair prejudice, undue expense, or delay. The Defendants in the *Hill Country* action face the same legal claims based on the same alleged conduct. The TeamHealth Plaintiffs' core allegations regarding the existence of an agreement in restraint of trade will rise or fall based on a common set of evidence and legal arguments. Coordinated discovery and the Court's bellwether structure further promote efficiency and proportionality. That bellwether process will generate guidance on liability and damages issues common to all TeamHealth Plaintiffs and streamline any subsequent discovery, motions practice, and settlement efforts.

## **CONCLUSION**

The TeamHealth Plaintiffs satisfy Rule 20(a)(1). Their claims arise from the same series of transactions or occurrences and present common questions of law and fact, and joinder promotes efficiency without unfair prejudice. The Court's existing bellwether process provide additional assurance that the case can be managed fairly and efficiently. Joinder is proper.

Dated: November 21, 2025                  VINSON & ELKINS LLP

*/s/ Stephen M. Medlock*
Stephen M. Medlock
Stephen Cohen
Rami Abdallah E. Rashmawi
2200 Pennsylvania Ave., N.W.
Suite 500 W
Washington, D.C. 20037
Tel: (202) 639-6500
Fax: (202) 639-6604

Michael Scarborough
Dylan Ballard
Madison Lo
555 Mission Street
Suite 2000
San Francisco, CA 94105
Tel: (415) 979-6900
Fax: (415) 651-8786

Mackenzie Newman
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 237-0000
Fax: (212) 237-0100

*Counsel for the TeamHealth Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2025, a copy of the foregoing document was electronically filed through the CM/ECF system and was also served via electronic mail on counsel of record.

*/s/ Stephen M. Medlock*
Stephen M. Medlock