UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 1:24-cv-06795<br>MDL No. 3121<br><br>Hon. Matthew F. Kennelly |

**PLAINTIFFS' MOTION TO COMPEL MULTIPLAN'S PRODUCTION OF DOCUMENTS CONCERNING MEDICAL AUDIT AND REVIEW SOLUTIONS ("MARS")**

Plaintiffs move for an order compelling MultiPlan to produce documents concerning one of its out-of-network claims repricing services knows as "Medical Audit and Review Solutions" or "MARS." Discovery produced to date demonstrates that MultiPlan uses some of it MARS products (among others) to set and suppress out-of-network ("OON") payment amounts for its clients – just as Plaintiffs allege in their complaints. MultiPlan is the only Defendant refusing to produce documents related to MARS, even though it is their product. Documents concerning MARS are plainly relevant to the claims and defenses of this case and are discoverable under Rule 26.

## BACKGROUND

Plaintiffs allege that MultiPlan and the other Defendants conspired to underpay healthcare providers for out-of-network services using a set of repricing services. Evidence produced by MultiPlan suggests that MARS is one such service. For example, a 2015 slide deck from one of MultiPlan's Client Advisory Board ("CAB") meetings is illustrative. The CAB meetings were annual meetings hosted by MultiPlan and attended by many of the payor Defendants at luxury resorts. Declaration of Jeremy R. Kasha, dated November 6, 2025 ("Kasha Decl."), Ex. 1. One of the slides is dedicated to the "MARS Acquisition by MultiPlan" and declares that MultiPlan now incorporates MARS "as part of normal claim/bill processing" – just as alleged in the DAP Complaint. *See id*. at p.2; Master DAP Complaint ¶¶ 135-37 (alleging MultiPlan implemented the cartel by onboarding payors to the MARS system and tweaking it to pay less and less to healthcare providers).

Plaintiffs sought discovery regarding MARS from all Defendants. For example, Request No. 9 of Plaintiffs' Third Set of RFPs seeks:

> All Documents and Communications related to any Payor's utilization of MultiPlan's ON Repricing Services, including, but not limited to, Utilization Reports, Governance

1

> Reports, bills or invoices for MultiPlan's Repricing Services, Performance Reports, including network performance reports, negotiation services performance reports, Data iSight performance reports, Viant performance reports, Pro Pricer performance reports, **MARS** performance reports, HST performance reports, appeals reports, appeals by specialty reports, completed claims reports, and glossaries to such reports, including versions of such reports for claims with UCR or Fair Health flags.

Kasha Decl, Ex. 2 at 10 (emphasis added); *see also id.* at 17-18 (RFP No. 36) (specifically calling for production of "MARS" related documents).

Another thirteen RFPs use defined terms that, in turn, include MARS by name. Specifically, the Third Set of RFPs incorporates the First Set's definitions, including the definition of "OON Repricing Services." *Id.*, Exs. 2 (Third Set) & 3 (First Set). OON Repricing Services are defined to mean "any product or service that reprices, negotiates, or renegotiates the cost of OON Services. Examples of OON Repricing Services include, but are not limited to, Data iSight, Viant, **MARS**, Pro Pricer, HST, and Zelis." *Id.*, Ex. 3 at 6 (Definition No. 14) (emphasis added); *see also id.*, Ex. 2 at 1 (adopting definitions in Plaintiffs' First Set of RFPs). There are twelve RFPs that seek documents concerning "OON Repricing Services", which – by definition – includes MARS. *Id.*, Ex. 2 (RFP Nos. 11, 17, 18, 20, 23, 24, 28, 30, 35, 36, 37, and 41). The thirteenth is RFP No. 27, which seeks documents concerning "abrasion" which, in its turn, is defined to include MARS, again, by name. *Id.* at 1-2, 16.

MultiPlan at first included MARS-related terms in its first two rounds of proposed search terms and sent a hit report that included those terms. *Id.* at ¶ 5. However, MultiPlan now refuses to do so. *Id.* MultiPlan is the only defendant refusing to produce documents related to MARS.

Plaintiffs have met-and-conferred with MultiPlan about the relevance of MARS on numerous occasions, including the Parties' August 14 meet-and-confer regarding MultiPlan's Responses and Objections to Plaintiffs' Third Set of RFPs; the September 15 meet-and-confer regarding MultiPlan's custodians; and the October 27 meet-and-confer regarding MultiPlan's

2

search terms. Finally, Plaintiffs and MultiPlan met and conferred by Zoom on November 3 and 5, 2025. In the second meeting, MultiPlan again refused to produce MARS-related documents, stating that they had all along "taken the position that we do not think these things are relevant". *Id*. at ¶¶ 6-8. The parties are therefore at impasse.

