UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 1:24-cv-06795<br>MDL No. 3121<br><br>Hon. Matthew F. Kennelly |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' UNCLEAN HANDS AFFIRMATIVE DEFENSE**

Plaintiffs move to strike Defendants' unclean hands and/or *in parti delicto* defenses to Plaintiffs' federal antitrust claims.[1]

## INTRODUCTION

Defendants assert that Plaintiffs' and putative class members' own alleged misconduct bars their federal antitrust claims, raising defenses under the doctrines of "unclean hands" (when a plaintiff engages in wrongdoing related to the misconduct at issue) and *in pari delicto* (when a plaintiff participates in the defendants' alleged misconduct). On the basis of these equitable defenses, Defendants seek broad, sensitive, and burdensome discovery, including documents and communications concerning how Plaintiffs set their billed charge amounts (presumably to explore whether Plaintiffs engaged in price coordination or other misconduct), allegations of misconduct leveled against Plaintiffs in other forums (regardless of their connection to this litigation or whether they were ultimately proven), and patient medical records (presumably to explore whether some Plaintiffs engaged in "upcoding" or insurance fraud). Defendants have also intimated that they intend to serve subpoenas on absent members of the proposed class to develop additional evidence of alleged provider misconduct.

The Court should strike these defenses and put a stop to Defendants' fishing expedition. Misconduct by Plaintiffs is not a defense to an antitrust claim brought under federal law. If Defendants believe Plaintiffs have committed fraud or some other misconduct, the proper remedy is to seek appropriate relief for such wrongdoing in a separate proceeding.

[1] Class Plaintiffs allege a single cause of action—an unlawful agreement in restraint of trade in violation of Section 1 of the Sherman Act. *See* Consol. Class Action Compl., ECF No. 172 ¶¶ 328-343. Direct Action Plaintiffs plead several counts under federal antitrust law, as well as a number of claims under state antitrust and consumer protection laws. *See* Master Dir. Action Plf. Am. Compl., ECF No. 182 ¶¶ 729-847. This motion to strike does not pertain to any state law claims asserted by Direct Action Plaintiffs, although all such plaintiffs preserve objections to any efforts by Defendants to justify certain discovery on the basis of any asserted unclean hands defense to the state law claims.

## I. BACKGROUND

Defendants assert that Plaintiffs' and putative class members' federal antitrust claims are barred because they have unclean hands or bear equal responsibility under the doctrine of *in pari delicto* to the extent they allegedly (1) were dishonest in dealings with Defendants; (2) engaged in billing misconduct or fraud (such as inflating their charges or improperly "upcoding" claims); (3) violated federal antitrust law; or (4) have engaged in any of the conduct which they assert subjects Defendants to liability (presumably by participating in the alleged conspiracy). *See* Ex. 1 (listing text of each specific affirmative defense). Although the language of Defendants' allegations differs at the margin, each affirmative defense is substantially the same, with no allegations of specific facts regarding Plaintiffs' supposed misconduct beyond what is described above.[2]

Defendants served broad discovery requests on Plaintiffs, many of which are based on their non-viable unclean hands and *in pari delicto* defenses. For example, Defendants seek all documents and communications related to how providers set their prices for out-of-network ("OON") care. *See* 3rd Set of Requests for Production to Plfs., Nos. 15-17. During the meet-and-confer process, Defendants argued that this discovery was relevant to whether Plaintiffs improperly inflated their charges. Defendants also sought documents regarding which health plans Plaintiffs have purchased for their employees. During the meet-and-confer process, Defendants stated that such discovery was relevant to whether Plaintiffs participate in the alleged cartel by buying plans that utilize MultiPlan's OON repricing services. Defendants have also pursued discovery into "[a]ll . . . medical records for patient visits corresponding" to an unspecified number of "sample" claims. Presumably, these sensitive medical records are sought in hopes that

[2] Defendants' bare bones, conclusory allegations fail "to raise the asserted defense[] above the 'speculative level,'" and the affirmative defense is deficient on this basis alone. *Malibu Media, LLC v. Doe*, No. 13 C 3648, 2014 WL 2581168, at *2 (N.D. Ill. June 9, 2014) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

Defendants might be able to establish that providers "upcoded" their charges or engaged in fraud.

