**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 1:24-cv-6795<br>MDL No. 3121<br><br>Hon. Matthew F. Kennelly |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' UNCLEAN HANDS AFFIRMATIVE DEFENSE**

## INTRODUCTION

Plaintiffs move to strike Defendants' unclean hands defense[1] on the ground that it might not bar liability as to a subset of their federal claims—even though there is no dispute that this defense applies to the myriad state-law claims Plaintiffs saw fit to bring. That sort of piecemeal approach—which would only "cause unnecessary delay"—illustrates why motions to strike affirmative defenses are so strongly "disfavored." *Concept Innovation v. CFM Corp.*, 2005 WL 670637, at *2 (N.D. Ill. Mar. 21, 2005).

In any event, Plaintiffs are wrong that the defense does not apply to the federal claims. Unclean hands is a viable and legally cognizable defense to the injunctive relief component of Plaintiffs' federal antitrust claims, as multiple courts have recognized and recent Supreme Court precedent confirms. And Plaintiffs have failed to demonstrate any prejudice from the inclusion of this defense. The Court should deny Plaintiffs' motion.

## I. LEGAL STANDARD

"Rule 12(f) provides that a district court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009) (quoting Fed. R. Civ. P. 12(f)). Although the Court possesses "considerable discretion when ruling on a motion to strike," *FDIC v. Giannoulias*, 918 F. Supp. 2d 768, 771 (N.D. Ill. 2013) (citation omitted), "[t]hat discretion . . . must take note of the overarching principle that striking a defense is a 'drastic

---

[1] As Plaintiffs recognize, while Defendants have enumerated this as an "'[u]nclean [h]ands' [d]efense," *see* Pls.' Ex. 1 to Mot. to Strike, ECF No. 646-1, because Defendants allege that Plaintiffs "bear equal responsibility," it is also viable under "the doctrine of *in pari delicto*," Pls.' Mot. to Strike at 2; *see In re Olympia Brewing Co. Sec. Litig.*, 1985 WL 3928, at *2 (N.D. Ill. Nov. 13, 1985) (explaining that "[t]he doctrine of unclean hands and the doctrine of *in pari delicto* are companion principles"). For ease of reference, this opposition refers to both as an unclean hands defense.

remedy,' which is disfavored and seldom granted," *Riemer v. Chase Bank, N.A.*, 275 F.R.D. 492, 494 (N.D. Ill. 2011); *see Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (similar). Accordingly, courts in this district "will not strike an affirmative defense unless it is clear, as a matter of law, that the defense is insufficient with respect to each of plaintiff's claims." *United States ex rel. Perez v. Stericycle, Inc.*, 2014 WL 983135, at *1 (N.D. Ill. Mar. 12, 2014).

Plaintiffs bear the burden of making this showing, *see id.*, and the "benefit of any doubt should be given" to Defendants, *Wigod v. Wells Fargo Bank, N.A.*, 2012 WL 13395247, at *5 (N.D. Ill. Oct. 25, 2012) (citation omitted).[2] "[D]istrict courts in this Circuit," moreover, "do not generally grant a motion to strike unless the moving party demonstrates that it will be prejudiced by the inclusion of the defense." *Pistolis v. Ameren*, 2021 WL 1758260, at *3 (S.D. Ill. May 4, 2021) (collecting cases); *see* 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 (3d ed. 2025) ("[E]ven when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party.").

## II. ARGUMENT

### A. Unclean Hands Is a Legally Cognizable Defense to Plaintiffs' Claims

Plaintiffs move to strike Defendants' unclean hands defense, claiming it fails as a matter of law as to Plaintiffs' federal antitrust claims. That argument fails for two independent reasons.[3]

---

[2] "Even where a motion to strike is granted," leave to amend "is to be freely given" and a defendant is "not necessarily preclude[d]" from "arguing" the "substantive merits" of a stricken defense "later in the case." *Palomares v. Second Fed. Sav. & Loan Ass'n of Chicago*, 2011 WL 2111978, at *2 (N.D. Ill. May 25, 2011) (citation omitted).

