**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION<br><br>*This Document Relates To:*<br>ALL ACTIONS | Case No. 1:24-cv-06795<br><br>MDL No. 3121<br><br>Hon. Matthew F. Kennelly |

**CASE MANAGEMENT ORDER NO. 28 -**
**DEPOSITION PROTOCOL**

The Plaintiffs in the above-captioned actions (collectively, the "Plaintiffs") and the Defendants in the above-captioned actions (collectively, the "Defendants" and, together with Plaintiffs, the "Parties") have stipulated that the following Protocol will govern the conduct of depositions in the above-captioned actions (the "Actions").

1. **General Principles**

   a. Except as set forth herein, the Federal Rules of Civil Procedure for noticing and conducting depositions shall apply in the Actions.

   b. Depositions. Defendants, Direct Action Plaintiffs Executive Committee, and Co-Lead Class Counsel shall provide each other with email distribution lists to which deposition notices may be sent for party depositions. Deposition notices are deemed served when they are emailed to such distribution lists. The Parties agree to confer and cooperate regarding the scheduling and logistics of depositions and will work in good faith to agree on a reasonable location for in-person depositions that is convenient to the witness. Depositions shall be taken in-person pursuant to the Federal Rules of Civil Procedure unless the Party noticing the deposition designates the deposition to be taken remotely pursuant

to the terms of this Protocol in the notice of deposition. If a deposition is in-person, all questioning attorneys must be present in-person. However, the parties agree to make reasonable accommodations for remote questioning in the event of travel difficulties, illness, or similar exigencies. Attorneys may observe in-person depositions remotely and object on the record, but they may not question the witness.

c. Vendors. The Parties agree to use a remote deposition platform with industry-standard security features enabled to conduct remote depositions and prevent the public disclosure of protected confidential information.[1] A remote deposition may be conducted by a video-conferencing platform, or by other means agreed to by the Parties. All private chat features on the remote deposition and exhibit platforms shall be disabled. Plaintiffs and Defendants will ensure that their respective court reporting vendors and their representatives present at any deposition agree to be bound by the operative protective orders entered in the Actions. The Parties also agree that the vendors shall not share any confidential information or work product of Plaintiffs with Defendants or vice versa.

2. **Deposition Procedures**

a. Stenographic Recording. Pursuant to Federal Rule of Civil Procedure 30(b)(5), all depositions (in-person and remote) shall be conducted before a certified court reporter, and the certified court reporter shall simultaneously

[1] For purposes of this Protocol, use of Zoom technology with a passcode-protected meeting room shall constitute sufficient security features.

stenographically record all deposition proceedings and testimony. The court reporter shall administer the oath or affirmation to the witness. In the case of a remote deposition, the court reporter may administer the oath or affirmation to the witness through the remote deposition video platform from a different location than the witness, and such oath or affirmation shall be deemed valid and effective pursuant to applicable law to the same extent as if the oath or affirmation had been delivered in the physical presence of the witness. The written transcript by the court reporter shall constitute the official record of the deposition for purposes of Rules 30 and 32 in the Actions.

b. Videoconferencing. Depositions may be transmitted via videoconferencing that shall include both live video and audio of the witness and may include live presentation of a rough draft transcript in real time during the deposition. With the exception of the court reporter and videographer, who may record the video stream of a deposition to ensure the accuracy of transcription or to avoid audiovisual loss, video streams shall not be recorded, shared, or otherwise transmitted to any person who is not authorized to attend the deposition.

c. Time Keeping. The court reporter or videographer shall maintain a total "on the record" running time for actual deposition testimony to record how much time is taken in each deposition by each Party.

d. Remote Deposition Logistics

   i. In order to facilitate reliable use of the remote deposition video and exhibit platforms, each participant in any remote deposition shall be responsible for acquiring, maintaining, and utilizing computer, audio,

and video equipment necessary to conduct the remote deposition. The Parties shall work collaboratively and in good faith with the relevant court reporting vendor to assess each witness's technological capabilities and to troubleshoot any issues in advance of each remote deposition.

ii. The witness must be the only person in the room during the time the witness is testifying on the record during a remote deposition with the exception of any attorney(s) representing the witness. While on the record, any attorney physically present in the same room as the witness will log into the remote deposition platform separately and have their respective cameras on and be audible at all times through individual or shared audio feeds (e.g., all individuals in a room may share one telephone dial-in for audio). The witness may be asked on the record to identify any and all attorney(s) physically present in the same room as the witness. If another person enters the room during the time the witness is testifying on the record, the witness (or the witness's counsel) must disclose that a person has entered and disclose the identity of such person. If any of the participants object to the person's presence, the person will be directed to leave the room. From the beginning of the time that another person is in the room with the witness, the time on the record will be stopped and the questioning attorney will pause questioning until the witness confirms that he or she is the only person

in the room with the exception of any attorney(s) representing the witness.

