

**SEEGERWEISS** LLP

NEW YORK • NEW JERSEY • PHILADELPHIA

March 16, 2026

The Honorable Matthew F. Kennelly
United States District Court for the Northern District of Illinois
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, IL 60604

> **Re:** **Multiplan Health Insurance Provider Litigation**
> **Case No. 1:24-cv-06795; MDL No. 3121**
> **This Document Relates to: All Actions**

Dear Judge Kennelly:

We write on behalf of the Direct Action Plaintiffs' Executive Committee ("DAP EC") concerning the pending request for entry of a Common Benefit Order. ECF 408.

The DAP EC understood from Your Honor's comments at the February 27, 2026 Case Management Conference that the Court does not intend to rule on the request at this time. The DAP EC is, of course, respectful of the Court's schedule. The DAP EC is not requesting any further briefing on these issues. We write to clarify why entry of a Common Benefit Order is important to the ability of the DAP EC to carry out its duties under Case Management Order 3 [ECF 156], and to request that Your Honor consider entering the DAP EC's proposed order at this time.

As court-appointed leadership counsel under CMO 3, each DAP EC member is required to co-lead litigation of DAP claims not just for their own clients, but for the benefit of all DAPs collectively. To illustrate the scope of this responsibility: the 36 Discovery Bellwether DAPs are represented by a mix of DAP EC and non-EC firms, as are the hundreds of DAPs on file. Additionally, most of the 15 Defendants in active bellwether discovery were named by only some of the Discovery Bellwether DAPs. Yet DAP EC firms are obligated to prepare cases against all of these Defendants— regardless of which Bellwether DAP named them, or whether any DAP EC member named them at all.

This is appropriate given the size and complexity of the case, and the DAP EC members have been cooperating effectively. However, the DAP EC firms are devoting considerable time and resources to their CMO 3 duties without any order establishing the ground rules for how DAP EC work is assigned, what time and expenses may be compensated or reimbursed as common-benefit work, and how to fund the substantial vendor and other expenses incurred for the common benefit of all DAPs. The absence of a Common Benefit Order also leaves the DAP EC without guidance on assigning common-benefit work to — and collecting expense funding from — the non-EC firms representing Discovery Bellwether DAPs who wish to be actively involved and to whom the DAP EC would like to give appropriate assignments.

The Honorable Matthew F. Kennelly
March 16, 2026
Page 2

Clear ground rules are needed given the volume of work now facing the DAP EC: analyzing the millions of documents and vast amounts of claims data that Bellwether Defendants will produce through early June; taking the scores of depositions expected through the end of fact discovery in late January; litigating anticipated summary judgment and related motions; and preparing bellwether cases for trial. The DAPs' proposed Common Benefit Order [ECF 408-1] is designed to provide those ground rules for all firms working for the common benefit of all DAPs. *See also* Manual for Complex Litigation, 4th, § 14.215 (endorsing orders confirming "the method for compensation" for court-appointed leadership and a fund for common expenses)[1].

For all of the above reasons, and those set forth in the prior submission and at hearing, the DAP EC respectfully requests that Your Honor consider entering a Common Benefit Order at this time.

Respectfully submitted,

*/s/ Christopher A. Seeger*

Christopher A. Seeger

cc: Counsel of Record by ECF

---

[1] The proposed Common Benefit Order includes a "holdback" from settlements and judgments to ensure appropriate compensation for common-benefit work is determined before funds are disbursed. If the Court prefers not to set a holdback or any specific percentage at this time, the DAP EC respectfully requests entry of a Common Benefit Order establishing the ground rules for assignments and compensable common-benefit time, leaving the holdback issue for a further order.