

March 16, 2026

<u>VIA</u> **ECF**
The Honorable Matthew F. Kennelly
United States District Court for the Northern District of Illinois
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street, Courtroom 2103
Chicago, IL 60604

Re:     *In re Multiplan Health Insurance Provider Litigation*
          Case No. 24-cv-06795, MDL 3121
          This Document Relates to: All Actions

Dear Judge Kennelly:

Interim Class Counsel writes in response to the letter submitted by the Direct Action Plaintiffs' Executive Committee ("DAP EC") on March 16, 2026.[1] ECF No. 665.

Interim Class Counsel reiterates the position set forth in its prior briefing: The pending CBO dispute should be tabled until class certification, or, if not tabled, modified and narrowed to avoid sweeping too broadly by including absent class members. *See* Class Plfs.' Opp. to DAP's Proposed CBO, ECF No. 426. As previously explained, Interim Class Counsel has no objection to the Court's entry of a time and expense protocol governing work performed by DAP EC counsel on behalf of DAPs who are currently before this Court and have filed actions in this MDL. However, the CBO the DAP EC has proposed—and again asks the Court to enter in full in its March 16 letter—sweeps far more broadly and applies to all cases "later filed in, transferred to, or removed to this Court," as well as to "federal and state claims . . . regardless of whether the Covered Claims of the client at issue have been filed in the MDL." DAPs' Proposed CBO, ECF No. 408-1, ¶¶ 3–4. This would reach current members of the proposed Class—absent plaintiffs who are already represented by Class Counsel, who have not opted out, and who have had no opportunity to oppose the imposition of a set-aside on their future recoveries. Courts have repeatedly declined to enter common benefit orders with such reach at this early stage of litigation, before class certification and before absent class members have received notice of their opt-out rights. *See* ECF No. 426 at 4–6 (collecting cases). Nothing in the DAP EC's letter changes this analysis—it simply recharacterizes the CBO as an administrative necessity.

---

[1] During the February 27, 2026 Case Management Conference, the Court indicated that it did not intend to rule on the pending Common Benefit Order ("CBO") at this time. Hr'g Tr. 4:1-4.

If the DAP EC wishes to resubmit a CBO that is more narrowly tailored to address the logistical issues mentioned in their March 16, 2026 letter (*i.e.*, one that is limited to DAP counsel and clients currently before the Court), Interim Class Counsel would not be opposed. But the DAPs' proposed CBO as submitted to the Court (ECF No. 408-1) should not be entered at this time.

Respectfully submitted,

*/s/ Natasha Fernández-Silber*
Natasha Fernández-Silber

*Interim Co-Lead Class Counsel*


Cc (by email):   Counsel of Record by ECF

