**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION | Case No. 1:24-cv-06795 MDL No. 3121 |
| This Document Relates To: | Hon. Matthew F. Kennelly |
| ALL ACTIONS | |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO**
**IDENTIFY CUSTODIAN CELL PHONE NUMBERS AND CARRIERS**

## I.   INTRODUCTION

Plaintiffs move to compel Defendants to respond to Plaintiffs' Interrogatory 9 requesting each Custodian's cell phone numbers and carriers (e.g., Verizon, AT&T) for any cell phones used for professional or business purposes.[1] Plaintiffs seek this information so that they may issue third party subpoenas to obtain cell phone records from the carriers.[2] These cell phone records will show which of Defendants' employees exchanged calls or texts during the relevant time period, including who was involved and when those communications took place. Such written discovery is routinely produced in cases like this because it is probative of whether a conspiracy exists. *See, e.g., In re Outpatient Med. Ctr. Emp. Antitrust Litig.*, 630 F. Supp. 3d 968, 985 (N.D. Ill. 2022) (explaining that "evidence of a high level of interfirm communications" is a "relevant 'plus factor[]' . . . that can bind together allegations of multiple agreements into a single conspiracy") (quoting *Mayor & City Council of Baltimore v. Citigroup, Inc.*, 709 F.3d 129, 136 (2d Cir. 2013)); *In re Generic Pharms. Pricing Antitrust Litig.*, MDL No. 2724, 2025 WL 2483981, at *14 (E.D. Pa. Aug. 27, 2025) (noting on summary judgment that conspiracy evidence is "enhanced by the timing of those calls to and between competitors of various firms"). While Plaintiffs have been able to identify some Custodian phone numbers through Defendants' document productions, a complete accounting is necessary to ensure that carrier subpoenas capture all relevant communications between Defendants' employees — not just those Plaintiffs have been able to

---

[1] Interrogatory No. 9 states: "For each Custodian, identify (a) each cell phone number used by the Custodian for professional or business purposes, whether issued by their employer or not; (b) the Cell Phone Carrier(s) operating each number; (c) the time period each number was in use by the Custodian; and (d) the brand and model of each cell phone used by the Custodian." In the interest of compromise, Plaintiffs are willing to forego information concerning the brand and model of each cell phone used by the Custodian.

[2] These records include automated data logs created and maintained by cell phone carriers that document metadata for every voice call and SMS message. They typically include details such as time, duration, and originating/destination numbers, but not the content of the communications.

1

piece together from produced documents. Plaintiffs' Interrogatory 9 is minimally burdensome, implicates no legitimate privacy interests, and Defendants should be compelled to respond.

Plaintiffs further request that the Court set a briefing schedule on this Motion that would allow it to be fully briefed prior to the April 9, 2026 status conference. Plaintiffs propose that Defendants submit a joint response by April 6, 2026.[3]

## II. DEFENDANTS SHOULD BE COMPELLED TO DISCLOSE CUSTODIAN CELL PHONE NUMBERS AND CELLULAR CARRIERS

"[M]ost [antitrust] cases are constructed out of . . . circumstantial evidence." *In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 662 (7th Cir. 2002). Circumstantial evidence supports an inference of a horizontal conspiracy, even without direct evidence of an agreement. *See Miles Distributors, Inc. v. Specialty Const. Brands, Inc.*, 476 F.3d 442, 449 (7th Cir. 2007).

The existence of communications between defendants is a well-recognized form of circumstantial evidence. *See, e.g., In re Outpatient*, 630 F. Supp. 3d at 985. Regardless of whether the actual content of phone calls or text messages is available, the cell phone records themselves can provide crucial circumstantial evidence corroborating the existence of a conspiracy by showing "the sheer number of contacts between competitors," *In re Catfish Antitrust Litig.*, 908 F. Supp. 400, 405 (N.D. Miss. 1995), or that defendants communicated at suspicious times, such as "after normal business hours and on weekends, including near the times of price increase announcements," *In re Urethane Antitrust Litig.*, 913 F. Supp. 2d 1145, 1156 (D. Kan. 2012). Accordingly, Defendants' cell phone numbers and carriers are routinely disclosed in antitrust cases to help identify such communications. *See, e.g., In re Disposable Contact Lens Antitrust Litig.*,

---

[3] Pursuant to Local Rule 37.2, the Parties met and conferred with all Defendants between March 20 and March 25, 2026, and have subsequently corresponded in writing regarding Interrogatory 9, but were unable to resolve this dispute.

MDL No. 2626, 2016 WL 7374542, at *1 (M.D. Fla. Dec. 6, 2016) (ordering defendants to produce phone numbers and carrier information for cell phones "primarily used for business purposes" and noting "the potential relevance of the information sought is essentially undisputed" (emphasis omitted)); *In re Pork Antitrust Litig.*, No. 18-cv-1776, 2022 WL 972401, at *1 (D. Minn. Mar. 31, 2022) (observing that defendant "provide[d] the cell phone numbers of the custodians").

