UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 1:24-cv-06795<br>MDL No. 3121<br><br>Hon. Matthew F. Kennelly |

**CLASS PLAINTIFFS' MOTION FOR LEAVE TO FILE
<u>FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT</u>**

## I.     **INTRODUCTION**

Class Plaintiffs Advanced Orthopedic Center, Inc. and Curtis F. Robinson, MD, Inc., d/b/a Panoramic Medicine ("Class Plaintiffs") seek leave to file the proposed First Amended Consolidated Class Action Complaint, attached hereto as **Exhibit A**. A redline reflecting changes to the original Consolidated Class Action Complaint is attached hereto as **Exhibit B**. The proposed amendment satisfies Rule 15(a)'s amendment standard: the amendment will not cause any undue prejudice to Defendants because it will not materially alter the current discovery schedule or the scope of the case, Class Plaintiffs are filing well before the amendment deadline and close of fact discovery, and Class Plaintiffs have a good-faith basis for amendment.

The proposed amendment makes four changes to the operative pleading.

First, it adds two additional healthcare providers as Class Plaintiffs: Douglas Psychotherapy Services LCSW PC, d/b/a Humantold Psychotherapy PC ("Humantold"), and Carnegie Hill Psychiatry PC ("Carnegie Hill"). Both are members of the proposed Class, and each suffered injury from the alleged price-fixing conspiracy. They are prepared to produce the same discovery as the other Class Plaintiffs using the same search methodology (TAR with no search terms) and intend to do so by the substantial completion deadline.

Second, the amendment adds four additional Payor Defendants: (1) Centene Corporation and Health Net of California, Inc. (collectively, "Centene"), (2) Blue Cross and Blue Shield of Massachusetts, Inc. ("BCBSMA"), (3) Aware Integrated, Inc. and BCBSM, Inc. d/b/a Blue Cross Blue Shield of Minnesota (collectively, "BCBSMN"), and (4) CareFirst, Inc. ("CareFirst"). Each of these entities is already an MDL Defendant, and BCBSMA, BCBSMN, and CareFirst are already parties to DAP Discovery Bellwether cases. While Centene is not a party to a Discovery Bellwether case, it is not a stranger to the litigation, and nine months remain in the current fact

1

discovery schedule. The addition of these defendants therefore should not disrupt the current case schedule.

Third, consistent with prior voluntary dismissals, ECF Nos. 256 & 326, the amendment removes former Class Defendants Blue Shield of California Life & Health Insurance Company ("BCBSCA") and Blue Cross and Blue Shield of Florida, Inc. ("BCBSFL").

Fourth, the amendment names one additional UnitedHealth Group Incorporated subsidiary, UnitedHealthcare Insurance Company (collectively, "United"), as a defendant. United recently asserted that Class Plaintiffs had named the incorrect United entity, and that it was responding to Plaintiffs' discovery requests on behalf of the appropriate payor affiliates. This amendment addresses United's concern.

For the reasons set forth below, Class Plaintiffs respectfully request that the Court grant leave to amend.[1]

## II.    <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave [to amend] when justice so requires." The Seventh Circuit applies this standard liberally, directing that leave be granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citation omitted); *see Foman v. Davis*, 371 U.S.

---

[1] The undersigned counsel conferred with counsel for Defendants regarding this Motion on April 29, 2026. Fernández-Silber Decl. ¶ 18. The next day, Defendants confirmed that they oppose this motion. *Id.* On April 17, 2026, Interim Class Counsel met and conferred with counsel for Centene as to whether Centene would consent to this amendment based on this information revealed in discovery, but Centene declined. Fernández-Silber Decl. ¶ 6. Centene also participated in the April 29, 2026 meet and confer.

178, 182 (1962) (identifying same limited bases for denying leave to amend); *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 523 (7th Cir. 2015) (noting the "well-established liberal standard for amendment with leave of court under Rule 15(a)(2)").

## III.    ARGUMENT

Courts in the Seventh Circuit grant leave to amend absent undue prejudice, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, or futility. *Bausch*, 630 F.3d at 562. None of those factors is present here, so the Court should grant leave to amend.

