UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION | Case No. 1:24-cv-06795 MDL No. 3121 |
| This Document Relates To: | Hon. Matthew F. Kennelly |
| ALL ACTIONS | |

**DECLARATION OF NATASHA FERNÁNDEZ-SILBER IN SUPPORT OF CLASS PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

I, Natasha Fernández-Silber, state under penalty of perjury that the foregoing is true and correct, and that this Declaration was made this 1st day of May 2026:

1. I am a Partner with the law firm Edelson PC. I serve as Interim Co-Lead Class Counsel in this action. I submit this Declaration in support of Class Plaintiffs' Motion for Leave to File First Amended Consolidated Class Action Complaint. I have personal knowledge of the matters set forth herein and, if called as a witness, could and would testify competently to them.

**Centene and its subsidiary, Health Net of California**

2. Centene and/or its subsidiary Health Net of California was named as a Defendant or co-conspirator in a number of proposed class actions alleging a conspiracy among insurers, facilitated by MultiPlan, to artificially suppress payments for out-of-network services (the "MultiPlan Cartel"). Centene and/or Health Net of California were also named in certain actions brought by Direct Action Plaintiffs.

3. After the Judicial Panel on Multidistrict Litigation consolidated cases regarding the MultiPlan Cartel before this Court, counsel for Centene contacted Interim Co-Lead Class Counsel

to request that Centene not be included as a Defendant in the forthcoming Consolidated Amended Class Action Complaint ("CAC"). Centene's counsel represented that Centene's (and its subsidiaries') use of Data iSight was very limited and applied only to an infinitesimal number of claims.

4. In reliance on those representations, Class Plaintiffs did not name Centene or any of its subsidiaries as a Defendant in the CAC, but identified Centene as a co-conspirator. *See* ECF No. 172 ¶ 42.

5. Documents produced in discovery by MultiPlan (known as "performance reports") indicate that Centene's subsidiary, Health Net of California, made far greater use of MultiPlan's repricing services than had previously been represented, and realized significant "savings" in OON costs as a result of those services. This newly produced discovery materially altered Class Plaintiffs' assessment of Centene's role in the alleged cartel and prompted Class Plaintiffs to name Centene as a Defendant in the proposed First Amended Consolidated Class Action Complaint.

6. On April 17, 2026, I met and conferred with Centene's counsel regarding this discovery described above and whether Centene would consent to the proposed amendment in light of this discovery. Centene declined to consent.

7. In follow up correspondence, Centene's counsel disputed the accuracy of the "savings" figures indicated in MultiPlan's performance reports but did not provide Interim Class Counsel with any data or documents reflecting Centene's own calculation of those figures.

### BCBSMA, BCBSMN, and CareFirst

8. Blue Cross and Blue Shield of Massachusetts, Inc. ("BCBSMA"); Aware Integrated, Inc. and BCBSM, Inc. d/b/a Blue Cross Blue Shield of Minnesota (collectively,

"BCBSMN'); and CareFirst, Inc. ("CareFirst") are each a named Defendant in one or more of the DAP Discovery Bellwether cases proceeding within this MDL.

9. Interim Class Counsel and counsel for the Direct Action Plaintiffs have jointly authored and served the discovery requests directed to BCBSMA, BCBSMN, and CareFirst in the Discovery Bellwether cases. Pursuant to the Court's order, all Defendants in this MDL produce discovery to all Parties. *See* ECF No. 440.

10. MultiPlan's performance reports produced in discovery indicate that each of these entities use of MultiPlan's repricing services for a significant number of OON claims and realized significant "savings" as a result of those services. Other discovery has revealed that two of these entities (BCBSMA and CareFirst) also participated in a closed-door MultiPlan client forum (known as the "BCSBS Forum") wherein MultiPlan disclosed the pricing strategies of its other payor clients, who are horizontal competitors of BCBSMA and CareFirst.

**Humantold and Carnegie Hill**

11. Following consolidation of this MDL and the filing of the Consolidated Amended Class Action Complaint, Interim Class Counsel continued to evaluate potential additional Class representatives.

12. In the Fall of 2025, Douglas Psychotherapy Services LCSW PC, d/b/a Humantold Psychotherapy PC ("Humantold") expressed an interest to Class Counsel in potentially serving as a Class representative. Interim Class Counsel subsequently held several telephonic meetings with Humantold as part of the vetting process. Interim Class Counsel also investigated Humantold's claims and confirmed it has received below-competitive compensation for out-of-network services claims repriced by MultiPlan.

13. In early April 2026, Humantold's affiliate, Carnegie Hill Psychiatry PC ("Carnegie Hill"), expressed an interest to Class Counsel about serving as a Class representative. Interim Class Counsel subsequently met with Carnegie Hill as part of the vetting process and investigated its claims. Interim Class Counsel confirmed that Carnegie Hill also received below-competitive compensation for out-of-network services claims repriced by MultiPlan.

14. On or about April 13, 2026, Interim Class Counsel again confirmed that both Humantold and Carnegie Hill understood the duties and obligations of class representatives—including extensive discovery obligations—and were willing and able to serve in that capacity. Interim Class Counsel then began to collect electronic documents and data from Humantold and Carnegie Hill's billing team and other decisionmakers likely to possess responsive materials. Class Plaintiffs filed their Motion promptly thereafter.

15. Both Humantold and Carnegie Hill are behavioral health practices—a specialty not currently represented among the named Class Plaintiffs—and both operate substantially larger practices than the existing named Class Plaintiffs. Adding them as Class representatives will aid the Class by illustrating the impact of the cartel across a broad range of practice sizes and specialties.

16. Humantold and Carnegie Hill have been advised of and intend to comply with all discovery obligations entered in this MDL applicable to Class Plaintiffs, including the document and data substantial completion deadlines in early June 2026 set forth in CMO No. 26 (ECF No. 652).

17. To that end, Interim Class Counsel have already collected custodial files from both Humantold and Carnegie Hill. While Interim Class Counsel has collected files from all key decisionmakers and members of the billing team for both Humantold and Carnegie Hill, Interim

Class Counsel intends to promptly make initial disclosures regarding sources and custodians of potentially responsive information, and will promptly meet and confer with Defendants regarding those topics.

18. The undersigned counsel, along with other Interim Class Counsel, conferred with counsel for all Defendants in the Class and Bellwether Discovery actions, as well as Centene, regarding this Motion on April 29, 2026. The next day, counsel for Defendants confirmed that they oppose this Motion.

19. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 1, 2026

*/s/ Natasha J. Fernández-Silber*
Natasha J. Fernández-Silber
**EDELSON PC**
nfernandezsilber@edelson.com
200 South 1st Street
Ann Arbor, MI 48104
Tel: (312) 589-6370
Fax: (312) 589-6378