**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION | Case No. 1:24-cv-6795<br>MDL No. 3121<br><br>Hon. Matthew F. Kennelly |

**CENTENE CORPORATION & HEALTH NET OF CALIFORNIA, INC.'S MOTION FOR LEAVE TO FILE UNDER SEAL UNREDACTED VERSIONS OF THE OPPOSITION TO CLASS PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT AND DECLARATION AND EXHIBIT IN SUPPORT**

Pursuant to the HIPAA-Qualified Protective Order (ECF No. 242) (the "Protective Order") entered in this case, Centene Corporation ("Centene") and Health Net of California, Inc. ("Health Net") respectfully request that the Court grant this motion to file under seal unredacted versions of: (i) their Opposition to Class Plaintiffs' Motion for Leave to File First Amended Consolidated Class Action Complaint (the "Opposition"); (ii) the Declaration of Sheila Adams James in Support of the Opposition (the "Adams James Declaration"); and (iii) Exhibit A of the Adams James Declaration.

In support of their Motion for Leave to File Under Seal Unredacted Versions of the Opposition to Class Plaintiffs' Motion for Leave to File First Amended Consolidated Class Action Complaint and Declaration and Exhibit in Support (the "Motion"), Centene and Health Net state as follows:

1.      Under the applicable terms of the Protective Order, any party or non-party may designate material as "Confidential" if the material contains "[i]nformation required to be kept

1

confidential by law or by agreement with a third party"; "Trade Secrets, research, design, technical/manufacturing, financial/planning, and/or marketing/commercial information"; or "[d]ocuments and/or information which consists of trade secrets or other proprietary business information that are not generally known or readily ascertainable by the public (including competitors), are competitively sensitive, and public availability of these documents could affect business operations and/or market share" ("Confidential Information").  (Protective Order ¶ 3(a)(i)-(ii)).

2. The Protective Order provides that "the requirements set forth in Local Rule 26.2, along with the Court's Standing Order governing the filing of Confidential Documents, are waived."  (*Id.* ¶ 19).  The Protective Order further provides that, "[i]f the filing party is also the Designating Party, then the motion to seal shall be filed contemporaneously with the filing."  (*Id.* ¶ 19(d)).

3. Exhibit A to the Adams James Declaration, provided in support of the Opposition, consists of a Provider Participation Agreement (the "Agreement") between Curtis F. Robinson, MD, Inc. ("Robinson") and Health Net.  Exhibit A contains proprietary business information that is not generally known or readily ascertainable by the public (including competitors) and that is competitively sensitive.  Moreover, general public availability of this data could affect Centene's and Health Net's business operations.  Specifically, the Agreement identifies, among other things, various Health Net payment rates to healthcare providers.  Accordingly, the Agreement requires Robinson and Health Net to keep its terms confidential (with exceptions not applicable here).  In accordance with the Protective Order, Centene and Health Net designated Exhibit A as "Confidential" in their correspondence with Plaintiffs in this case.  Pursuant to Paragraph 19 of the Protective Order, Exhibit A is filed provisionally under seal, and an unredacted version will

be provided to all parties and the Court. Additionally, Centene and Health Net attach a fully redacted version of Exhibit A to this Motion.

4. The Opposition and the Adams James Declaration both quote from the Agreement. In addition, the Opposition discusses correspondence between counsel for Centene and Health Net and Class Counsel between April 10, 2026 and May 1, 2026, and the Adams James Declaration quotes from this correspondence, in addition to e-mail correspondence between counsel for Centene and Health Net and Class Counsel on October 31, 2024. Certain portions of these correspondences that are discussed in the Opposition and quoted in the Adams James Declaration consist of proprietary business information that is not generally known or readily ascertainable by the public (including competitors) and that is competitively sensitive. Moreover, general public availability of this data could affect Centene's and Health Net's business operations. Specifically, the referenced or quoted material reveals information about Health Net's usage of MultiPlan, Inc.'s ("MultiPlan") Data iSight tool and Health Net's claims and repricing data. Pursuant to Paragraph 19 of the Protective Order, the Opposition and the Adams James Declaration are filed provisionally under seal, and unredacted versions will be provided to all parties and the Court. Additionally, Centene and Health Net attach proposed redacted versions of the Opposition and the Adams James Declaration to this Motion.

WHEREFORE, Centene and Health Net respectfully request that the Court grant this Motion and permit Centene and Health Net to file unredacted versions of the Opposition, the Adams James Declaration, and Exhibit A to the Adams James Declaration under seal.

Dated: May 13, 2026

Respectfully submitted,

By: */s/ Sheila R. Adams James*
DAVIS POLK & WARDWELL LLP

Arthur J. Burke (*pro hac vice*)
Sheila R. Adams James (*pro hac vice*)
Peter M. Bozzo (NY 5524459)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-3160
Facsimile: (212) 701-6160
arthur.burke@davispolk.com
sheila.adams@davispolk.com
peter.bozzo@davispolk.com

*Attorneys for Defendants Centene*
*Corporation and Health Net of California,*
*Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2026, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will serve this document on all counsel of record via transmission of Notices of Electronic Filing.

/s/ Sheila R. Adams James
Sheila R. Adams James