**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION | Case No. 1:24-cv-06795 MDL No. 3121 |
| This Document Relates To: | Hon. Matthew F. Kennelly |
| ALL ACTIONS | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE**
**FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

1

I.        **INTRODUCTION**

The JPML created this MDL in August 2024.  Shortly thereafter, in November 2024, the Putative Class Plaintiffs[1] filed their Consolidated Class Action Complaint.  Now, twenty-one months into this MDL, Putative Class Plaintiffs have filed a Motion to Amend, ECF No. 702 (the "Motion" or "Mot."), to add (1) two new putative class representatives[2] and (2) several defendants to their Putative Class Action Complaint.  Putative Class Plaintiffs' delay—a delay they admit comes from "deliberative, strategic decision-making"—would create significant, new affirmative and defensive discovery burdens for Defendants at a time when they are striving to complete already-voluminous discovery in this large and complex MDL.[3]  Mot. at 9.

The Court will recall that in early fall 2024, various firms vying for interim lead counsel of the putative Class had put forward a number of proposed class representative plaintiffs.  The putative Class counsel ultimately appointed as Interim Class Counsel did not include, in their Consolidated Class Action Complaint, any of those other plaintiffs—sticking instead with their initial two, and claiming that those plaintiffs were representative of the entire proposed putative Class.  And over the course of the last year—while the Court has resolved numerous issues related to the orderly progression of this enormous MDL, where a primary focus has been the number and

---

[1] Putative class representatives Advanced Orthopedic Center, Inc. (an orthopedic practice in California) and Curtis F. Robinson, MD, Inc. d/b/a Panoramic Medicine (a primary care practice in California) are together referenced below as the "Putative Class Plaintiffs."

[2] The proposed additional class representatives are Douglas Psychotherapy Services LCSW PC, d/b/a Humantold Psychotherapy PC ("Humantold") and Humantold's affiliate Carnegie Hill Psychiatry PC ("Carnegie Hill").

[3] This Opposition is submitted on behalf of Defendants in the current Putative Class Action (MultiPlan, Aetna, Cigna, UnitedHealth, Elevance Health, Health Care Service Corporation, Horizon Health Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey, Highmark Inc., and Blue Cross Blue Shield of Michigan Mutual Insurance Company) and the DAP-only Defendants currently in the DAP discovery Bellwether process that Putative Class Plaintiffs propose adding to their Complaint (BCBSMA, BCBSMN, and CareFirst).  Putative Class Plaintiffs further propose amending their complaint to add Defendants Centene and Health Net, which are not currently Class Action Defendants or part of the discovery Bellwether process.  Centene and Health Net have filed a separate brief in opposition to Putative Class Plaintiffs' Motion.

identity of the plaintiffs and defendants in the active proceeding—putative Class counsel have stayed silent on their potentially adding new plaintiffs and defendants to their case. Throughout the numerous case scheduling disputes and hearings, the DAP Discovery Bellwether Process (including whether to allow new defendants into this proceeding as part of that process, resolved in the fall of 2025), and the discussion of minor amendments to the case schedule earlier this year, putative Class counsel have said nothing. Putative Class Plaintiffs have, by their own admission, been sitting on information underlying their proposed additional clients *for over six months*. Yet they waited until now to try to unilaterally declare "substantial completion" of document production as to their new proposed class representatives and force the new Defendants to engage in accelerated and burdensome discovery. The Court should deny the Motion.

Starting with the newly-proposed plaintiffs, Putative Class Plaintiffs have not credibly explained why they needed so many months to "vet" and "investigate" new clients. Mot. at 9-10. Allowing amendment now despite that undue delay would trigger commencement of discovery into Humantold (and its affiliate Carnegie Hill)—imposing new offensive discovery burdens on Defendants and requiring additional time significantly beyond the interim discovery deadlines in this case (with or without the extension to July 30, 2026, requested by Defendants and DAPs). There have been no discussions of these new plaintiffs' custodians, non-custodial sources, or structured data—topics that have taken the parties 8-9 months to resolve (including as to the *current* Putative class representative plaintiffs—who only very recently produced documents).

