**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 1:24-cv-06795<br><br>MDL No. 3121<br><br>Hon. Matthew F. Kennelly |

**CERTAIN DIRECT ACTION PLAINTIFFS' JOINT MOTION
FOR LEAVE TO FILE AMENDED COMPLAINTS**

## I.    INTRODUCTION

Certain Direct Action Plaintiffs[1] ("Amending DAPs") seek leave to file to amend their complaints to add certain Payor Defendants, as set out in the attached **Exhibit A**.  The Proposed Amended Short Form Complaints are attached as **Exhibit B**.  A redline comparison reflecting the proposed changes to the existing Short Form Complaints is attached as **Exhibit C**.

The proposed amendments do not assert any new theories of liability.  Instead, as shown in Exhibit A, the proposed amendments only seek to name as additional Defendants certain Payor Defendants already named either by the Class, other Discovery Bellwether DAPs, or both. [2]

---

[1] The Direct Action Plaintiffs ("DAPs") seeking leave to amend through this motion are the following ten Discovery Bellwether DAPs (1. Cogent Healthcare of North Carolina, P.C.; 2. Cogent Healthcare of Texas, P.A.; 3. Hospitalist Medicine Physicians of New Mexico – Clovis, LLC; 4. Hospitalist Medicine Physicians of Texas, PLLC (Houston, PLLC); 5. Sandusky Anesthesia LLC; 6. Sound Physicians Emergency Medicine of South Carolina, LLC; 7. Sound Physicians of Illinois LLC; 8. South Sound Inpatient Physicians, PLLC; 9. Adventist Healthcare, Inc.; 10. Tennessee Interventional & Imaging Associates PLLC), plus 106 additional Sound Physicians entities that are not Discovery Bellwether DAPs.

[2] Of the proposed additional Defendants, nine are already named both by the Class and multiple other Discovery Bellwether DAPs (1. Aetna Inc.; 2. Blue Cross and Blue Shield of Massachusetts, Inc.; 3. BCBSM, Inc. d/b/a/ Blue Cross and Blue Shield of Minnesota; 4. CareFirst, Inc.; 5. The Cigna Group; 6. Elevance Health, Inc.; 7. Highmark Health; 8. Horizon Healthcare Services, Inc., d/b/a Horizon Blue Cross Blue Shield of New Jersey; 9. UnitedHealth Group, Inc.).  Five more  are already named by other Discovery Bellwether DAPs (1. Allied National, LLC; 2. Benefit Plan Administrators of Eau Claire, LLC; 3. Central States Southeast and Southwest Areas Health and Welfare Fund,

1

Leave to amend is appropriate under Federal Rule of Civil Procedure 15(a).

*First*, the proposed amendments will not cause undue prejudice to these Payor Defendants because they will not materially alter the scope of discovery. As explained more fully below, each of the proposed additional Defendants (other than Centene) already is in active discovery in the Class and/or other Bellwether DAP cases and this motion would *not* add Centene to any Bellwether DAP cases.

*Second*, the motion is timely because it is made by the May 22 deadline the Court set to add Defendants. This is well before the July 16 deadline to which the parties agreed for motions to amend generally, and far in advance of the close of fact discovery, expert discovery, summary judgment briefing, or any trial date.[3]

*Third*, the amendments are not proposed in bad faith or for any dilatory purpose. The motion seeks leave to add Payor Defendants to complaints that currently name only MultiPlan as a Defendant. These Amending DAPs are seeking to add additional Payor Defendants (subject to joint and several liability under the antitrust laws) after careful consideration of the contracting history and relationships between these DAPs and the Payor Defendants and increasing concern over the past months about Claritev/MultiPlan's financial condition and stability.[4]

Finally, the proposed amendments would not be futile given that the Court already has ruled that the DAPs' substantive allegations state viable claims for violation of federal and state law.

---

4. Consociate, Inc., and 5. Kaiser Foundation Health Plan). Two others were previously named by the Class, even before the recent amendment (1. Blue Cross Blue Shield of Michigan Mutual Insurance Company and 2. Health Care Service Corporation). One additional Defendant (Centene Corporation) is proposed to be added solely for certain DAPs that are not Discovery Bellwether DAPs.

[3] Consistent with the Court's directive, the parties are currently discussing proposals for the remainder of the schedule in light of the extension of the deadlines for substantial completion of structured data and certain document productions.

