**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION | Case No. 1:24-cv-06795 MDL No. 3121 |
| *This Document Relates To:* HALIFAX HOSPITAL MEDICAL CENTER, d/b/a Halifax Health | Hon. Matthew F. Kennelly |
| Plaintiff, | DIRECT FILED COMPLAINT PURSUANT TO MDL ORDER NO. 6 |
| v. | |
| MULTIPLAN, INC. and MULTIPLAN CORP., VIANT, INC. | |
| Defendants | |

## DIRECT ACTION PLAINTIFF SHORT-FORM COMPLAINT

The Plaintiff named below files this Short-Form Complaint and (if checked off below) Demand for Jury Trial against the Defendant(s) named below by and through the undersigned counsel. Plaintiff incorporates by reference the factual allegations, as well as the claims and relief checked off below, sought in Plaintiffs' Consolidated Master Direct Action Plaintiff Complaint ("Consolidated Master DAP Complaint") as it relates to the named Defendant(s) (checked-off below), filed in *In re Multiplan Health Insurance Provider Litigation,* MDL No. 3121, in the United States District Court for the Northern District of Illinois. Plaintiff files this Short-Form Complaint pursuant to Case Management Order No. 6, filed on the MDL Docket (No. 1:24-cv-06795) at ECF 179.

Plaintiff indicates by checking the relevant boxes below the Parties, Designated Forum, Jurisdiction and Venue, Causes of Actions and other Relevant Information specific to Plaintiff's case. Plaintiff, by and through the undersigned counsel, alleges as follows:

1

## I.      IDENTIFICATION OF PARTIES

### A.  PLAINTIFF

1. Name of the Plaintiff alleging claims against Defendant(s):

HALIFAX HOSPITAL MEDICAL CENTER, d/b/a Halifax Health

2. For each Plaintiff that is a corporation, list the state of incorporation and state of principal place of business. For each Plaintiff that is an LLC or partnership, list the state citizenship of each of its members.  For each Plaintiff that is a natural person, list the state of residency and citizenship at the time of the filing of this Short-Form Complaint [Indicate State[s]]:

FLORIDA

### B.  DEFENDANT(S)

3. Plaintiff names the following Defendant(s)[1] in this action [*Check all that apply*]:

| | |
|---|---|
| X | MultiPlan, Inc. |
| X | Aetna, Inc., a subsidiary of CVS Health Corporation |
| | Blue Shield of California Life & Health Insurance Company |
| | Blue Cross Blue Shield of Michigan Mutual Insurance Company |
| | Aware Integrated, Inc. and BCBSM, Inc. d/b/a Blue Cross Blue Shield Of Minnesota |
| | Cambia Health Solutions, Inc. f/k/a The Regence Group |
| | Centene Corporation |
| X | The Cigna Group |
| X | Elevance Health, Inc. f/k/a Anthem, Inc. |
| | Health Care Service Corporation |
| X | Highmark Health |

---

[1] Each Defendant named in this Short-Form Complaint acted directly or through each of that entity's executives, employees, directors, and majority-owned subsidiaries. For example, UnitedHealth Group Inc. acted directly or through, among others, the following majority-owned subsidiaries: United Healthcare Insurance Company, and its affiliates; United HealthCare Services Inc.; United Healthcare Service LLC; Oxford Benefit Management, Inc.; UMR, Inc.; Sierra Health and Life Insurance Company, Inc.; Sierra Health-Care Options, Inc.; Health Plan of Nevada, Inc.;

and United Healthcare of Florida, Inc.

|   | |
|---|---|
| | Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey |
| X | Humana Inc. |
| | Kaiser Foundation Health Plan, Inc. |
| | Molina Healthcare, Inc. |
| X | UnitedHealth Group Inc. |
| | Allied National, LLC |
| | Benefit Plans Administrators of Eau Claire, LLC |
| | Central States Southeast and Southwest Areas Health and Welfare Fund |
| | Consociate, Inc. d/b/a Consociate Health |
| | Healthcare Highways Health Plan (ASO), LLC |
| | Secure Health Plans Of Georgia, LLC D/B/A Secure Health |
| | Sanford Health Plan |
| | CareFirst Of Maryland |
| | Blue Cross Blue Shield of Massachusetts |

