**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION | Case No. 1:24-cv-06795 MDL No. 3121 |
| This Document Relates To: | Hon.  Matthew F. Kennelly |
| ALL ACTIONS | |

**CASE MANAGEMENT ORDER NO. 35**
**(SOURCE CODE PROTECTIVE ORDER)**

1.　　**APPLICABILITY OF THE ORDER.**  This Source Code Protective Order ("Order") shall be considered an amendment to Case Management Order No. 12, HIPAA-Qualified Protective Order, ECF No. 242, and shall govern the handling of Source Code as defined in Section 2 of this Order.  This Order shall apply to any named Party to this action, any non-party that receives a subpoena for testimony or documents, and any person or entity that obtains access to Confidential Material subject to this Order.  All references to "Party," "Receiving Party," "Producing Party" or "Designating Party" throughout this Order are intended to include non-parties.  This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. This Order is entered without prejudice to Plaintiffs' ability—upon a specific and particularized showing of need—to seek the entry of an amended Source Code Protective Order consistent with Plaintiffs' Proposed Order at ECF No. 710, Ex. 1, following source code inspection.

2.　　**DESIGNATION OF SOURCE CODE.**  Producing Parties may designate as HIGHLY CONFIDENTIAL SOURCE CODE – SUBJECT TO PROTECTIVE ORDER extremely sensitive Confidential Material representing computer code and associated comments

and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means. For the avoidance of doubt, business requirements documents, software development lifecycle documents, change request documents, configuration documentation, and similar materials that have been or will be produced by Counsel as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY shall retain that designation and shall not be subject to the restrictions of this Source Code Protective Order.

3. **DISCLOSURE OF SOURCE CODE.** Unless otherwise ordered by the Court or permitted in writing by the Producing or Designating Party, a Receiving Party may disclose any information or item designated HIGHLY CONFIDENTIAL SOURCE CODE – SUBJECT TO PROTECTIVE ORDER only to those persons to whom HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY material may be disclosed pursuant to Section 4.a–b of CMO No. 12, HIPAA-Qualified Protective Order, ECF No. 242. For the avoidance of doubt, mediators and in-house counsel of any Party other than the Producing Party shall not have access to materials designated HIGHLY CONFIDENTIAL SOURCE CODE – SUBJECT TO PROTECTIVE ORDER.

4. **PRODUCTION OF SOURCE CODE**

    a. Any source code produced in discovery shall be made available for inspection on a secured computer (the "Source Code Computer") in a format through which it could be reasonably reviewed and searched during normal business hours at the offices of the Producing Party's outside counsel as set forth in subparagraph (p) below. Source code will be made available for inspection between the hours of 9 a.m. and 6 p.m. local time on business

days (i.e., weekdays that are not Federal holidays). Unless otherwise requested or agreed to by the Parties in advance of any inspection of source code, all source code produced by the Producing Party shall be made available simultaneously at the same review location, and if possible on the same Source Code Computer. For the avoidance of doubt, this does not require all Parties' source code to be made available at a single location or on a single Source Code computer.

b. The source code shall be made available for inspection on the Source Code Computer in secured room without internet access or network access to other computers (the "Source Code Review Room"), and on which all access ports have been disabled (except, if needed, for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any source code outside or away from the Source Code Computer or the Source Code Review Room. The Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.

c. No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

d. The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the source code but may not copy or include any portions or sections of the source code into the notes and may not take such

3

notes electronically on the Source Code Computer itself or any other computer.

e.    No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

f.    The Producing Party may visually monitor, from outside the Source Code Review Room, the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

g.    The Producing Party shall make available a commercially reasonable printer for on-site printing during inspection of the source code. The Receiving Party may print limited portions of the source code that the Receiving Party believes in good faith are necessary and relevant to the claims and/or defenses in this litigation.

h.    Any printed portion that consists of more than 25 full pages of a continuous block of source code shall be presumed to be excessive, absent the agreement of the Producing Party or an order from the Court.[1] The burden shall be on the Receiving Party to demonstrate the need for such a printed copy of continuous block of source code in excess of the 25-page limit. The Receiving Party may print out no more than 500 pages total of source code,

---

[1] All page limits discussed herein apply separately to the Direct Action Plaintiffs' experts and the Class Plaintiffs' experts.

