UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 1:24-cv-06795 MDL No. 3121<br><br>Hon. Matthew F. Kennelly<br><br>**CASE MANAGEMENT ORDER NO. 37: DIRECT ACTION PLAINTIFFS' COMMON BENEFIT TIME AND EXPENSES** |

## I.     SCOPE OF ORDER

1.     This Order is entered to provide for the fair and equitable sharing among the Direct Action Plaintiffs ("DAPs"), and their counsel, of the burden of services performed and expenses incurred that inure to the common benefit of all DAPs in this litigation.

### A.  Governing Principles and the Common Benefits Doctrine

2.     The governing principles are derived from the United States Supreme Court's common benefit doctrine, which has developed over time, including in *Trustees v. Greenough*, 105 U.S. 527 (1881), *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1884), *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939), *Mills v. Electric Auto-Lite Co.,* 396 U.S. 375 (1970), *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980), and approved and implemented in the MDL context, in inter alia, *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1019-21 (5th Cir. 1977), *In re MGM Grand Hotel Fire Litigation*, 660 F.Supp. 522, 525-29 (D. Nev. 1987), and *In re Testosterone Replacement Therapy Products Liability Litigation (MDL 2545)*, Case No. 1:14-cv-1748, N.D. Ill., ECF 488 (Corrected Case Management Order No.

16). Subject to the terms of this Order, Common Benefit Work Product includes all work performed that inures to the benefit of all DAPs, whether for pre-trial matters, discovery, trial preparation, a potential settlement process, and including all other work that advances this litigation to conclusion in this District or on remand to another district court.

### B. Application of this Order

3. This Order applies to all cases now pending, as well as to any case later filed in (including cases filed via this Court's Direct Filing Order, CMO 7, ECF 196), transferred to, or removed to this Court and treated as part of the coordinated proceeding known as *In re Multiplan Health Insurance Provider Litigation*, MDL 3121 (the "MDL"). This Order further applies to each attorney who represents a Plaintiff with a case now pending in or later filed in, transferred to, or removed to this Court, including attorneys who sign the "Participation Agreement" attached hereto as **Exhibit 1** ("Participating Counsel") and those who do not sign the Participation Agreement ("Non-Participating Counsel").

4. This Order applies to all federal and state claims concerning the conduct alleged in the DAP Master Complaint ("Covered Claims") for which any Participating Counsel is counsel, regardless of whether the Covered Claims of the client at issue have been filed in the MDL, as well as to all Covered Claims filed in, transferred to, or removed to this Court for which any Non-Participating Counsel is counsel.

5. Notwithstanding anything else in this Order, however, nothing in this Order shall apply to any settlement reached or judgment (a) obtained by Interim Class Counsel on behalf of any plaintiff class or (b) of Covered Claims that have not been filed in, transferred to, or removed to this Court, provided that no Participating Counsel represents a client on such Covered Claims.

## II.     COMMON BENEFIT TIME AND EXPENSES

### A.  Qualified Common Benefit Work and Expenses Eligible for Reimbursement

6.     Only Participating Counsel are eligible for reimbursement for time and efforts expended for the common benefit of all DAPs ("Common Benefit Work"). The written and non-written work product generated through Common Benefit Work is "Common Benefit Work Product."

7.     Non-Participating Counsel are not entitled to reimbursement for any time and efforts or expense on a common benefit basis.

8.     Participating Counsel are prohibited from sharing Common Benefit Work Product with Non-Participating Counsel absent a written agreement approved by the Court, and are prohibited from sharing Common Benefit Work Product with anyone else not approved by the DAP EC.

9.     Participating Counsel shall be eligible for reimbursement for time and efforts expended for Common Benefit Work if said time and efforts are: (a) for the common benefit; (b) appropriately authorized (as described in the Participation Agreement); (c) timely submitted; and (d) verified by a partner or shareholder in the submitting firm. Common Benefit Work shall be performed only by partners, shareholders, associates, or employees of the law firm submitting time/expenses. Time/expenses for work by contract attorneys will not be compensated/reimbursed, unless with prior written approval from the DAP EC. Generally, approved contract attorney work will be treated as a Shared Cost or Held Cost, and not as Common Benefit Work.

10.     Not all common benefit hours billed/submitted are equal. For example, case administration and standard document review work generally will be given less value than law and briefing, discovery, and trial work. There is no guarantee that all of the time submitted by any firm

3

will be compensated and no guarantee that the work will be compensated or valued at the submitted hourly rate.

11.     Individuals who may perform work eligible for consideration as Common Benefit Work include the DAP EC; partners, shareholders, associates, and employees of the DAP EC members' law firms; and partners, shareholders, associates, and employees of non-DAP EC member firms representing bellwether plaintiffs (with respect to matters specific to their bellwether clients).

