**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION<br><br>*This Document Relates To:*<br>Case Nos. 1:25-cv-00080; 1:25-cv-04059 | Case No. 1:24-cv-06795<br><br>MDL No. 3121<br><br>Hon. Matthew F. Kennelly |

**STIPULATION AND [PROPOSED] ORDER**
**TO AMEND SHORT FORM COMPLAINTS**

Plaintiffs Advanced Spinal Care & Associates LLC d/b/a The Advanced Spine Center ("Advanced Spinal") and Jason E. Lowenstein MD, PLLC ("Lowenstein") (collectively, "Plaintiffs") and Defendants Multiplan Corp.; MultiPlan, Inc.; Viant, Inc.; Viant Payment Systems, Inc.; National Care Network, LLC; Medical Audit & Review Solutions, Inc. (collectively, the "MultiPlan Defendants"); Aetna, Inc.; The Cigna Group; UnitedHealth Group, Inc.; United Medical Resources Inc.; Elevance Health, Inc. f/k/a/ Anthem, Inc.; Anthem Blue Cross, Inc. f/k/a Empire Blue Cross; and Horizon Healthcare Services, Inc., d/b/a Horizon Blue Cross Blue Shield of New Jersey ("Horizon") (collectively, "Defendants"), stipulate as follows:

**RECITALS**

Whereas, the Parties agree that consolidating Plaintiffs' claims against Horizon and Defendants into a single action, dismissing with prejudice certain claims, and amending the Plaintiffs' Short Form Complaints promotes efficient case administration and preserves judicial resources;

Whereas, on September 27, 2023, Plaintiff Advanced Spinal filed a complaint (the "Original New Jersey Complaint") in the United States District Court for the District of New Jersey (Case No. 23-cv-20716) ("New Jersey Action") against Horizon pleading the following claims: (i)

Benefits Due under ERISA § 502(A)(1)(B); (ii) Breach of ERISA Fiduciary Duties; (iii) Breach of Contract; (iv) Breach of Implied Contract; (v) Breach of the Duty of Good Faith and Fair Dealing; (vi) Negligent Misrepresentation; (vii) Conversion; (viii) Unjust Enrichment; and (ix) Quantum Meruit;

Whereas, on January 3, 2025, Plaintiffs filed a separate Short Form Complaint in the United States District Court for the Northern District of Illinois (Case No. 1:25-cv-00080) against Defendants other than Horizon pleading the following claims: (i) Conspiracy/Combination in Restraint of Trade *Per Se* Violation (15 U.S.C. § 1); (ii) Conspiracy/Combination in Restraint of Trade Quick Look or Rule Of Reason (15 U.S.C. § 1); (iii) Monopolization (15 U.S.C. § 2); (iv) Conspiracy to Monopolize (15 U.S.C. § 2); (v) Benefits Due under ERISA § 502 A(1)(B); (vi) Breach of Fiduciary Duties under ERISA §§ 1104(A), 1109(A) & 1132(A)(3); (vii) Breach of Contract; (viii) Breach of Implied Contract; (ix) Breach of the Duty of Good Faith and Fair Dealing; (x) Unjust Enrichment; and (xi) Quantum Meruit (the "Illinois Action," Case No. 1:25-cv-00080);

Whereas, on March 7, 2025, Plaintiffs filed an Amended Complaint in the New Jersey Action (the "Amended New Jersey Complaint") that (a) dropped the Negligent Misrepresentation and Conversion claims, (b) added Jason E. Lowenstein MD, PLLC as a plaintiff, (c) added the MultiPlan Defendants, and (d) alleged the following claims: (i) Conspiracy/Combination in Restraint of Trade *Per Se* Violation (15 U.S.C. § 1); (ii) Conspiracy/Combination in Restraint of Trade Quick Look or Rule Of Reason (15 U.S.C. § 1); (iii) Monopolization (15 U.S.C. § 2); (iv) Conspiracy to Monopolize (15 U.S.C. § 2); (v) Benefits Due under ERISA § 502(A)(1)(B); (vi) Breach of Fiduciary Duties under ERISA §§ 1104(A), 1109(A) & 1132(A)(3); (vii) Breach of

