**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION<br><br>This Document Relates To:<br> All Actions | Case No. 1:24-cv-06795<br>MDL No. 3121<br>Hon. Matthew F. Kennelly |

## DEFENDANT ALLIED NATIONAL, LLC'S MOTION FOR LEAVE TO AMEND ITS ANSWER TO ADD A WITHDRAWAL DEFENSE

Allied National, LLC ("Allied") seeks leave pursuant to Federal Rule of Civil Procedure 15(a)(2) to amend its answer to the Master Consolidated Direct Action Plaintiff Complaint ("DAP Complaint") to add an affirmative defense of withdrawal from the alleged conspiracy.

Allied incorporates by reference Central States, Southeast and Southwest Areas Health and Welfare Fund's ("Central States") Motion for Leave to Amend its Answer to Add a Withdrawal Defense. For the reasons stated therein (including the legal argument) and below, Allied respectfully requests the Court's leave to file the following proposed amended affirmative defense of withdrawal:

### NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of withdrawal, which defeats liability for all actions of the Direct Action Plaintiffs after the date of withdrawal. Allied withdrew from the alleged conspiracy no later than April 2019, when its agreement with MultiPlan terminated. To the extent that Allied is deemed to have been a participant in the alleged unlawful agreement (which it denies), it withdrew from that agreement no later than April 2019. No later than April 2019, Allied disavowed the goal of the alleged conspiracy and stopped "pooling non-public pricing data and [its] pricing decisions in one entity–MultiPlan." (DAP Complaint ¶ 2).

Allied is a third-party administrator that first contracted with National Care Network, LLC ("NCN") in 2009 to access Data iSight methodology for certain out-of-network ("OON")

repricing, several years before the beginning of the alleged conspiracy.[1] *See generally* DAP Amended Complaint, Dkt. 182, ¶ 728 (alleging the conspiracy began "[b]eginning at least as early as January 1, 2015"). Allied began phasing out Data iSight in 2017 and Allied's contract with MultiPlan terminated in April 2019. The DAP Amended Complaint makes clear that it is alleging continuing harm. Dkt. 182, ¶ 664 ("DAPs have sustained, and continue to sustain, significant economic losses from underpayments made by members of the MultiPlan Cartel and directly caused by the MultiPlan Cartel agreement…DAPs will incur future damages.") Thus, Plaintiffs' allegations of Allied participating post-April 2019 in a continuing conspiracy are subject to the affirmative defense of withdrawal.

"[A] court should freely give leave [to amend] when justice so requires." *Childress v. Walker*, 787 F.3d 433, 441 (7th Cir. 2015) (citing Fed. R. Civ. P. 15(a)(2)) (citations omitted). "Cases justifying the denial of leave to amend are 'exceedingly rare.'" *See Hartman v. Meta Platforms, Inc.*, No. 3:23-CV-02995-NJR, 2026 WL 482362, at *14 (S.D. Ill. Feb. 20, 2026) (citing *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 832 (7th Cir 2016)). None of the relevant factors – prejudice, undue delay, bad faith, or futility – generally implicated in a denial for leave are present here. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010)[2]

Allied's request for leave will not cause prejudice or undue delay, nor is this motion futile or made in bad faith. Allied has consistently denied any participation in the alleged conspiracy in its prior pleadings. Allied's August 2025 Answer and its December 2025 Amended Answer both deny each and every allegation of conspiracy throughout. *See*, *e.g*., Answer to Consolidated

---

[1] Upon information and belief, MultiPlan acquired NCN in 2011.
[2] Allied further incorporates Central States Motion for Leave to Amend its Answer to Add a Withdrawal Defense legal arguments.

Master DAP Complaint, Dkt. 470 and Dkt. 632 ("Allied denies the conspiracy or conspiracies alleged in the DAP Complaint, and any and all allegations of wrongdoing by Allied.") Plaintiffs have long been on notice that Allied disputes its participation in any alleged conspiracy.

Addition of the withdrawal affirmative defense will not impact the scope of discovery. No depositions of Allied witnesses have yet occurred, and fact discovery does not close until June 24, 2027, giving Plaintiffs ample time to test the sufficiency of the affirmative defense. Nor, for the reasons stated above, is Allied's withdrawal affirmative defense futile. Allied's proposed withdrawal defense, if accepted as true, would meet the standards articulated for withdrawal.

This Motion is timely in that it is being filed in advance of the July 20, 2026, deadline for seeking leave to amend pleadings. The withdrawal defense is consistent with and supplements Allied's prior denials by establishing an alternative basis for limiting any liability, *viz.*, that even if Allied had participated in an unlawful agreement (which it denies), it withdrew from any such agreement no later than April 2019. The withdrawal defense is well-established in antitrust law, as argued in Central States's motion (again, adopted herein by reference). Allied is not seeking to amend to assert frivolous claims or to delay the proceedings.

Allied advised Plaintiffs of its intention to seek leave to amend and the basis for the amendment prior to filing this motion. Plaintiffs responded that they would not consent to the amendment.

## **CONCLUSION**

For the foregoing reasons, Allied National, LLC respectfully requests that the Court grant leave to amend its answer to add the affirmative defense of withdrawal.

*/s/ Carl S. Burkhalter*
Carl S. Burkhalter
Matthew S. Edinger
MAYNARD NEXSEN PC
1901 6th Avenue North, Suite 1700
Birmingham, AL 35203
205.254.1000
cburkhalter@maynardnexsen.com
medinger@maynardnexsen.com

Christopher S. Moore
CHRIS MOORE LAW LLC
220 North Greet Street
Suite 4031
Chicago, Illinois 60607
chris@chrismoorelaw.com

Richard G. Douglass
DOUGLASS P.C.
77 West Wacker Drive
Suite 4500
Chicago, Illinois 60601
rich@douglasspc.com

*Attorneys for Allied National, LLC*

## **CERTIFICATE OF SERVICE**

I, Carl S. Burkhalter, hereby certify that on this 20th day of July, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, which sent notification of such filing to all filing users.

*/s/ Carl S. Burkhalter*
Carl S. Burkhalter