UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION | Case No. 1:24-cv-06795 MDL No. 3121 |
| This Document Relates To: | Hon. Matthew F. Kennelly |
| ALL ACTIONS | |

## JOINT STATUS REPORT

The Parties submit the following joint status report pursuant to the Court's Minute Order dated June 26, 2026. ECF No. 758.

I. **Pending Motions Before the Court**

**A. Defendant Central States's Motion for Leave to Amend Its Answer to Add a Withdrawal Defense.** Motion filed at ECF 781. Opposition filed at ECF 790. Reply brief due August 10.

**B. Defendant Allied National LLC's Motion for Leave to Amend Its Answer to Add a Withdrawal Defense**. Motion filed at ECF 782. Opposition filed at ECF 789. Reply brief due August 10.

**C. Class Plaintiffs' and Centene Corporation and Health Net of California, Inc.'s Joint Motion for Entry of Scheduling Order.** Motion filed at ECF 797.

II. **Update on Matters Before E-Discovery Special Master Grossman**

**A. Plaintiffs' Motion to Compel Defendants to Conduct a Reasonable Search for Text Messages.** Motion filed at ECF No. 647. Defendants' opposition filed at ECF No. 656. Pursuant to the Court's March 2, 2026 Minute Order, ECF No. 662, the Parties' dispute concerning the production of text messages was referred to Special Master Grossman, and Plaintiffs' motion was

1

resolved on July 8, 2026. Because the Parties are continuing discussions about the adequacy of productions of cell phone text messages, Plaintiffs or Defendants may raise additional disputes with the Court as such disputes may crystallize.

**B. Text Message Search Protocol.** At the Parties' request, this issue was referred to Special Master Grossman at the May 15, 2026, status conference. ECF No. 721. The Parties resolved most of their disputes following the June 26, 2026 status hearing, and Special Master Grossman adjudicated the remaining disputes in a working session on July 8, 2026. As part of that adjudication, Special Master Grossman permitted Plaintiffs to designate two MultiPlan phone custodians for linear review of text messages. MultiPlan and Plaintiffs continue to meet and confer regarding the phone custodians to be designated for linear review, and the Parties will meet and confer regarding any other issues that arise as Defendants and Plaintiffs conduct their searches.

III.      <u>**Additional Joint Status Conference Topics**</u>

**A. MultiPlan's Source Code Production Update.** Pursuant to the Court's source code protective order, ECF No. 757, MultiPlan has provided notice that its source code will be available for inspection in Los Angeles on or about August 31, 2026 or very shortly thereafter, and will provide Plaintiffs with an exact date of availability when able. Plaintiffs and MultiPlan continue to meet and confer regarding production of source code materials pursuant to Plaintiffs' additional requests for production, and potential designation of up to two additional "source code custodians." Pursuant to the source code protective order, ECF No. 757, the source code will be made available in Austin, Texas following its availability window in Los Angeles.

**B. Document and Data Production Update.** The deadline for substantial completion of document and data productions in response to the Third Set of RFPs was July 30, 2026.[1] Amended Scheduling Order, ECF No. 759. The Parties have collectively substantially completed their productions and are working to complete the entirety of their productions with all reasonable haste, including in connection with their privilege logs due on September 17, 2026. The Parties will meet and confer to resolve any technical issues or any other potential delays with respect to their productions and will notify the Court should there be any disputes they are unable to resolve.

**C. Plaintiffs' August 5, 2026 Notification of Additional Phone Carrier Subpoenas.**

*Defendants' Position*

On August 5, 2026, Plaintiffs provided Defendants notice that, pursuant to Case Management Order No. 34 and the Court's direction at the May 15, 2026 status hearing, Plaintiffs intended to subpoena phone carrier records for a total of 165 additional phone numbers, covering 137 individuals affiliated with various Defendants. Some of the named individuals are Defendants' document custodians in this case; many are not. Defendants asked Plaintiffs if they would agree to hold off on issuing any such subpoenas until such time as the parties could meet and confer about any objections or disputes, and either reach agreement or submit the dispute for the Court. Plaintiffs would not agree to such a "standstill," as they refer to it, and instead intend to serve this enormous set of additional subpoenas as soon as the 7-business-day meet and confer period ends (which is August 14, 2026, the day of this status hearing). Plaintiffs also objected to the inclusion of this topic in the JSR, claiming that it was "unripe" because they were planning to serve the subpoenas right after the August 14 status hearing—essentially seeking to ensure the

---

[1] Except as to Class Defendants Health Net, Centene, Blue Cross and Blue Shield of Massachusetts, Blue Cross Blue Shield of Minnesota, and CareFirst, and any additional discovery resulting from the addition of defendants to existing DAP discovery bellwethers resulting from Plaintiffs' motions for leave to add parties.

