**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION | Case No. 1:24-cv-06795 |
| *This Document Relates To:* | MDL No. 3121 |
| ALL ACTIONS | Hon. Matthew F. Kennelly |

*NUNC PRO TUNC* **AMENDED**
**CASE MANAGEMENT ORDER NO. 7 – DIRECT FILING**

The Court enters this order *nunc pro tunc*:

**A.      Scope of Order**

1.      This order applies to all non-class/Direct Action Plaintiff ("DAP") actions that are filed directly into *In re Multiplan Health Insurance Provider Litigation*, No. 1:24-cv-06795 (the "MDL"). This order does not apply to any proposed class actions.

**B.      Directly Filed Cases**

2.      This Order is designed to eliminate potential delays associated with transfer to this Court of actions filed in or removed to other federal district courts and to promote judicial efficiency. Any plaintiff whose action would be subject to transfer to the MDL may file its case directly in this MDL for pretrial proceedings in the United States District Court for Northern District of Illinois in accordance with this Order.

3.      Any complaint filed directly in this MDL ("Directly Filed Cases") must:

   a.   be filed as a Short Form Complaint (SFC) pursuant to the requirements of SFCs set forth in the MDL's Case Management Order No. 6;

   b.   comport with the Federal Rules of Civil Procedure and any MDL Orders in this proceeding;

   c.   specifically allege the district court in which the plaintiff would have

1

otherwise filed the case, absent this Order (the "Designated Forum");

d.   specifically allege the jurisdictional and venue basis for filing in the Designated Forum; and

e.   include on the caption page of the SFC the case number of this MDL (Case No. 1:24-cv-06795; MDL 3121) and the text: "DIRECT FILED COMPLAINT PURSUANT TO MDL ORDER   . "

The Clerk of Court is directed to assign each Directly Filed Case with the aforementioned caption to this MDL docket. After review by the Clerk of Court's office, each Directly Filed Case will be assigned a civil action case number, automatically consolidated for pretrial purposes in the MDL, and listed as a Member Case.

4.      Any Directly Filed Cases after the entry of this Order shall be treated as if originally filed in the Designated Forum, and then transferred to this court through normal MDL tag-along proceedings.

5.      Each plaintiff's allegation of a "Designated Forum" shall not constitute a determination that jurisdiction or venue is proper in the Designated Forum.

### C.      *Lexecon* Rights; No Waiver

6.      All parties do not waive, and expressly reserve, their rights under *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) ("Lexecon") and 28 U.S.C. § 1407. Neither the filing of a direct action, the existence of this Order, nor any of this Order's terms shall in any manner be construed as a waiver or limitation on any Defendant's right to challenge personal or subject matter jurisdiction, the effectiveness of service, choice of law, statutes of limitations, *forum non conveniens*, venue, and/or the location of any trials to be held regarding a Directly Filed Case.

2

7.      All parties stipulate and agree that the choice of law rules applicable to any Directly Filed Case are presumptively the choice of law rules of the Designated Forum. However, Defendants reserve the right to challenge, prior to remand, the appropriateness of the Designated Forum if a dispute over the propriety of the Designated Forum arises that materially impacts a choice-of-law dispute that it is necessary for the MDL Court to resolve.

8.      Nothing contained in this Order shall preclude the parties from agreeing, at a future date, to try cases filed pursuant to this Order in this District.

**D.      Rules Regarding Directly Filed Cases At The Time Of Remand**

9.      The rules set forth in this Order are designed to allow the Parties to reserve until the time the MDL Court intends to remand such cases any arguments regarding venue, forum convenience, personal jurisdiction, and/or Lexecon in determining to which federal District, if any, the case shall be remanded. The Parties shall work reasonably to resolve disputes as to such issues prior to remand, and the Parties shall submit any unresolved disputes to the presiding judge of the MDL proceedings for binding determination, subject to appeal to the appropriate federal circuit court of appeals when the MDL court's determination becomes final and appealable. Should a Defendant have a good faith belief that it is not a proper defendant in any federal district court in the United States, counsel for Defendant shall promptly meet-and-confer with the attorney who filed the matter and a member of DAP Executive Committee on how best to address the issue.

10.      At the completion of all pretrial proceedings applicable to Directly Filed Cases, and subject to any agreement that may be reached concerning a waiver of the requirements for transfer pursuant to Lexecon, this Court shall transfer such cases to the Designated Forum (unless the Northern District of Illinois was specified as the Designated Forum) or to the

appropriate forum as determined by the MDL Court, following resolution of any disputes referenced above in paragraph 9.

### E. Attorney Admission

11. Any attorney admitted to practice and in good standing in any United States District Court is admitted pro hac vice in this litigation. Association of co-counsel for purposes of litigation, including direct filing, is not required.

### F. Attorney Filing

12. Prior to any attorney filing documents in the United States District Court for the Northern District of Illinois or directly in the MDL pursuant to this Order, that attorney must register for and/or have a Northern District of Illinois CM/ECF login name and password.

### G. Cases Filed Outside the Northern District of Illinois

13. This order has no bearing or effect on cases originally filed outside of the Northern District of Illinois and transferred into the MDL Proceedings by the JPML via a transfer order, at any time, except that, for all cases transferred into the MDL, the parties agree to reserve until the time the MDL court intends to remand such cases any disputes or challenges with respect to venue, forum convenience, personal jurisdiction, and/or Lexecon. The Parties shall work reasonably to resolve disputes as to such issues prior to remand, and the Parties shall submit any unresolved disputes to the presiding judge of the MDL proceedings for binding determination, subject to appeal to the appropriate federal circuit court of appeals when the MDL court's determination becomes final and appealable. Should a Defendant have a good faith belief that it is not a proper defendant in any federal district court in the United States, counsel for Defendant shall promptly meet-and-confer with the attorney who filed the matter and a member of DAP Executive Committee on how best to address the issue.

14.     At the completion of all pretrial proceedings applicable to the cases referenced above in paragraph 13, and subject to any agreement that may be reached concerning a waiver of the requirements for transfer pursuant to Lexecon, this Court shall transfer such cases to the forum where the case was originally filed or to the appropriate forum as determined by the MDL Court, following resolution of any disputes referenced above in paragraph 13.

**H.     Waiver of Formal Service**

15.     For complaints that are properly filed in, removed to, or transferred to this MDL, or filed in the Northern District of Illinois and designated as related to this MDL, the Defendants already represented by counsel in the MDL as of the date of this Order agree to waive formal service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Such Defendants' time to respond to such complaints shall be specified in this Court's case management orders for the MDL. Defendants reserve all rights to move to dismiss or otherwise respond to any Directly Filed Case or related case, consistent with a schedule to be entered by the MDL Court.

**IT IS SO ORDERED.**

Dated:  8/11/2026

_____

Hon. Matthew F. Kennelly