# Exhibit B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION<br><br>*This Document Relates To:*<br>ALL ACTIONS | Case No. 1:24-cv-06795<br><br>MDL No. 3121<br><br>Hon. Matthew F. Kennelly |

**PLAINTIFFS' NOTICE OF RULE 30(B)(6) DEPOSITION OF MULTIPLAN REGARDING TEXT-MESSAGE PRESERVATION**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Direct Action Plaintiffs and Class Plaintiffs (collectively, "Plaintiffs") will take the deposition of one or more corporate representatives of MultiPlan on a date and at a time to be determined, at a location to be determined or agreed by the parties. The deposition will take place pursuant to the parties' agreed-upon Deposition Protocol (ECF No. 663), will be conducted by oral examination before a notary public or other officer authorized to administer oaths, and will be recorded stenographically and videographically.

Under Rule 30(b)(6), MultiPlan shall designate and prepare one or more officers, directors, representatives, agents, or other persons to testify about all information known or reasonably available to MultiPlan concerning the topics identified in Exhibit A. The deposition is limited to the text-message preservation issues described in Exhibit A.

Dated: September 14, 2026

*/s/ Christopher A. Seeger*
Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Road 6th Fl.
Ridgefield Park, NJ 07660
Tel.: (973) 639-9100
cseeger@seegerweiss.com

Plaintiffs' Coordinating Counsel

*/s/ Shawn J. Rabin*
Shawn J. Rabin (pro hac vice)
SUSMAN GODFREY LLP
One Manhattan West, 50th Floor
New York, NY 10001-8602
Tel.: (212) 336-8330
srabin@susmangodfrey.com

Interim Class Liaison Counsel

**EXHIBIT A**

**DEFINITIONS**

1. "Action" means *In re MultiPlan Health Insurance Provider Litigation*, Case No. 1:24-cv-06795, MDL No. 3121, pending in the United States District Court for the Northern District of Illinois.

2. "MultiPlan," "You," or "Your" means MultiPlan, Inc., Claritev Corporation, and the other MultiPlan entities named as Defendants in the Action, including their present and former officers, directors, employees, agents, representatives, contractors, and vendors acting on their behalf.

3. "Subject Custodians" means Monica Armstrong, Mark Edwards, Jacqueline Kienzle, and Dale White.

4. "Mobile Device" means any mobile telephone, smartphone, tablet, or other portable device used by a Subject Custodian for business purposes, whether issued by MultiPlan, personally owned, or otherwise, including any prior, replacement, reset, wiped, traded-in, or synced device.

5. "Text Messages" means SMS, MMS, iMessage, and short-form messages sent or received through Messages, WhatsApp, Signal, Telegram, or any other messaging application used for business purposes, together with associated attachments and metadata.

6. "Message-Retention Setting" means any device, account, application, mobile-device-management, or other setting or configuration that deletes, expires, removes, retains, or affects the availability of Text Messages, including Apple's "Keep Messages" or "Message History" setting and any disappearing-message or auto-delete setting.

7. "Disclosed Preservation Gaps" means the absence or unavailability of Text Messages with persons MultiPlan identified as business contacts outside the date ranges MultiPlan disclosed for the Subject Custodians: Monica Armstrong (April 2024 and January-February 2026);

Mark Edwards (March-April 2026); Jacqueline Kienzle (February-March 2026); and Dale White (June 2021 and April-May 2025).

8. "Relevant Preservation Period" means the period beginning on September 8, 2021, and continuing through the present.

## INSTRUCTIONS

1. Each Topic is limited to the Relevant Preservation Period.

2. Each topic includes Your knowledge, understanding, investigation, analysis, policies, practices, procedures, decisions, actions, Communications, Documents, data, systems, and the Persons most knowledgeable concerning the topic, including, for topics concerning Communications, the participants, dates, and subjects, and, for topics concerning Documents or data, the systems, sources, and custodians where they reside, in each case to the extent known or reasonably available to You.

3. To the extent You object to any topic, You must produce a witness prepared to testify as to the non-objectionable portion of the topic.

4. Nothing in this Notice requires disclosure of privileged information, but You must provide testimony about nonprivileged facts, the existence and general subject matter of privileged Communications where required by law, and the basis for any privilege assertion sufficient to permit Plaintiffs to assess the claim.

5. Plaintiffs do not seek testimony about legal conclusions except to the extent You have placed factual contentions, defenses, interpretations, claimed justifications, or asserted bases for Your conduct at issue.

6. Plaintiffs reserve their rights to revise and expand the topics of this deposition to account for documents You have or will produce.

## TOPICS FOR EXAMINATION

1. The measures MultiPlan took with respect to preservation of Text Messages of each Subject Custodian, including: the dates and substance of litigation holds, preservation notices, reminders, acknowledgments, or other instructions; whether and when each Subject Custodian was instructed to preserve Text Messages, suspend Message-Retention Settings or other deletion, and refrain from replacing, resetting, wiping, or trading in any Mobile Device; and the steps MultiPlan took to implement, monitor, and verify compliance.

2. For each Subject Custodian, the Mobile Devices, Text Message applications or platforms, and Message-Retention Settings used during the Relevant Preservation Period, including: the device and account inventory and dates of use; device ownership and control; MultiPlan's ability to view, set, or enforce retention settings; associated backup configurations (including iCloud); device replacement, reset, wipe, trade-in, or disposition; all changes to Message-Retention Settings; and every collection, imaging, or extraction of the devices or accounts, including the date, method, scope, vendor, and result.

3. MultiPlan's discovery and current understanding of the facts with respect to each Disclosed Preservation Gap, including when and how MultiPlan learned of the gap and relevant Message-Retention Setting; the persons and vendor involved; the evidence supporting the disclosed date ranges; the factual basis for why Text Messages outside those ranges are unavailable; why Monica Armstrong has text messages preserved for April 2024; and why Monica Armstrong's and Mark Edwards's phones contained only approximately thirty days of messages with business contacts despite reported one-year settings.

4. MultiPlan's investigation of the potential, and any efforts, to recover Text Messages transmitted during the Disclosed Preservation Gaps, including searches of cloud backups; prior, replacement, or synced devices; forensic collections; other messaging applications; counterpart

devices or accounts; and prior collections in other matters, together with the methods and results of those searches, any Text Messages recovered, and the date ranges that remain unavailable.

Dated: September 14, 2026

*/s/ Christopher A. Seeger*
Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Road 6th Fl.
Ridgefield Park, NJ 07660
Tel.: (973) 639-9100
cseeger@seegerweiss.com

Plaintiffs' Coordinating Counsel

*/s/ Shawn J. Rabin*
Shawn J. Rabin (pro hac vice)
SUSMAN GODFREY LLP
One Manhattan West, 50th Floor
New York, NY 10001-8602
Tel.: (212) 336-8330
srabin@susmangodfrey.com

Interim Class Liaison Counsel