**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 1:24-cv-06795<br><br>MDL No. 3121<br><br>Hon. Matthew F. Kennelly |

**MULTIPLAN'S OPPOSITION TO PLAINTIFFS' MOTION TO AUTHORIZE DOCUMENT PRESERVATION DISCOVERY**

Defendant MultiPlan has been transparent about its discovery that a handful of text message custodians (Monica Armstrong, Mark Edwards, Jacqueline Kienzle, and Dale White) had Message History settings on their personal iPhones that were not set to retain text messages "forever." Plaintiffs' Motion is an attempt to exploit this good-faith disclosure to improperly obtain discovery-on-discovery from MultiPlan, covering material that is clearly protected by attorney-client privilege and work product doctrine, and prior to seeking appropriate information about these custodians' personal cell phones from the custodians themselves in ordinary-course depositions.

Specifically, Plaintiffs seek four categories of extraordinary discovery-on-discovery—litigation holds, privileged attorney-client communications, vendor reports, and Federal Rule of Civil Procedure 30(b)(6) testimony—that are overbroad, premature, and disproportionate. The iPhone date-coverage issue that prompted Plaintiffs' Motion involves potential text messages for four custodians out of the fifteen total former and current MultiPlan employees from whom MultiPlan has obtained access to personal cell phones and conducted searches. Plaintiffs raise no

"preservation" issues as to the enormous discovery MultiPlan has produced and is producing—encompassing over 1.2 million documents to date (over 4.5 million pages), ranging from 2010 to the present, including hundreds of thousands of emails from 20 custodians, on top of billions of structured data records and millions of lines of source code. And MultiPlan has already expended substantial efforts to provide non-privileged information to Plaintiffs related to the four custodians' iPhone Message History settings on their personal phones, and told Plaintiffs it was still working to uncover potential backups and older devices which may contain text messages from non-covered periods of time. Plaintiffs are also planning to depose each of these custodians, wherein Plaintiffs can ask each of them questions about their personal cell phones, including their Message History settings, to obtain factual information as to this limited issue.

Plaintiffs' request would take the parties down the discovery-on-discovery rabbit hole discouraged by courts in this district, where Plaintiffs already have (or shortly will have) the facts and evidence available through usual discovery that will be more than sufficient. As such, Plaintiffs' request is in truth just the latest example of Plaintiffs' efforts to strategically weaponize discovery, forcing MultiPlan to time and again respond to dispute after dispute, motion after motion—regardless of merit, relevant law, and discovery norms and practices. MultiPlan respectfully asks that the Court reject Plaintiffs' ongoing use of discovery (and now satellite discovery) as a vehicle for undue harassment, and deny the Motion.

## BACKGROUND

On August 31, 2023, shortly after the first case in this now-multidistrict litigation was filed in the Southern District of New York, MultiPlan issued litigation hold notices to numerous MultiPlan employees, including each of the four custodians mentioned. It has issued reminder notices at least annually thereafter, continuing to refresh its employees, including IT personnel, on

the need for and importance of preserving documents, ESI, and other materials that may be relevant to this proceeding.

On January 5, 2025, this Court entered Case Management Order No. 10—the Preservation Order—which directed the parties to "take reasonable steps to preserve all documents, ESI, or tangible things" in the possession, custody, or control of identified custodians and non-custodial sources. ECF No. 239 ¶¶ II.1.b–c. As the Court will recall, in Spring 2026, the parties met and conferred specifically about which custodians' text messages would be collected, and discussed, among other things, the standard for identifying which custodians' phones should be collected, the appropriate search methodology for text messages, and the scope of phone numbers to be searched. Various issues related to this process were brought before the Court and then referred to the Special Master, who resolved among other things the standard that the parties were to use in identifying/searching for text messages from potential cell phone custodians. These issues were largely resolved as of July 8, 2026, and the parties engaged in searching for potentially responsive text messages, on top of the enormous volume of emails and other documents produced.

