**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 1:24-cv-06795<br>MDL No. 3121<br><br>Hon. Matthew F. Kennelly |

# PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DISCOVERY RELATED TO DOJ'S PARALLEL ANTITRUST INVESTIGATIONS

# I. INTRODUCTION

Plaintiffs move to compel Defendants to produce materials they provided to or exchanged with the U.S. Department of Justice Antitrust Division ("DOJ Antitrust") in connection with DOJ's recently disclosed criminal and civil antitrust investigations into MultiPlan's out-of-network ("OON") repricing services. These materials include: the subpoenas and civil investigative demands ("CIDs") Defendants received from DOJ Antitrust; written responses to those requests; all document productions and presentations made to DOJ; white papers and proffer scripts Defendants prepared; investigative testimony (excluding matters occurring before a grand jury); and communications lobbying DOJ to close its investigations.

The materials Defendants produced to DOJ are highly relevant to this MDL. DOJ recently served a CID on a Plaintiff demanding virtually the entire discovery record in this litigation—confirming that the MDL proceedings substantially overlap with DOJ's ongoing work. Because Defendants have already located, reviewed, and produced these materials to DOJ, the burden of reproducing them to Plaintiffs is minimal. Nor are these materials duplicative of discovery Defendants have already produced to Plaintiffs: although Defendants have asserted that they have substantially completed their productions in this case, those productions do not include the subpoenas, CIDs, written responses, presentations, DOJ white papers or proffer scripts, investigative testimony, or communications concerning the closure of DOJ's grand jury investigation. Defendants have never represented that the requested materials do not exist or that Defendants have already produced them in this case.

The Court should therefore grant Plaintiffs' motion and order Defendants to produce the requested materials within 30 days, so that Plaintiffs have the benefit of these materials in preparing for depositions.

## II. BACKGROUND

### *A. Prior Discovery Regarding Government Investigations Involving MultiPlan*

Before MultiPlan disclosed the parallel DOJ Antitrust investigations at issue here, Plaintiffs served a request (RFP No. 11) for materials produced during any related government investigation involving MultiPlan's repricing services over the preceding 13 years. Ex. A. At a November 2025 status conference following motion practice on that request, the Court declined to grant the motion and instructed the parties to continue meeting and conferring to narrow the request. Nov. 14, 2025 Hr'g Tr. at 27:10–11. In December 2025, Plaintiffs and MultiPlan resolved their dispute over RFP No. 11, with MultiPlan agreeing to produce all documents and information it provided to any member of Congress, Congressional staffer, or Congressional committee or subcommittee concerning MultiPlan's OON Repricing Services from January 1, 2024 to the present. At the time of this agreement, MultiPlan had not disclosed the existence of DOJ's parallel investigations to the public, Plaintiffs, or the Court. *See id.* at 23:2–9 (Court declining to order production from an inquiry that "might or might not be in existence").

### *B. MultiPlan Discloses DOJ Antitrust Investigations*

On May 18, 2026, MultiPlan publicly disclosed for the first time that, in August 2024, it had "received a confidential grand jury subpoena issued by [DOJ Antitrust] in connection with an investigation regarding health insurance" and that it "has been cooperating fully with the DOJ."[1] Claritev Corp., Form 8-K (May 18, 2026). On June 22, 2026, MultiPlan further disclosed that the "antitrust grand jury proceeding is being brought to a close" and that it had "received a civil investigative demand from [DOJ Antitrust] and is cooperating fully with the DOJ in responding to the information requested." Claritev Corp., Form 8-K (June 22, 2026).

---

[1] "Undisputed factual statements contained in an SEC filing may … be subject to judicial notice[.]" *In re Guidant Corp. Sec. Litig.*, 536 F. Supp. 2d 913, 921 (S.D. Ind. 2008).

