**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: MULTIPLAN HEALTH INSURANCE PROVIDER LITIGATION<br><br>*This Document Relates to All Actions* | )<br>)<br>)<br>)<br>)<br>) | Case No. 1:24-cv-06795<br>MDL 3121<br><br>Hon. Matthew F. Kennelly |

# CASE MANAGEMENT ORDER # 41 - SELECTED CLAIM DOCUMENTS PRODUCTION PROTOCOL

The Discovery Bellwether Direct Action Plaintiffs, Putative Class Representative Plaintiffs (collectively, "Plaintiffs"), and Defendants named in DAP Bellwether complaints and/or the putative Consolidated Class Action Complaint ("Defendants," and together with Plaintiffs, the "Parties"), by and through their respective counsel, stipulate as follows, and for the reasons set forth below, request that the Court order as follows:

1. **Total Selected Claims.** For each Party's negotiated Relevant Time Period, Defendants may collectively choose up to a total of 300 claims ("Defendants' Selections") and Plaintiffs may collectively choose up to a total of 300 claims ("Plaintiffs' Selections," together with Defendants' Selections, the "Selected Claims"), subject to the individual caps outlined in Paragraph 2. A claim covers all services billed on a single claim submission form and any adjudications or adjustments to that claim after its submission.

2. **Party-Specific Criteria for Selected Claims.** The Selected Claims shall be chosen according to the following criteria:

   A. Plaintiffs' Selections:

      1. Plaintiffs shall choose not more than 50 claims that involve services rendered to members of each of the following MCO Defendants ("MCO Defendants" herein is defined as Defendants other than

MultiPlan that have been named in DAP Bellwether complaints and/or the putative Consolidated Class Action Complaint) where those MCO Defendants' plans serve as the primary benefits coverage for the claim: Aetna, Cigna, Elevance Health, and United.

2. For all other MCO Defendants, Plaintiffs shall choose not more than 20 claims for services rendered to members of any individual MCO Defendant where those MCO Defendants' plans were primary.

3. In no event shall a MCO Defendant be obligated to produce documents for more than 5 claims where their plan provides secondary benefits coverage.

B. Defendants' Selections:

1. Defendants shall choose not more than 50 claims for services rendered by each Plaintiff that has more than 1,000 healthcare providers.

2. For all other Plaintiffs, Defendants shall choose not more than 25 claims for services rendered by any individual Plaintiff.

3. **Procedure for Selection**. The Parties' selection of Selected Claims shall be sent simultaneously forty-five (45) days after entry of the Court's order on this Protocol. Any overlap in Selected Claims (i.e., the same claim chosen by both Plaintiffs and Defendants) will not be replaced with additional selections. When selecting a claim, the Parties must provide sufficient information to identify the claim including (a) claim number, (b) dates of service, (c) billed charges, (d) insurer / MCO of patient, and (e) patient/member name, if such information is available. If a Party is unable to adequately identify a Selected Claim, it shall promptly notify the other Parties and the Party selecting that Selected Claim will choose a new Selected Claim. The

Parties recognize that the selection of claims pursuant to this Protocol is intended to provide certain examples that each side believes will facilitate presentation of their case, and not a statistical sample of any set of claims as a whole.

4. **Selected Claim Documents.**

Subject to the limits on the number of claims outlined in Paragraphs 1 and 2, the Parties' productions of documents associated with each Selected Claim (the "Claim Documents") shall occur pursuant to the below parameters, with the objective of production of a set of (1) Plaintiff, (2) MultiPlan, and (3) MCO "Claim Documents" for each Selected Claim, with the scope of "Claim Documents" set forth below, to the extent such documents exist in the ordinary course of a claim adjudication and are reasonably accessible from a central repository. Nothing in this Protocol requires any Party to conduct additional custodial searches. The Parties will produce the Claim Documents within seventy-five (75) days after determining the Selected Claims. For the avoidance of doubt, nothing in this Protocol shall prevent a Party from producing additional documents, not in the categories listed below, that are associated with a Selected Claim.

A. **Plaintiff Claim Documents**. For each Selected Claim in which a Plaintiff rendered services, that Plaintiff will undertake a reasonable and good faith search in non-custodial sources to locate and produce the following documents (to the extent they exist and are in Plaintiffs' possession, custody, or control or the possession, custody, or control of a billing company that submitted claims on their behalf) set forth below to the extent such documents exist in centralized systems, are maintained and identifiable in ordinary course documentation, and are reasonably accessible.