## ARGUMENT

Parties are entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," subject to balancing proportionality. Fed. R. Civ. P. 26(b)(1). If relevance is in doubt, courts should err on the side of permissive discovery." *Coleman v. Illinois*, No. 19 C 3789, 2020 WL 5752149, at *3 (N.D. Ill. Sept. 25, 2020). Moreover, "[c]ourts generally take an expansive view of discovery in antitrust cases." *Kleen Prods. LLC v. Packaging Corp. of Am.*, No. 10C5711, 2013 WL 120240, at *9 (N.D. Ill. Jan. 9, 2013).

MultiPlan cannot prejudge the merits by refusing to produce documents based on its own self-serving determinations of what is or is not relevant to the claims and defenses in the litigation. Every other defendant has agreed to search terms that include the word "MARS". The complaints here allege that MARS is an analytics-based repricing service used by MultiPlan. Master DAP Complaint ¶¶ 135-37; Class Complaint ¶ 136. Discovery produced to date confirms as much. There can be no serious question as to the discoverability of these materials, given the allegations and discovery so far. Rule 26(b)(1) expressly permits discovery of nonprivileged matters relevant to a "party's claim", including Plaintiffs' allegations concerning MARS, as well as anticipated defenses.

Multiplan's sole objection to this discovery is its characterization of MARS as a "payment integrity" service, rather than a "repricing service." *See* Kasha Decl ¶ 5. Pointing to self-serving promotional phrases and slogans is not a legitimate basis for resisting relevant discovery. Indeed,

3

cartel participants rarely advertise their activities as collusive. The precise nature of this service, and whether or not it is in fact part of the alleged cartel, is something Plaintiffs are entitled to test through discovery.

## CONCLUSION

The Court should compel MultiPlan's production of discovery documents related to MARS.

Dated: November 6, 2025

                                        */s/ Jeremy R. Kasha*
                                        Jeremy R. Kasha
                                        **SEEGER WEISS LLP**
                                        100 Church Street
                                        New York, New York 10007
                                        Tel.: (973) 639-9100
                                        Fax: (973) 679-8656
                                        jkasha@seegerweiss.com

Jennifer Scullion
**SEEGER WEISS LLP**
55 Challenger Road 6th Fl.
Ridgefield Park, NJ 07660
Tel: (973) 639-9100
jscullion@seegerweiss.com

**VINSON & ELKINS LLP**
Stephen M. Medlock
2200 Pennsylvania Ave., N.W., Suite 500 W
Washington, D.C. 20037
Tel: (202) 639-6500
smedlock@velaw.com

**ARNALL GOLDEN GREGORY LLP**
Matthew M. Lavin
2100 Pennsylvania Ave., N.W., Suite 350S
Washington, D.C. 20037
Tel: (202) 677-4030
Matt.Lavin@agg.com

**NS PR Law Services, LLC**
Hunter Shkolnik
1302 Avenida Ponce de León

4

Santurce, Puerto Rico 00907
Tel: (787) 493-5088
Hunter@NSPRLaw.com

*Direct Action Plaintiffs' Executive Committee*

**SEEGER WEISS LLP**
Christopher Seeger
55 Challenger Road 6th Fl.
Ridgefield Park, NJ 07660
Tel: (973) 639-9100
cseeger@seegerweiss.com

*Plaintiffs' Coordinating Counsel*

**EDELSON PC**
Natasha J. Fernández-Silber*
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
nfernandezsilber@edelson.com
*Admitted in New York and Michigan only

Sarah R. LaFreniere (*pro hac vice*)
Brandon Baum-Zepeda (*pro hac vice*)*
1255 Union Street NE, Suite 850
Washington, DC 20002
Tel: (202) 270-4777
slafreniere@edelson.com
bbaum-zepeda@edelson.com
*not admitted to practice in DC; practice authorized by D.C. Rule 49(c)(3).

**SUSMAN GODFREY LLP**
William Christopher Carmody (*pro hac vice*)
Shawn J. Rabin (*pro hac vice*)
Stephanie N. Spies (*pro hac vice*)
Thomas K. Boardman (*pro hac vice*)
William J. Melsheimer (*pro hac vice*)
Amanda E. Fischer (*pro hac vice*)
One Manhattan West, 50th Floor
New York, NY 10001-8602
Tel: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sspies@susmangodfrey.com
tboardman@susmangodfrey.com
jmelsheimer@susmangodfrey.com
afischer@susmangodfrey.com

5

Halley W. Josephs (*pro hac vice*)
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
hjosephs@susmangodfrey.com

**BERGER MONTAGUE PC**
Eric L. Cramer (*pro hac vice*)
David F. Sorensen (*pro hac vice*)
Zachary D. Caplan (*pro hac vice*)
Patrick F. Madden (*pro hac vice*)
Jordan T. Hollinger (*pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
ecramer@bergermontague.com
dsorensen@bergermontague.com
zcaplan@bergermontague.com
pmadden@bergermontague.com
thollinger@bergermontague.com

Hope Brinn (*pro hac vice*)
505 Montgomery Street, Suite 325
San Francisco, CA 94111
Tel: (302) 530-6250
hbrinn@bergermontague.com

*Interim Co-Lead Class Counsel*