On December 19, 2025, the Parties met and conferred to discuss Plaintiffs' objections to Defendants' affirmative defenses. During that conference and in follow-up correspondence, Plaintiffs notified Defendants that the defenses of unclean hands and *in pari delicto* were not legally viable defenses to a federal antitrust claim. Plaintiffs also requested confirmation that Defendants were seeking discovery on the basis of those defenses (as Defendants had stated during prior meet-and-confer discussions) to determine whether a motion to strike would be necessary. On February 2, 2026, Defendants confirmed that they were "reserving all rights" to seek discovery on the basis of their unclean hands and *in pari delicto* defenses.

On January 21, 2026, the Court entered a stipulated schedule extending the deadline for Defendants to amend their Answers. *See* ECF No. 640. No Defendant chose to amend.

On January 27, 2026, the Parties met and conferred regarding requests for documentation corresponding to a sample of claims. Defendants' proposal sought patient medical records corresponding with an unspecified number of claims, presumably to show alleged upcoding or billing fraud. On that conference, Defendants also intimated that they were contemplating serving subpoenas on absent class members seeking the same information. In follow-up correspondence, Plaintiffs requested clarity regarding what absent class member discovery Defendants intend to seek and the basis for seeking such discovery. Defendants did not respond.[3]

[3] Discovery of absent class members is generally disfavored and is inappropriate for reasons Class Plaintiffs will include in the forthcoming Joint Status Report. To seek such discovery, Defendants must establish, among other things, that the anticipated discovery is necessary, non-harassing, and would not require class members to obtain assistance of counsel to respond. *See Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340–41 (7th Cir. 1974); *In re Loc. TV Advert. Antitrust Litig.*, 2022 WL 2439989, at *2–3 (N.D. Ill. July 5, 2022); *Dennis v. Greatland Home Health Servs., Inc.*, 2020 WL 11563081, at *3–4 (N.D. Ill. Nov. 10, 2020). Defendants cannot make this showing.

## II. LEGAL STANDARD

"The standard for deciding a motion to strike an affirmative defense is effectively the same as the standard for a motion to dismiss a complaint for failure to state a claim." *Malibu Media, LLC v. Doe*, No. 13 C 3648, 2014 WL 2581168, at *2 (N.D. Ill. June 9, 2014). A defendants' pleading must be "plausible on its face" and "must make factual allegations sufficient to raise the asserted defenses above the 'speculative level'" under *Twombly*. *Id.* (quoting *Twombly*, 550 U.S. at 555). The Court may strike an affirmative defense if it is legally insufficient. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

## III. ARGUMENT

### A. Unclean Hands is Not a Valid Defense to a Federal Antitrust Claim.

The Supreme Court has long held that an antitrust plaintiff's alleged wrongdoing—whether it sounds in tort, criminal law, antitrust, or anything else a defendant might conjure up—is not a bar to a federal antitrust claim. In *Kiefer-Stewart Co. v. Joseph E. Seagram & Sons*, 340 U.S. 211 (1951), the Court considered whether alleged price fixing by the plaintiffs was a valid defense to a claim under Section 1 of the Sherman Act. The Court held that the plaintiffs' alleged price fixing would not bar their antitrust claims. *Id.* at 214. If the plaintiffs had engaged in price fixing, the proper remedy would be for the government or an injured party to pursue a separate antitrust action against the plaintiffs. *Id*. "The alleged illegal conduct of petitioner, however, could not legalize the unlawful combination by [the defendants] nor immunize them against liability to those they injured." *Id.*

The Court again addressed the viability of these affirmative defenses in *Perma Life Mufflers, Inc. v. International Parts Corp.* 392 U.S. 134 (1968), which involved an exclusive-dealing claim brought by car parts dealers against car parts manufacturers. The Seventh Circuit

held that the dealer plaintiffs' antitrust claims were barred by the doctrine of *in pari delicto* because the plaintiffs had participated in the alleged exclusive-dealing scheme by knowingly acceding to the manufactures' restrictive agreements and reaping "enormous profits" from them. *Id.* at 138. The Supreme Court reversed, finding that the "doctrine of in pari delicto . . . is not to be recognized as a defense to an antitrust action" for public policy reasons. *Id.* at 140. According to the Court, immunizing cartel participants against claims by plaintiffs who committed wrongdoing was inconsistent with "the purposes of the antitrust laws," which were "best served by insuring that the private action will be an ever-present threat to deter anyone contemplating business behavior in violation of" them. *Id.* at 139 ("The plaintiff who reaps the reward of treble damages may be no less morally reprehensible than the defendant, but the law encourages his suit to further the overriding public policy in favor of competition.").