[3] In a footnote, Plaintiffs halfheartedly suggest that this "defense is deficient" because Defendants' allegations are "bare bones and conclusory." Pls.' Mot. to Strike at 2 n.2, ECF No. 646. But Plaintiffs did not raise this objection to Defendants' unclean hands defenses before their January 9, 2026 deadline to raise objections and therefore waived it. Regardless, Defendants' allegations are far from bare bones. *See, e.g.*, Aetna's Affirmative Defenses to DAP Compl. ¶ 21 (alleging

***First***, Plaintiffs' objection does not apply to "each of" their claims and thus cannot justify striking the defense. *See, e.g.*, *Perez*, 2014 WL 983135, at *1–2 (denying motion to strike where movant failed to establish "that the defense is insufficient with respect to each of plaintiff's claims"); *Ferizovic v. Hilton Hotels Rosemont*, 2025 WL 2962627, at *6 (N.D. Ill. Oct. 20, 2025) (denying motion to strike where plaintiff "has alleged at least some claims . . . that . . . are subject to the [affirmative] defense"); *Intercon Sols., Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1065 (N.D. Ill. 2013), *aff'd*, 791 F.3d 729 (7th Cir. 2015) (in action alleging various claims, refusing to strike unclean hands affirmative defense because it "may plausibly be able to defeat [plaintiff's] defamation claims"). Plaintiffs' motion relies exclusively on federal antitrust authority to suggest that Defendants' defense should be stricken. *See* Pls.' Mot. to Strike at 4–7. But Plaintiffs did not bring only federal antitrust claims—the Consolidated Master Direct Action Plaintiff Complaint ("DAP Complaint") asserts a variety of state-law claims, including claims under twenty-six state antitrust statutes and the consumer protection laws of nine states. *See* DAP Compl. ¶¶ 784–837, ECF No. 182. Plaintiffs acknowledge their objection "does not pertain to any [of these] state law claims," Pls.' Mot. to Strike at 1 n.1, which dooms any attempt to strike Defendants' unclean hands defense, *see Perez*, 2014 WL 983135, at *1–2.

***Second***, even if unclean hands is not a defense to federal antitrust *damages* claims, it is a legally cognizable defense to the "injunctive relief" Plaintiffs seek in both the DAP Complaint and the Consolidated Class Action Complaint ("Class Complaint") as part of their federal antitrust

---

that "certain Plaintiffs have engaged in fraudulent and/or misleading billing practices," including "artificially and intentionally inflating their billing, fee-forgiving, and improper coding"), ECF No. 475. In addition, these affirmative defenses were made in Defendants' Answers to a consolidated Class Action Complaint and a consolidated Master DAP Complaint that "set forth the potential claims and facts that individual DAPs may assert in this multidistrict proceeding against Defendants." DAP Compl. ¶ 47. It was therefore not practicable to provide specific allegations as to every putative class member or every conceivable DAP.

claims, *see* DAP Compl. at 238; Class Compl. ¶ 329, ECF No. 172. As the Supreme Court recently emphasized, there is a "strong presumption" that "traditional principles of equity" govern when courts are "faced with requests for equitable relief," and "departure[s]" from these "established principles" are not to be "lightly assume[d]" absent "a clear command from Congress." *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345–48 (2024) (citations omitted); *see, e.g.*, *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 394 (2006) (stressing that "the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion *must* be exercised consistent with traditional principles of equity") (emphasis added). And, as various courts have concluded, "[t]he equitable doctrine of 'unclean hands' is available as a defense to a [request] for an injunction under Section 16 of the Clayton Act," *Louisiana Petroleum Retail Dealers, Inc. v. Texas Co.*, 148 F. Supp. 334, 336 (W.D. La. 1956); *see Singer v. Hollander & Son, Inc.*, 202 F.2d 55, 59–60 (3d Cir. 1953); *Heldman v. U.S. Lawn Tennis Ass'n*, 354 F. Supp. 1241, 1249 (S.D.N.Y. 1973). Indeed, the Supreme Court itself suggested as much in *California v. American Stores*. *See* 495 U.S. 271, 296 (1990) (recognizing that "unclean hands" and other "equitable defenses" may be valid in the context of antitrust injunctive relief).