iii. The witness, questioning attorney(s), and defending attorney(s) shall be visible through the remote deposition video platform while on the record throughout the remote deposition.

iv. Before any remote deposition, witnesses will be instructed by their counsel, or if unrepresented, by the first questioning attorney, that they may not use or consult any means of communication while on the record during the deposition (other than audio and video communications used to conduct the deposition itself), including without limitation electronic communications (e.g., email, text, social media) and other communications (e.g., telephone).

v. If the witness consults any document(s) or information while on the record during the deposition and the document(s) is not marked as an exhibit, the witness shall disclose at the time they are consulting such documents that they are in fact consulting documents and shall disclose such documents on the record. At the request of the questioning attorney, the defending attorney shall make copies of any document that the witness consults during the course of questioning in a deposition and provide it to the questioning attorney.

vi. No participant other than the questioning and defending attorney(s), and as needed the court reporter, videographer, or remote platform operator to resolve technical issues, shall communicate or attempt to

communicate with the witness in any way while proceedings are on the record for any remote deposition. No participant shall communicate or attempt to communicate with the witness while the remote deposition is on the record through any means other than the remote deposition video and exhibit platforms, except that the videographer or remote platform operator may communicate with the witness to resolve technical issues through means other than the remote deposition video and exhibit platforms; the defending attorney may participate in any such communication.

vii. The Parties agree to work collaboratively to address, troubleshoot, and resolve any technical issues that arise during a remote deposition.

1. If a technical issue prevents the court reporter, questioning attorney, defending attorney, or witness from speaking to, seeing, or hearing other participants, the remote deposition shall be deemed off the record from that time until the issue is resolved.
2. If the court reporter, questioning attorney, defending attorney, or witness becomes disconnected from the remote deposition video or exhibit platform during the remote deposition, the deposition shall be deemed off the record from that time until the issue is resolved.
3. Should technical issues prevent the court reporter from reliably hearing or transcribing the testimony at any remote deposition

taken pursuant to this Protocol and such technical issue cannot be remedied in a timely manner, the questioning attorney, defending attorney, and other attending counsel shall meet, confer, and cooperate with one another to address the problem, including but not limited to agreeing to reschedule the deposition.

e. Cost of Deposition. The noticing Party shall bear the expense of both videotaping and stenographic recording. The Parties shall each bear their own costs for obtaining copies of written transcripts and video recordings. These provisions do not override, and are subject to, any later court-ordered award of costs and expenses as may apply.

f. Identification of Persons in Attendance. Before commencement of the deposition, each witness, attorney, and any other person attending the deposition shall provide the court reporter his or her name, the name of his or her firm or company, business address, and the name of the client he or she represents. The list of these people shall be included at the beginning of the deposition transcript.

g. Index. For all remote and videotaped depositions, the videographer shall use a time counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to the time counter, that identifies the points on the recording at which exhibits were introduced and at which examination by different counsel begins and ends.

3. **Limitations on Depositions**

a. Deposition Limits.

i. Plaintiffs may take up to 145 total fact depositions of all Defendants.

ii. Defendants may take up to 145 total fact depositions of Plaintiffs, with a presumptive limit of four per Plaintiff with fewer than 100 non-medical employees.

iii. Rule 30(b)(6) depositions count toward these limits, and each seven hours of Rule 30(b)(6) examination shall count as one deposition by the noticing side for purposes of these limits.

iv. Depositions of former employees of any Party count toward these limits.

v. Plaintiffs and Defendants each reserve the right to seek additional 30(b)(1) depositions or 30(b)(6) depositions or hours based on a showing of good cause. In the event of such a request, Plaintiffs or Defendants shall meet and confer. If the meet and confer process is unsuccessful, Plaintiffs or Defendants may attempt to resolve the dispute by raising it with the Court.

vi. The following depositions shall not count against the aforementioned limits:

1. Depositions of non-parties (for the avoidance of doubt, depositions of former employees of Plaintiffs or Defendants are not non-party depositions and count toward the party deposition limits);

and

2. Depositions pursuant to Section 3(c)—Un-deposed Trial Witnesses.

b. Rule 30(b)(6) Depositions. The Parties may notice one 30(b)(6) deposition per Party, which will count towards the deposition limits according to the above section. Rule 30(b)(6) depositions must be noticed at least 30 calendar days in advance of the proposed deposition date. The Parties will use their best efforts to notice Rule 30(b)(6) depositions so as to allow the Parties to coordinate the timing of the depositions of a corporate representative designated under Rule 30(b)(6) and the deposition of that individual as a fact witness under Rule 30(b)(1). A Party receiving notice of a deposition pursuant to Rule 30(b)(6) will have twenty-one (21) calendar days from the date of receipt to object to the notice and any topics for examination, and the noticing Party and the noticed Party will meet and confer in good faith to attempt to resolve any such objections. The Party noticed for a Rule 30(b)(6) deposition must identify the individual(s) designated to testify on its behalf and the topic(s) on which such individual(s) is designated to testify no later than fourteen (14) calendar days prior to the commencement of the Rule 30(b)(6) deposition.

c. Un-deposed Trial Witnesses. The Parties agree that, for any individual identified by an opposing Party as a trial witness who has not already been deposed, the Party identifying the witness as a trial witness shall make all reasonable efforts to make the witness available for deposition by the opposing Party reasonably in advance of trial.

d. Deponents. Each witness may be deposed only once as a fact witness in these Actions unless the Parties agree or the Court orders otherwise. This limitation will not affect the right of any Party to seek to depose as a fact witness an individual who has been previously deposed as a Rule 30(b)(6) designee or of other Parties to object to such deposition. This limitation likewise will not affect the right of any Party to seek a corporate representative deposition under Rule 30(b)(6) when the corporate representative has been previously deposed as a fact witness, or of other Parties to object to such depositions. In cases where a witness is deposed in more than one capacity, the examining Party shall attempt in good faith to state on the record when the witness is being examined in their capacity as a 30(b)(6) corporate representative and when they are being examined in their capacity as a 30(b)(1) fact witness solely for purposes of timekeeping against the agreed deposition limits. With the exception of Rule 30(b)(6) depositions where multiple witnesses have been designated, the Parties shall use their best efforts to complete any such deposition in a single day. At least seven (7) calendar days prior to a deposition where a witness being examined as both a 30(b)(1) and 30(b)(6) witness, the defending party will use best efforts to inform the examining party whether, if the deposition reaches 7 hours on the record on the first day and the questioning attorney(s) have further questions to ask, the witness will continue for additional time that day, or resume on the next day.

e. Deposition Length. Except as otherwise stated in this Protocol, the length of depositions shall be governed by Federal Rule of Civil Procedure 30, provided,

however, that no deposition shall continue for more than 10 hours on any single day (inclusive of breaks/meal times) absent consent of the witness and that, following any examination of the witness by defending or cross-noticing counsel, the noticing party/ies shall be entitled to re-examine the witness for a total of the same amount of time that the witness is examined by any defending or cross-noticing counsel, even if the total examination time exceeds 7 hours.

f. Allocation of Time. All counsel seeking to examine a witness shall confer in good faith before the deposition to allocate examination time among any counsel intending to participate and ask questions at the deposition. In addition, for each deposition of a Defendant or non-party, Direct Action Plaintiffs' Executive Committee and Interim Co-Lead Class Counsel shall cooperate to identify among themselves up to two examining attorneys. Those examining attorneys shall cooperate among themselves to divide the time used for the examination of the witness and to avoid repeating questions on matters previously covered by the Plaintiffs' first examiner.

4. **Scheduling and Location of Deposition**

a. Scheduling. The Parties agree that they will work in good faith to coordinate the scheduling of depositions at a mutually convenient time. The noticed party will respond to the party issuing the notice within fourteen (14) calendar days and, if necessary, will counter-propose at least two alternative dates on which the witness and his or her counsel will be available for the deposition within ten (10) calendar days of the originally proposed date of the deposition. If two such dates are not available, the Parties shall meet and confer in good faith regarding

the exceptional circumstances surrounding the scheduling of the deposition. Disputes regarding deposition scheduling that cannot be resolved by the Parties shall be decided by the Court. Parties shall notify all other Parties via the designated email distribution lists within one business day of changing the scheduling, location, or format of a deposition.

a. Multitracking of depositions is expected where appropriate. However, the Parties shall use their reasonable best efforts to ensure that no more than two employees of a single Plaintiff or a single Defendant may be scheduled for a deposition on the same day.