Plaintiffs have also filed a separate motion to compel the production of any actual text messages exchanged between Defendants' Custodians during the relevant time period, which is still pending before Special Master Grossman. *See* ECF No. 647. This motion is different because it seeks only a list of phone numbers and associated carrier information to be used in crafting subpoenas to cell phone carriers, rather than seeking the production of the actual messages themselves. The cell phone records sought by the carrier subpoenas will include call logs, as well as records of SMS messages that were deleted or otherwise not preserved — information that will not be encompassed by the disclosure of text messages. Such third-party carrier subpoenas are a commonplace discovery tool in conspiracy antitrust cases, including in this District. For example, these records played an important role in *United States v. Penn*, No. 1:20-cr-00152 (D. Colo.), the parallel criminal case to *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill.), as well as in the *Broiler Chicken* case itself. *See Penn*, No. 1:20-cr-00152, ECF No. 670-6 at 8-13 (trial exhibit showing the timing and volume of calls among executives at different defendants used to support the plausibility of a conspiracy).

Defendants' stated objections to this Interrogatory are baseless. Any burden associated with responding to this Interrogatory is limited: Plaintiffs seek only a list of cell phone numbers and carriers for each of the Defendants' Custodians. Such information can be gathered through, for example, asking the Custodians themselves or even reviewing a company directory. Moreover,

3

contrary to Defendants' objections,[4] such discovery implicates minimal privacy interests, as "an individual has no reasonable expectation of privacy" in phone records. *Johnson v. Duxbury, Massachusetts*, 931 F.3d 102, 107 (1st Cir. 2019) (noting "every circuit to have considered the question" has reached the same result); *see also In re Broiler Chicken Antitrust Litig.*, No. 1:16-CV-08637, 2017 WL 6569720, at *2 (N.D. Ill. Dec. 22, 2017) ("The phone numbers dialed from or received by a phone typically are not the type of sensitive information that must be redacted before records are produced to the other side.").

Nor does the Interrogatory seek "discovery on discovery," as Defendants argue it does. "[D]iscovery on discovery" refers to requests "aimed at understanding a party's process and procedure" in responding to discovery requests. *LKQ Corp. v. Kia Motors Am., Inc.*, 345 F.R.D. 152, 158 (N.D. Ill. 2023). This Interrogatory is not aimed at Defendants' discovery process. It is targeted at obtaining information necessary to issue third-party subpoenas to cell phone carriers.

## III.    CONCLUSION

For these reasons, Plaintiffs' motion to compel Defendants to respond to Interrogatory 9 should be granted.

Dated: March 30, 2026

Respectfully submitted,

*/s/ Natasha J. Fernández-Silber*

**EDELSON PC**
Natasha J. Fernández-Silber*
350 N. LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
nfernandezsilber@edelson.com

---

[4] *See, e.g.*, Cigna's Responses and Objections to Plfs.' 2d Set of Interrogatories, No. 9 ("object[ing] to this Interrogatory as harassing, violating personal privacy, and improper 'discovery on discovery.'"); MultiPlan's Responses and Objections to Plfs.' 2d Set of Interrogatories, No. 9 (same).

*Admitted in New York and Michigan only

Sarah R. LaFreniere (*pro hac vice*)
Brandon Baum-Zepeda (*pro hac vice*)*
1255 Union Street NE, Suite 850
Washington, DC 20002
Tel: (202) 270-4777
slafreniere@edelson.com
bbaum-zepeda@edelson.com

*not admitted to practice in DC; practice authorized by D.C. Rule 49(c)(3).

**SUSMAN GODFREY LLP**
William Christopher Carmody (*pro hac vice*)
Shawn J. Rabin (*pro hac vice*)
Stephanie N. Spies (*pro hac vice*)
Thomas K. Boardman (*pro hac vice*)
Amanda E. Fischer (*pro hac vice*)
One Manhattan West, 50th Floor
New York, NY 10001-8602
Tel: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sspies@susmangodfrey.com
tboardman@susmangodfrey.com
afischer@susmangodfrey.com

Halley W. Josephs (*pro hac vice*)
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
hjosephs@susmangodfrey.com

**BERGER MONTAGUE PC**
Eric L. Cramer (*pro hac vice*)
Zachary D. Caplan (*pro hac vice*)
Patrick F. Madden (*pro hac vice*)
Jordan T. Hollinger (*pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
ecramer@bergermontague.com
zcaplan@bergermontague.com
pmadden@bergermontague.com

5

thollinger@bergermontague.com

*Interim Co-Lead Class Counsel*

*/s/ Stephen M. Medlock*
Stephen M. Medlock
**VINSON & ELKINS LLP**
2200 Pennsylvania Ave., N.W., Suite 500 W
Washington, D.C. 20037
Tel: (202) 639-6500
smedlock@velaw.com

Jennifer Scullion
**SEEGER WEISS LLP**
55 Challenger Road 6th Fl.
Ridgefield Park, NJ 07660
Tel: (973) 639-9100
jscullion@seegerweiss.com

Matthew M. Lavin
**GILBERT LLP**
700 Pennsylvania Avenue, SE
Suite 400
Washington, DC 20003
Telephone: (202) 772-2250
Facsimile: (202) 772-3333
lavinm@gilbertlegal.com

Hunter Shkolnik
**NS PR Law Services, LLC**
1302 Avenida Ponce de León
Santurce, Puerto Rico 00907
Tel: (787) 493-5088
Hunter@NSPRLaw.com

*Direct Action Plaintiffs' Executive Committee*

Christopher Seeger
**SEEGER WEISS LLP**
55 Challenger Road 6th Fl.
Ridgefield Park, NJ 07660
Tel: (973) 639-9100
cseeger@seegerweiss.com

*Plaintiffs' Coordinating Counsel*

6