### A.    The Proposed Amendment Will Not Cause Undue Prejudice

The Seventh Circuit and its district courts routinely find that amendments impose no undue prejudice where, as here, discovery is not yet complete and no trial date looms. *See, e.g., Gardner v. S. Ry. Sys.*, 675 F.2d 949, 953 (7th Cir. 1982) (affirming grant of leave to amend answer where amendment left sufficient time for the plaintiff to respond and did not impair the plaintiff's ability to identify witnesses); *McDaniel v. Loyola Univ. Med. Ctr.*, 317 F.R.D. 72, 75–78 (N.D. Ill. 2016) (granting leave to amend after the close of written fact discovery but before the close of expert and oral fact discovery because any need for additional discovery would "not greatly impact the progress of th[e] case").

By contrast, courts deny leave to amend on the basis of undue prejudice where an amendment comes so late and brings such a dramatic shift in the issues to be litigated that it would effectively deny one party the opportunity to respond to an argument, substantially deprive the parties of the benefit of time and resources expended to that point, or force the parties to fully re-litigate the case on theories that should have been raised earlier. *See, e.g., Johnson v. Cypress Hill*, 641 F.3d 867, 872–73 (7th Cir. 2011) (affirming denial of leave to amend where fact discovery had closed, summary judgment was pending, and the amendment would require reopening

3

discovery and allow the plaintiff "to change the course of the litigation").[2] The proposed amendment does not present any of these challenges.

*First,* the amendment introduces no new theories of liability or forms of requested relief. The sole claim in the proposed First Amended Consolidated Class Action Complaint is the same claim already asserted by the Class Plaintiffs against the existing Defendants: a price-fixing violation of Section 1 of the Sherman Act arising out of the alleged MultiPlan Cartel. The proposed amendment also seeks the same monetary damages and injunctive relief as the prior complaint.

*Second,* all four newly named Payor Defendants—Centene, BCBSMA, BCBSMN, and CareFirst—are already named Defendants in this MDL and are on notice of the allegations against them. Three of them—BCBSMA, BCBSMN, and CareFirst—are Defendants in one or more DAP Discovery Bellwether cases within this MDL and are already actively participating in discovery. Adding these Defendants to the Class Plaintiffs' Complaint will not substantially expand their discovery obligations: The discovery requests that have already been served on these Defendants were jointly authored and served by DAP and Class Plaintiffs.[3] Moreover, all Defendants in the

---

[2] *See also Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 774–75 (7th Cir. 1995) (affirming denial of leave to amend following summary judgment where amendment would require the parties to "re-litigate the dispute on new bases" and the plaintiffs "offered no explanation whatsoever for the delay"); *Ferguson v. Roberts*, 11 F.3d 696, 706–07 (7th Cir. 1993) (affirming denial where the parties were facing a "fast-approaching trial date" and amendment would introduce "new complex and serious charges" requiring additional discovery); *Caterpillar Inc. v. Est. of Lacefield-Cole*, 520 F. Supp. 2d 989, 995 (N.D. Ill. 2007) (denying leave to amend where the parties had already "invested time and resources into two rounds of briefing for summary judgment with no hint from the [the party seeking to amend] that discovery was necessary before that process could be fruitful").

[3] The proposed amendment may affect the scope of the newly named Payor Defendants' structured data productions. In the DAP Discovery Bellwether Actions, these Payor Defendants have refused to produce data for claims submitted by providers other than the Bellwether DAPs. The DAPs have never agreed to this limitation, nor was it ever ordered by the Court. However, Class Plaintiffs commit to working with the newly named Defendants to tailor the scope of and deadlines for structured data productions as necessary while avoiding disruption to the overall discovery schedule.

MDL have been producing discovery to all Parties, *see* ECF No. 440, so these three new Class Payor Defendants will not need to re-produce any of the documents they have already produced. Nor will they need to renegotiate custodians or search terms.