Putative Class Plaintiffs also fail to explain why amendment is necessary. They argue that they already adequately represent an absent class that includes Humantold and Carnegie Hill. Crediting their own argument, that means the new proposed class representatives' interests would be represented by the Putative Class Plaintiffs, even without amendment.

The amendment also imposes prejudicial burdens on the proposed new class Defendants Centene Corporation ("Centene") and its subsidiary, Health Net of California, Inc. ("Health Net"), Blue Cross and Blue Shield of Massachusetts, Inc. ("BCBSMA"), Aware Integrated, Inc. and BCBSM, Inc. d/b/a Blue Cross Blue Shield of Minnesota (together, "BCBSMN"), and CareFirst,

3

Inc. ("CareFirst"). If added, Centene and Health Net would have to start from scratch on a monumental volume of document and data discovery—a process that the other parties in the MDL have been working on for over a year and likely would require a similar timeframe for Centene and Health Net. In addition, Putative Class Plaintiffs suggest that if amendment is granted they would seek vast amounts of additional structured claims data from BCBSMA, BCBSMN, and CareFirst. These Defendants have already incurred significant burdens in document and data discovery. It is highly prejudicial to require these Defendants to re-initiate voluminous collections of many years' worth of sensitive personal health information, and to divert substantial resources from day-to-day operations in an endeavor that likely would require several additional months of work to accomplish.

Defendants respectfully request that the Court deny Class Plaintiffs' Motion to Amend.

## II.　LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), leave to amend "may be denied on account of undue delay, prejudice, bad faith or dilatory motives, futility, or judicial economy." *Chicago Joe's Tea Room, LLC v. Village of Broadview*, 94 F.4th 588, 607 (7th Cir. 2024). "Undue prejudice" can occur when the amendment adds new parties and "when the additional discovery" required by the amendment "is expensive and time-consuming." *In re Ameritech Corp.*, 188 F.R.D. 280, 283 (N.D. Ill. 1999) (Kennelly, J.). When amendment has been delayed, as here, the "burden rests upon the movant to show a valid reason for delay." *Id.* at 286; *see also McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014) (affirming denial of leave to amend when the parties had "already invested significant resources in the case.").

## III.　ARGUMENT

### A.　Putative Class Plaintiffs' Unnecessary Attempt to Add New Class Representatives Is Inexplicably Delayed and Prejudicial to Defendants.

Putative Class Plaintiffs' delayed request to add new class representatives should be denied for three reasons.

4

First, Putative Class Plaintiffs fail to meet their burden of showing a valid reason for delay. They cite to a many-months long process of "vetting" and "investigation" of Humantold (since at least "Fall of 2025") that apparently culminated in the decision to now tack on Humantold's affiliate, Carnegie Hill, as another putative class representative. Mot. at 10; Fernandez-Silber Decl. ¶¶ 12-14. But no other information is provided about why that investigation was so slow, other than the need for time to conclude that Humantold "received below-competitive compensation for out-of-network services claims repriced by MultiPlan." Fernandez-Silber Decl. ¶ 12. Further raising doubts about the purpose of the delay, in a meet-and-confer on April 29, 2026, Putative Class Plaintiffs' counsel stated that their "investigation" did not even include basic research into any contracts between their clients and the Defendants or any binding arbitration clauses. Defendants are reviewing the extent of any contractual agreements with the new proposed class representatives and reserve all rights to pursue motions to compel arbitration as appropriate.

Second, this unexplained delay now requires new discovery into the new putative class representatives—a process that would impose new burdens on Defendants. Last year, the Parties spent many months negotiating the scope of existing Putative Class Plaintiffs' document productions, including extensive discussions about Putative Class Plaintiffs' custodians, sources of collection, and data systems. Putative Class Plaintiffs insist they have solved this issue by "preemptively" conducting unilateral document collection and review. Mot. at 10. But that is not how discovery works. And it is not credible for the new plaintiffs to simply "produce the same discovery" as the two existing Putative Class Plaintiffs, as if they could "copy and paste" a self-serving scope of document productions in less than a month. *Cf. id.* at 7. Some efficiencies in negotiating the scope and protocol for production may now exist at this stage of the MDL (assuming the new class representatives take similar positions as the existing Putative Class Plaintiffs), but there will still need to be plaintiff-specific discussions regarding custodians, sources of collection, data systems, and potential subpoenas to relevant vendors. There may also be new points of focus for discovery, given the different nature of the new plaintiffs' practices.