[4] For example, market reports show Claritev's market capitalization dropped almost 75% in the last six months, from a high during that time of $.90 billion in November 2025 to a near-low last week of $.23 billion. **Exhibit D**.

For the reasons set out in greater detail below, the Amending DAPs respectfully request that the Court grant leave to amend.

## II. LEGAL STANDARD

Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Leave should be denied only under narrow circumstances, such as where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citation omitted); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) (same).

The Seventh Circuit has explained that "while a court may deny a motion for leave to file an amended complaint, such denials are disfavored." *Bausch,* 630 F.3d at 562. The goal is "to decide cases fairly on their merits, not to debate finer points of pleading where opponents have fair notice of the claim or defense." *Id*. (citing Fed. R. Civ. P. 8(e)).

## III. ARGUMENT

The proposed amendments will not result in any undue prejudice to non-moving parties, are not the product of undue delay, do not arise from any bad faith or dilatory motive, and would not be futile.[5]

### A. The Proposed Amendments Will Not Cause Undue Prejudice

Courts in the Seventh Circuit generally grant leave to amend complaints and add parties when no novel liability theories are added, fact discovery is ongoing, and no trial date looms. *See, e.g., Wood v. Sec. Credit Servs.,* LLC, 583 F. Supp. 3d 1137, 1141 (N.D. Ill. 2022) (permitting amendment when the claims against defendant are the same as those brought by prior claims, and

---

[5] Because the Amending DAPs do not seek to amend their Short Form Complaints to cure any deficiency in the pleadings, this motion does not address that factor.

3

where "discovery in [the] case is ongoing" and "neither a discovery schedule nor trial date had been set"); *Gregg Commc'ns Sys., Inc. v. Am. Tel. & Tel. Co*., 98 F.R.D. 715, 722 (N.D. Ill. 1983) (permitting amendment because new theories of liability were not asserted and discovery had "not reached such an advanced stage that amendment would unduly burden defendants.").

The proposed amendments do not introduce any new theories of liability or seek any new forms of relief. The new pleadings raise the same claims arising from the same misconduct as those already raised in the prior complaints. *See* **Exhibit B**. Because the proposed amendments do not introduce new claims and theories of liability, non-movants will not suffer any prejudice from having to adjust their litigation strategy. *See, e.g., Gregg Commc'ns Sys.*, 98 F.R.D. at 721 (granting leave to amend where the plaintiff asserted no new liability theories).

The proposed amendments also do not add any wholly new parties. Each of the proposed additional Defendants is already named either by the Class or one or more of the Discovery Bellwether DAPs. Only three of the proposed additional Defendants (Centene, Blue Cross Blue Shield of Michigan, and HCSC) were not previously named in a Discovery Bellwether DAP case. And with the exception of Centene—which had been named by certain DAPs early in this litigation and which was recently added as a Defendant in the Class case—all of the newly named Payor Defendants are already actively participating in the litigation. Because the proposed amendments do not add strangers to this active litigation, the non-moving parties will not suffer any prejudice resulting from a lack of notice or opportunity to defend these claims.

Adding these Defendants to the relevant complaints also will not appreciably expand existing discovery obligations.

4

First, as to Centene, the Amending DAPs are not seeking to add it as a Defendant to any active Discovery Bellwether case. Thus, adding Centene as a Defendant to other DAP complaints will not expand Centene's discovery obligations.

Second, as to document production by the other proposed additional Defendants, all discovery requests that have already been served on these Defendants were jointly served by Direct Action and Class Plaintiffs. And all Defendants in the MDL have been producing discovery to all Parties. *See* CMO 16 ¶3, ECF No. 440. As such, the relevant newly named Payor Defendants will not need to renegotiate custodians or search terms from scratch, or re-produce any of the documents they have already provided to Plaintiffs. At most, certain Payor Defendants will have to expand existing search terms to add the names of the Amending DAPs .

As to claims data (a.k.a. Structured Data), the proposed amendments would not materially increase existing obligations for these additional Defendants either. Eleven of the proposed additional Defendants [6] are already producing claims data for *all* out-of-network claims. No additional production would therefore be required to cover claims data for the Amending DAPs. For the five proposed additional Defendants currently named only by other Discovery Bellwether DAPs,[7] they would need to expand the universe of claims data they are producing to include claims data for the Amending DAPs.[8] But that is a relatively simple matter of adding additional Tax Identification Numbers to the list of numbers being used to pull the relevant data.