## C. OTHER DEFENDANTS

For each "Other Defendant" Plaintiff contends are additional parties and are liable or responsible for Plaintiff's damages alleged herein, Plaintiff must identify by name each Defendant and its citizenship, and Plaintiff must plead the specific facts supporting any claim against each "Other Defendant" in a manner complying with the requirements of the Federal Rules of Civil Procedure. In doing so, Plaintiff may attach additional pages to this Short-Form Complaint.

| | NAME | CITIZENSHIP |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |

## II. DESIGNATED FORUM

4. For Direct Filed Cases: Identify the Federal District Court in which the Plaintiff would have filed in the absence of direct filing: Middle District of Florida

5. For Transferred Cases: Identify the Federal District Court in which the Plaintiff originally filed and the date of filing: _____

### III. JURISDICTION AND VENUE

6. Subject Matter Jurisdiction is based on:

| X | Diversity of Citizenship |
|---|---|
| X | Federal Question |
| X | Other (The basis of any additional grounds for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure): **Supplemental Jurisdiction (28 U.S.C. § 1367)** |

### IV. FACTS AND INJURIES ASSERTED

7. Plaintiff adopts all paragraphs of the Consolidated Master DAP Complaint by reference, except for the allegations set forth in any cause of action that Plaintiff does not adopt (as indicated below).

8. Plaintiff adopts and alleges as injuries resulting from the challenged conduct the injuries to DAPs set forth in the Consolidated Master DAP Complaint.

### V. ADDITIONAL FACTS DEMONSTRATING STANDING TO BRING CAUSES OF ACTION

9. Plaintiff alleges the following additional facts in support of its standing to bring causes of action:

Plaintiff Halifax Hospital Medical Center ("Halifax Health") is a public health care system organized under the laws of the State of Florida with its principal place of business in Daytona Beach, Florida. Halifax Health operates one of the largest public health systems in the State of Florida and provides hospital, emergency, surgical, and specialty medical services to residents and visitors throughout Volusia County and Central Florida. Halifax Health owns and operates multiple acute care hospitals and healthcare facilities, including Halifax Health Medical Center of Daytona Beach and Halifax Health Medical Center of Deltona, as well as numerous outpatient and specialty care facilities. Halifax Health provides medically necessary healthcare services to patients who are insured by, or whose

4

health benefit plans are administered by, the Defendant insurers and payors identified in this Complaint.

In the ordinary course of its business, Halifax Health submits claims for reimbursement to the Defendant insurers and third-party administrators for medical services rendered to patients covered by health plans that utilize MultiPlan's preferred provider organization ("PPO"), network leasing, repricing, or related cost-containment services.

Defendant MultiPlan, Inc. and its affiliated entities contract with insurers, third-party administrators, and other payors to facilitate the repricing of out-of-network healthcare claims. Through these arrangements, MultiPlan applies pricing algorithms, benchmark methodologies, and coordinated reimbursement policies designed to reduce payments to healthcare providers below the amounts that would otherwise be paid in a competitive market.

As a result of the agreements, information exchanges, and coordinated conduct alleged in the Consolidated Master Direct Action Plaintiff Complaint, Defendants have systematically repriced and reduced reimbursement owed to Halifax Health for medically necessary services provided to insured patients.

This conduct has caused Halifax Health to receive reimbursement substantially below the reasonable value of the healthcare services it provided and below the levels that would have prevailed in a competitive marketplace absent Defendants' unlawful agreements and anticompetitive conduct.

Halifax Health has therefore suffered direct economic injury, including reduced reimbursements, lost revenue, and other damages resulting from Defendants' anticompetitive repricing practices. These injuries constitute antitrust injury and were proximately caused by Defendants' unlawful conduct as alleged in the Consolidated Master Direct Action Plaintiff Complaint.