of which no more than 200 full pages of source code may be printed per software version. One page of printed source code shall mean one column of code printed in size 12 font on one single- sided sheet of paper, measuring 8 ½ inches by 11 inches. The Receiving Party shall not print source code in order to review blocks of source code elsewhere in the first instance, i.e., as an alternative to reviewing that source code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). Upon printing any portions of source code, the printed pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy, and label HIGHLY CONFIDENTIAL SOURCE CODE – SUBJECT TO PROTECTIVE ORDER any pages printed by the Receiving Party. Within 3 business days, the Producing Party shall either (i) provide one hard copy set of such pages to the Receiving Party or (ii) inform the Receiving Party that it objects because the printed portions are excessive and/or not done for a permitted purpose. The Producing Party and Receiving Party agree to meet and confer within three business days of service of the Producing Party's objection to attempt to resolve such objection. If the Producing Party and Receiving Party cannot resolve such objection during this meet and confer, the Receiving Party may file a motion to compel the production of the requested

5

source code. The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere. The printed pages shall constitute part of the source code produced by the Producing Party in this action.

i.  During the review of source code, if the Receiving Party believes in good faith that contemporaneous access to printed copies of particular pages of the source code is necessary to further the source code review, the Receiving Party may request and the Producing Party shall promptly provide one printed copy of such pages. All printed copies of such source code shall be returned to the Producing Party after such contemporaneous access by the Receiving Party, and at a minimum at the end of each day of source code review. The Receiving Party shall limit its requests for contemporaneous access to printouts to those pages actually necessary to conduct the source code review. For the avoidance of doubt, printing under this sub-paragraph (i) shall not apply to the production limit of 500 pages total for printed source code, of which no more than 200 pages of source code may be printed per software version.

j.  All persons who will review a Producing Party's source code on behalf of a Receiving Party, including members of a Receiving Party's Outside Counsel and Experts, shall be identified in writing to the Producing Party at least 5 days in advance of the first time that such person reviews such source code. Such identification shall be in addition to any other disclosure

required under this Source Code Order or CMO No. 12, HIPAA Qualified Protective Order, ECF No. 242. All persons viewing source code shall sign a log on each day they view source code that will include the names of persons who enter the Source Code Review Room and when they enter and depart. The Producing Party shall be entitled to a copy of the log upon one business day's advance notice to the Receiving Party.

k.  Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Source Code Order, the Receiving Party's Outside Counsel and/or Experts shall remove all notes, documents, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the Source Code Computer. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the Source Code Review Room or the Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification.

l. Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any recordable media or recordable device. The Receiving Party will not transmit any source code in any way from the Producing Party's facilities or the offices of its Outside Counsel.

m. The Receiving Party's Outside Counsel may make no more than 3 additional paper copies of any portions of the source code received from a Producing Party, not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the source code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon one business day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

n. The Receiving Party's Outside Counsel and any person receiving a copy of any source code shall maintain and store any paper copies of the source code at their offices in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use. The Receiving Party shall limit access to any printed portions of the source code to only those permitted to receive such source code pursuant to Section 4.a–b of CMO No. 12, ECF No. 242.

o.    Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the source code from any paper copy of source code for use in any manner (including, by way of example only, the Receiving Party may not scan the source code to a PDF or photograph the code). Images or copies of source code shall not be included in correspondence between the Parties and shall be omitted from pleadings and other papers whenever possible. References to production bates numbers shall be used instead. If a Party reasonably believes that it needs to submit a portion of source code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the source code and such source code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate. If a Producing Party agrees to produce an electronic copy of all or any portion of its source code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of source code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view source code under the provisions of this Source Code Order. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of

9

source code, the Receiving Party shall maintain a log of all such electronic copies of any portion of source code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled HIGHLY CONFIDENTIAL SOURCE CODE – SUBJECT TO PROTECTIVE ORDER as provided for in this Order.

p.  Prior to the first inspection of source code, the Receiving Party shall provide 7 days' notice that the Receiving Party intends to inspect the source code, which shall first occur in Los Angeles. CA (10250 Constellation Blvd Suite 1100, Century City, CA 90067) and then, no sooner than two weeks following notice from Receiving Party's counsel that inspection in Los Angeles has concluded, in Austin, Texas (300 Colorado St Suite 2400, Austin, TX 78701). The Receiving Party shall provide no fewer than 48 hours' notice prior to any subsequent inspections of source code, which shall occur in Austin Texas (300 Colorado St Suite 2400, Austin, TX 78701) unless otherwise agreed. In the event that the Producing Party makes additional source code available during an ongoing inspection by the Receiving Party that was not previously produced when the Receiving Party's inspection began, the Producing Party will use best efforts to make the additional source code available to the Receiving Party during the ongoing review or at the soonest time after the ongoing review that is mutually acceptable to the Parties, and such additional source code shall be

10

made available in whichever location the ongoing or most recent inspection occurred.