12.     The DAP EC members shall communicate amongst themselves to coordinate Common Benefit Work by their law firms to avoid work that is excessive, duplicative, or not necessary.

13.     As the litigation progresses, the DAP EC may assign Participating Counsel outside the law firms of the DAP EC members to perform Common Benefit Work ("Assigned Common Benefit Work").

14.     Work by Participating Counsel outside the law firms of the DAP EC members shall not be eligible for consideration as Common Benefit Work unless it is Assigned Common Benefit Work, provided, however, that work performed by non- DAP EC law firms representing bellwether plaintiffs (with respect to matters specific to their bellwether clients) is eligible for consideration as Common Benefit Work.

15.     All counsel should be guided by the following examples of what is and is not Common Benefit Work eligible for compensation:

   a.   Depositions: Authorized counsel may attend any deposition, however, if such counsel has not been designated as one of the authorized questioners on behalf of the DAP EC or otherwise authorized to attend the deposition by the DAP EC, the time and expenses

4

for such counsel will not be considered Common Benefit Work.

a. Status Conferences: Individual attorneys are free to attend any status conference in order to keep up to date on the status of the litigation and participation, but attending and listening to such conferences is not Common Benefit Work for counsel other than for members of the DAP EC or for members of their firms/Participating Counsel assigned by the DAP EC to address or work on an issue that is the covered during the status conference. All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients.

b. Document Review: Only document review specifically authorized by the DAP EC for the MDL and assigned to an attorney will be considered Common Benefit Work. The DAP EC shall adopt reasonable processes to supervise document review consistent with this Order.

c. Review of Litigation Documents: Review of litigation documents (such as court filings) is not considered common benefit time other than by members of the DAP EC or members of their firms/Participating Counsel assigned by the DAP EC to address or work on an issue addressed in such documents. Time spent reviewing litigation documents should not be excessive.

d. Individual DAP Cases and Unauthorized Work: Subject only to the Bellwether provisions below, the work-up of individual cases (including work on plaintiff fact sheets or plaintiff-specific discovery), as well as any work not authorized by the DAP EC, shall not be considered Common Benefit Work.

e. Bellwether Pool, Bellwether Trial Case, Case Tracks: While the work-up of individual cases is not considered Common Benefit Work, if the Court approves any early

preference, case tracks, or bellwether trial process in the MDL, work-up of a case selected as part of any such process (including work performed as part of any approved bellwether process) may be considered for common benefit to the extent it complies with other provisions of this Agreed Order.

    f.  <u>Non-Attorney Support Staff Work</u>: Work performed by non-attorney support staff (e.g., paralegals and clerks) will be subject to all the same procedures and requirements set forth in this Order as that performed by attorneys.

## B. Time Records

16.    All time must be accurately and contemporaneously maintained. Time shall be kept according to these guidelines set forth below. All counsel shall keep a contemporaneous record of their time spent in connection with any Common Benefit Work on this litigation, indicating with specificity the hours and particular activities.

17.    All Common Benefit Work time for each firm shall be maintained in increments of one-tenth hours, broken down into separate tasks performed within a given day. Block billing of multiple tasks is not permitted.

18.    The following task codes shall be used:

1. DAP EC Leadership and EC Committee Communications (including regular meetings)

2. Law & Briefing (including legal research)

3. Court Appearances (including video and telephonic court conferences)

4. Fact Research and Discovery (including drafting and preparation for depositions)

5. Expert Discovery (including work with any common experts designated by the DAP EC, but not including work with experts to the extent retained only by and for certain DAPs)

6

6. Document Review (only to the extent assigned and supervised by the DAP EC  See below.)

7. Litigation Strategy and Analysis

8. Trial (including preparations)

9. Appeals

10. Settlement

11. Case Administration

19.     Common Benefit Work may also be presented with American Bar Association Uniform Task-Based Management System Litigation Codes that correspond to the foregoing activities.

20.     In addition to the codes, all time submitted for Common Benefit Work must include a narrative description with sufficient detail describing the nature and purpose of the work. Conclusory or vague descriptions will not suffice and may result in time not being compensated as Common Benefit Work.

21.     All time submitted for treatment as Common Benefit Work shall be submitted using the firm's then-present hourly rates for all attorneys and staff. Counsel shall not bill a rate other than their standard rates at the time the work is performed. Use of these rates does not guarantee their payment.

**C.  Qualified Expenses Eligible for Reimbursement**

22.      Only Participating Counsel are eligible for reimbursement for amounts expended for the common benefit of all DAPs ("Common Benefit Expenses").