Contract; (viii) Breach of Implied Contract; (ix) Breach of the Duty of Good Faith and Fair Dealing (x) Unjust Enrichment; and (xi) Quantum Meruit;

Whereas, on April 15, 2025, the United States Judicial Panel on Multidistrict Litigation entered a Conditional Transfer Order (CTO-6) transferring the New Jersey Action to the United States District Court for the Northern District of Illinois for inclusion in MDL 3121 (the "MDL") pending before the Hon. Matthew F. Kennelly and was assigned Northern District of Illinois Case No. 1:25-cv-04059;

Whereas, on June 3, 2025, in Case Management Order No. 15, the Court: (a) denied Defendants' motions to dismiss the Direct Action Plaintiffs' federal and state antitrust claims and state consumer protection claims, and (b) dismissed the Direct Action Plaintiffs' unjust enrichment claims (ECF No. 428);

Whereas, on September 18, 2025, Plaintiffs filed a direct action Short Form Complaint in case 25-cv-04059 ("New Jersey Short Form Complaint") that, among other things, adopted and asserted violations of the state and D.C. antitrust statutes alleged in the Consolidated Master DAP Complaint (ECF No. 182);

Whereas, as represented to the Court in the November 7, 2025 Joint Status Report (ECF No. 577), the relevant parties agreed that Plaintiffs may amend the Short Form Complaint in case 25-cv-00080 to add Horizon as a defendant and have further agreed to how such amendment shall "relate back" for purposes of any statutes of limitations;

Whereas, on November 19, 2025, the Court entered Case Management Order No. 23 selecting Plaintiff Advanced Spinal as a bellwether plaintiff (ECF No. 590); and

Whereas, Plaintiffs seek to amend Plaintiffs' Short Form Complaints, and the long form Complaints attached thereto, to clarify and add state antitrust claims arising under N.J.S.A. 56:9-

3 (New Jersey Antitrust Act), in addition to 740 ILCS 10/3 (Illinois Antitrust Act), and N.Y. GEN. BUS. LAW § 340 (the Donnelly Act), the latter two of which were previously asserted in the Consolidated Master Direct Action Plaintiff Complaint (ECF No. 182).

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT:**

1. Plaintiffs dismiss with prejudice the following claims from Case No. 1:25-cv-00080: (i) Monopolization (15 U.S.C. § 2); (ii) Conspiracy to Monopolize (15 U.S.C. § 2); (iii) Benefits Due under ERISA § 502 A(1)(B); (iv) Breach of Fiduciary Duties under ERISA §§ 1104(A), 1109(A) & 1132(A)(3); (v) Breach of Contract; (vi) Breach of Implied Contract; (vii) Breach of the Duty of Good Faith and Fair Dealing; (viii) Unjust Enrichment; and (ix) Quantum Meruit.

2. Plaintiffs dismiss with prejudice the following claims from Case No. 1:25-cv-04059: (i) Monopolization (15 U.S.C. § 2); (ii) Conspiracy to Monopolize (15 U.S.C. § 2); (iii) Benefits Due under ERISA § 502(A)(1)(B); (iv) Breach of Fiduciary Duties under ERISA §§ 1104(A), 1109(A) & 1132(A)(3); (v) Breach of Contract; (vi) Breach of Implied Contract; (vii) Breach of the Duty of Good Faith and Fair Dealing; (viii) Unjust Enrichment; and (ix) Quantum Meruit.

3. Plaintiffs will file an amended short form complaint in the Illinois Action ("Illinois First Amended Short Form Complaint"), in the form attached as Exhibit A,[1] within 5 days of this Stipulation being so ordered.