Court would not have an opportunity to hear or rule on any dispute until well after the subpoenas were issued and the process underway.

Defendants are surprised by Plaintiffs' approach and believe it improper and inefficient. Defendants intend to closely review Plaintiffs' proffered support for this enormous set of additional cell phone carrier subpoenas and meet and confer with Plaintiffs next week, and will inform the Court at the status hearing of any dispute in need of resolution.

*Plaintiffs' Position:* CMO 34, par. 4, requires Plaintiffs to provide seven business-days' notice before serving any subpoenas for phone records, and provides that during that seven-day period, the Parties shall meet and confer "if the Defendants disagree that [a number identified in the notice] is the identified individual's phone number." The order further provides that either party may raise disputes to the Court after that meet-and-confer process, and may serve the subpoenas while that dispute is pending to ensure preservation of relevant records.

Defendants have not identified any specific objection to the subpoenas at issue. As Defendants' own statement reflects, they "intend to closely review" the proposed subpoenas and meet and confer next week. Plaintiffs issued the August 5 notice pursuant to CMO No. 34 and the Court's May 15 direction; the notice period runs through August 14, so no subpoena can issue until after the upcoming status conference.[2] Plaintiffs accordingly objected to the inclusion of this topic as premature and inconsistent with CMO No. 34. If Defendants do identify any concrete objections, Plaintiffs will confer in good faith and will present any actual impasse to the Court under CMO No. 34. If Defendants request more time to determine whether an identified phone

---

[2] The August 5 notice principally covers custodian phone numbers not identified in Defendants' interrogatory responses, along with phone numbers of other Defendant employees Plaintiffs have identified as relevant, and follows text message preservation issues Defendants recently disclosed.

number is correct, Plaintiffs will also be willing to consider that request if and when it is made. There is nothing for the Court to decide at this time.

**D. Department of Justice Civil Investigative Demand.** On July 9, 2026, Plaintiff Adventist Health System received a civil investigative demand (CID) from the Antitrust Division of the U.S. Department of Justice requesting "all products of discovery" that have been produced in this action pursuant to the Protective Order entered by the Court, as well as "all pleadings, filings, motions, transcripts, rulings, and orders from any proceeding or hearing" in this case. The date for compliance with the CID is August 23, 2026. DOJ subsequently notified all parties and non-parties that have produced documents in this proceeding of the CID, and Defendants are in discussions with the DOJ regarding treatment of such materials in accordance with the Protective Order in this case. Class and DAP Plaintiffs also continue to meet and confer with DOJ regarding the CID production.

**E. Common Benefit Work Performed by Interim Class Counsel.** On July 17, 2026, the Court entered CMO No. 37 (Memorandum Opinion and Order on Proposed Common-Benefit Order, ECF 760) approving the Direct Action Plaintiffs' Common Benefit Time and Expenses Order. ECF No. 776. The Court's Opinion and Order stated that any common benefit fund distribution would be determined by the Court at a later date, and that "all involved will have the opportunity to weigh in at that time." ECF No. 760 at 16-17. Interim Class Counsel have performed and continue to perform work for the common benefit in this litigation, including work that benefits absent class members who may later opt out. Interim Class Counsel reserves all rights to seek compensation for this common-benefit work at the appropriate time, as contemplated in CMO No. 37. Interim Class Counsel is managing and recording their time and expenses consistent with CMO No. 5 (Time and Expense Reporting by Class Counsel, ECF No. 164), which Interim Class Counsel

believes would be sufficient to support an application for common-benefit fees. Interim Class Counsel does not believe there is anything for the Court to do at this time. However, Interim Class Counsel can re-submit their proposed CMO regarding common benefit work performed by the Class if the Court requests. *See* ECF No. 408-2 (proposed order regarding common benefit work performed by Class Counsel).

Dated: August 7, 2026

/s/ Sadik Huseny

Sadik Huseny (*pro hac vice*)
**LATHAM & WATKINS LLP**
300 Colorado Street, Suite 2400
Austin, TX 78701
Tel.: (737) 910-7300
sadik.huseny@lw.com

*Defendants' Coordinating Counsel*

/s/ Shawn J. Rabin

Shawn J. Rabin (*pro hac vice*)
**SUSMAN GODFREY LLP**
One Manhattan West, 50th Floor
New York, NY 10001-8602
Tel.: (212) 336-8330
srabin@susmangodfrey.com

*Interim Class Liaison Counsel*

/s/ Christopher A. Seeger

Christopher A. Seeger
**SEEGER WEISS LLP**
55 Challenger Road 6th Fl.
Ridgefield Park, NJ 07660
Tel.: (973) 639-9100
cseeger@seegerweiss.com

*Plaintiffs' Coordinating Counsel*