For MultiPlan, that meant (1) for 12 of its 20 custodians, collecting personal cell phone information, running search terms (or conducting a complete review) of the text messages as per the Special Master's direction, and reviewing for potentially responsive text messages; and (2) doing the same for 3 former MultiPlan employees on whom Plaintiffs served subpoenas for their text messages. For perspective: MultiPlan alone has disclosed twice as many cell phone custodians as all Plaintiffs combined.[1] MultiPlan's text message custodians also make up over

[1] Together, the 36 Direct Action Plaintiffs ("DAP"), including some of the nation's largest hospital systems, disclosed a grand total of 2 custodians for cell phone discovery, despite producing documents suggesting many more custodians use their cell phones for substantive business purposes. Defendants are meeting and conferring with DAP counsel in the hopes of closing this discovery gap without the need for the Court's intervention.

25% of the total of Defendants' text message custodians. MultiPlan has also, of course, produced voluminous custodial and non-custodial documents responsive to Plaintiffs' discovery requests, including over 1,260,000 documents totaling over 4 million pages, of which over 500,000 of those documents include the four custodians at issue here.

As it engaged in the process of text message collections, searches, and productions for its various custodians' personal cell phones, MultiPlan confirmed through its eDiscovery vendor that four custodians had iPhone "Message History" settings that affected the time-period availability of text messages from their personal mobile phones, over which MultiPlan exercised and exercises no direct control. As MultiPlan understands it, for iPhones, this Message History Setting (found by clicking on Settings, then Apps, then Messages, and scrolling roughly four screen-lengths down) can be set to keep messages for Forever, 1 Year, or 30 days, and these four custodians did not have that setting set to "Forever." This created potential date-coverage issues for these four custodians.

MultiPlan investigated the issue and promptly notified Plaintiffs, providing the currently available date ranges for each custodian's messages with business contacts. Mot. for Preservation Disc'y, ECF No. 826 ("Mot.") Ex. E, ECF No. 826-3. MultiPlan informed Plaintiffs that its investigation into alternative or backup sources was ongoing and committed to following up with additional information as it became available. *Id.* That process is still ongoing, but Plaintiffs refused to wait any longer before filing the instant Motion.[2]

In September 2026, MultiPlan provided Plaintiffs with additional information regarding the collection of custodian cell phone images and confirmed that the first litigation hold notice was sent to the custodians on August 31, 2023 with reminder notices issued at least annually.

[2] By way of example, MultiPlan is currently working to obtain access to a personal iCloud backup for one of the custodians which *may* contain text messages.

## ARGUMENT

### I. The Scope and Form of the Requested Discovery Are Unjustified, Particularly Because There Is a Less Burdensome Alternative

Plaintiffs purport to seek "limited discovery" on the basis that they will need this information for a potential motion for sanctions for spoliation. Mot. at 7. This request is premature and unjustified. None of the facts that warrant such "discovery on discovery" are present here. To the contrary, MultiPlan (1) identified a date-coverage issue related to an extremely limited subset of discovery—a potential set of text messages from four custodians' personal cell phones, not MultiPlan or MultiPlan-controlled materials; (2) disclosed it promptly, and (3) has been and is working in good faith to find alternative sources that might contain this material—if any ever existed in the first place—to provide to Plaintiffs. Meanwhile, the existing record and upcoming depositions provide beyond-ample discovery into Plaintiffs' claims and are sufficient to provide Plaintiffs with whatever information they may need as to these limited date-coverage issues regarding the four custodians.

#### A. Plaintiffs Have Not Met Their Burden Under Rule 26

As a threshold matter, Plaintiffs have not met the baseline showing required to authorize discovery-on-discovery. Federal Rule of Civil Procedure 26 and courts in this district authorize inquiry into a party's discovery steps only when a court has a reason to doubt that that party reasonably inquired into discovery issues. *LKQ Corp. v. Kia Motors Am., Inc.*, 345 F.R.D. 152, 168–69 (N.D. Ill. 2023) (denying LKQ's motion to compel Kia's litigation hold memos after Kia rebutted LKQ's assumption that Kia failed to institute a litigation hold). No such narrow circumstances exist here. *Id.* at 169. As courts have additionally warned in similar contexts, "requests for such 'meta-discovery' should be closely scrutinized in light of the danger of

extending the already costly and timeconsuming discovery process ad *infinitum*." *Freedman v. Weatherford Int'l Ltd.*, 2014 WL 4547039, at *2 (S.D.N.Y. Sept. 12, 2014).