### *C. Plaintiffs Seek Materials from the DOJ Antitrust Investigations*

On July 7, 2026, Plaintiffs served their Sixth Set of Requests for Production, including RFPs 95 through 100, which were directed to materials exchanged with DOJ Antitrust in the course of its related criminal and civil investigations into MultiPlan's OON repricing services.

- **RFP No. 95:** "[A]ll Documents produced to the Department of Justice Antitrust Division in connection with any investigation concerning MultiPlan's OON Repricing Services, including but not limited to: (a) All Documents provided in response to a grand jury subpoena; (b) All Documents provided voluntarily to the U.S. Department of Justice, including in response to a voluntary request letter; (c) Documents provided in response to a civil investigative demand."

- **RFP No. 96:** "[A]ny subpoenas, civil investigative demands, or other discovery requests or notices received from the Department of Justice Antitrust Division in connection with any investigation concerning MultiPlan's OON Repricing Services."

- **RFP No. 97:** "[A]ny written responses provided in connection with any civil investigative demand specifications or other discovery requests received from the Department of Justice Antitrust Division in connection with any investigation concerning MultiPlan's OON Repricing Services."

- **RFP No. 98:** "[A]ny white papers, presentations, or proffer scripts provided or presented to the Department of Justice Antitrust Division in connection with any investigation concerning MultiPlan's OON Repricing Services."

- **RFP No. 99:** "[C]opies or transcripts of any investigative hearing, deposition, or interview taken or occurring voluntarily or pursuant to a civil investigative demand from the Department of Justice Antitrust Division in connection with any investigation concerning MultiPlan's OON Repricing Services."

- **RFP No. 100:** "[A]ny Communication between [Defendants'] counsel, any lobbyist acting on [Defendants'] behalf, or any other person or entity acting as [Defendants'] representative, and the Department of Justice regarding the resolution or closing of the Department of Justice Antitrust Division's grand jury investigation concerning MultiPlan's OON Repricing Services."

Ex. B, at 3–5. Each request was limited to January 1, 2023 to the present and expressly "exclude[d] testimony or other matter occurring before a grand jury that are protected from disclosure by Federal Rule of Criminal Procedure 6(e)." *Id.*

### *D. Defendants Object to Plaintiffs' Request for DOJ Antitrust Investigatory Materials*

In their formal responses, all Defendants refused to produce any materials responsive to RFP Nos. 95–100 and refused to confirm whether they possess such materials. *See* Exs. C–N. Defendants' objections varied but included claims that: the Requests were irrelevant and unduly burdensome; the Requests constituted improper "cloned discovery"; the law enforcement investigative privilege protected the materials; and the Court or Plaintiffs' agreement with MultiPlan regarding RFP No. 11 barred the Requests—even though that agreement did not involve these two specific, recently disclosed investigations. Certain Defendants also asserted that RFP No. 100 infringes their First Amendment rights. *See* Exs. H, J, N.

### *E. DOJ Antitrust Seeks Materials Produced in this MDL*

On July 9, 2026, following a series of meetings with counsel for all Plaintiffs, DOJ Antitrust served a CID on Plaintiff Adventist Health demanding virtually the entire discovery record in this MDL.

### *F. The Parties Declare Impasse*

On September 4, 2026, the parties conferred by videoconference regarding Defendants' formal objections to RFP Nos. 95–100. Defendants confirmed they were standing on those objections and would not produce responsive materials. Defendants also refused to certify under Rule 34(b)(2)(C) whether they were withholding responsive documents based on those objections, asserting without basis that this requirement does not apply when the objection is to relevance. *See* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of th[e] objection."). The parties then declared impasse.[2]

---

[2] Plaintiffs' counsel hereby certify, pursuant to Local Rule 37.2, that the parties conferred in good faith and were unable to resolve the disputes raised in this motion.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" When ruling on motions to compel discovery under Fed. R. Civ. P. 37(a), "courts have consistently adopted a liberal interpretation of the discovery rules." *Charvat v. Valente*, 82 F. Supp. 3d 713, 716 (N.D. Ill. 2015) (citation omitted). "In antitrust cases, courts generally take an expansive view of relevance and permit broad discovery." *Kleen Prods. v. Packaging Corp. of Am.*, No. 10-cv-5711, 2012 WL 4498465, at *13 (N.D. Ill. 2012) (citation omitted). Once plaintiffs establish that the disputed discovery is relevant, "Defendants have the burden to demonstrate that the discovery requests are improper." *Schloss v. City of Chicago*, No. 18-cv-1880, 2020 WL 12178208, at *1 (N.D. Ill. Oct. 2, 2020).