1. All patient responsibility forms, including assignment of benefits, financial agreements, consent forms, and patient intake forms;

2. All medical records for the claim to the extent submitted by a Plaintiff to the MCO, MultiPlan or other vendor engaged to work with the MCO involved in the claim;

3. All invoices and requests for payment for the claim, including claim submission forms and itemized bills;

4. Explanations of benefits ("EOBs"), electronic remittance advice ("ERAs"), or explanations of payment ("EOPs") for the claim;

5. Documents sufficient to show proof of payment for the claim from any source;

6. Documents reflecting attempts to bill and/or collect any amounts for which the patient or any payor is responsible, including but not limited to any balance bills for any amount owed by the member (including co-insurance and deductibles); any record of complaints by members to providers regarding billing or collections, and communications with any insurer / MCO, the member, the plan sponsor, third-party collection or billing companies, or MultiPlan; or (a) internal financial worksheets routinely created in the ordinary course or (b) communications with patients, the MCO, MultiPlan, or other vendor engaged to work with the MCO involved in the claim reflecting decisions not to bill or collect any amounts for which the patient or any payor is responsible;

7. Letters or communications regarding the claim, including any pricing proposals extended to a Plaintiff, any offers from a Plaintiff to any MCO Defendant, MultiPlan, or other vendor acting on an MCO Defendant's behalf, and any agreements reached on the claim; and

8. Appeal records related to the claim (if any).

B. **MultiPlan Claim Documents**. For each Selected Claim that involved MultiPlan services and selected by Plaintiffs pursuant to Paragraph 2.A.4 or selected by Defendants pursuant to Paragraph 2.B.3, MultiPlan will undertake a reasonable and good faith search in non-custodial sources to locate and produce (to the extent not already produced or duplicative of existing productions) the following documents or data set forth below to the extent such materials exist, are maintained and identifiable in ordinary course documentation, and are reasonably accessible:

1. Any single case agreements, global agreements, or other signed negotiation agreement ordinarily maintained for the claim;

2. Documents evidencing the history of negotiations offers and responses for the claim;

3. Information regarding appeals where it exists in such claim files; and

4. Documents sufficient to show any patient advocacy ("PAD") letters associated with the claim.

C. **MCO Defendant Claim Documents**. For each Selected Claim for services rendered to a member of a MCO Defendant, that MCO Defendant will undertake a reasonable and good faith search in non-custodial sources to locate and produce the following documents set forth below to the extent such documents exist in centralized systems, are maintained and identifiable in ordinary course documentation, and are reasonably accessible:

1. All claim summaries or explanations of payment reflecting allowed amounts and/or reasons for payment differences (e.g., EOBs, ERAs, or EOPs);

2. The member's final EOB;

3. Letters or communications regarding the claim, including but not limited to communications with the provider, member, plan sponsor, or MultiPlan regarding the claim and any single case or other signed agreement for the claim;

4. Appeal records related to the claim (if any); and

5. Evidence of Coverage (EOC) documents, Summary Plan Description (SPD) documents, and/or any other documents that set forth the terms of benefits and/or coverage applicable to services rendered on the claim.

The Parties recognize that this Protocol sets the parameters for discovery on individual claims documents, without waiving the right to seek discovery of additional files or documents (or any objections to such requests).

The Parties do not waive, and expressly reserve, any responses and objections to document requests. For example, to the extent that, pursuant to this Protocol, any MCO Defendants may be

required to produce Claim Documents for claims by a Plaintiff that has not named that MCO Defendant as a defendant in its DAP Short Form Complaint, such production shall not be construed as a waiver of MCO Defendants' objections as to any other discovery or document requests.

To the extent that a dispute arises in connection with the selection of the Selected Claims or the collection or production of Claim Documents, the Parties agree to meet and confer in an attempt to resolve the dispute before raising it with the Court.

In agreeing to produce the documents described in this Protocol, the Parties make no admission regarding the relevant time period and statute of limitations in this action, and expressly reserve all rights. Likewise, in agreeing to produce documents described in this Protocol, the Parties make no admission regarding the relevance of alleged balance billing and plaintiffs' billed charges.

Nothing in this Protocol affects the Court's prior orders staying discovery from non-bellwether DAP plaintiffs.

Nothing in this Protocol limits or restricts any argument any Party may make in support of, or opposing, class certification or on the merits.

**IT IS SO ORDERED.**

Dated: 11/8/2026

Hon. Matthew F. Kennelly