Consistent with this precedent, federal courts have "virtually abolished the defense of unclean hands or in pari delicto in private antitrust actions." *Waldron v. Brit. Petroleum Co.,* 231 F. Supp. 72, 91 (S.D.N.Y. 1964). This is true in the Seventh Circuit. *See Gen. Leaseways, Inc. v. Nat'l Truck Leasing Ass'n*, 744 F.2d 588, 597 (7th Cir. 1984) (noting the Court "rejected the defense of in *pari delicto* in antitrust cases").[4] It is also true in its sister Circuits,[5] and in district

[4] *See also Scheiber v. Dolby Lab'ys, Inc.*, 293 F.3d 1014, 1022 (7th Cir. 2002) (noting the Supreme Court rejected the defense of *in pari delicto* and unclean hands in antitrust cases); *Hartman Bros. Heating & Air Conditioning v. N.L.R.B.*, 280 F.3d 1110, 1116 (7th Cir. 2002) (same); *In re Dealer Mgmt. Sys. Antitrust Litig.*, 313 F. Supp. 3d 931, 946 (N.D. Ill. 2018) ("[A] plaintiff's wrongdoing is not a defense to an antitrust suit."); *Pinto Trucking Serv., Inc. v. Motor Dispatch, Inc.*, 649 F.2d 530, 534 n.5 (7th Cir. 1981) ("Proof of the plaintiff's unrelated unlawful conduct is not a valid *in pari delicto* defense to an antitrust charge.").

[5] *Memorex Corp. v. Int'l Bus. Machines Corp.*, 555 F.2d 1379, 1381 (9th Cir. 1977) ("'Unclean hands' has not been recognized as a defense to an antitrust action for many years," and "in pari delicto . . . is not to be recognized as a defense to an antitrust action."); *Burlington Indus. v. Milliken & Co.*, 690 F.2d 380, 388 (4th Cir. 1982) ("It is well settled that unclean hands is no bar to antitrust recovery."); *CVD, Inc. v. Raytheon Co.*, 769 F.2d 842, 856 (1st Cir. 1985) ("[T]he defense of *in pari delicto* is not a defense to an antitrust complaint.").

courts across the country.[6] Courts have rejected these defenses in federal antitrust cases regardless of whether the plaintiffs sought monetary damages[7] or injunctive relief,[8] and irrespective of the nature of the plaintiffs' supposed misconduct.[9] Even when an antitrust plaintiff is alleged to have engaged in widespread illegal conduct, courts have held that unclean hands and *in pari delicto* do not constitute viable defenses.[10] *See Memorex Corp. v. Int'l Bus. Machines Corp.*, 555 F.2d 1379, 1382 (9th Cir. 1977) (holding that allegations that plaintiff's entire market presence was based on its illegal conduct were not a defense to an antitrust action).[11]

---

[6] *See Bieter Co. v. Blomquist*, 848 F. Supp. 1446, 1448 (D. Minn. 1994) ("The general rule is that the defenses of unclean hands and in pari delicto are not available in antitrust cases."); *Skil Corp. v. Black & Decker Mfg. Co.*, 351 F. Supp. 65, 66 (N.D. Ill. 1972) (similar); *Steves & Sons, Inc. v. JELD-WEN, Inc.*, No. 3:16-CV-545, 2018 WL 4171496, at *3 (E.D. Va. Aug. 30, 2018) (similar); *Chrysler Corp. v. Gen. Motors Corp.*, 596 F. Supp. 416, 419 (D.D.C. 1984) (similar).

[7] *See PharmacyChecker.com LLC v. LegitScript LLC*, 137 F.4th 1031, 1039 (9th Cir. 2025), *cert. denied*, 146 S. Ct. 209 (2025) ("neither the equitable defense of in pari delicto nor that of unclean hands can act as a complete bar to lawsuits brought under [the treble damages provision] of the Clayton Act"); *Steves & Sons, Inc. v. JELD-WEN, Inc.*, No. 3:16-CV-545, 2018 WL 4171496, at *3 (E.D. Va. Aug. 30, 2018) ("almost all decisions . . . conclude that the defense [of unclean hands] should be equally unavailable, whether the plaintiff is seeking monetary or injunctive relief").

[8] *Skil Corp.*, 351 F. Supp. at 66 ("the doctrine of unclean hands should not prevent a plaintiff from seeking injunctive relief in a private antitrust action"); *Chrysler*, 596 F. Supp. at 419 ("lower courts have almost uniformly declined to permit the unclean hands defense in antitrust suits where injunctive relief is sought").