Plaintiffs resist this conclusion, citing two cases where courts have "declined to permit the unclean hands defense in antitrust suits where injunctive relief is sought." *See* Pls.' Mot. at 6 n.8 (quoting *Chrysler Corp. v. Gen. Motors Corp.*, 596 F. Supp. 416, 419 (D.D.C. 1984); citing *Skil Corp. v. Black & Decker Mfg. Co.*, 351 F. Supp. 65, 66 (N.D. Ill. 1972)). But, as Plaintiffs' own cases recognize, courts are "divided on the applicability of the unclean hands doctrine in private antitrust actions seeking equitable relief." *Skil Corp.*, 351 F. Supp. at 66 (collecting cases on both sides of this split) (cited in Pls.' Mot. at 6 nn. 6, 8–9). That division itself confirms that Plaintiffs' motion should be denied. "A motion to strike should not be granted when the sufficiency of the

defense depends upon . . . unclear questions of law." *United States v. Walerko Tool & Eng'g Corp.*, 784 F. Supp. 1385, 1387 (N.D. Ind. 1992); *see also Hayes v. City of Des Plaines*, 182 F.R.D. 546, 549 (N.D. Ill. 1998) (similar).

In any event, the cases on Plaintiffs' side of this divide are no longer good law. Those decisions presumed that traditional equitable principles like the "unclean hands defense" could not apply in the antitrust context because, in passing "the antitrust . . . laws," Congress "authorize[d] broad equitable relief to serve important national purposes." *Hartman Bros. Heating & Air Conditioning v. NLRB*, 280 F.3d 1110, 1116 (7th Cir. 2002) (cited in Pls.' Mot. at 5 n.4) (citations omitted); *see, e.g.*, *Chrysler*, 596 F. Supp. at 419 (reasoning that "traditional principles of equity" must "yield to the overall public policy of enforcing antitrust laws") (cited in Pls.' Mot. at 6 nn. 6, 8); *Skil Corp.*, 351 F. Supp. at 66 (assuming that "the public interest in terminating anticompetitive conduct takes precedence" over traditional equitable principles) (cited in Pls.' Mot. at 6 nn. 6, 8–9). But, as noted above, the Supreme Court has since clarified that "traditional principles of equity" are not so easily "displace[d]," and that courts may not "depart" from these "established principles" absent "a clear command from Congress." *Starbucks*, 602 U.S. at 345–48 (citations omitted); *see eBay Inc.*, 547 U.S. at 394. Because Section 16 of the Clayton Act contains no such "clear command," *Starbucks*, 602 U.S. at 346; *see* 15 U.S.C. § 26, these "intervening" decisions "trump" any "inconsistent Seventh Circuit precedent that predates" them, *Strautins v. Trustwave Holdings, Inc.*, 27 F. Supp. 3d 871, 879 (N.D. Ill. 2014) (citations omitted); *see Bae v. Peters*, 950 F.2d 469, 478 (7th Cir. 1991) ("If there [is] a conflict between this circuit's precedent and Supreme Court precedent, we are bound to follow the Supreme Court.").

Because unclean hands is a viable defense to Plaintiffs' claims, the motion to strike should be denied.

### B. Plaintiffs Cannot Show Prejudice from Defendants' Unclean Hands Defense

Plaintiffs also fail to establish that they would be "prejudiced" from the "inclusion" of Defendants' unclean hands defense, which is independently fatal to their motion.[4] *Pistolis*, 2021 WL 1758260, at *3.