b. Witnesses who are former employees of a Party may be requested to appear at depositions by notice of deposition served on counsel for their former employer and no deposition subpoena shall be required. The Parties will use their best efforts to make available their respective former employees whose depositions have been noticed without requiring a subpoena. A former employee retains the right to request issuance of a deposition subpoena for any reason within twenty-one (21) calendar days service of the notice on counsel for the witness's former employee. If a Party is unable to produce a former employee without a subpoena, it shall notify the Party requesting the deposition within twenty-one (21) calendar days of receiving the deposition notice and shall provide the requesting Party the last known contact information for the former employee or former employee's counsel (if known). In the event a former employee requests issuance of a subpoena, or the former employer of the witness is unable to

timely produce a former employee without a subpoena, the Party requesting the deposition of the former employee may issue a subpoena.

c. Location. The noticing party shall determine the location for party depositions. Unless otherwise agreed upon, all Party, former employee, and non-party depositions shall be taken within the greater metropolitan area of the witness's primary residence or place of business. Depositions of expert witnesses shall occur in the location selected by the counsel defending the deposition of the expert witness.

5. **Documents and Exhibit**

a. Exhibit Numbering. Each document marked for identification at a deposition shall be marked with an exhibit number. Any documents reviewed or notes made by a witness while a deposition is on the record shall be preserved, made available to all Parties' counsel, and made a deposition exhibit.

b. Exhibits – In-Person Depositions

i. Each examining Party shall make best efforts to provide hard copies of documents used as exhibits in a deposition to the witness, the lawyer defending the witness, plus three additional copies to be shared among other counsel attending the deposition in person. To facilitate the provision of exhibits, each Party should notify the noticing counsel of the anticipated number and identities of attendees.

ii. The parties will confer in good faith to ensure that the witness has access to a laptop computer to examine any electronic exhibits that cannot reasonably be presented in hard copy, such as spreadsheets, to be

provided by the court reporter service or the defending attorney. Other exhibits may also be displayed electronically during in-person depositions along with the paper copies.

c. <u>Exhibits- Remote Depositions</u>

i. The questioning attorney(s) shall use the remote deposition exhibit platform to mark and publish all exhibits that are used during a remote deposition.

ii. Marking of exhibits via the remote deposition exhibit platform may be accomplished through the use of a remote technician provided by Plaintiffs' or Defendants' court reporting vendor.

iii. Exhibits marked and shown to the witness using the remote deposition exhibit platform shall be attached to the deposition record to the same extent as if the exhibits were physically marked and shown to the witness in person.

iv. If a witness has specific needs for hard-copy documents at a remote deposition, the parties will meet and confer regarding that issue in good faith in advance of the deposition so that hard copies may be prepared and delivered to the witness by the start of the deposition. In that event, the noticing party also shall provide hard copies for the witness's counsel.

d. <u>Production of Documents by Non-Party Witnesses.</u> If a non-party witness subpoenaed to produce documents does not provide documents within ten (10) calendar days before the date of a scheduled deposition, the noticing party shall

have the right to reschedule the deposition to allow time for inspection of the documents before the examination commences.

6. **Objections**

   a. Objections. All objections shall be made pursuant to Federal Rule of Civil Procedure 30(c)(2) and stated in a non-argumentative and non-suggestive manner.

   b. Preserving Objections. As soon as any one attorney representing a Party to the Actions or representing the witness objects to the form of a question, then all Parties have preserved all possible objections to the form of the question. Counsel for other Parties or the witness need not repeat their objections in order to preserve them for the record. Similarly, if the examining attorney objects or moves to strike following the answer, then all Parties' objections to the responsiveness of the answer are preserved without repetition by other counsel. Counsel for each side at a deposition are deemed to have joined objections interposed by their side and need not state that they join in those objections. Counsel should not make repetitive objections if another attorney has already stated an objection. If a technology issue prevents counsel representing the witness at a remote deposition from hearing a question or making a timely objection on the record, that counsel shall notify the other deposition attendees as soon as possible. Defending counsel's objection shall be deemed preserved if the objection is made on the record promptly following the resolution of the technical issue.

c. Instructions Not to Answer; Suspension of a Deposition. Instructions to the witness not to answer are improper except on the basis of privilege, Court order, or for any other basis allowable under the law. If a deposition is suspended pursuant to Rule 30(d)(3), the Party that suspended the deposition shall file and serve a motion for a protective order under Rule 26(c) within seven (7) calendar days of suspension of the deposition. If no motion for a protective order is filed, within fourteen (14) calendar days of the suspension of the deposition, a motion to compel and for sanctions under Rule 37 may be filed and served.

d. If counsel for a witness reasonably believes that a witness will invoke his or her Fifth Amendment rights in response to all or nearly all substantive questions, counsel for the witness shall inform Defendants' Coordinating Counsel, Direct Action Plaintiffs Executive Committee. and Interim Co-Lead Class Counsel of that fact as soon as reasonably possible, but in no case later than three (3) business days prior to the deposition. The parties shall cooperate on the efficient questioning of witnesses who intend to invoke their Fifth Amendment rights in response to all or nearly all substantive questions.