Centene, while not currently a Defendant in a proceeding selected as a DAP Discovery Bellwether, is no stranger to this litigation. Centene was a party to certain complaints before the Judicial Panel on Multidistrict Litigation consolidated the cases in this Court. After the proceedings were consolidated, counsel for Centene contacted Interim Co-Lead Class Counsel to request that they not be included as a Defendant in the Consolidated Amended Class Action Complaint on the basis that Centene's use of Data iSight was very limited. *See* Declaration of Natasha Fernández-Silber ("Fernández-Silber Decl.") ¶ 3. On the basis of this representation, Centene was not included as a party but was still named as a co-conspirator in the Consolidated Amended Class Action Complaint. *See id.* ¶ 4; ECF 172 ¶ 42 (identifying Centene as a co-conspirator who contracted with MultiPlan, used MultiPlan's out-of-network claims repricing services, and participated in the alleged scheme). However, MultiPlan produced documents in discovery indicating that a Centene subsidiary, Health Net of California, Inc., made greater use of MultiPlan's repricing services than had previously been represented.[4] Fernández-Silber Decl. ¶ 5. This information materially altered Class Plaintiffs' understanding of Centene's role in the alleged

---

[4] To avoid unnecessarily sealing this filing, Class Plaintiffs have not attached as exhibits any discovery materials that revealed the substantial role Centene and the other newly named Payor Defendants have in the cartel. *See* Transcript of November 14, 2025 Status Hearing at 14–16 (Court requesting that the Parties limit filing under seal); CMO 13 ¶ 19.a, ECF No. 242 (requiring that a filing be provisionally sealed whenever it contains information designated as Confidential or Highly Confidential). If the Court believes that reviewing these discovery materials is necessary to evaluate this motion, Class Plaintiffs will make the documents available for the Court's review in whatever format it prefers, including through *in camera* review or a sealed filing.

cartel, and therefore prompted Class Plaintiffs to move to add Centene as a Defendant. *Id.* Any delay in naming Centene is therefore attributable to Centene's own prior representations.[5]

Promoting a previously named co-conspirator such as Centene to the status of named Defendant does not expand the scope of the claims in this case. The case involves a single conspiracy, so each member of the conspiracy—regardless of its size or the extent of its participation—is "liable for all damages caused by the conspiracy's entire output." *Paper Sys. Inc. v. Nippon Paper Indus. Co.*, 281 F.3d 629, 632 (7th Cir. 2002). Accordingly, adding Centene as a Defendant merely permits the Class to pursue damages from a party whose joint-and-several liability for the conspiracy was already alleged.

*Third,* even if adding Centene, BCBSMA, BCBSMN, and CareFirst requires some additional effort from Defendants, that consequence does not "qualif[y] as a sufficient basis to deny leave to amend." *Acquaviva v. Vill. of Glenview*, No. 25-cv-6463, 2025 WL 3692678, at *2 (N.D. Ill. Dec. 21, 2025) (Kennelly, J.). If anything, discovery taken to date will streamline discovery for the four new Class Payor Defendants, including Centene, and will prevent disruptions to the current case schedule. For example, the Class Plaintiffs have already successfully resolved disputes with other Defendants regarding search terms, custodians, and myriad other issues, which will help reduce and efficiently resolve any similar issues with Centene. The already narrowed and agreed-upon terms of discovery with the current Defendants will form the outer bounds of what is requested from Centene, eliminating the need for the extensive and prolonged iteration involved in the original negotiations. And there are still **nine months** left until the January 29, 2027 fact discovery deadline. Scheduling Order, CMO No. 26 (ECF No. 652).

---

[5] Centene is also named as a Defendant in several "Track 2" DAP actions and will be subject to eventual discovery in those actions as well.

Class Counsel will work with Centene immediately upon their inclusion in the proceedings to establish the scope of discovery and a production schedule that will allow Centene to catch up with the Defendants already participating in DAP and Class discovery.

*Fourth*, adding Humantold and Carnegie Hill as named Class Plaintiffs introduces no new claims and does not expand the proposed Class's substantive allegations. Both are healthcare providers that received below-competitive compensation for out-of-network services—the same antitrust injury suffered by the existing named Class Plaintiffs and the proposed Class. Their addition will therefore have minimal impact on the discovery Defendants seek. Nor will their addition disrupt the existing schedule for Class Plaintiffs' productions. Humantold and Carnegie Hill are prepared to produce the same discovery that existing Class Plaintiffs have agreed to produce and intend to meet every deadline in the current schedule, including the early June 2026 document and structured data substantial completion deadlines. To make sure they can meet those deadlines, in the course of their investigation of these proposed plaintiffs' claims, Class Plaintiffs have already begun collecting custodial files from all key decisionmakers and all members of the billing teams for the two proposed new plaintiffs and are prepared to search and conduct relevance and privilege reviews immediately. Fernández-Silber Decl. ¶¶ 16–17. Moreover, both proposed new plaintiffs intend to use TAR-review without search terms (as the current Class Plaintiffs have), eliminating the need to negotiate over search terms. Class Plaintiffs are committed to meeting and conferring with Defendants immediately upon filing the First Amended Consolidated Class Action Complaint to resolve any issues regarding custodians and data fields, and to begin a rolling production of documents as quickly as possible, to substantially complete production by the current deadline, and to produce deponents for questioning on the same schedule as the current plaintiffs.