Class Plaintiffs acknowledge this reality, noting that they are "committed to meeting and conferring with Defendants" if their Motion is granted to "resolve any issues regarding custodians and data fields . . . ." *Id.* at 7. This process likely would require months and would be especially burdensome since the new plaintiffs admit to having "larger practices than the current Class Plaintiffs," necessitating lengthy discussions about potential custodians' roles, among other issues. *Id.* at 10.

Third, the new burdens imposed by Putative Class Plaintiffs' undue delay are unnecessary. Interim Class Counsel acknowledge that the new class representatives are members of the proposed Class, *id.* at 1, so according to Putative Class Plaintiffs, their interests are already represented by the Putative Class Plaintiffs. At the same time, Putative Class Plaintiffs continue to insist that they are "adequate representatives of the Class." *Id.* at 10; *see also* Curtis F. Robinson d/b/a Panoramic Medicine Compl. ¶ 230, No. 24-cv-6802, ECF No. 1; Advanced Orthopedic Center, Inc. Compl. ¶ 238, No. 24-cv-7177, ECF No. 1; CCAC ¶¶ 321-22. Based on these representations, denying leave to add new class representatives would not prejudice the new proposed plaintiffs or the existing Putative Class Plaintiffs.[4]

### B. Putative Class Plaintiffs Would Impose Significant Additional Discovery Burdens By Adding Five New Defendants

Putative Class Plaintiffs' request to add five new defendants to the putative class action in this MDL should be denied for two reasons.

First, the amendment would impose significant new burdens on Defendants Centene and Health Net, which are not DAP Bellwether defendants and so have not filed any Rule 12 pleadings or engaged in any document or data discovery to date. *See* Centene and Health Net Opposition, ECF No. 716. Discovery has been well underway for other Defendants for about a year. That kind

---

[4] Putative Class Plaintiffs assert that amendment "serves important prudential purposes," since the new plaintiffs have "larger practices" in the "behavioral health" area that is "not currently represented among the named Class plaintiffs." Mot. at 10. Putative Class Plaintiffs' interest in a "prudent" (and, by their account, unnecessary) amendment does not outweigh the prejudice to Defendants.

of additional time likely will be required for Centene and Health Net to file Rule 12 pleadings and exchange formal discovery, participate in meet and confers, collect documents, discuss custodians and non-custodial sources, exchange information about data systems and fields, undertake voluminous structured data collection, and more. This not only prejudices Centene and Health Net in having to undertake such burdens, but it also would inject further complexity and potential delay for all parties in this already-complex MDL. *See id.*

Second, the amendment would impose significant new burdens on Defendants BCBSMA, BCBSMN, and CareFirst, which had only been named as defendants by one Bellwether Plaintiff (The Meadowglade, LLC, a single behavioral health facility in California) at the start of the Bellwether process. We appreciate that Putative Class Plaintiffs have stated that BCBSMA, BCBSMN, and CareFirst would not have to expand their preexisting ***document*** discovery obligations, given their extensive participation to date in DAP document discovery. *See* Mot. at 4-5. However, Putative Class Plaintiffs have already indicated they may request that BCBSMA, BCBSMN, and CareFirst expand the scope of ***structured claims data*** productions because these Defendants would now be subject to a nationwide class action (rather than one DAP Bellwether case and a handful of individual DAP cases). Defendants BCBSMA, BCBSMN, and CareFirst have already nearly completed the structured data collection process once. It has been extremely burdensome and time-consuming, requiring extensive work and business interruptions over many months. Adding them to the Putative Class Complaint now would require a do-over at the eleventh hour, with massive amounts of structured claims data added to the task.[5]