---

[6] Defendants named by in the Amended Consolidated Class Action Complaint: 1. Aetna Inc.; 2. Blue Cross and Blue Shield of Massachusetts, Inc.; 3. BCBSM, Inc. d/b/a/ Blue Cross and Blue Shield of Minnesota; 4. CareFirst, Inc.; 5. The Cigna Group; 6. Elevance Health, Inc.; 7. Highmark Health; 8. Horizon Healthcare Services, Inc., d/b/a Horizon Blue Cross Blue Shield of New Jersey; and 9. UnitedHealth Group, Inc., plus 10. Blue Cross Blue Shield of Michigan Mutual Insurance Company and 11. Health Care Service Corporation.

[7] 1. Allied National, LLC; 2. Benefit Plan Administrators of Eau Claire, LLC; 3. Central States Southeast and Southwest Areas Health and Welfare Fund, and 4. Consociate Inc., 5. Kaiser Foundation Health Plan.

[8] These Defendants have taken the position that, despite the requirements of CMO 18 (ECF No. 530) to produce all OON claims data, they only will produce claims data for the specific Bellwether Discovery DAPs that name them as Defendants. The DAPs do not agree with that position, but the issue is not presented by and need not be resolved for purposes of this motion.

Given this context, the additional discovery that would be required of these existing Defendants if the Court grants leave to amend is relatively modest and proportional. Moreover, "the fact that new discovery will be required is an unavoidable result if the policy of Rule 15 is to be effectuated." *Gregg Commc'ns Sys.,* 98 F.R.D. at 722. As courts in this Circuit have explained, "[n]ew discovery and some delay inevitably follow when a party significantly supplements its pleadings." *Stephenson v. Hartford Life & Annuity Ins. Co., No. 02C3917*, 2006 WL 2349931, at *12 (N.D. Ill. Aug. 9, 2006) (citation omitted). And adding existing Defendants to additional Short Form Complaints will not create undue prejudice given that they already been served with discovery on the same matters by other parties. *Id*. at *12 (holding adding defendants would not result in undue prejudice because they "have already been served with discovery, and discovery regarding these two entities has been served on the other defendants as well.").

Finally, Amending Plaintiffs are not seeking to amend at a late stage of discovery. There are still at least nine months left until the January 29, 2027 fact discovery deadline. *See* CMO No. 26, ECF No. 652. No party has substantially completed their productions, and depositions have not even begun yet (aside from a single Rule 30(b)(6) deposition on MultiPlan's data). The parties have just finished negotiating search terms, including MultiPlan's recently resolved dispute with certain DAPs concerning search terms. Corrected CMO No. 30, ECF No. 701. Granting leave to amend "would not greatly impact the progress of th[e] case." *McDaniel v. Loyola Univ. Med. Ctr.*, 317 F.R.D. 72, 75–78 (N.D. Ill. 2016).[9]

---

[9] This case presents none of the circumstances that justified courts in this Circuit to deny leave in prior cases. *See, e.g., Johnson v. Cypress Hill*, 641 F.3d 867, 872–73 (7th Cir. 2011) (denial of leave to amend was proper where movant sought leave after discovery was complete and during summary judgment phase); *Murphy v. White Hen Pantry Co.*, 691 F.2d 350, 353-53 (7th Cir. 1982) (denial of leave to amend was proper where movant sought leave six weeks before trial, two years after the original complaint was filed, and months after discovery closed).

### B. No Undue Delay is Present Here

The Amending DAPs have not unduly delayed their proposed amendments. As noted above, the Amending DAPs seek leave to add Payor Defendants only for Short Form Complaints that currently name MultiPlan as the sole Defendant. The amendments are being sought in light of an increasing concern over the past months about Claritev/MultiPlan's financial condition and stability and after careful consideration of the parties' history of contractual relationships (e.g., "network" contracts with certain Payors). Having heard the Court's comments regarding the case schedule and proposed DAP amendments to add additional parties at the May 15, 2026 status conference, the Amending DAPs promptly filed this motion.

Although there has been no prejudicial delay here, "[d]elay on its own is usually not reason enough for a court to deny a motion to amend." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (citing *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004)). Rather, "[d]elay must be coupled with some other reason." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004). "Typically, that reason … is prejudice to the non-moving party." *Id.* Put differently, when assessing a motion for leave to amend for undue delay, "[t]he underlying concern is the prejudice to the defendant rather than simple passage of time." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014).