## VI.    CAUSES OF ACTION ASSERTED

10. Plaintiff adopts and asserts the following Causes of Action alleged in the Consolidated Master DAP Complaint, and the allegations with regard thereto, against the Defendants identified above (*check all that are adopted*).

| Check all that apply | Count | Cause of Action | Law pursuant to which the cause of action is asserted in the Master Complaint |
|---|---|---|---|
| X | I | Horizontal Agreements in Restraint of Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| X | II | Hub-And-Spoke Agreement in Restraint of Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| X | III | Principal-Agent Combinations in Restraint of Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| X | IV | Agreements to Unreasonably Restrain Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |

5

| X | V | Anticompetitive Information Exchange (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
|---|---|---|---|
| X | VI | Violation of State and D.C. Antitrust Statutes | Florida Law |
| X | VII | Violation of State Consumer Protection Laws | Florida Law |
| X | VIII | Unjust Enrichment | Florida Law |

## NOTE

If Plaintiff wants to allege additional Causes of Action other than those selected in the preceding paragraph, which are the Causes of Action set forth in the Master Complaint, the facts supporting those additional Causes of Action, must be pled in a manner complying with the requirements of the Federal Rules of Civil Procedure. In doing so, Plaintiff may attach additional pages to this Short-Form Complaint.

### VII. ADDITIONAL CAUSES OF ACTION

11. Plaintiff asserts the following additional Causes of Action and supporting allegations against the following Defendants:

| Cause of Action | Governing Law |
|---|---|
| Monopolization (Section 2 of the Sherman Act, 15 U.S.C. § 2) | Federal Law |
| Conspiracy to Monopolize (Section 2 of the Sherman Act, 15 U.S.C. § 2) | Federal Law |

6

These additional causes of action are attached to this Short Form Complaint as **Appendix A.**

## VIII.   PRAYER FOR RELIEF

12. *Check all that apply*:

| X | **WHEREFORE,** Plaintiff prays for all available compensatory damages, treble damages, punitive damages in amounts to be proven at trial, and judgment against Defendant(s) and all such further relief that this Court deems equitable and just as set forth in the Master Complaint, and any additional relief to which Plaintiff may be entitled, including disgorgement. |
|---|---|
| X | **WHEREFORE,** Plaintiff prays for declaratory and injunctive relief and judgment against Defendant(s) and all such further relief that this Court deems equitable and just as set forth in the Master Complaint, and any additional relief to which Plaintiff may be entitled. |

## JURY DEMAND

[*Check the applicable box*]:

| X | Plaintiff hereby demands a trial by jury as to all claims in this action. |
|---|---|
|   | Plaintiff **does not demand** a trial by jury as to all claims in this action. |

****

7

By signature below, Plaintiff's counsel hereby confirms their submission to the authority and jurisdiction of the United States District Court of the Northern District of Illinois and oversight of counsel's duties under Federal Rule of Civil Procedure 11, including enforcement as necessary through sanctions and/or revocation of pro hac vice status.

Date: May 27, 2026

Respectfully Submitted,

**HARTLEY LAW OFFICES, PLC**
110 Southeast Seventh Street
Suite 1738
Fort Lauderdale, Florida 33301
Telephone: (954) 357-9973
Facsimile: (954) 357-2275
Email: hartley@hartleylaw.net

By:/s/Timothy M. Hartley
TIMOTHY M. HARTLEY
FL BAR NO. 979066

**COLSON HICKS EIDSON, P.A.**
806 S. Douglas Road, Suite 1200
Coral Gables, Florida 33134
Tel: (305) 476-7400

By: /s/ Curtis B. Miner_____
Curtis B. Miner, Esq.
(Florida Bar No. 885681)
E-mail: curt@colson.com
Sabrina S. Saieh
Florida Bar No. 125290
sabrina@colson.com

8

CERTIFICATE OF SERVICE

The undersigned attorney certifies that on May 27, 2026, we electronically filed a copy of the attached via the CM/ECF filing system, which sent notification of such filing to all Filing Users.