5. **USE OF HIGHLY CONFIDENTIAL SOURCE CODE**

    a.    Where absolutely necessary in connection with a filing, interrogatory response, or expert report, or where required by the Court, a Receiving Party may make only as many copies, and only of the specific pages, as needed for submission of original source code printouts to be included in confidential pleadings, interrogatory responses, expert reports, and/or other filings, and such pleadings, interrogatory responses, expert reports, and/or other filings shall be designated HIGHLY CONFIDENTIAL SOURCE CODE – SUBJECT TO PROTECTIVE ORDER. If a Producing Party's source code is quoted or set forth in a confidential pleading, interrogatory response, expert report, and/or other filing, the Receiving Party will limit the amount of such source code to what is reasonably necessary for the Receiving Party to make its point.

    b.    For depositions, a Receiving Party may, on reasonable notice, request that Producing Party provide at the deposition an electronic copy of source code that it made available for inspection.

    c.    A Party that wishes to use any printed copies of Producing Party's source code at a deposition, hearing, or trial may not make copies of the material for this purpose without Producing Party's prior written consent. Absent such consent, the Party must provide the Producing Party with at least 5 business days' advance notice of its need for printed copies and identify the

11

required pages by Bates number. Within three business days, the Producing Party will then either authorize the Party to prepare copies for use or agree to supply copies itself on the day of the deposition, hearing, or trial. At the conclusion of the deposition, hearing, or trial, the copies will be returned to Producing Party or destroyed. Copies will not be attached to any deposition transcripts. Any copies prepared for use at a hearing or trial that are not admitted into evidence shall be destroyed or returned to Producing Party.

d.      The entire transcript of any deposition at which Producing Party's source code is disclosed will be treated as designated HIGHLY CONFIDENTIAL SOURCE CODE – SUBJECT TO PROTECTIVE ORDER for 30 days. During that period, Producing Party may designate any portion of the deposition transcript as HIGHLY CONFIDENTIAL SOURCE CODE – SUBJECT TO PROTECTIVE ORDER by giving written notice to the reporter and all parties. The court reporter shall separately bind and label transcript pages that Producing Party designates as HIGHLY CONFIDENTIAL SOURCE CODE – SUBJECT TO PROTECTIVE ORDER. Any portions that the Party does not designate during that 30-day period will then be treated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY.

e.      A Receiving Party's Outside Counsel will maintain the delivered copy sets of the source code in a locked location at the office(s) of Outside Counsel to which they were delivered and where they will not be accessible to persons other than those individuals permitted to view source code. No copy set

12

will be removed from the location to which it was delivered without prior approval from Producing Party. In addition to other reasonable steps to maintain the security and confidentiality of Producing Party's source code, printed copies of the source code maintained by the Receiving Party must be kept in a locked storage container when not being actively reviewed.

f.   The Receiving Party's Outside Counsel shall keep a log that records the identity of each person permitted to view source code pursuant to Section 4.k to whom each hard copy of the source code is provided and when it was provided to that person. Within 30 days after the issuance of a final, non-appealable decision resolving all issues in this litigation, upon request, the Receiving Party must serve upon Producing Party the log. In addition, any other individuals to whom the Receiving Party disclosed paper copies of the source code (including at Outside Counsel's offices) must certify in writing that all copies of the source code that was disclosed to them were retained by the Outside Counsel, who provided them the information, and that such persons will make no use of the source code or of any knowledge gained from the source code in any future endeavor.

g.   All electronic and physical copies of source code must be stored and maintained at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order. To ensure compliance with applicable United States Export Administration Regulations, source code may not be exported outside the United States or released to any foreign national (even if within the United States).

      h.     Access to and review of source code shall be strictly for the purpose of investigating the claims and defenses at issue in this litigation. No person shall review or analyze any source code for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing source code in this litigation in any other pending or future dispute, proceeding, or litigation.

      i.     Inputting, uploading, submitting, or otherwise providing source code, including any excerpts or portions thereof, to any artificial intelligence tool or platform, including any generative, analytical, or large language model-based tool is strictly and absolutely prohibited.

6.    **TRAINING AND COMPLIANCE.** Receiving Party will ensure that anyone in receipt of or involved in the review of any materials affected by this Source Code Protective Order shall understand and comply with this Order. Receiving Party will perform periodic checks for compliance with this Order, with findings documented and necessary corrective actions taken. If this Order is violated, it shall be treated as a violation of CMO No. 12, HIPAA-Qualified Protective Order, ECF No. 242, and all relevant responsibilities shall apply.

7.    **NO PREJUDICE.** The Parties agree that seeking entry and entry of this Source Code Protective Order are without prejudice to any Party's rights to seek relief from these provisions relating to source code production, or to propose, request, or otherwise move the Court for different provisions relating to source code production.

SO ORDERED

Dated: 6/26/2026

                          Hon.  Matthew F. Kennelly
                          United States District Judge

14