23.     To be eligible for treatment as Common Benefit Expenses, expenses must meet the requirements of this section and the limitations set forth in the Participation Agreement.

Specifically, said expenses must be: (a) for the common benefit; (b) appropriately authorized (as defined in the Participation Agreement); (c) timely submitted within the defined limitations set forth in this Order; and (d) verified by a partner or shareholder in the submitting firm.

24.     Otherwise eligible expenses shall not be reimbursed as Common Benefit Expenses if determined to be unreasonable by the DAP EC or, to the extent reviewed by the Court, by the Court.

### D. Shared and Held Common Benefits Expenses

25.     Common Benefit Expenses may be either Shared Costs or Held Costs, each of which as defined below.

### 1. Shared Costs

26.     "Shared Costs" are costs that will be paid out of a fund established and administered by the DAP EC to pay for certain expenses for the benefit of all DAPs (the "MPI Operating Expense Fund"). The MPI Operating Expense Fund shall be funded by all members of the DAP EC and others as determined by the DAP EC.

27.     All Shared Costs must be approved in writing by the DAP EC  prior to payment.

28.     Shared Costs include: (a) deposition, court reporter, and video technician costs for depositions approved as common benefit depositions by the DAP EC; (b) costs reasonably necessary for a shared document repository and review platform created with the approval and under the supervision of the DAP EC (the "DAP Document Platform"), the operation and administration of the DAP Document Platform (including individual license fees to the extent authorized in writing by the DAP EC), and any equipment required for the DAP Document Platform; c) DAP EC group administration matters such as DAP EC meetings; (d) accountant fees to the extent the DAP EC authorizes or engages accounting services; (e) expert witness and

8

consultant fees and expenses for experts and consultants retained or utilized by the DAP EC as common benefits experts and consultants available to be used by any DAP in any bellwether pool or at any bellwether trial that the Court may order; (f) reasonable costs for non-testifying consulting experts retained or utilized by the DAP EC who are necessary for common benefit trial preparation and trial work (e.g., shared consulting experts, jury research consultants, and trial graphics consultants); (g) reasonable printing, copying, coding, scanning (outside vendor); (h) bank or financial institution charges for banks/institutions approved by the DAP EC; (i) investigative services pre-approved by the DAP EC, and (j) special master and/or mediator charges.

### 2. Held Costs

29. Held Costs are those that will be carried by each Participating Counsel in MDL 3121. Held Costs are those that are incurred for the benefit of all DAPs, but do not fall into any of the above categories of Shared Costs. By way of example, reasonable travel costs incurred by a firm for travel to undertake Common Benefit Work shall be Held Costs. Held Costs can also include unreimbursed, but authorized, Shared Costs incurred by Participating Counsel.

### E. **Authorization and Submission**

30. The Participation Agreement sets forth the guidelines for authorizing and submitting expenses for treatment as Held Costs, which shall be followed.

### F. **Expenses Limitations**

### 1. **Travel Limitations**

31. Except in extraordinary circumstances approved in advance by the DAP EC, all travel reimbursements are subject to the following limitations:

   a. Flights shall be submitted at refundable coach class rates.

   b. For overnight travel, counsel shall select reasonable lodging and restaurants.

9

    c.   Per diem expenses for travel should not exceed $100 per person per day, exclusive of lodging and transportation.

  2.  **Non-Travel Limitations**

    a.   <u>Shipping, Courier, and Delivery Charges:</u> All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

    b.   <u>In-House Photocopy:</u> A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. Copy charges must be at each firm's ordinary rate for such services, provided, however, that the maximum copy charge is 10¢ per page.

    c.   <u>Computerized Research – Lexis/Westlaw:</u> Claims for Lexis or Westlaw, and other computerized legal research expenses should be in the exact amount charged to or allocated by the firm for these research services in the ordinary course. Excessive or unreasonably duplicative research costs may be disallowed.

    d.   <u>Equipment Purchases:</u> Purchases of equipment, including laptop computer purchases for and utilized by the individual attorneys and their staff, even if used primarily for the MDL 3121, are not to be claimed, absent special circumstances approved by the DAP EC in writing.

  **G.  Monthly Time and Expense Submissions**

32.    Each Participating Counsel shall report its time and expenses for Common Benefit Work and Held Costs (including unreimbursed Shared Costs) to the DAP EC on a monthly basis in a format to be designated by the DAP EC ("Monthly Time and Expense Submissions" or "Submissions"). Submissions are to be made on the 25th day of each calendar month, beginning September 25, 2026.