[1] Attached hereto as Exhibit B is a redline showing the changes in Plaintiffs' Illinois First Amended Short Form Complaint.

4. Plaintiffs will file an amended short form complaint in the New Jersey Action ("New Jersey First Amended Short Form Complaint"), in the form attached as Exhibit C, within 5 days of being so ordered.[2]

5. Defendants will not oppose the filing of the attached Illinois First Amended Short Form Complaint or New Jersey First Amended Short Complaint.

6. Defendants otherwise reserve all rights.

7. For purposes of Federal Rule of Civil Procedure 15(c), the Sherman Act § 1 claims to be asserted against Horizon in the Illinois First Amended Short Form Complaint shall have the effect of relating back to the date of the Original New Jersey Complaint (filed September 27, 2023), to the same extent that the Sherman Act § 1 claims asserted against Horizon in the Amended New Jersey Complaint (filed March 7, 2025) would have related back to the Original New Jersey Complaint in the New Jersey Litigation.

8. For purposes of Federal Rule of Civil Procedure 15(c), the state antitrust claims to be asserted against Horizon in the Illinois First Amended Short Form Complaint shall have the effect of relating back to the date of the Original New Jersey Complaint (filed September 27, 2023), to the same extent that the state antitrust claims asserted against Horizon in the New Jersey Short Form Complaint (filed September 18, 2025) would have related back to the Original New Jersey Complaint in the New Jersey Litigation.

9. Within five days after (a) this Court decides the extent to which Plaintiffs' claims against Horizon in the Illinois Action relate back to Plaintiff's earlier Complaints in the New Jersey Action under FRCP 15(c), (b) the parties agree on a specific relation back date, or (c) this Court

---

[2] Attached hereto as Exhibit D is a redline showing the changes in Plaintiffs' New Jersey First Amended Short Form Complaint.

enters a final judgment on Plaintiffs' claims against Horizon in the Illinois Action, whichever is sooner, Plaintiffs shall dismiss, with prejudice the New Jersey Action, Civil Case No.1:25-cv-04059.

Dated: July __, 2026
Chicago, Illinois

ORDERED:

______________________________
Hon. Matthew F. Kennelly

/s/ Jon Corey
Jon Corey (pro hac vice)
**MCKOOL SMITH, P.C.**
jcorey@mckoolsmith.com
1717 K Street NW, Suite 1000
Washington, D.C. 20006
T: (202) 370-8300
F: (202) 370-8344

David Schiefelbein (pro hac vice)
Hal M. Shimkoski (pro hac vice)
**MCKOOL SMITH, P.C.**
dschiefelbein@mckoolsmith.com
hsimkoski@mckoolsmith.com
1301 Avenue of the Americas, 32nd Floor
New York, New York 10001
T: (212) 402-6400
F: (212) 402-9444

Jason A. Zweig
**BARTKO PAVIA LLP**
jzweig@bartkowlaw.com
One S. Wacker Dr., 36th Floor
Chicago, IL 60606
T: (415) 956-1900

*Attorneys for Plaintiffs*

/s/ E. Desmond Hogan
E. Desmond Hogan
Justin W. Bernick
W. David Maxwell (pro hac vice)
**HOGAN LOVELLS CADWALADER US LLP**
desmond.hogan@hlc.com
justin.bernick@hlc.com
david.maxwell@hlc.com
555 Thirteenth Street, N. W.
Washington, D.C. 20004
T: (202) 637-5600

Jordan D. Teti
**HOGAN LOVELLS CADWALADER US LLP**
jordan.teti@hlc.com
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
T: (310) 785-4600

*Attorneys for Defendant Horizon Health Services, Inc., Defendant Elevance Health, Inc., and Defendant Anthem Blue Cross f/k/a Empire Blue Cross*

/s/ Heather L. Richardson
Heather L. Richardson (pro hac vice)
Ryan Appleby (pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
hrichardson@gibsondunn.com
rappleby@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
T: (213) 229-7000