The limited circumstances that justify such discovery are not present here. Unlike many of the cases Plaintiffs cite, there is no dispute here that MultiPlan timely issued a litigation hold. *See Gross v. Chapman*, 2020 WL 4336062, at *4 (N.D. Ill. July 28, 2020) ("There has not been an admission under oath that a litigation hold was never imposed. That is the kind of showing, and the kind of case, that merits a lengthy trip down the rabbit hole of discovery on discovery." (citation omitted)); *Tate & Lyle Ams., LLC v. Glatt Air Techs., Inc.*, 2014 WL 10209161, at *3 (C.D. Ill. Aug. 4, 2014) ("Given that Plaintiff did not impose a litigation hold on its employees until over three years after it anticipated litigation, the Court finds it reasonable to infer that relevant evidence has been destroyed."); *In re Caesars Ent. Operating Co., Inc.*, 2018 WL 2431636, at *11–14 (Bankr. N.D. Ill. May 29, 2018) (authorizing discovery regarding litigation hold where a party gave three contradictory answers about whether a hold existed and ultimately admitted none was issued); *Major Tours, Inc. v. Colorel*, 2009 WL 2413631, at *3 (D.N.J. Aug. 4, 2009) (Rule 30(b)(6) witness did not even know what a litigation hold was and another custodian testified he saved nothing). As Plaintiffs recognize, MultiPlan did issue a litigation hold. Mot. at 4.

Nor is there any indication that this is a company-wide issue that might justify the broad inquiry Plaintiffs seek. *Oleksy v. Gen. Elec. Co.*, 2011 WL 3471016, at *3–6 (N.D. Ill. Aug. 8, 2011), *objections overruled* 2013 WL 3944174 (N.D. Ill. July 31, 2013) (requiring production of document retention policies, litigation holds, and documents relevant to implementation of the holds where company failed to preserve relevant records in a database); *see also Linet Ams., Inc. v. Hill-Rom Holdings, Inc.*, 2023 WL 9119836, at *2 (N.D. Ill. Dec. 1, 2023)

(allowing discovery where the party deleted two of its custodians' emails from the company's system after the duty to preserve had attached). This date-coverage issue arose in connection with the personal cell phones of certain MultiPlan employees, not all of MultiPlan's text custodians, and not a company-wide database, server, or any other MultiPlan system or device.

### B. To the Extent Plaintiffs Require Additional Information, They Can Obtain It Through Custodians' 30(b)(1) Depositions

Discovery-on-discovery ordered under Federal Rule of Civil Procedure 26(g) "must be no greater than necessary to cure the prejudice caused by the discovery violation." *LKQ Corp.*, 345 F.R.D. at 160 (citation omitted). Here, Plaintiffs have not established any prejudice from four custodians' personal iPhone settings. To the extent Plaintiffs believe they need additional information about the circumstances of these custodians' management of their iPhone settings, they can explore that topic at these custodians' upcoming Federal Rule of Civil Procedure 30(b)(1) depositions.

Plaintiffs noticed the depositions of Monica Armstrong and Mark Edwards on September 28, 2026, and there is no question that Plaintiffs intend to depose the other two custodians as well. Because the date-coverage issue relates to each custodian's personal phone, the custodians themselves are the best source of information about the Message History settings, their understanding of them, how they used their phone for business, and other factual issues related to their personal cell phones.

Plaintiffs are free to ask the custodians for non-privileged information—for example, about their receipt of a litigation hold, their cell phone message retention practices, and whether there are backups of their devices. *See United States v. Cmty. Health Network, Inc.*, 2023 WL 4761664, at *11 (S.D. Ind. July 26, 2023) (allowing "factual inquiries" at deposition but not those "likely to touch on [a party's] legal strategy"); *see also Haroun v. ThoughtWorks, Inc.*, 2020 WL 6828490,

at *2 (S.D.N.Y. Oct. 7, 2020) (concluding that plaintiff "can inquire at deposition" about produced and unproduced documents); Mot. at 5 (requesting such information from MultiPlan). They are also free to ask the custodians about their texting practices, subpoenaed phone records, emails, and text messages produced from other custodians.

These depositions are likely to establish that there is no ground whatsoever for the broad discovery-on-discovery satellite litigation that Plaintiffs seek to launch now. Moreover, the custodians will be able to discuss their business communications in general. Plaintiffs will undoubtedly explore whether any text messages the custodians actually received or sent (and in what volume they actually texted) are relevant to the actual issues in this case or that the unavailability of a small tranche of potentially relevant text messages is not "prejudicial" to anything, in light of the enormous volume of business emails and other materials, including text messages, Plaintiffs already have.