## IV. ARGUMENT

### *A. Materials Exchanged with DOJ in the Course of Parallel Antitrust Investigations are Highly Relevant to This Litigation*

Each of Plaintiffs' requests for investigatory materials exchanged with DOJ in connection with its parallel antitrust investigations into MultiPlan's OON repricing services seeks highly relevant discovery, as explained below.

RFP No. 95

The first disputed request (RFP No. 95) seeks reproduction of documents that Defendants already produced to DOJ in its antitrust investigations into MultiPlan's OON repricing services. These materials are unquestionably relevant: DOJ Antitrust's investigations appear to concern the same conduct, by the same actors, that Plaintiffs challenge here. DOJ Antitrust itself confirmed this overlap when it recently served a broad CID in this litigation demanding the discovery record from this MDL. Under federal law, DOJ may issue such a CID only where it "has reason to believe" the recipient holds material "relevant to a civil antitrust investigation." 15 U.S.C.

§ 1312(a). Given this overlap, Plaintiffs now seek the documents Defendants produced to DOJ Antitrust in the grand jury investigation and in its ongoing civil investigation.

Courts regularly compel production of documents previously produced in overlapping government investigations because such materials are relevant and reproducing them imposes virtually no burden.[3] The Court should do the same here. Defendants' objection that the requests seek improper "cloned discovery" is baseless.[4] Courts deny cloned-discovery requests only where the investigations at issue are not sufficiently related to the main litigation—a concern absent here. *See*, *e.g.*, *BCBSM, Inc. v. Walgreen Co.*, No. 20-cv-1853, 2025 WL 1994339, at *4–5 & n.4 (N.D.

---

[3] *See, e.g., Rumble, Inc. v. Google LLC*, No. 21-cv-0229, 2023 WL 3751797, at *7–8 (N.D. Cal. May 31, 2023) (compelling production of documents previously produced in DOJ lawsuit based on "significant factual and legal overlap" (citation omitted)); *Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP*, No. 20-cv-0200, 2022 WL 17339035, at *6 (E.D. Pa. Nov. 30, 2022) (compelling production of documents produced in response to government investigation because of "substantial overlap" between investigation and civil litigation); *In re Broiler Chicken Antitrust Litig.*, No. 16-cv-8637, 2017 WL 4417447, at *4, *6 (N.D. Ill. Sept. 28, 2017) (compelling production of documents previously produced to the Florida Attorney General because "there is more than a little overlap between the Florida AG's document requests" and "the allegations in Plaintiffs' operative complaints"); *In re High-Tech Employee Antitrust Litig.*, No. 11-cv-2509, ECF No. 88 (N.D. Cal. Oct. 26, 2011) (ordering production of documents responsive to requests for DOJ productions); *In re New Century*, No. 07-cv-0931, 2009 WL 9568860, at *5 (C.D. Cal. July 8, 2009) (compelling production where "the SEC and DOJ investigations pertained to the same [conduct] … alleged in the Complaint"); *In re Plastics Additives Antitrust Litig.*, No. 03-cv-2038, 2004 WL 2743591, at *12–13 (E.D. Pa. Nov. 29, 2004) (granting "Plaintiffs' request for all documents submitted to the DOJ, any grand jury, and any domestic investigatory body"); *Singer v. Nicor, Inc.*, No. 02-cv-5168, 2003 WL 22013905, at *1–2 (N.D. Ill. Apr. 23, 2003) (ordering production of documents defendant had "already produced to various governmental and other agencies"); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 929 F. Supp. 723, 725 (S.D.N.Y. 1996) (compelling production from defendants of materials related to civil investigative demands served by DOJ in alleged price fixing case as the materials "could provide additional evidence regarding liability and damages and potential impeachment material and lead to the discovery of other admissible evidence"); *In re Wirebound Boxes Antitrust Litig.*, 126 F.R.D. 554, 556 (D. Minn. 1989) ("Defendants should produce for plaintiffs documents which they submitted to the government[.]"); *cf. Schneider v. Chipotle Mex. Grill, Inc.*, No. 16-cv-2200, 2017 WL 1101799, at *4 (N.D. Cal. Mar. 24, 2017) (compelling production where private cases had "significant factual and legal overlap, with both suits asserting claims under the same … statute based on" the same conduct).