[9] *See, e.g.*, *Skil*, 351 F. Supp. at 66 (plaintiff accused of illegal price discrimination); *Memorex*, 555 F.2d at 1382 (stealing trade secrets); *Steves & Sons*, 2018 WL 4171496, at *3 (same); *Javelin Corp. v. Uniroyal, Inc.*, 546 F.2d 276, 280 (9th Cir. 1976) (participation in alleged market allocation); *PharmacyChecker.com*, 137 F.4th at 1041-42 (facilitation of illegal pharmaceutical imports).

[10] In *Maltz v. Sax*, 134 F.2d 2, 6 (7th Cir. 1943)—a case predating *Kiefer-Stewart* and *Perma Life*—the Seventh Circuit held that "one conducting a business inseparably connected with gambling (such as making gambling machines) may not recover in an action at law" for violations of the antitrust laws. To the extent *Maltz* held that an unclean hands affirmative defense was available in federal antitrust actions, courts have interpreted *Maltz* to have been either overturned by *Kiefer-Stewart* and *Perma Life*, *see PharmacyChecker.com LLC v. LegitScript LLC*, 710 F. Supp. 3d 856, 881 (D. Or. 2024), or limited to narrow facts not present here, *i.e.*, where the plaintiff's business is entirely connected to gambling or otherwise wholly illegal. *See Linea Internacional de Credito, S.A. v. W. Union Fin. Servs., Inc.*, No. 03 C 6736, 2004 WL 1336302, at *3 (N.D. Ill. June 14, 2004) (because "plaintiff's business is [not] inseparably connected with gambling" nor can "its services . . . only be used in furtherance of gambling[,] *Maltz* does not control").

[11] The only version of an *in pari delicto* defense that may still be viable in a federal antitrust case is limited to circumstances (not present here) in which the plaintiff, "as a direct result of his own actions," bears "substantially equal responsibility for creating and maintaining the unlawful [agreement]" as the defendants. *Gen. Leaseways*, 830 F.2d at 721, 724. The "equal responsibility" doctrine requires that the

Accordingly, Defendants' unclean hands and *in pari delicto* defenses are not legally viable and should be stricken. *See Malibu Media*, 2014 WL 2581168, at *5 (striking legally unviable affirmative defense).

**B. Plaintiffs Are Prejudiced by Defendants' Unclean Hands and *In Pari Delicto* Defenses.**

Although courts in this District do not require a showing of prejudice in order to strike an affirmative defense, *see, e.g.*, *Renalds v. S.R.G. Rest. Grp.*, 119 F. Supp. 2d 800, 802–03 (N.D. Ill. 2000) (laying out standard for motion to strike), Plaintiffs here will be significantly prejudiced if Defendants are permitted to pursue an unclean hands or *in pari delicto* defense. Defendants rely on these defenses to engage in far-reaching discovery to uncover evidence of alleged misconduct by Plaintiffs and class members. Defendants seek information about providers' billing practices, patients' medical records, and healthcare plans offered to their employees over a 13-year period. Defendants seek information concerning any lawsuits or legal proceedings alleging Plaintiffs have ever "engaged in fraud, misrepresented, or otherwise engaged in deceptive or improper conduct" regarding medical services or billing, regardless of whether that conduct was ever proven or has any connection to this litigation. Defs.' 1st Set of Interrogatories to Plfs., No. 7. Defendants also

plaintiff voluntarily participate (*i.e.*, in the absence of economic coercion) in the formation or maintenance of the cartel, or that the conspiracy would not have occurred but for their participation. *See id.* at 722–23 (barring plaintiff from suing association of competing truck companies because plaintiff was on the board of the association, actively "supported the [challenged] restriction and even pressed for its enforcement against other[s]," and "continued to support a system of anticompetitive restrictions" even after filing suit); *Javelin*, 546 F.2d at 279. Defendants do not allege a parallel here. As Defendants explained during the meet-and-confer process, Defendants seek to introduce evidence that certain Plaintiffs (as sponsors of their employees' healthcare benefits plan) have participated in the cartel because the insurance plans they purchased for their employees may submit claims to MultiPlan for repricing. But Defendants do not—and cannot—plausibly allege that Plaintiffs were involved in the creation or maintenance of the conspiracy, *Gen. Leaseways*, 830 F.2d at 721, or that the conspiracy would not have occurred but for their participation. *Javelin*, 546 F.2d at 279. Accordingly, an "equal responsibility" defense fails as a matter of law. *See id.* at 279–80 (although plaintiff "actively participated in" the market allocation scheme and "benefitted by its restraints," its claim was not barred because it did not contribute to "the formation of the conspiracy").