To begin, as to the vast majority of Plaintiffs bringing this motion (the 36 Discovery Bellwether DAPs), Defendants will still be entitled to seek the full range of discovery related to an unclean hands defense, since Plaintiffs acknowledge that this motion "does not pertain to any state law claims asserted by Direct Action Plaintiffs." Pls.' Mot. to Strike at 1 n.1. This motion should be rejected as to the DAP Complaint on that basis alone.

Regardless, Plaintiffs' claimed prejudice from potential discovery into "providers' billing practices" and "how providers set their prices for out-of-network . . . care," Pls.' Mot. to Strike at 2, 7, also cannot support their motion to strike.[5] Striking Defendant's unclean hands defense as

[4] Plaintiffs suggest that "courts in this District do not require a showing of prejudice in order to strike an affirmative defense." Pls.' Mot. to Strike at 7 (citing a single case that did not address whether this was a requirement). That is incorrect. Courts in this district have made clear that they "will not strike a pleading unless the court can confidently conclude that it is prejudicial to the objecting party." *McDowell v. Morgan Stanley & Co.*, 645 F. Supp. 2d 690, 693 (N.D. Ill. 2009) (collecting cases); *see, e.g.*, *Travis v. Schrimmer*, 1986 WL 4164, at *1 (N.D. Ill. Mar. 17, 1986) (denying motion to strike where "plaintiffs . . . failed to establish sufficient prejudice to support the striking of the affirmative defenses").

[5] Plaintiffs also claim prejudice based on potential discovery into (1) "healthcare plans offered to [Plaintiffs'] employees," (2) "lawsuits or legal proceedings" against Plaintiffs regarding billing practices, and (3) "patients' medical records." Pls.' Mot. to Strike at 1, 7. But striking Defendants' unclean hands defense would not take any of this discovery off the table. The choices Plaintiffs make in structuring their own health plans are plainly relevant to, among other things, the plausibility of Plaintiffs' conspiracy allegations and the relevant market. *See* Defs.' Mot. to Compel at 27, ECF No. 648. Discovery into allegations related to providers' billing practices is relevant for the reasons addressed as to other billing-related discovery. And discovery regarding a sample of patient records is relevant to Plaintiffs' billing practices and to make sense of Plaintiffs' claims data, as Plaintiffs' own motion appears to acknowledge. *See* Pls.' Mot. to Strike at 2–3. To the extent that Plaintiffs believe any of Defendants' requests constitute a "fishing expedition," *id.* at 1, the Court can address such concerns in the normal course of discovery.

to Plaintiffs' federal antitrust claims would not preclude Defendants from seeking discovery into these issues. After all, regardless of the relevance to unclean hands, Plaintiffs' billing practices and pricing related to "out-of-network services" are highly relevant to a bevy of other issues in this case, including Plaintiffs' antitrust standing, relevant market, damages, procompetitive benefits, and other affirmative defenses. *See, e.g.*, Def. Motion to Compel at 11–18; Mem. Op. on Mot. to Dismiss at 24 (noting Plaintiffs' allegations regarding the pricing "characteristics" of "out-of-network services" to justify an alleged market "distinct . . . from in-network services"), ECF No. 428; *id.* at 10–12 (finding Plaintiffs "plausibly alleged a direct injury" based on allegations regarding providers' billing practices). Given that the "scope of discovery is not changed" by Defendants' unclean hands defense, Plaintiffs cannot "demonstrate[]" that they are "prejudiced by the presence of" that "defense[] in the pleadings." *Wells Fargo Bank, N.A. v. Worldwide Shrimp Co.*, 2018 WL 6696607, at *17 (N.D. Ill. Dec. 20, 2018).

## CONCLUSION

For the reasons set forth above, the Court should deny Plaintiffs' motion to strike Defendants' unclean hands defense.

Dated: February 23, 2026

Respectfully submitted,

/s/ Sadik Huseny
Sadik Huseny (pro hac vice)
**LATHAM & WATKINS LLP**
300 Colorado Street, Suite 2400
Austin, TX 78701
Tel.: (737) 910-7300
sadik.huseny@lw.com

*Defendants' Coordinating Counsel*