7. **Non-Party/Non-Expert Witnesses**[2]

a. Notice. With the exception of former employees of a Party (see Section 4.b above), non-party witnesses (defined as those non-party witnesses who are not designated as testifying experts or whom a Party does not intend to offer as an expert at trial or otherwise in the course of the action) subpoenaed or noticed to

[2] These provisions do not apply to experts who may be retained by the Parties or to a Party's former employee.

testify shall, absent good cause, be noticed and served with the subpoena or deposition notice at least 28 calendar days before the scheduled deposition. A Party issuing a subpoena or deposition notice to a non-party may specify a proposed "placeholder" date for the deposition but must then meet and confer with counsel for the non-party (if known) and the other Parties in the Actions in an effort to agree on a date and time for the deposition. All Parties shall be provided with a copy of the deposition notice pursuant to Rule 45(a) via serving that subpoena on the designated email distribution lists. The noticing Party may specify a location for the deposition pursuant to Section 4(c). Thereafter the noticing Party, any Party that serves a cross-notice, and the witness or counsel for the witness shall negotiate in good faith and undertake reasonable efforts to find an agreeable date and location for the deposition, which may include the negotiation of additional time for the non-party to collect and produce any requested documents, as well as for inspection of the documents, before the deposition commences.

b. Cross-Notices of Non-Party Witness Depositions. When a Party serves a deposition subpoena on a non-party witness, other Parties who wish to conduct direct examination of that witness must cross-notice that deposition within ten(10) calendar days.

c. <u>Allocation of Time.</u> For depositions of a non-party witness, unless otherwise agreed, the noticing Party and all Parties on the noticing Party's side in the Actions shall have seven (7) hours to examine the witness if the deposition was not cross-noticed. If a Non-Party Witness Deposition is cross-noticed, the

Parties shall meet and confer regarding an equitable allocation of examination time, but absent agreement the noticing Party and cross-noticing Party shall be limited to four and a half (4.5) hours of examination time each. One side's failure to use its 4.5 hours of time shall not result in such time being awarded to the other side, unless the Parties agree to some other allotment in advance of the deposition. However, Parties shall not cross-notice simply to cut short the noticing Party's time. Nothing herein prevents a Party from seeking to extend a non-party's deposition pursuant to a stipulation or a showing of good cause.

d. Deposition Protocol. Where a non-party witness is represented by counsel not already representing a Party to the Actions, noticing counsel shall provide a copy of this Protocol and the operative protective order to the witness's counsel along with the deposition notice or subpoena.

8. **Correction and Signing Depositions**

a. Signature. The transcript of a deposition shall be provided to the witness for correction and signature within thirty (30) calendar days after the end of the deposition. The deposition may be signed by the witness, and any errata to the deposition may be provided within sixty (60) calendar days after the transcript is submitted to the witness. If no corrections are made during this time, the transcript will be final and presumed accurate.

9. **Further Stipulations by the Parties**

a. This Case Management Order may be modified at any time by agreement of the Parties or by order of the Court.

b. Unless otherwise ordered by the Court, depositions taken by any Party pursuant to this Protocol may be made available and used in all Actions for any purpose permitted under the Federal Rules of Civil Procedure. However, nothing in this Protocol is intended to permit the use or admissibility of evidence that would otherwise be inadmissible under the applicable rules of evidence or other evidentiary law or rule.

c. Pursuant to Rule 29(a), the recorded video provided in a digital file by Plaintiffs' or Defendants' court reporting vendor may be used as if it were a recording prepared by a certified videographer, and all Parties waive any objections in the Actions based on the authenticity of such digital files.

d. An appearance by counsel representing the witness at a remote deposition is a representation that the witness is who he or she claims to be.

e. During a remote deposition, the time zone of the witness's location will be the relevant time zone for the deposition.

f. The Parties will use their best efforts to have non-party witnesses and their counsel comply with the Parties' agreements relating to depositions.

**IT IS SO ORDERED.**

Dated:
3/3/2025

Hon. Matthew F. Kennelly