*Lastly*, this amendment is not coming at the tail-end of discovery. Significant discovery from all parties remains outstanding. No party has completed a substantial production of their responsive documents or their structured data, and only one deposition—a Rule 30(b)(6) deposition of Multiplan limited to questions about MultiPlan's data—has been taken. As of the time of this filing, many Bellwether DAPs are continuing to negotiate search terms and custodians, and MultiPlan only recently resolved its pending dispute with all Plaintiffs concerning search terms. Apr. 30, 2026 Order, ECF No. 701 (resolving dispute). Defendants thus have ample time to complete discovery regarding the two additional proposed Class representatives without prejudice, and Centene has plenty of runway to be brought into the fold on a reasonable schedule within the current deadlines.

## B. There Has Been No Undue Delay

"[D]elay by itself is normally an insufficient reason to deny a motion for leave to amend." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004). Rather, "[d]elay must be coupled with some other reason. Typically, that reason … is prejudice to the non-moving party." *Id.* When evaluating amendments sought due to facts uncovered in discovery, judges in this district have been particularly unwilling to find undue delay, recognizing the reality that "[i]t takes some time for parties to review and analyze the documents that they receive in discovery." *McDaniel*, 317 F.R.D. at 77 (granting leave to amend after "alleged six-month delay following Defendants' production," and recognizing that "[c]ourts in this Circuit have allowed amendment following longer delays").

Here, there has been no undue delay. Class Plaintiffs seek leave to amend more than two months before the July 16, 2026 deadline for motions to amend pleadings, and nine months before the close of fact discovery on January 29, 2027. Scheduling Order, CMO No. 26 (ECF No. 652). Moreover, Class Plaintiffs moved promptly after their ongoing fact investigation revealed that four

8

additional payors—Centene, BCBSMA, BCBSMN, and CareFirst—contributed significantly to the harms caused by the cartel and should be named as Defendants.

Defendants may argue that Class Plaintiffs should have added new defendants more promptly upon uncovering evidence suggesting participation in the alleged conspiracy, but that logic would create rushed, seriatim amendments and ignores the reality of document review and deliberative, strategic decision-making. Particularly in cases of this size, documents are produced on a rolling basis, ingested into document review systems where they are reviewed and subject to a process where important, relevant documents are flagged and elevated to decision-making attorneys. *See McDaniel*, 317 F.R.D. at 77 (finding that a six-month delay was not undue or prejudicial, acknowledging that "[i]t takes some time for parties to review and analyze the documents that they receive in discovery" in a case where only 32,000 documents were produced). Since beginning document review, Class Counsel have thoughtfully assessed the evidence, which includes over 500,000 documents produced to date, to determine whether additional parties should be named, with the intention of limiting the number of amendments and moving well in advance of the July 16, 2026 deadline for motions to amend pleadings. *See* Scheduling Order, CMO No. 26 (ECF No. 652). Having heard the Court's comments regarding the case schedule and proposed DAP amendments at the April 9, 2026 status conference, Class Plaintiffs promptly concluded their analysis and raised the issue of amending the complaint with Defendants and Centene.

Class Plaintiffs also moved to amend promptly upon identifying Humantold and Carnegie Hill as additional suitable class representatives. Courts regularly approve the addition of class representatives later in a case, including after discovery has commenced. *See In re Allstate Corp. Sec. Litig.*, 966 F.3d 595, 615 (7th Cir. 2020) (affirming order granting leave to add class representative because it "rearrange[d] the seating chart within a single, ongoing action" and