---

[5] The Defendants' structured data collection scope has been set for many months. Some Defendants named only in DAP cases (including but not limited to BCBSMA, BCBSMN, and CareFirst) informed DAPs long ago (e.g., October 2025 or earlier) that they would collect structured data for all claims involving certain DAPs naming those Defendants. Similarly, some DAPs have been collecting structured claims data for a limited subset of health plans that they named as Defendants. Defendants in the putative Class Action involving a putative nationwide class have been working to collect much broader nationwide sets of structured data. This is consistent with the Court's structured data orders in 2025 allowing for such individualized approaches. *See* CMO 18 (structured data production subject to meet and confer over

Putative Class Plaintiffs have stated that they would "work[] with the newly named Defendants to tailor the scope and deadlines for structured data productions as necessary . . . ." Mot. at 4, n. 3. Although the ultimate scope of this potential new collection is subject to that conferral process, given the Putative Class Plaintiffs' nationwide class allegations, at least some of the new Defendants could need approximately 4-5 months to complete collection of vast amounts of sensitive personal health information spanning many years. The prejudice to these new Defendants would be significant, as they would have to undertake substantial further expense and burdens on resources otherwise allocated to day-to-day operations.

Moreover, the cause of Putative Class Plaintiffs' delay in inflicting this prejudice on the potential new Defendants is far from clear. Putative Class Plaintiffs assert that they needed a substantial amount of time for document review and "deliberative, strategic decision-making", *id.* at 9, but other DAPs named BCBSMA, BCBSMN, and CareFirst in their complaints in 2024 and 2025. *See* Centene and Health Net Opposition, ECF No. 716. Putative Class Plaintiffs cite to MultiPlan's Performance Reports as a principal basis for the requested amendments, but most of those reports were produced on July 24, 2025—nearly ten months ago. Putative Class Plaintiffs' suggestion that they needed many months to review these documents is difficult to comprehend, as they could easily be searched by health plan names. Mot. at 9. Putative Class Plaintiffs' burden-inducing delay should be rejected.

## CONCLUSION

For the foregoing reasons, Putative Class Plaintiffs' Motion should be denied.

---

"individualized" issues); CMO 21 (in-network sampling optional and further allowing "individualized issues").

8

Dated May 13, 2026

/s/  Sadik Huseny
Sadik Huseny (*pro hac vice*)
**Latham & Watkins LLP**
300 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (737) 910-7300
sadik.huseny@lw.com

Gary Feinerman
**Latham & Watkins LLP**
330 N Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
gary.feinerman@lw.com

Lawrence E. Buterman (*pro hac vice*)
Katherine A. Rocco (*pro hac vice*)
**Latham & Watkins LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
lawrence.buterman@lw.com
katherine.rocco@lw.com

Anna M. Rathbun (*pro hac vice*)
Graham B. Haviland (*pro hac vice*)
**Latham & Watkins LLP**
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
anna.rathbun@lw.com
graham.haviland@lw.com

Meaghan Thomas-Kennedy (*pro hac vice*)
**Latham & Watkins LLP**
505 Montgomery Street
San Francisco, CA 94111
Telephone: (415) 391-0600
meaghan.thomas-kennedy@lw.com

Errol J. King (*pro hac vice*)
Katherine Mannino (*pro hac vice*)
**Phelps Dunbar LLP**
II City Plaza

/s/  Joshua B. Simon
Daniel R. Campbell (IL Bar No. 6312473)
Emilie E. O'Toole (IL Bar No. 6330228)
**McDermott, Will & Schulte LLP**
444 West Lake Street
Chicago, IL 60606-0029
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
dcampbell@mwe.com
eotoole@mwe.com

Joshua B. Simon (*pro hac vice*)
Warren Haskel (pro hac vice)
Jeehyeon (Jenny) Lee (*pro hac vice*)
Benjamin Fader Cooper (*pro hac vice*)
**McDermott, Will & Schulte LLP**
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 547-5444
dtishyevich@mwe.com
jsimon@mwe.com
whaskel@mwe.com
jennylee@mcdermottlaw.com
bcooper@mcdermottlaw.com