The issue of undue delay "generally arises when a plaintiff seeks leave to amend deep into the litigation." *Id.* (citing *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773–74 (7th Cir.1995)). And courts generally permit amendments that do not add new theories of liability when those amendments are pursued before the close of fact discovery and long before a trial date. *See, e.g.*, *Wood,* 583 F. Supp. 3d at 1141 (permitting amendment when the claims against defendant are the same as those brought by prior claims, and where "discovery in [the] case is ongoing" and "neither a discovery schedule nor trial date had been set").

The proposed amendments here will not result in a substantial increase in discovery burdens or any other prejudice to non-moving parties. *See* Section III.A, *supra*. After all, the Amending DAPs seek leave to amend their complaints at least nine months before the currently scheduled close of fact discovery on January 29, 2027. CMO No. 26, ECF No. 652. And the Amending DAPs have sought leave by the Court's May 22 deadline to add new Defendants and more than two months before the currently scheduled July 16, 2026 general deadline for amendments to the pleadings. *Id.*

### C. The Proposed Amendments Are Not Made in Bad Faith

The Amending DAPs bring this motion without any intent to delay the proceedings. Instead, the Amending DAPs seek to bring legitimate claims against Payor Defendants who are jointly and severally liable with existing defendants. *See e.g., Paper Sys. Inc.v. Nippon Paper Indus. Co*., 281 F.3d 629, 632 (7th Cir. 2002) (each member of the conspiracy is "liable for all damages caused by the conspiracy's entire output."). The addition of the relevant newly named Payor Defendants to the relevant complaints is motivated by concerns about MultiPlan's financial condition and stability and follows a careful review of the parties' course of dealing, revealing the absence of any agreements that might prevent the relevant DAPs from pursuing their claims in this court.

Further, the addition of these Payor Defendants will promote efficiency by consolidating claims against entities already involved in the MDL, just as Rule 20(a) contemplates. *See Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000) (discussing Rule 20(a)'s goal to streamline litigation); *Chapman v. Wagener Equities, Inc.*, No. 09-cv-07299, 2012 WL 6214597, at *6 (N.D. Ill. Dec. 13, 2012) (same).

**D.** **The Proposed Amendments Are Not Futile**

An amendment is futile only if the proposed amended pleading would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022) (finding an amendment is futile when it "seeks to add a new claim that does not allege a viable theory of liability").

As discussed above, the Proposed Amended Complaints do not advance new claims or theories of liability. This Court has already determined that the allegations in the operative complaints state a claim for relief against Payor Defendants under federal and state antitrust laws. *See* CMO 14, ECF No. 428 (denying motion to dismiss federal and state antitrust claims). And the Court has also already determined that "the direct-action plaintiffs have plausibly alleged their state consumer protection claims" and denied a motion to dismiss those claims when leveled against other Payor Defendants. *See* CMO No. 14, ECF No. 428.

**IV.** **CONCLUSION**

For all these reasons, the Amending DAPs request that the Court grant leave to file the Proposed Amended Short Form Complaints attached as **Exhibit B**.

Respectfully submitted,

Dated: May 22, 2026

GILBERT LLP

By: */s/ Charlie Cooper*
Matthew M. Lavin (pro hac vice)
lavinm@gilbertlegal.com
Charles K. Cooper (pro hac vice)
cooperc@gilbertlegal.com
Gilbert LLP
700 Pennsylvania Ave. SE, Suite 400
Washington, DC 20003
Telephone: 202.772.2200
Fax: 202.772.3333

9

NAPOLI SHKOLNIK

/s/ *Hunter J. Shkolnik*
Hunter J. Shkolnik

Paul J. Napoli (IL #: 6307568)
PNapoli@NSPRLaw.com
Hunter J. Shkolnik (pro hac vice)
Hunter@NSPRLaw.com
NS PR Law Services, LLC
1302 Avenida Ponce de León
Santurce, Puerto Rico 00907
Telephone: 787.493.5088
Fax: 646.843.7603

SEEGER WEISS LLP

*/s/ Christopher A. Seeger*
Christopher A. Seeger

Christopher A. Seeger (pro hac vice)
cseeger@seegerweiss.com
Jennifer R. Scullion (pro hac vice)
jscullion@seegerweiss.com
Seeger Weiss LLP
55 Challenger Road 6th Fl.
Ridgefield Park, NJ 07660
Telephone: 973.639.9100
Fax: 973.679.8656