By: /s/  Curtis B. Miner_____
        Curtis B. Miner, Esq.

# APPENDIX A

## FIRST ADDITIONAL CLAIM FOR RELIEF: MONOPOLIZATION
### Violation of Section 2 of the Sherman Antitrust Act (15 U.S.C. § 2) (Against MultiPlan)

1. Plaintiff repeats and incorporates by reference paragraphs 1 through 728 and allegations of the Consolidated Master Direct Action Plaintiff Complaint ("Complaint") as if set forth fully herein.

2. As alleged herein, from at least July 1, 2017 to the present, MultiPlan possessed monopoly power in the market for commercial health insurance repricing. No other competitor has been able to restrain MultiPlan's ability to dominate this market during the relevant time period. MultiPlan had and has the ability to control commercial health insurance repricing and excludes competitors.

3. MultiPlan willfully and unlawfully maintained its market power in the commercial health insurance repricing market by engaging in an anticompetitive scheme to prevent legitimate competition on the merits. MultiPlan's monopoly has been maintained by its anticompetitive misconduct and not as a result of providing a superior product, business acumen, or historical accident.

4. MultiPlan's course of anticompetitive misconduct, as alleged herein, required the insurers identified in the Complaint to use MultiPlan's repricing tool exclusively or nearly exclusively. MultiPlan has substantially foreclosed the market from actual and potential competition.

5. There are no valid procompetitive justifications for MultiPlan's exclusionary conduct in the commercial health insurance repricing market. Even if there were (and there are not), any such ostensible procompetitive benefit could have been obtained through a less restrictive means.

6.     As a result of this scheme, Plaintiff received artificially suppressed reimbursements for the healthcare services it provided. Plaintiff has been injured by MultiPlan's antitrust violations. Such injury is of the type that the antitrust laws were designed to prevent and flows from that which makes MultiPlan's misconduct unlawful.

7.     The direct purchasers of MultiPlan's repricing services—insurers—are all subject to MultiPlan's control with respect to out-of-network claims repricing, are MultiPlan's coconspirators, and benefit from the scheme.

8.     MultiPlan's anticompetitive acts violate Section 2 of the Sherman Antitrust Act.

**SECOND ADDITIONAL CLAIM FOR RELIEF: CONSPIRACY TO MONOPOLIZE**
**Violation of Section 2 of the Sherman Antitrust Act (15 U.S.C. § 2) (Against MultiPlan)**

9.     Plaintiff repeats and incorporates by reference paragraphs 1 through 728 and allegations of the Complaint as if set forth fully herein.

10.     As alleged herein, from at least July 1, 2017 to the present, MultiPlan possessed monopoly power in the market for commercial health insurance repricing. No other competitor has been able to restrain MultiPlan's ability to dominate this market during the relevant time period. MultiPlan had and has the ability to control commercial health insurance repricing and excludes competitors.

11.     Multiplan conspired to unlawfully maintain MultiPlan's monopoly. In return for their participation in the conspiracy, each and every Defendant received a share of the difference between what amount a healthcare provider submitted and what was ultimately paid.

12.     The goal, purpose, and effect of the MultiPlan-directed conspiracy was to maintain and extend MultiPlan's monopoly over the commercial health insurance repricing market so as to ensure continued monopoly profits and control.

13.     As a direct and proximate result of the conspiracy to monopolize, Plaintiff received artificially suppressed reimbursements for the healthcare services it provided and was harmed as a result. These injuries are of the type the Sherman Antitrust Act was designed to prevent, and flow from that which makes MultiPlan's misconduct unlawful.

14.     By engaging in the foregoing misconduct, Defendants have intentionally and wrongfully conspired to monopolize in violation of the Sherman Antitrust Act.

15.     But for Defendants' unlawful conspiracy to monopolize, Plaintiff would have received more fair reimbursements for the healthcare services it provided.