33.     The first Submission should include all time and expenses for Common Benefit Work and Held Costs incurred through August 31, 2026. Each subsequent Submission should contain all time and expenses for Common Benefit Work and Held Costs incurred during the calendar month prior to the Submission date (i.e., the October 25, 2026 Submission shall include all time and expenses for Common Benefit Work and Held Costs incurred in September 2026). If the 25th of a month falls on a weekend or federal holiday, the Submission for that month shall be due the next day after the 25th that is not a weekend or federal holiday.

34.     Although counsel should endeavor to submit all Held Costs incurred in a certain month in the submission made on the 25th of the next month, the realities of third-party billing and credit card statement schedules may make such quick expense submission difficult in some circumstances. Held Costs that, because of billing or credit card statement schedules, could not have been submitted by the normal monthly deadline may be submitted in the calendar month after receipt of the bill or credit card statement, up to a maximum of six months after the otherwise applicable monthly Submission deadline.

35.     Unless an untimely Submission is approved in writing by the DAP EC, failure to provide Submissions to the DAP EC of time and expenses for Common Benefit Work, Shared Costs, and Held Costs in a timely manner in accordance with this Order shall result in a waiver of any right to seek compensation or reimbursement for times, fees, and expenses claimed for the time period that is the subject of the Submission (other than from an individual client and subject to any assessment or hold back).

36.     All time and expense Submissions must be electronically sent to the attention of the DAP EC at TimeandexpenseMultiPlanMDL@gaggle.email in the designated form appended hereto as **Exhibit 2** so they can be reviewed, compiled, and reviewed by the DAP EC and, if

needed, submitted to the Court at the appropriate time. Time spent compiling the data for the time and expense Submissions is not considered, and shall not be submitted, as Common Benefit Work or Held Costs.

37.     Submissions that are not made in the form (including codes and narratives) approved by the DAP EC, or any other method approved by the DAP EC, will result in a notice of deficiency, after which the submitting firm shall have 14 days to cure the deficient Submission. Absent prior approval from the DAP EC or special circumstances, failure to cure the deficiency within the fourteen-day period may result in (a) that Submission being rejected, and (b) the submitting firm waiving compensation for the time and expenses for the month for which the Submission was deficient and not timely cured.

38.     Upon a determination by the DAP EC that any lawyer or law firm repeatedly fails to comply with the requirement to timely submit time and expense records for Common Benefit Work or Held Cost in the required format, that lawyer or law firm may be barred by the DAP EC from performing future Common Benefit Work.

### H.  **Verification**

39.     All time and expense Submissions for Common Benefit Work and Held Costs shall be certified by a partner in each firm attesting to the accuracy of the submissions and compliance with this Order. Attorneys shall keep receipts for all submitted Held Costs. Credit card receipts are an appropriate form of verification. Unsubstantiated Held Costs may be disallowed by the DAP EC.

### III.    **PLAINTIFFS' LITIGATION FEE AND EXPENSES FUNDS**

### A.  **Establishing the Fee and Expenses Funds**

40.     The DAP EC shall establish two interest-bearing accounts to receive and disburse

funds as provided in this Order (the "Funds"). The first fund shall receive and disburse Holdback Amounts pursuant to this Order. The second fund shall receive and disburse Assessment Amounts pursuant to this Order.

### B. Assessments

#### 1. General Standards

41.     Subject to the carve-out provisions of paragraph 5 above, all plaintiffs and their attorneys who are subject to this Order and who agree to settle, compromise, dismiss, or reduce the amount of a Covered Claim or, with or without trial, recover a judgment for monetary damages or other relief (including compensatory and punitive damages), are subject to an assessment on the Gross Recovery (defined below) ("Assessment"), as provided herein.

#### 2. Gross Recovery

42.     Gross recovery includes any and all amounts that are to be paid, forgiven, or credited by (or for the benefit of) any Defendant[1] to (or for the benefit of) a DAP[2] or to any of such DAP's counsel (including amounts paid into any account of counsel for distribution in whole or part to any DAP) pursuant to a settlement or judgment with respect to any one or more Covered Claims. "Gross recovery" shall (a) exclude court costs that are to be paid by the Defendant; (and (b) include the present value of any fixed and certain payments to be made in the future. For purposes of this Order, "fixed and certain payments" shall include any payments to be determined by formula, even if the formula is to be applied to future events.

#### 3. Valuation of Non-Monetary Relief

43.     If any settlement or judgment governed by this Order includes non-monetary relief, including any non-monetary business relief (e.g., changes in claims processing procedures) ("Non-

---

[1] Including any affiliate.
[2] Including any affiliate.

13

Monetary Relief"), the DAP EC may, in its discretion, seek a valuation of the Non-Monetary Relief obtained for purposes of determining the Assessment Amount (defined herein), if any, that the DAP EC may seek with respect to any such Non-Monetary Relief.