Rachel S. Brass (pro hac vice)
Henry H. Cornillie
**GIBSON, DUNN & CRUTCHER LLP**
rbrass@gibsondunn.com
hcornillie@gibsondunn.com
One Embarcadero Center, Suite 2600

San Francisco, CA 94111
T: (415) 393-8293

Joshua Lipton (pro hac vice)
Kristen C. Limarzi (pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
jlipton@gibsondunn.com
klimarzi@gibsondunn.com
1700 N Street, N.W.
Washington, DC 20036
T: (202) 955-8500

Scott Jared Fisher
Eric Y. Choi
**NEAL, GERBER & EISENBERG**
sfisher@nge.com
echoi@nge.com
Two North LaSalle Street,
Suite 1700 Chicago, IL 60602
T: (312) 269-8035

*Attorneys for Defendants UnitedHealth Group, Inc. and United Medical Resources, Inc.*

/s/ Jonathan B. Pitt
Jonathan B. Pitt
Katherine A. Trefz
Feyilana Lawoyin
**WILLIAMS & CONNOLLY LLP**
jpitt@wc.com
ktrefz@wc.com
flawoyin@wc.com
680 Maine Avenue, S.W.
Washington, DC 20024
T: (202) 434-5000

*Attorneys for Defendant Aetna Inc.*

/s/ Daniel R. Campbell
Daniel R. Campbell
Emilie E. O'Toole
**MCDERMOTT WILL & EMERY LLP**
dcampbell@mwe.com

eotoole@mwe.com
444 West Lake Street
Chicago, IL 60606-0029
T: (312) 372-2000
F: (312) 984-7700

Joshua B. Simon
Warren Haskel
Dmitriy Tishyevich
Caroline Incledon
Chelsea Cosillos
**MCDERMOTT WILL & EMERY LLP**
jsimon@mwe.com
whaskel@mwe.com
dtishyevich@mwe.com
cincledon@mwe.com
ccosillos@mwe.com
One Vanderbilt Avenue
New York, NY 10017-3852
T: (212) 547-5400
F: (212) 547-5444

*Attorneys for Defendant The Cigna Group*

/s/ Craig Lewis Caesar
Craig Lewis Caesar
**PHELPS DUNBAR LLP**
craig.caesar@phelps.com
365 Canal Street, Suite 2000
New Orleans, LA 70130
T: (504) 584-9272

Sadik Huseny (pro hac vice)
**LATHAM & WATKINS LLP**
sadik.huseny@lw.com
300 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: 737-910-7300

Errol J. King (pro hac vice)
Katherine Mannino (pro hac vice)
**PHELPS DUNBAR LLP**
errol.king@phelps.com
katie.manino@phelps.com

II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, LA 70802
T: (225) 376-0279

Gary Feinerman
**LATHAM & WATKINS LLP**
gary.feinerman@lw.com
330 North Wabash Avenue,
Suite 2800
Chicago, IL 60611
T: 312-876-7700

Lawrence E. Buterman (pro hac vice)
Katherine A. Rocco (pro hac vice)
**LATHAM & WATKINS LLP**
lawrence.buterman@lw.com
katherine.rocco@lw.com
1271 Avenue of the Americas
New York, NY 10020
T: 212-906-1200

Anna M. Rathbun (pro hac vice)
Graham B. Haviland (pro hac vice)
**LATHAM & WATKINS LLP**
anna.rathbun@lw.com
graham.haviland@lw.com
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
T: (202) 637-2200

*Attorneys for Defendants MultiPlan, Inc., MultiPlan Corp., National Care Network, LLC, Viant Payment Systems, Inc., Viant, Inc., and Medical Audit & Review Solutions, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on July 17, 2026, he electronically filed a copy of the attached via the CM/ECF filing system, which sent notification of such filing to all Filing Users.

/s/ Jon Corey
Jon Corey