Thus, assessing if anything was actually "lost," and if so, how, could be clarified through the upcoming fact depositions, rather than Plaintiffs' requested discovery on MultiPlan now. This is how it ordinarily works and should here, too. By demanding extraordinary discovery-on-discovery now, and invading privilege to do so (discussed in greater detail below), Plaintiffs have it entirely backwards.

## II. The Information Plaintiffs Seek Is Privileged

Plaintiffs seek four categories of information—litigation holds, documents reflecting steps taken to implement the holds, vendor technical reports, and 30(b)(6) deposition testimony regarding litigation holds, preservation implementation measures, and investigative steps—all of which are privileged and generally not discoverable. *Muro v. Target Corp.*, 250 F.R.D. 350, 360 (N.D. Ill. 2007) (concluding that defendant's litigation hold notices are subject to the attorney-client privilege and to work-product protection), *aff'd on other grounds*, 580 F.3d 845 (7th Cir.

2009). Courts routinely deny requests for discovery-on-discovery where the "requested relief would approach the border of, and very likely invade, privileged territory" and "[a]s such, taken as a whole, [the] request borders on a request for sanctions as opposed to simple discovery." *Cmty. Health Network*, 2023 WL 4761664, at *10 (denying request for privileged discovery even while making a preliminary finding of spoliation). Here, MultiPlan's technical reports were made at the direction of counsel, and of course any direction given by MultiPlan counsel to employees regarding implementation of the hold or further investigative steps taken by counsel are privileged. *See* Fed. R. Civ. P. 26(b)(3)(A) ("[A] party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."). Plaintiffs' request should be denied on this basis alone.

Plaintiffs contend that all they must show to pierce the privilege is that there might have been spoliation. *See* Mot. at 9–10. But the cases they cite for this proposition address completely different situations where previous deposition testimony had provided reason to believe that litigation holds were not timely issued. *See id.* at 9; *Tate & Lyle Ams.*, 2014 WL 10209161, at *3 (three-year delay); *Major Tours*, 2009 WL 2413631, at *3 (allowing discovery-on-discovery where deposition testimony gave reason to believe litigation holds were not timely issued). Here, Plaintiffs do not dispute that MultiPlan timely issued a litigation hold to the custodians. Mot. at 4.

Nor are Plaintiffs entitled to pierce MultiPlan's privilege under Federal Rule of Civil Procedure 37. There is no evidence that the custodians' iPhone settings were the result of a bad-faith intent to deprive an opponent of the information's use in litigation, or that there has been any prejudice to Plaintiffs as a result. *See In re Loc. TV Advert. Antitrust Litig.*, 2023 WL 5607997, at *5–6 (N.D. Ill. Aug. 30, 2023). Indeed, MultiPlan identified and disclosed the issue—the

very opposite of the concealment that has justified piercing privilege in cases like *Tate & Lyle* and *Major Tours*.

## CONCLUSION

MultiPlan respectfully requests that the Court deny Plaintiffs' Motion to Authorize Targeted Document Preservation Discovery.

Dated: September 29, 2026

Respectfully submitted,

/s/ *Sadik Huseny*
Sadik Huseny (*pro hac vice*)
LATHAM & WATKINS LLP
300 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (737) 910-7300
sadik.huseny@lw.com

Gary Feinerman (IL Bar No. 6206906)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
gary.feinerman@lw.com

Lawrence E. Buterman (*pro hac vice*)
Katherine A. Rocco (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
lawrence.buterman@lw.com
katherine.rocco@lw.com

Anna M. Rathbun (*pro hac vice*)
Molly Barron (*pro hac vice)*
Graham B. Haviland (*pro hac vice)*
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200

anna.rathbun@lw.com
molly.barron@lw.com
graham.haviland@lw.com

Meaghan Thomas-Kennedy (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
meaghan.thomas-kennedy@lw.com

Errol J. King (*pro hac vice*)
Katherine Mannino (*pro hac vice*)
PHELPS DUNBAR LLP
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, LA 70802
Telephone: (225) 376-0279
errol.king@phelps.com
katie.mannino@phelps.com

*Attorneys for Claritev Corporation, Medical Audit & Review Solutions, Inc., Multiplan, Inc., National Care Network, LLC, Viant Inc., and Viant Payment Systems, Inc.*