[4] Nine Defendants object to some or all of the disputed Requests on this basis. Cigna and HCSC object on this basis to RFP Nos. 95 and 98. *See* Ex. H (Cigna); Ex. J (HCSC). Blue Cross Blue Shield (BCBS) of Massachusetts, CareFirst, BCBS of Minnesota, Elevance, and Horizon object on this basis to RFP Nos. 95 and 97–99. *See* Ex. D (BCBS of Massachusetts); Ex. F (BCBS of Minnesota); Ex. G (CareFirst); Ex. I (Elevance); Ex. L (Horizon). BCBS of Michigan objects on this basis to RFP Nos. 95 and 97–100. *See* Ex. E. Highmark objects on this basis to RFP Nos. 95–100. *See* Ex. K. To the extent Defendants object to RFP Nos. 96–100 on this basis, they are wrong for the same reasons they are wrong as to RFP No. 95.

Ill. July 17, 2025) (different cause of action, combined with "inexplicable delay"); *In re Outpatient Med. Ctr. Emp. Antitrust Litig.*, No. 21-cv-0305, 2023 WL 4181198, at *6–7 (N.D. Ill. 2023) (documents concerning "a separate charged conspiracy"); *Forth v. Walgreen Co.*, No. 17-cv-2246, 2019 WL 10255628, at *2 (N.D. Ill. 2019) (documents concerning "a theory of alleged kickbacks that is entirely absent from this case").

Defendants also contend that the documents they produced to DOJ may be duplicative of existing discovery because the negotiated search terms and other parameters governing those requests *may* already capture them. *E.g.*, Ex. C, at 6. If this discovery is, in fact, duplicative (as Defendants suggest), they should simply confirm to Plaintiffs and the Court that Defendants have already produced in this MDL everything they previously provided to DOJ Antitrust. Defendants have made no such representation. And, as Defendants well know, relevant and responsive documents produced to DOJ Antitrust may have been excluded from the productions in this MDL for many reasons: party discovery here, as in most complex litigation, was limited by search terms and custodians selected in a non-scientific fashion, with an eye toward proportionality. Most Defendants also applied technology-assisted review ("TAR"), which filtered out additional documents—even those that matched the agreed-upon search terms. The mere fact that relevant materials fall outside agreed-upon search parameters does not justify withholding them from discovery, particularly where, as here, the burden of producing them is minimal. *See, e.g.*, *In re Loc. TV Advert. Antitrust Litig.*, No. 18-cv-6785, 2023 WL 5659926, at *5 (N.D. Ill. Aug. 31, 2023) (ordering production of materials provided to DOJ even though they "were beyond the scope of the parties' agreement" on search terms because they were highly relevant and the burden to produce them was "minimal").

RFP Nos. 96 to 100

Requests 96–100 seek other materials from DOJ's parallel antitrust investigations, including discovery requests and subpoenas (RFP No. 96) served on Defendants; written responses to those requests (RFP No. 97); white papers, proffer scripts, and presentations Defendants provided to DOJ (RFP No. 98); copies of any investigative hearing, deposition, or interview transcripts (RFP No. 99); and communications that Defendants and their lobbyists had with DOJ Antitrust about resolving its investigations (RFP No. 100). Defendants have produced none of these materials in this MDL.