seek all documents and communications regarding how Plaintiffs set their billing rates, which appears to be an attempt to show price coordination or other pricing related misconduct by providers. *See* Defs.' 3rd Set of Requests for Production to Plfs., Nos. 15-17. Defendants have stated that they "reserve[e] all rights" to seek discovery on the basis of these defenses.

Defendants' legally insufficient "unclean hands" and *in pari delicto* defenses should be stricken to prevent such frivolous and burdensome discovery.

## IV. CONCLUSION

In light of the foregoing, the Court should strike Defendants' "unclean hands" and *in pari delicto* affirmative defenses to Plaintiffs' federal antitrust claims with prejudice.

Dated: February 13, 2026

Respectfully submitted,

*/s/ Natasha J. Fernández-Silber*

**EDELSON PC**
Natasha J. Fernández-Silber*
nfernandezsilber@edelson.com
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
*Admitted in New York and Michigan only

Sarah R. LaFreniere (*pro hac vice*)
Brandon Baum-Zepeda (*pro hac vice*)*
1255 Union Street NE, Suite 850
Washington, DC 20002
Tel: (202) 270-4777
slafreniere@edelson.com
bbaum-zepeda@edelson.com
*not admitted to practice in DC; practice authorized by D.C. Rule 49(c)(3).

**SUSMAN GODFREY LLP**
William Christopher Carmody (*pro hac vice*)
Shawn J. Rabin (*pro hac vice*)
Stephanie N. Spies (*pro hac vice*)
Nicholas C. Carullo (*pro hac vice*)
Thomas K. Boardman (*pro hac vice*)
William J. Melsheimer (*pro hac vice*)
Amanda E. Fischer (*pro hac vice*)
One Manhattan West, 50th Floor
New York, NY 10001-8602
Tel: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sspies@susmangodfrey.com
ncarullo@susmangodfrey.com
tboardman@susmangodfrey.com
jmelsheimer@susmangodfrey.com
afischer@susmangodfrey.com

*/s/ Halley W. Josephs*
Halley W. Josephs (*pro hac vice*)
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
hjosephs@susmangodfrey.com

*/s/ Zachary D. Caplan*
Zachary D. Caplan (*pro hac vice*)
**BERGER MONTAGUE PC**
Eric L. Cramer (*pro hac vice*)
David F. Sorensen (*pro hac vice*)
Patrick F. Madden (*pro hac vice*)
Jordan T. Hollinger (*pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
ecramer@bergermontague.com
dsorensen@bergermontague.com
zcaplan@bergermontague.com
pmadden@bergermontague.com
thollinger@bergermontague.com

*Interim Co-Lead Class Counsel*

*/s/ Stephen M. Medlock*
Stephen M. Medlock
**VINSON & ELKINS LLP**
2200 Pennsylvania Ave., N.W., Suite 500 W
Washington, D.C. 20037
Tel: (202) 639-6500
smedlock@velaw.com

*/s/ Jennifer Scullion*
Jennifer Scullion
**SEEGER WEISS LLP**
55 Challenger Road 6th Fl.
Ridgefield Park, NJ 07660
Tel: (973) 639-9100
jscullion@seegerweiss.com

*/s/ Matthew M. Lavin*
Matthew M. Lavin
**GILBERT LLP**
700 Pennsylvania Avenue, SE
Suite 400
Washington, DC 20003
Telephone: (202) 772-2250
Facsimile: (202) 772-3333
lavinm@gilbertlegal.com

*/s/ Hunter Shkolnik*
Hunter Shkolnik
**NS PR Law Services, LLC**
1302 Avenida Ponce de León
Santurce, Puerto Rico 00907
Tel: (787) 493-5088
Hunter@NSPRLaw.com

*Direct Action Plaintiffs' Executive Committee*

*/s/ Christopher Seeger*
Christopher Seeger
**SEEGER WEISS LLP**
55 Challenger Road 6th Fl.
Ridgefield Park, NJ 07660
Tel: (973) 639-9100
cseeger@seegerweiss.com

*Plaintiffs' Coordinating Counsel*