"amounted to an ordinary pleading amendment"); *Lavender v. Driveline Retail Merch., Inc.*, 2019 WL 4237848, at *4 (C.D. Ill. Sept. 6, 2019) (granting motion to amend to add new class representative and finding it would not cause "undue delay" or "unduly prejudice[]" the defendant, even though "significant discovery ha[d] been conducted"). Here, Humantold and Carnegie were first in touch with Class Counsel about serving as class representatives in the Fall of 2025 and Spring of 2026, respectively. *See* Fernández-Silber Decl. ¶¶ 12–13. Class Counsel, consistent with their obligations as fiduciaries to the proposed Class, then conducted a thorough investigation of these proposed plaintiffs and their claims. Class Counsel took the steps necessary to investigate Humantold and Carnegie's claims and to ensure that they are able and willing to serve as Class representatives under Rule 23 and to timely comply with all discovery obligations in this MDL. *See* Fernández-Silber Decl. ¶¶ 12–14. While vetting these proposed Plaintiffs, Class Counsel also began to preemptively collect their documents and data. With those steps now complete, Class Plaintiffs seek to add Humantold and Carnegie as additional class representatives.

While the current Class Plaintiffs are themselves adequate representatives of the Class, including Humantold and Carnegie Hill also serves important prudential purposes. Both Humantold and Carnegie Hill operate larger practices than the current Class Plaintiffs and specialize in behavioral health—a field not currently represented among the named Class plaintiffs. Their participation will help illustrate to the Court and the jury the breadth of harms inflicted across the Class.

### C.     The Amendment is Not Made in Bad Faith or with Dilatory Motive

Class Plaintiffs bring this Motion in good faith and without any dilatory motive. As discussed above, the addition of Centene, BCBSMA, BCBSMN, and CareFirst as named Class Defendants is motivated by discovery revealing that each had a role in the cartel sufficient to warrant inclusion as a Defendant. *See supra* III.B.

The proposed amendment also streamlines this litigation. First, the addition of the four Class Payor Defendants promotes efficiency by consolidating claims against entities already involved in the MDL—three of which (BCBSMA, BCBSMN, and CareFirst) are already parties to one or more DAP Discovery Bellwether cases—into a single coordinated proceeding. *See Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000) ("The purpose of Rule 20(a) … is to enable economies in litigation[.]"); *Chapman v. Wagener Equities, Inc.*, No. 09-cv-07299, 2012 WL 6214597, at *6 (N.D. Ill. Dec. 13, 2012) ("Rule 20 should be given the liberal interpretation needed to implement its apparent purpose: the avoidance of multiple trials involving many similar or identical issues." (internal marks omitted)); Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Howard M. Erichson, 7 Fed. Prac. & Proc. Civ. § 1652 (3d ed. 1998 & Apr. 2026 update) (recognizing permissive joinder serves to avoid "the unnecessary loss of time and money" caused by "duplicate presentation of evidence relating to facts common to more than one demand for relief"). Second, the removal of BCBSCA and BCBSFL narrows the litigation consistent with prior voluntary dismissals. Third, the addition of UnitedHealthcare Insurance Company is warranted based on discussions with United's counsel.

### D.     There Has Been No Repeated Failure to Cure Deficiencies

This is Class Plaintiffs' first motion for leave to amend, and it is not designed to cure any deficiency identified by the Court. The Court has not previously granted Class Plaintiffs an opportunity to amend that they then failed to use. *Cf. Runnion*, 786 F.3d at 519–20 (holding denial of leave to amend is disfavored where plaintiff has not had at least one opportunity to replead following a ruling on a motion to dismiss). There has therefore been no failure to cure deficiencies.

### E.     The Proposed Amendment is Not Futile

An amendment is futile only if the proposed amended pleading would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Gen. Elec. Cap. Corp. v. Lease*

11

*Resol. Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) ("The opportunity to amend a complaint is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted. . . . This standard is the same standard of legal sufficiency that applies under Rule 12(b)(6)." (internal quotations and citations removed)). The proposed Amended Complaint states plausible antitrust claims against each of the newly named Payor Defendants. Like the existing Class Payor Defendants, Centene, BCBSMA, BCBSMN, and CareFirst each allegedly (i) entered into an out-of-network claims repricing services agreement with MultiPlan, (ii) used MultiPlan's out-of-network claims repricing tools (including Data iSight), (iii) participated in the exchange of competitively sensitive information through MultiPlan as a common conduit, and (iv) adhered to pricing determinations that artificially suppressed compensation rates paid to out-of-network providers. *See, e.g.*, Proposed First Amended Consolidated Class Action Compl., Ex. A ¶¶ 38–40, 42, 160, 192–94, 236–37, 250–53, 264. These allegations track those the Court has already found sufficient against the existing Defendants, *see* ECF No. 428, and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Indeed, the claims against the three new Class Payor Defendants previously named as Defendants in the DAP Discovery Bellwethers (BCBSMA, BCBSMN, and CareFirst) have already survived motions to dismiss in those actions.