*Attorneys for Defendant Cigna Group*

/s/  E. Desmond Hogan
E. Desmond Hogan
Justin W. Bernick
W. David Maxwell (*pro hac vice*)
**Hogan Lovells US LLP**
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
desmond.hogan@hoganlovells.com
justin.bernick@hoganlovells.com
david.maxwell@hoganlovells.com

Jordan D. Teti
**Hogan Lovells US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
jordan.teti@hoganlovells.com

400 Convention Street, Suite 1100
Baton Rouge, LA 70802
Telephone: (225) 376-0279
errol.king@phelps.com
katie.mannino@phelps.com

*Attorneys for Defendants MultiPlan, Inc.,
MultiPlan Corporation, National Care
Network, LLC, Viant Payment Systems, Inc.,
and Viant, Inc.*

/s/ Jonathan B. Pitt
Jonathan B. Pitt
Katherine A. Trefz
Feyilana Lawoyin
**Williams & Connolly LLP**
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone: (202) 434-5000
jpitt@wc.com
ktrefz@wc.com
flawoyin@wc.com

*Attorneys for Defendant Aetna, Inc.*

/s/ Scott Jared Fisher
Scott Jared Fisher
Eric Y. Choi
**Neal, Gerber & Eisenberg**
Two North LaSalle Street, Suite 1700
Chicago, IL 60602
Telephone: (312) 269-8035
sfisher@nge.com
echoi@nge.com


Rachel S. Brass *(pro hac vice)*
Henry H. Cornillie
**Gibson, Dunn & Crutcher LLP**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 393-8293
rbrass@gibsondunn.com
hcornillie@gibsondunn.com

*Attorneys for Defendants Elevance Health,
Inc. and its named subsidiary, Horizon Health
Services, Inc. d/b/a Horizon Blue Cross Blue
Shield of New Jersey, Blue Cross and Blue
Shield of Massachusetts, Inc., BCBSM, Inc.,
d/b/a Blue Cross and Blue Shield of
Minnesota and Aware Integrated, Inc., and
CareFirst, Inc.*

/s/ Brian P. Kavanaugh
Brian P. Kavanaugh
Scott D. Stein
Colleen M. Kenney
**Sidley Austin LLP**
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
bkavanaugh@sidley.com
sstein@sidley.com
ckenney@sidley.com

*Attorneys for Defendant Health Care Service
Corporation*


/s/ William J. Sheridan
William J. Sheridan *(pro hac vice)*
Courtney Bedell Averbach *(pro hac vice)*
Leah E. Hungerman *(pro hac vice)*
**Reed Smith LLP**
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063


*Attorneys for Defendant Highmark Inc.*

/s/ Todd M. Stenerson
Todd M. Stenerson
**Allen Overy Shearman Sterling US LLP**
401 9th Street, NW, Suite 800
Washington, DC 20004
Telephone: (202) 508-8000
todd.stenerson@aoshearman.com

10

Joshua Lipton *(pro hac vice)*
Kristen C. Limarzi *(pro hac vice)*
**Gibson, Dunn & Crutcher LLP**
1700 N Street, N.W.
Washington, DC 20036
Telephone: (202) 955-8500
jlipton@gibsondunn.com
klimarzi@gibsondunn.com

Heather L. Richardson (*pro hac vice*)
**Gibson, Dunn & Crutcher LLP**
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
hrichardson@gibsondunn.com

*Attorneys for Defendant United Health Group, Inc.*

/s/ Sarah Cylkowski
Sarah Cylkowski *(pro hac vice)*
Alexandra Markel *(pro hac vice)*
**Bodman PLC**
1901 St. Antoine Street, 6th Floor at Ford Field
Detroit, MI 48226
Telephone: (313) 259-7777
scylkowski@bodmanlaw.com
amarkel@bodmanlaw.com

*Attorneys for Defendant Blue Cross and Blue Shield of Michigan Mutual Insurance Company*