44.     If a settlement governed by this Order includes any Non-Monetary Relief, the plaintiff entitled to such Non-Monetary Relief shall disclose on a confidential and outside-counsel-only basis all terms of such Non-Monetary Relief to the DAP EC at the time that is discloses any settlement in principle as required by this Order.

45.     The DAP EC choose to seek a valuation of any Non-Monetary Relief, the plaintiff obtaining such relief and the DAP EC shall engage in confidential negotiations to attempt in good faith to agree on a reasonably estimated value, which efforts may include the use of outside professionals and the confidential exchange of documents, including any existing estimates known to plaintiff or its counsel.  If the plaintiff and the DAP EC are unable to reach agreement on a valuation of the Non-Monetary Relief, the Court will determine a reasonably estimated value through a process to be determined by the Court.

### 4.  Covered Claims

46.     The Assessment shall apply to (a) all of the Covered Claims (whether in cases pending in the MDL, pending elsewhere, unfiled, or tolled) for clients of Participating Counsel, whether as sole counsel or co-counsel, or in which Participating Counsel has a claim to compensation (such as a referral fee) and (b) all of the Covered Claims for clients of Non-Participating Counsel, to the extent such claims have been filed in, transferred to, or removed to this Court.. For purposes of clarity, this Order shall apply to any settlement, compromise, or dismissal agreed to after the conclusion of consolidated pretrial proceedings in this MDL and remand of cases to transferor Courts, unless the transferor Court orders otherwise.

### 5. Qualifying Settlements and Holdback Amounts

47. The Holdback Amount shall be 10% of the Aggregate Settlement Amount of any agreement settling, compromising, or dismissing any one or more Covered Claim ("Covered Settlement"). The Aggregate Settlement Amount shall be equal to the Gross Recovery of any Covered Settlement, plus the value (if any) of any Non-Monetary Relief, to the extent the DAP EC exercises its option to seek a valuation of such Non-Monetary Relief as set forth above. For the avoidance of doubt, although the Holdback Amount is calculated based on the Aggregate Settlement Amount, the funds used to pay the Holdback Amount shall come exclusively from funds used to pay any attorneys' fees or compensation (whether on a contract, contingency, common benefit, referral, or any other basis) in connection with the Covered Settlement.

48. Each lawyer subject to this Order shall be required to take reasonable best efforts to include the following term in agreement for any Covered Settlement: "***Holdback Payment.*** [Name of Settling Defendant] shall cause 10% of the Aggregate Settlement Amount to be paid into a bank account established by the Court's Case Management Order concerning Common Benefit Time and Expenses, [docket number]. Such payment shall be made at the latest of the time for the first monetary payment required to be made under this Agreement or the time for such payment set forth in the Court's Case Management Order concerning Common Benefit Time and Expenses, [docket number]. The Aggregate Settlement Amount means the value of any and all amounts to be paid, forgiven, or credited to (or for the benefit of) [Plaintiff name] (or any affiliate of [Plaintiff name]) or any counsel for [Plaintiff name] pursuant to this Agreement. The Aggregate Settlement Amount shall (a) exclude court costs that are to be paid by [Settling Defendant;] (b) include the present value of any fixed and certain payments to be made in the future; (c) include the reasonably estimated value of business relief provided other than monetary relief (e.g., changes in claims processing procedures); and (d) exclude the value of payments made by [Settling Defendant]

15

specifically for costs associated with notice or administration of this Settlement." Each settlement agreement that contains this term shall be known as a "Qualifying Settlement."

49. If a plaintiff does not enter into a Qualifying Settlement or a Defendant does not comply with the terms of a Qualifying Settlement (a "Non-Qualifying Settlement"), then Plaintiffs' counsel in a matter with a Non-Qualifying Settlement shall be responsible for depositing an amount equal to 10% of the Aggregate Settlement Amount (the "Holdback Amount") into an interest-bearing bank account to be established pursuant to this order within three (3) business days of the receipt of funds from a Non-Qualifying Settlement. In the event that the Holdback Amount is not deposited into the designated bank account, the DAP EC may seek an Order from the Court imposing a lien, security interest, or judgment on Plaintiffs' Counsel that enter into Non-Qualifying Settlements for the value of Common Benefit Work, Shared Costs, and Held Costs.

50. The DAP EC may file a motion seeking a higher Holdback Amount in respect of a Covered Settlement for good cause. Such motion shall be filed before the determination of the Assessment Amount for the relevant settlement or settlements.

## 6. Assessment Amount to be Withheld from Holdback Amounts

51. The Assessment Amount is the percentage of a Holdback Amount that is withheld for payment to the Participating Counsel that performed Common Benefit Work or incurred Shared Costs and/or Held Costs (the "Common Benefit Counsel").