These materials are unquestionably relevant. The two DOJ Antitrust investigations involve the same conduct at issue in this litigation. Defendants' written discovery responses, white papers and presentations to DOJ about the conduct under investigation, and hearing or deposition transcripts from these investigations all involve facts and issues relevant to Plaintiffs' parallel federal antitrust lawsuits. And Defendants' communications with and presentations to DOJ Antitrust likely contain admissions about the nature and purpose of their conduct. *See, e.g.*, *In re Loc. TV Advert. Antitrust Litig.*, 2023 WL 5659926, at *4 (white paper submitted to DOJ admitted information sharing).

***B. The Disputed Requests Impose Little Burden***

Defendants' burden objections are meritless.[5] Each disputed Request targets a narrowly defined set of readily identifiable materials that Defendants can easily collect and reproduce. Moreover, because Defendants have already disclosed these materials to a third party (*i.e.*, DOJ), they need not conduct another privilege review. Reproducing these materials therefore imposes virtually no burden on Defendants. *See Kassover v. UBS A.G.*, No. 08-cv-2753, 2008 WL 5395942,

---

[5] Aetna does not raise a burden objection to RFP Nos. 95–100. *See* Ex. C. BCBS of Michigan raises burden objections only at RFP Nos. 97–100. *See* Ex. E. The remaining Defendants raise burden objections as to each disputed Request.

at *4 (S.D.N.Y. Dec. 19, 2008) (finding that producing documents that "the defendants gathered and surrendered to government investigators previously—would not be burdensome").

Defendants have refused to state whether they are withholding responsive materials on the basis of their objections, in violation of Rule 34. *See* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). Separately, the Defendants asserting burden have offered nothing to substantiate it—no volume, no collection or review estimate, no description of where the materials reside. That failure is dispositive. *See Belcastro v. United Airlines, Inc.*, No. 17-cv-1682, 2019 WL 1651709, at *6 (N.D. Ill. Apr. 17, 2019) ("The Court cannot sustain a proportionality objection without a specific showing of the burden that the objecting party would endure and why it is disproportionate to the needs of the case."); *Bankers Life & Cas. Co. v. Am. Senior Benefits, LLC*, No. 22-cv-50009, 2024 WL 6863500, at *2 (N.D. Ill. Sept. 13, 2024) (refusing to consider proportionality argument because the "Defendants ha[d] not provided any specific information about the volume of discovery that they will be required to produce and how these concerns outweigh the discovery needs in this case").

Finally, even if the Requests imposed some burden, that burden would easily be outweighed by their significant probative value and obvious relevance to the issues at the heart of this multi-billion-dollar price-fixing conspiracy.

### *C. These Requests Do Not Seek Grand Jury Materials*

The Court has previously expressed concern that producing documents related to a grand jury investigation may implicate Federal Rule of Criminal Procedure 6(e), which bars disclosure of matters occurring before a grand jury. But Plaintiffs drafted their requests to avoid that concern: Plaintiffs seek materials Defendants gathered from their own files and produced to DOJ Antitrust, the process Defendants received, and Defendants' own communications with and presentations to

DOJ Antitrust. Each request expressly "excludes testimony or other matter occurring before a grand jury that are protected from disclosure by Federal Rule of Criminal Procedure 6(e)." Ex. B, at 3–5.