In addition, joinder of Humantold and Carnegie Hill as additional Class Plaintiffs is proper under Rule 20(a)(1), and joinder of Centene, BCBSMA, BCBSMN, and CareFirst as additional Class Defendants is proper under Rule 20(a)(2). All claims arise out of the same alleged conspiracy: a nationwide agreement among commercial insurers, orchestrated through MultiPlan, to suppress compensation rates paid to out-of-network healthcare providers. The claims share

numerous common questions of law and fact. The existence and scope of the alleged conspiracy, MultiPlan's role as a coordinating hub, the use of Data iSight and related algorithmic tools, the relevant market and monopsony-power allegations, the alleged anticompetitive effects, and the applicable antitrust injury and damages standards are all common issues that will contribute to establishing each Defendant's liability. *See Lee v. Cook Cnty.*, 635 F.3d 969, 971 (7th Cir. 2011) ("Multiple plaintiffs are free to join their claims in a single suit when '*any* question of law or fact common to all plaintiffs will arise in the action.'" (quoting Fed. R. Civ. P. 20(a)(1)(B))); *cf. All. to End Repression v. Rochford*, 565 F.2d 975, 979 (7th Cir. 1977) (holding that a pattern of conduct that is "fostered by the existence of a conspiracy … creates the common question of law or fact sufficient to satisfy Rule 23"); *In re Urethane Antitrust Litig.*, 768 F.3d 1245, 1255 (10th Cir. 2014) (recognizing that courts have consistently held the "existence of a conspiracy" is a common question in cases under the Sherman Act).

## IV.    CONCLUSION

For the foregoing reasons, Class Plaintiffs respectfully request that this Court grant leave to file the First Amended Consolidated Class Action Complaint attached hereto as **Exhibit A**.

Dated: May 1, 2026

Respectfully submitted,

*/s/ Natasha J. Fernández-Silber*

**EDELSON PC**
Natasha J. Fernández-Silber (*pro hac vice*)
nfernandezsilber@edelson.com
200 South 1st Street
Ann Arbor, MI 48104
Tel: (312) 589-6370
Fax: (312) 589-6378

Sarah R. LaFreniere (*pro hac vice*)
Brandon Baum-Zepeda (*pro hac vice*)*
1255 Union Street NE, Suite 850
Washington, DC 20002
Tel: (202) 270-4777
slafreniere@edelson.com
bbaum-zepeda@edelson.com
*not admitted to practice in DC; practice authorized
by D.C. Rule 49(c)(3).

**SUSMAN GODFREY LLP**
William Christopher Carmody (*pro hac vice*)
Shawn J. Rabin (*pro hac vice*)
Stephanie N. Spies (*pro hac vice*)
Nicholas Carullo (*pro hac vice*)
Thomas K. Boardman (*pro hac vice*)
Ryan Sila (*pro hac vice*)
William J. Melsheimer (*pro hac vice*)
One Manhattan West, 50th Floor
New York, NY 10001-8602
Tel: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sspies@susmangodfrey.com
tboardman@susmangodfrey.com
rsila@susmangodfrey.com
jmelsheimer@susmangodfrey.com

Halley W. Josephs (*pro hac vice*)
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
hjosephs@susmangodfrey.com

14

**BERGER MONTAGUE PC**
Eric L. Cramer (*pro hac vice*)
Zachary D. Caplan (*pro hac vice*)
Patrick F. Madden (*pro hac vice*)
Jordan T. Hollinger (*pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
ecramer@bergermontague.com
zcaplan@bergermontague.com
pmadden@bergermontague.com
thollinger@bergermontague.com

Zachary R. Shelley (*pro hac vice*)
1001 G St NW, Suite 400 East
Washington, DC 20001
Tel: (202) 559-9740
zshelley@bergermontague.com

*Interim Co-Lead Class Counsel*

15