52. The Assessment Amount shall be determined in a future Order, pursuant to the following procedure. Within 10 days of reaching a settlement in principle for a Covered Claim, a Plaintiff subject to this Order (the "Settling Plaintiff") shall inform the DAP EC of the fact of the settlement in principle in writing. Within 10 days of such notice, the DAP EC and Settling Plaintiff shall submit a joint status report to the Court concerning the appropriate percentage of the

16

Holdback Amount, if any, to be withheld as compensation for Common Benefit Work, Shared Costs, and Held Costs. If the DAP EC and the Settling Plaintiff disagree as to the Assessment Amount, then (absent relief from the Court) the DAP EC and the Settling Plaintiff each shall have no more than 10 pages in the joint status report to present arguments concerning why their proposed Assessment Amount is proper. The Settling Plaintiff also shall state in the joint status report whether any Remaining Amount is to be paid to the Settling Plaintiff or its counsel. Within three (3) business days of an Order determining the Assessment Amount, the Assessment Amount shall be paid to DAP EC pursuant to Section I V  of this Order and any remaining portion of the Holdback Amount (the "Remaining Amount") shall be paid to the Settling Plaintiff or its counsel in accordance with the instructions provided in the joint status report.

**7. Effect of Engagement Letter Terms**

53. Both the DAP EC and Participating Counsel recognize the importance of individual cases and the relationship between individual clients and their attorneys. Regardless of the type of settlement or conclusion eventually made, the DAP EC will recommend to this Court that appropriate consideration will be given to terms of the engagement between attorneys and their individual clients.

**IV. DISTRIBUTIONS OF ASSESSMENT AMOUNTS**

**A. No Individual Right to the Funds:**

54. No party or attorney has any individual right to any Holdback Amount, Assessment Amount, or Remaining Amount except to the extent directed by a further order of this Court. The Holdback Amount will not constitute the property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney except when and as directed by a further order of this Court.

## B. **Court Approval**

55.     If the Court orders that any portion of a Holdback Amount shall be paid to Participating Counsel as an Assessment Amount for Common Benefit Work, Shared Costs, or Held Costs, those funds shall be deposited into an interest bearing bank account to be maintained by the DAP EC solely for the purpose of receiving and distributing Assessment Amounts (the "Assessment Holding Account"). Once an Assessment Amount is deposited into the Assessment Holding Account, those funds shall be available for distribution to Participating Counsel only with respect to Common Benefit Work, Shared Costs, and Held Costs. No amounts shall be disbursed from the Assessment Holding Account for any purpose without review and approval by the Court, or such other mechanism as the Court may order.

56.     This Court retains jurisdiction over any common benefit award or distribution from the Assessment Holding Account for any purpose.

## C. **Application for Distribution**

57.     Each Participating Counsel who has performed Common Benefit Work and timely submitted reports of the same to the DAP EC in accordance with this Order has the right to present their claim(s) for compensation and/or reimbursement prior to any distribution approved by this Court from the Assessment Holding Account. Any Counsel who does not sign the Participation Agreement and any Participating Counsel who has not timely submitted reports of Common Benefit Work shall not be eligible to receive common benefit payments for any work performed or expenses incurred.

58.     At the appropriate time, this Court may appoint a Common Benefit Distribution Committee to make recommendations to this Court for distributions to Participating Counsel who have performed Common Benefit Work and/or incurred Held Costs (including unreimbursed

18

Shared Costs). In making its recommendations to this Court, the Common Benefit Distribution Committee shall determine on its own the most fair and efficient manner by which to evaluate all of the time and expense submissions, including consideration of the extent to which any Participating Counsel or its law firm has otherwise received compensation for any Common Benefit Work or is party to a contract for such compensation (e.g., a contingency fee or hourly fee agreement with one or more clients).

59.     The Common Benefit Distribution Committee shall vote with respect to its recommendations to the Court. Each member of the Common Benefit Distribution Committee shall have only one vote and each vote shall bear the same weight. A decision of the Common Benefit Distribution Committee about its recommendations to the Court need only be made by a majority of votes of the Committee.

### D. Remaining Balance in Assessment Holding Account

60.     Any balance of Assessment Amounts remaining in the Assessment Holding Account at the conclusion of the MDL aspect of the litigation, and after all approved fees and expenses have been paid, will be returned to Settling Plaintiffs who entered into Qualifying Settlements on a basis to be determined by the Court in a future order. .