Moreover, even if a grand jury saw some of these documents, Rule 6(e) does not bar their disclosure so long as the documents are relevant for a legitimate purpose (*i.e.*, other than to reveal what occurred before a grand jury). *See Padilla v. City of Chicago*, No. 06-cv-5462, 2009 WL 4891943, at *4 (N.D. Ill. Sept. 28, 2009) ("[W]hen testimony or data is sought for its own sake for its intrinsic value … rather than to learn what took place before the grand jury, it is not a valid defense to disclosure that the same documents had been, or were presently being, examined by a grand jury[.]" (quoting *United States v. Stanford,* 589 F.2d 285, 291 (7th Cir. 1978)). Rule 6(e) is therefore not a legitimate basis for withholding responsive materials.[6]

### *D. Investigatory Privilege is Not a Basis for Withholding Materials Responsive to the Disputed Requests*

Two Defendants invoke the investigatory privilege recognized in *Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122 (7th Cir. 1997). *See* Ex. C, at 5 (Aetna); Ex. K, at 9–10 (Highmark). But that privilege belongs to the government, not to a private party responding to civil discovery.[7] *See St. Vincent Med. Grp., Inc. v. DOJ*, No. 22-mc-0011, 2022 WL 16715468, at *6 (S.D. Ind. Oct. 27, 2022) (recognizing "the investigatory privilege belongs to the DOJ, not to" any other party). *Dellwood Farms* explains why: the privilege prevents the government from having to "tip its hand to criminal suspects and defendants by disclosing the fruits of the [government's]

[6] To the extent Defendants identify particular responsive materials that they contend implicate Rule 6(e), Plaintiffs remain willing to confer appropriately. To date, Defendants have not identified any such concerns.

[7] On September 24, 2026, Plaintiffs notified DOJ that they planned to file this motion to compel. DOJ has not indicated that it would object or seek to limit production.

surreptitious (but presumably lawful) surveillance." 128 F.3d at 1125. Plaintiffs' requests run to Defendants, not to DOJ, and seek Defendants' own documents. The privilege does not apply here.

### *E. The Court Never "Barred" Plaintiffs from Seeking This Discovery*

Some Defendants contend that the Court categorically barred discovery into materials previously produced to DOJ. *See* Exs. C, E, H, J, K & N (Aetna, BCBS of Michigan, Cigna, HCSC, Highmark, and United); *see also* Ex. M, at 10 (MultiPlan contending the parties' resolution of a prior discovery request bars the disputed requests). Those contentions plainly misstate the record. Before MultiPlan disclosed DOJ's parallel antitrust investigations, Plaintiffs served a broader request (RFP No. 11) for materials produced during any related government investigation involving MultiPlan's repricing services over the preceding 13 years. At a November 2025 status conference following motion practice regarding MultiPlan's objections to that request, the Court observed that RFP No. 11 was overbroad because it reached unidentified investigations involving "every government agency in the last 13 years." Nov. 14, 2025 Hr'g Tr. at 22:11–14. But the Court expressed that it was "inclined" to order production of all records tied to the specific investigations Plaintiffs identified. *Id.* at 23:10–12. The Court ultimately denied the motion *without prejudice* and instructed the parties to continue meeting and conferring to narrow RFP No. 11. *Id.* at 27:10–11. The parties did so as described above. RFP Nos. 95–100, served months later, seek documents regarding two specific, recently disclosed investigations. RFP Nos. 95–100 therefore fall well within the bounds of discovery for which the Court expressed approval.

### *F. The First Amendment Does Not Permit Defendants to Withhold Discovery*

Three Defendants object to Plaintiffs' request for communications that Defendants and their lobbyists had with DOJ about resolving its investigations (RFP No. 100) on the ground that the request infringes their First Amendment rights. *See* Ex. H, at 20 (Cigna); Ex. J, at 19 (HCSC); Ex. N, at 14 (United). The First Amendment provides no such right to withhold discoverable

material. Regardless of whether the First Amendment protects Defendants' lobbying activity, that activity is not immune from discovery in antitrust cases. *Gen. Motors Corp. v. Johnson Matthey, Inc.*, 887 F. Supp. 1240, 1245–46 (E.D. Wis. 1995). Indeed, the Seventh Circuit has been clear that "[e]vidence of activity that is protected by the *Noerr* doctrine may be admitted to show the purpose and character of other activities if doing so is not overly prejudicial to the defendants." *MCI Commc'ns Corp. v. Am. Tel. & Tel. Co.*, 708 F.2d 1081, 1160 (7th Cir. 1983) (citation omitted). Here, what Defendants said during any lobbying efforts related to DOJ Antitrust's investigations is relevant to understanding, *inter alia*, the purpose and character of their participation in the conspiracy, so their communications with DOJ are discoverable.