**SO ORDERED.**

Dated: 7/17/2026

Hon. Matthew F. Kennelly

# EXHIBIT 1

**EXHIBIT 1 TO CMO NO. ___**
(Common Benefit Participation Agreement)

**THIS AGREEMENT** is made this ____ day of _____, 2025, by and between the Direct Action Plaintiffs' Executive Committee ("DAP EC") appointed by the United States District Court for the Northern District of Illinois in MDL 3121 and _____ **[Name of the Firm Executing the Agreement]** (the "Participating Counsel").

**WHEREAS**, the United States District Court for the Northern District of Illinois appointed Christopher Seeger of Seeger Weiss LLP as Plaintiffs' Coordinating Counsel and Stephen M. Medlock of Vinson & Elkins LLP, Matthew Lavin of Gilbert LLP, Hunter Shkolnik of Napoli Shkolnik; and Jennifer Scullion of Seeger Weiss LLP to serve as members of the DAP EC to facilitate the conduct of pretrial proceedings in the federal actions relating to competing payors' decision to stop competing on the prices that they pay to healthcare providers for out-of-network goods and services and agree to use MultiPlan's common pricing methodology to underpay submitted claims; and

**WHEREAS**, the DAP EC, in association with other attorneys working for the common benefit of plaintiffs, have developed or are in the process of developing work product that will be valuable in all proceedings and benefit all Direct Action Plaintiffs ("DAPs") that allege underpayments for out-of-network goods and services and injuries, including antitrust injuries, as a result of the unlawful conduct of the Defendants. ("Common Benefit Work Product"); and

**WHEREAS**, Participating Counsel is desirous of acquiring the Common Benefit Work Product and establishing an amicable, working relationship with the DAP EC for the mutual benefit of their clients;

**NOW THEREFORE**, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

**Scope of Agreement**

1. This Participation Agreement is a private cooperative agreement between DAP attorneys to share Common Benefit Work Product pursuant to Case Management Number ("CMO") No. ___ and this Participation Agreement.

2. This Participation Agreement incorporates by reference any and all Orders of the Court entered, or which may subsequently be entered, regarding, *inter alia*, common benefit administration and/or assessments and incorporates fully herein all defined terms from such Order(s). Participating Counsel agree to be bound by the Court's determination on common benefit attorney fee awards, attorney fee allocations, and expense awards, and Participating Counsel knowingly and expressly waive any right to appeal those decisions or the ability to assert the lack of enforceability of the Court's Orders or to otherwise challenge their adequacy.

3. This Agreement applies to each and every claim, case, or action relating to healthcare payors' utilization of MultiPlan's out-of-network repricing services in a conspiracy to allegedly underpay claims submitted by healthcare providers in which the Participating Counsel has or will have a financial interest, whether the claim, case, or action is currently filed in federal court, or is unfiled, or is on a tolling agreement.

4. Participating Counsel shall produce a list that correctly sets forth the name of each client represented by them and/or in which they have an interest in the attorney fee, regardless of what that interest is, who has filed a civil action arising from underpayments for out-of-network goods and services and injuries, including antitrust injuries, as a result of the unlawful conduct of the Defendants. Such list shall include the court and docket number of each such case.

Participating Counsel shall also produce a list that contains the name of each client represented by them and/or in which they have an interest in the attorney fee, regardless of what that interest is, who has not yet filed a civil action. Participating Counsel shall supplement the lists on a quarterly basis and provide the lists to the DAP EC. The initial list shall be provided within 15 days of signing this Agreement and must be supplemented every 90 days thereafter.

5. Participating Counsel shall provide an executed copy of this Participation Agreement to the DAP EC by email at dap-pec-multiplan@gaggle.email.

**Rights and Privileges of Participating Counsel**

6. Any plaintiffs' attorney who executes this Agreement is entitled to receive the Common Benefit Work Product created by those attorneys who have also executed, or have been deemed to have executed, the Participation Agreement, regardless of the venue in which the attorney's cases are pending.

7. Upon request of the Participating Counsel, the DAP EC will provide within a reasonable time to the Participating Counsel, to the extent developed, the Common Benefit Work Product, including access to the DAP EC's virtual depository, and, if and when developed a complete trial package.

8. As the litigation progresses and Common Benefit Work Product continues to be generated, the DAP EC will provide Participating Counsel with such work- product and will otherwise cooperate with the Participating Counsel to coordinate the MDL litigation for the benefit of the plaintiffs.

9. Participating Counsel are also eligible to submit for consideration claims for reimbursement of common benefit costs and time submissions for authorized common benefit work in accordance with the terms of the Court's Common Benefit Orders. Should the Court at

some future point establish a percentage assessment to be held back from each claimant's Gross Monetary Recovery[1] ("Common Benefit Assessment") and funds be available for distribution to Participating Counsel pursuant to and subject to any Order of the Court, Participating Counsel may apply to the Court for common-benefit fees and reimbursement of expenses, provided that the time worked and/or expenses incurred are in compliance with the Court's Common Benefit Orders. Specifically, such work and/or expense must have been (1) for the common benefit; (2) appropriately authorized; and (3) timely and properly submitted.