## V. **CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiffs' motion to compel. Defendants should produce documents responsive to RFP Nos. 95–100, or otherwise certify that they possess no such documents, within 30 days.

Dated: September 30, 2026

Respectfully submitted,

*/s/ Zachary D. Caplan*
**BERGER MONTAGUE PC**
Eric L. Cramer (*pro hac vice*)
Zachary D. Caplan (*pro hac vice*)
Patrick F. Madden (*pro hac vice*)
Jordan T. Hollinger (*pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
ecramer@bergermontague.com
zcaplan@bergermontague.com
pmadden@bergermontague.com
thollinger@bergermontague.com

Zachary R. Shelley (*pro hac vice*)
1001 G St NW, Suite 400 East
Washington, DC 20001
Tel: (202) 559-9740
zshelley@bergermontague.com

**EDELSON PC**
Natasha J. Fernández-Silber (*pro hac vice*)
nfernandezsilber@edelson.com
200 South 1st Street
Ann Arbor, MI 48104
Tel: (312) 589-6370
Fax: (312) 589-6378

Sarah R. LaFreniere (*pro hac vice*)
Brandon Baum-Zepeda (*pro hac vice*)*
1255 Union Street NE, Suite 850
Washington, DC 20002
Tel: (202) 270-4777
slafreniere@edelson.com
bbaum-zepeda@edelson.com
*not admitted to practice in DC; practice authorized by D.C. Rule 49(c)(3).

**SUSMAN GODFREY LLP**
William Christopher Carmody (*pro hac vice*)
Shawn J. Rabin (*pro hac vice*)
Stephanie N. Spies (*pro hac vice*)
Nicholas Carullo (*pro hac vice*)
Thomas K. Boardman (*pro hac vice*)
Ryan Sila (*pro hac vice*)
William J. Melsheimer (*pro hac vice*)

One Manhattan West, 50th Floor
New York, NY 10001-8602
Tel: (212) 336-8330
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sspies@susmangodfrey.com
tboardman@susmangodfrey.com
rsila@susmangodfrey.com
jmelsheimer@susmangodfrey.com

Halley W. Josephs (*pro hac vice*)
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
hjosephs@susmangodfrey.com

*Interim Co-Lead Class Counsel*

*/s/ Stephen M. Medlock*
Stephen M. Medlock
**VINSON & ELKINS LLP**
2200 Pennsylvania Ave., N.W., Suite 500 W
Washington, D.C. 20037
Tel: (202) 639-6500
smedlock@velaw.com

Jennifer Scullion
**SEEGER WEISS LLP**
55 Challenger Road 6th Fl.
Ridgefield Park, NJ 07660
Tel: (973) 639-9100
jscullion@seegerweiss.com

Matthew M. Lavin
**GILBERT LLP**
700 Pennsylvania Avenue, SE
Suite 400
Washington, DC 20003
Telephone: (202) 772-2250
Facsimile: (202) 772-3333
lavinm@gilbertlegal.com

Hunter Shkolnik
**NS PR Law Services, LLC**
1302 Avenida Ponce de León
Santurce, Puerto Rico 00907
Tel: (787) 493-5088

Hunter@NSPRLaw.com

*Direct Action Plaintiffs' Executive Committee*

Christopher Seeger
**SEEGER WEISS LLP**
55 Challenger Road 6th Fl.
Ridgefield Park, NJ 07660
Tel: (973) 639-9100
cseeger@seegerweiss.com

*Plaintiffs' Coordinating Counsel*