## **Obligations of Participating Counsel**

10.     Should the Court at some future point establish a Common Benefit Assessment, Participating Counsel and their law firms agree to deposit, or cause to be deposited, the Common Benefit Assessment into the common benefit fund designated as the repository for such Common Benefit Assessments. It is the intention of the parties that, absent extraordinary circumstances, such Common Benefit Assessment would be in full and final satisfaction of any present or future obligation on the part of each claimant and/or Participating Counsel to contribute to any fund for the payment or reimbursement of any services or expenses incurred by, or due to, the DAP EC, Participating Counsel, and/or any other counsel eligible to receive disbursements a common benefit fund pursuant to an Order of the Court regarding assessments.

11.     Pursuant to CMO ▓▓, the DAP EC may share common benefit work product with Non-Participating Counsel only subject to a written agreement approved by the Court. Participating Counsel shall not share or otherwise provide access to the common benefit work product of the DAP EC to Non-Participating Counsel who have not been given written authorization to access MDL common benefit work product or with anyone else not approved by

---

[1] A "Gross Monetary Recovery" occurs when a claimant or his/her counsel either agree or have agreed, for monetary consideration, to settle, compromise, dismiss, or reduce the amount of a claim or, without trial, recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, with respect to any claim relating to underpayments for out-of-network goods and services and injuries, including antitrust injuries, as a result of the unlawful conduct of the Defendants.

the DAP EC.

On Behalf of the

Direct Action Plaintiffs' Executive Committee

By: _____


PARTICIPATING ATTORNEY(S)

By: _____

Firm: _____

Date: _____

# EXHIBIT 2

**IN RE MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION**
**Case No. 24-06795 (MFK)**
**MDL 3121**
**DAP CB [Monthly] Time Report**

**Reporting Period :**

**Firm Name:**

| Professional Name (Status) | Hourly Rate | Categories | | | | | | | | | | | Current Hours | Current Lodestar | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | | | | |
| | | | | | | | | | | | | | 0.00 | $0.00 | | $0.00 |
| | | | | | | | | | | | | | 0.00 | $0.00 | | $0.00 |
| | | | | | | | | | | | | | 0.00 | $0.00 | | $0.00 |
| | | | | | | | | | | | | | 0.00 | $0.00 | | $0.00 |
| | | | | | | | | | | | | | 0.00 | $0.00 | | $0.00 |
| | | | | | | | | | | | | | 0.00 | $0.00 | | $0.00 |
| | | | | | | | | | | | | | 0.00 | $0.00 | | $0.00 |
| | | | | | | | | | | | | | 0.00 | $0.00 | | $0.00 |
| | | | | | | | | | | | | | 0.00 | $0.00 | | $0.00 |
| | | | | | | | | | | | | | | | | |
| **Total:** | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 | 0 | $0.00 |

Categories:

1. DAP EC Leadership and EC Committee Communications (including regular meetings)

2. Law & Briefing (including legal research)

3. Court Appearances (including video and telephonic court conferences)

4. Fact Research and Discovery (including drafting and preparation for depositions)

5. Expert Discovery (including work with any common experts designated by the DAP EC, but not including work with experts to the extent retained only by and for certain DAPs)

6. Document Review (only to the extent assigned and supervised by the DAP EC  See below.)

7. Litigation Strategy and Analysis

8. Trial (including preparations)

9. Appeals

10. Settlement

11. Case Administration

Professional Status:

(P) Partner

(OC) Of Counsel

(A) Associate

(LC) Law Clerk

(PL) Paralegal

(L) Librarian

(I) Investigator

(O) Other

**IN RE MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION**
**Case No. 24-06795 (MFK)**

**DAP CB [Monthly] Expense Report**
                                                    **Reporting Period :**

**Firm Name:**

| Description | Total |
|---|---|
| Court Fees (filing, etc.) | |
| Court Reporters/Transcripts | |
| Computer Research | |
| Reproduction/Duplication/Copies | |
| Notice Costs | |
| Express Delivery/Messenger | |
| Professional Fees/Services (expert, investigator, accountant, etc.) | |
| Secretarial Overtime | |
| Service of Process | |
| Telephone/Fax/Postage | |
| Travel: Air Transportation, Ground Travel, Meals, Lodging, etc. | |
| Miscellaneous: (Describe): | |
| Miscellaneous: (Describe): | |
| Assessments | |
| TOTAL EXPENSES | **$0.00** |

1